**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| X CORP. and X.AI LLC,<br><br>     Plaintiffs,<br><br>     v.<br><br>APPLE INC., OPENAI, INC., OPENAI, L.L.C., and OPENAI OPCO, LLC,<br><br>     Defendants. | Civil Action No. 4:25-cv-00914-P |

**RESPONSE OF DEFENDANTS OPENAI, INC., OPENAI, L.L.C., AND**
**OPENAI OPCO, LLC TO THE COURT'S ORDER REGARDING VENUE**

WACHTELL, LIPTON,
 ROSEN & KATZ
51 West 52nd Street
New York, New York 10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000

LYNN PINKER HURST
 & SCHWEGMANN LLP
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone: (214) 981-3800
Facsimile: (214) 981-3839

Dated: October 15, 2025

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 1

RESPONSE............................................................................................................................... 1

I.  PLAINTIFFS IDENTIFIED NO LEGALLY COGNIZABLE
    CONNECTION BETWEEN THIS ACTION AND FORT WORTH. ............................... 1

II. THE *VOLKSWAGEN* FACTORS DO NOT FAVOR VENUE IN THE
    NORTHERN DISTRICT OF TEXAS. ............................................................................ 2

    A.  The private-interest factors do not favor this District. ................................. 4

    B.  The public-interest factors do not favor this District. ................................. 6

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*BNSF Ry. Co.* v. *Float Alaska IP, LLC*,
2023 WL 3591683 (N.D. Tex. May 22, 2023) ....................................................................3 n.3

*Braspetro Oil Servs. Co.* v. *Modec (USA), Inc.*,
240 F. App'x 612 (5th Cir. 2007) ...................................................................................2

*Chamber of Com. of U.S.* v. *Consumer Fin. Prot. Bureau*,
2024 WL 2104522 (N.D. Tex. Mar. 20, 2024) ...........................................................6

*Devon Energy Prod. Co., L.P.* v. *GlobalSantaFe S. Am.*,
2007 WL 1341451 (S.D. Tex. May 4, 2007) ...............................................................6

*First Call Int'l, Inc.* v. *S&B Glob.*,
2023 WL 7389007 (N.D. Tex. Nov. 8, 2023)..................................................3, 3 n.3, 6

*In re Chamber of Com. of U.S.*,
105 F.4th 297 (5th Cir. 2024) ...................................................................................3 n.3

*In re Clarke*,
94 F.4th 502 (5th Cir. 2024) .................................................................................5, 6, 7

*In re TikTok, Inc.*,
85 F.4th 352 (5th Cir. 2023) ...................................................................................... *passim*

*In re Volkswagen of Am., Inc.*,
545 F.3d 304 (5th Cir. 2008) ...................................................................................... *passim*

*In re Yahoo! Inc.*,
313 F. App'x 722 (5th Cir. 2009) ...................................................................................2

*Mills* v. *Beech Aircraft Corp.*,
886 F.2d 758 (5th Cir. 1989) ...................................................................................3

*Vista Bank* v. *Calcot, Ltd.*,
2025 WL 2405488 (N.D. Tex. Aug. 20, 2025)..................................................................3 n.3

*Yan* v. *State Bar of Texas*,
2023 WL 8649817 (N.D. Tex. Dec. 13, 2023) ...........................................................6

**Statutes**

15 U.S.C. § 22..................................................................................................3 n.4

28 U.S.C. § 1391..................................................................................3 n.3, 3 n.4

28 U.S.C. § 1404..................................................................................2, 3, 3 n.3

**PRELIMINARY STATEMENT**

By order on October 1, 2025, the Court directed Plaintiffs to explain (1) "the case's connection to the [Fort Worth] division" and (2) "how the Court should weigh the *In re Volkswagen* private and public interest factors" in assessing venue. Dkt. No. 44 at 1.

As to the first question: Plaintiffs have failed to identify any legally cognizable connection between this case and Fort Worth.

As to the second question: the *Volkswagen* private and public interest factors do not point toward venue in this District but rather point toward the Northern District of California.

While OpenAI would welcome the Court's prompt disposition of this case, it is likewise prepared to proceed elsewhere consistent with the sound application of *Volkswagen*.

**RESPONSE**

**I.     PLAINTIFFS IDENTIFIED NO LEGALLY COGNIZABLE CONNECTION BETWEEN THIS ACTION AND FORT WORTH.**

Plaintiffs argue that this lawsuit "belongs" in this Court. Dkt. No. 45 ("X Br.") at 2. Ordered to identify the case's connection to the Fort Worth Division, Plaintiffs have tendered the following:

- X has an office in Bastrop, which it calls its "headquarters," X Br. 11;[1]

- A data center is under construction in Abilene for future use by OpenAI;

- X's customer terms of service currently[2] provide for litigation in the Northern District of Texas generally (not specifically this Division);

- A U.S. Senator has described Texas as "ground zero for AI"; and

- Dallas-Fort Worth's local government has adopted the moniker "Silicon Prairie."

---

[1]     xAI concedes California is its "place of business," and does not claim Texas domicile. Dkt. No. 1 ¶ 21. "X" refers to X Corp., "xAI" to X.AI LLC, "Apple" to Apple Inc., and "OpenAI" to OpenAI, Inc., OpenAI, L.L.C., and OpenAI OpCo, LLC.

[2]     X's terms of service provided for litigation in the Northern District of California from September 2009 through November 2024. X, *Previous Terms of Service*, https://tinyurl.com/7t38ykh6.

1

Those facts do not establish a legally viable connection between the lawsuit and this Division. To begin, as the Fifth Circuit has made clear, a factual nexus elsewhere in Texas does not support venue here. *In re TikTok, Inc.*, 85 F.4th 352, 359 (5th Cir. 2023). Alleged contacts in Bastrop and Abilene do not bear on the Court's question. Nor can the terms of use for customers on X's social network move the needle, as they do not "appl[y] to the type of claims asserted in the lawsuit." *Braspetro Oil Servs. Co.* v. *Modec (USA), Inc.*, 240 F. App'x 612, 616 (5th Cir. 2007); *In re Yahoo! Inc.*, 313 F. App'x 722, 723 (5th Cir. 2009) (forum selection clause inapplicable where "claims do not depend on the contractual relationship . . . , do not require interpretation of the . . . contract, and involve different operative facts than would exist" for "breach of contract claim").

That leaves comments from politicians. That political representatives may have championed the promise of AI in Texas does not establish any nexus between this Division and the facts of this case. Plaintiffs have not identified a single competitor in the alleged "generative AI chatbot" market that researches and develops AI models, or that is allegedly foreclosed from access to training data by phone integrations, in Fort Worth. At bottom, in response to the Court's first question, Plaintiffs have failed to identify in Fort Worth any witness, any piece of evidence, any alleged fact, or any event giving rise to any of their claims. There is thus no cognizable connection to the Fort Worth Division of the Northern District of Texas.

## II.    THE *VOLKSWAGEN* FACTORS DO NOT FAVOR VENUE IN THE NORTHERN DISTRICT OF TEXAS.

The Court next asked how it "should weigh the *In re Volkswagen* private and public interest factors" in assessing the appropriate venue. Dkt. No. 44 at 1. The *Volkswagen* factors do not favor venue in this Court.

"Section 1404 authorizes a district court '[f]or convenience of the parties and witnesses, in

2

the interests of justice' to move venue to any other district or division where the suit might have been brought." *Mills* v. *Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989) (quoting 28 U.S.C. § 1404(a)). "District courts have broad discretion in deciding whether to order a transfer." *First Call Int'l, Inc.* v. *S&B Glob.*, 2023 WL 7389007, at *1 (N.D. Tex. Nov. 8, 2023). To guide this discretion, the Fifth Circuit in *Volkswagen* set out a battery of private and public interest factors. With respect to private interests, the Court must weigh "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc). The public-interest factors look to "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.*[3]

None of the *Volkswagen* factors favor venue in this Court. Because this case would be meritless in any venue, the Court should grant Defendants' pending motions to dismiss. But if the litigation should proceed, the *Volkswagen* factors instead point to the Northern District of California.[4]

---

[3]    Plaintiffs' choice of venue is also "a factor to be considered but in and of itself it is neither conclusive nor determinative." *Vista Bank* v. *Calcot, Ltd.*, 2025 WL 2405488, at *1 (N.D. Tex. Aug. 20, 2025); *see In re Chamber of Com. of U.S.*, 105 F.4th 297, 303 (5th Cir. 2024) ("[C]ourts should prevent plaintiffs from abusing their privilege under § 1391 by subjecting defendants to venues that are inconvenient under the terms of § 1404(a)."). And this Court has transferred actions more appropriately heard in California. *See, e.g., First Call*, 2023 WL 7389007, at *1; *BNSF Ry. Co.* v. *Float Alaska IP, LLC*, 2023 WL 3591683, at *5 (N.D. Tex. May 22, 2023).

[4]    This action could have been brought in the Northern District of California. 15 U.S.C. § 22 (action under antitrust laws may be brought where corporation "is an inhabitant"); *see also* 28 U.S.C. § 1391(b)(2) (action in general may be brought where "a substantial part of the events or omissions giving rise to the claim occurred").

A.    **The private-interest factors do not favor this District.**

Proper application of the *Volkswagen* private-interest factors does not favor venue in the Northern District of Texas. None point to this District, let alone this Division.

*Relative ease of access.* The relative-ease-of-access "factor weighs in favor of transfer where the current district lacks any evidence relating to the case." *TikTok*, 85 F.4th at 358. Plaintiffs have not alleged that anyone in this Division "possesses proof relevant to this case." *Id.* at 360. That is because five of the six parties to this action are based in the Northern District of California, where a critical mass of the evidence thus resides. Plaintiffs are also incorrect to suggest that electronic document collection and review render this factor neutral — not least because Plaintiffs seek source code, which the Fifth Circuit has recognized can be "behind a security clearance" that is location-specific and thus "not equally accessible in either forum." *Id.* at 359. Putting aside the invalidity of that discovery request, this factor implicates interests in the Northern District of California.

*Availability of compulsory process for witnesses.* The availability of compulsory process likewise disfavors this venue, because "non-party witnesses . . . are outside the . . . District's subpoena power and a proper venue that does enjoy absolute subpoena power for both depositions and trial is available." *Id.* at 360. Plaintiffs' allegations relate to the purported effects of Defendants' iPhone integration on other AI competitors. Any necessary third-party discovery would therefore likely be directed principally to companies in the Northern District of California, such as Alphabet, Meta, and Anthropic, and not the Northern District of Texas, which is not alleged to host even one competitor in the putative "generative AI chatbot" market.

*Cost of witness attendance.* The third private-interest factor "focuses on the cost of attendance for willing witnesses." *Id.* at 361. The Fifth Circuit applies a "100-mile threshold" to

4

assess this factor, with "the factor of inconvenience to the witnesses increas[ing] in direct relationship to the additional distance to be traveled." *Id.* Plaintiffs do not dispute that the majority of potential witnesses in this case would hail from the Northern District of California, more than 1,500 miles away. Plaintiffs have made plain that they will seek leave to take the depositions (and thus possible trial testimony) of over 20 party witnesses, not counting those from third parties. As the Fifth Circuit has recognized, causing even one of these scores of witnesses to travel "over one thousand additional miles to testify" would impose "a massive inconvenience." *In re Clarke*, 94 F.4th 502, 514 (5th Cir. 2024); *see also TikTok*, 85 F.4th at 361-62. The hypothetical presence of some witnesses in Bastrop does not alter this calculus: Bastrop is itself more than 200 miles from Fort Worth, and not even in the same district. And contrary to Plaintiffs' submission, neither the asserted convenience of the local airport nor the pending construction of a data center in Abilene (149 miles away) displaces the Fifth Circuit's "100-mile" standard — especially when Plaintiffs have failed to explain why employees at a yet-to-be completed data center would have any relevant testimony to claims unrelated to data centers. *TikTok*, 85 F.4th at 356-57 (venue not proper despite "a large presence . . . in the form of a 300-person office" where "no employee . . . was involved in the" dispute at issue in the action).

*Other practical problems*. The final private-interest factor "considers all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* at 362. No such considerations favor venue here. For example, while "[t]his factor weighs against transfer when" movants are "inexcusably delayed bringing their motion until late in the litigation," the Court has raised the question of venue at the outset of this action. *Id.* Further, for the reasons set out below, *see infra* pp. 6-7, Plaintiffs' reliance on court congestion statistics to assess caseload is misplaced and does not implicate an interest in the Northern District of Texas.

5

**B.    The public-interest factors do not favor this District.**

The public-interest factors also do not favor the Northern District of Texas.

*Court congestion*. Plaintiffs focus heavily on court statistics that they say justify venue here, asserting an overriding need for "speedy justice." X Br. 9. But "the Northern District of Texas has one of the busiest dockets in the country." *Chamber of Com. of U.S.* v. *Consumer Fin. Prot. Bureau*, 2024 WL 2104522, at *1 (N.D. Tex. Mar. 20, 2024); *see also Yan* v. *State Bar of Texas*, 2023 WL 8649817, at *3 (N.D. Tex. Dec. 13, 2023). This Court's efficiency in disposing of this massive caseload is a product of its strict policing of claims on the pleadings and on venue — not an excuse to roll out the red carpet for roving plaintiffs. And the Fifth Circuit has cautioned against rote reliance on court-congestion statistics, specifically "characterizing court congestion as a speculative factor" and recognizing that "the district court is better placed to evaluate its docket efficiency." *Clarke*, 94 F.4th at 510, 515. Plaintiffs cite the relative number of cases pending in the Northern District of Texas and the Northern District of California — without mentioning that there are only 15 active and senior judges here, compared to 24 there. As this Court has previously found, that math would favor transfer. *See First Call*, 2023 WL 7389007, at *3 (transferring action to the Central District of California, which then had 10,557 civil cases pending before a bench with more judges, compared to 4,018 in the Northern District of Texas).

Moreover, we must note that Plaintiff xAI's corporate parent, X.AI Corp., has already filed a federal antitrust action in the Northern District of California against OpenAI alleging a market of generative AI technology at issue in the action before this Court. *Musk et al.* v. *Altman et al.*, No. 4:24-cv-04722-YGR (N.D. Cal.), Dkt. No. 170, ¶¶ 202, 205, 317-24. That consideration likewise points away from venue in this District and toward the Northern District of California. *See TikTok*, 85 F.4th at 363-64; *Devon Energy Prod. Co., L.P.* v. *GlobalSantaFe S. Am.*, 2007 WL

6

1341451, at *8 (S.D. Tex. May 4, 2007) (congestion supports transfer where "interests of justice will not be served by the maintenance of two suits arising from the same occurrences in two separate district courts").

*Presence of "local interests."* "The sixth factor considers the local interest in having localized interests decided at home." *TikTok*, 85 F.4th at 364. "[T]his factor weighs heavily in favor of transfer" where "there is no relevant factual connection to the" district. *Volkswagen*, 545 F.3d at 317-18. The Fifth Circuit "look[s] not to the parties' significant connections to each forum . . . but rather the significant connections between a particular venue and the events that gave rise to a suit." *TikTok*, 85 F.4th at 364. "[T]he place of the alleged wrong is one of the most important factors in venue determinations." *Id.*

All of the events purported to give rise to this action — (1) OpenAI's development of ChatGPT, (2) OpenAI's negotiation of an integration agreement with Apple, (3) Defendants' implementation of that integration, (4) alleged Apple decisions about which companies to integrate, (5) alleged interest of xAI and others to pursue integration with Apple, and (6) Apple's alleged responses — took place in the Northern District of California. *See supra* pp. 1-2.

From the perspective of the *Volkswagen* factors, it is no answer that xAI has allegedly suffered harm in the Northern District of Texas because of a purported inability to offer an integration or improved products here. As the Fifth Circuit has stated: "the local-interest inquiry is concerned with the interest of *non-party citizens* in adjudicating the case." *Clarke*, 94 F.4th at 511. That means *other* participants in the alleged "generative AI chatbot" industry, not xAI or X. And "[a] completely diffuse interest — that is, an interest that could apply to virtually any judicial district or division in the United States — cannot affect the local-interest determination." *Id.* at 510.

*Familiarity with law and presence of conflict issues*. The remaining factors consider "the current district's familiarity with the law that will govern the case" and "the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *TikTok*, 85 F.4th at 365-66. The gravamen of Plaintiffs' claims is their Sherman Act claims, which arise under federal law that the Northern District of California is equally capable of applying. The Fifth Circuit "recognize[s] that [f]ederal judges routinely apply the law of a State other than the one in which they sit." *Id.* at 365. Accordingly, courts "have hesitated to find that this factor weighs in favor of transfer when there are no exceptionally arcane features of Texas . . . law that are likely to defy comprehension by a federal judge sitting in [California]." *Id.* ("[E]ven if Texas law unequivocally governed petitioners' state-law claims, that alone is not enough to hold that a Texas federal judge is better equipped to handle these claims"). Plaintiffs have acknowledged that both factors are neutral and do not weigh in favor of venue in Fort Worth.

*    *    *

The Fifth Circuit's analysis in *TikTok* is instructive in assessing the balance of the *Volkswagen* factors. *Id.* at 366. There, the Fifth Circuit explained that two factors in support of transfer, and "not a single factor weigh[ing] in favor of refusing transfer," meant that "[t]he Northern District of California is a clearly more convenient venue to adjudicate this case." *Id.* Here, too, Plaintiffs' preferred venue in the Northern District of Texas "contains no relevant evidence, is thousands of miles away from the vast majority of relevant witnesses, and is wholly unconnected to the underlying dispute." *Id.* Likewise, "[t]he only individuals in the United States who have any documented connection to this dispute are located outside the district." *Id.* The California venue may also offer potential efficiency gains were the litigation to proceed past motions to dismiss — which it should not in light of the fundamental legal flaws in Plaintiffs' case.

8

For these reasons, in response to the Court's second question, OpenAI submits that sound application of the *Volkswagen* factors favors not this Division but rather the Northern District of California. No matter the venue, however, OpenAI will be pleased to defend Plaintiffs' meritless case, which is due for prompt dismissal wherever it lands.

Dated: October 15, 2025

Respectfully submitted,

/s/ *Michael K. Hurst*
Michael K. Hurst
mhurst@lynnllp.com
Texas Bar No. 10316310
Chris W. Patton
cpatton@lynnllp.com
Texas Bar No. 24083634
Andy Kim
akim@lynnllp.com
State Bar No. 24136638
**LYNN PINKER HURST & SCHWEGMANN
LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800 (Telephone)
(214) 981-3839 (Facsimile)

William Savitt (application for admission
forthcoming)
WDSavitt@wlrk.com
Kevin S. Schwartz (application for admission
forthcoming)
KSchwartz@wlrk.com
Stephen D. Levandoski (admitted *pro hac vice*)
SDLevandoski@wlrk.com
**WACHTELL, LIPTON, ROSEN & KATZ**
51 West 52nd Street
New York, New York 10019
(212) 403-1000 (Telephone)
(212) 403-2000 (Facsimile)

*Attorneys for Defendants OpenAI, Inc., OpenAI,
L.L.C., and OpenAI OpCo, LLC*

9

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 15, 2025, I served the foregoing document electronically in accordance with the Federal Rules of Civil Procedure.

*/s/ Michael K. Hurst*
Michael K. Hurst
