UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**X CORP., ET AL.,**

  Plaintiffs,

v.                                               No. 4:25-cv-00914-P

**APPLE, INC., ET AL.,**

  Defendants.

## ORDER

  Before the Court is the issue concerning whether the Fort Worth Division of the Northern District of Texas is the proper venue in this case. Having considered the relevant docket entries and applicable law, the Court has determined that transfer of venue is inappropriate.

  On October 1, 2025, the Court ordered expedited briefing on this issue—asking for an explanation of the case's connection to the division and how the Court should weigh the *In re Volkswagen* private and public interest factors, *see* 545 F.3d 304, 315–18 (5th Cir. 2008) (en banc). ECF No. 44. In that order, the Court also gave Defendants until October 9, 2025, to file a motion to transfer venue. ECF No. 44.

  That deadline has since passed, and neither group of Defendants filed a motion to transfer. Defendants have, however, issued their responses to Plaintiffs' Brief, ECF No. 45, contending this case does not belong in the Fort Worth Division. Defendant Apple, Inc. tepidly asserts the case lacks "any factual nexus … [to] the Fort Worth Division of the Northern District of Texas." ECF No. 57 at 1. And yet Apple acknowledges that "transfer is a matter of discretion" and would be inappropriate given "the unique circumstances presented by Plaintiffs' claims and the current stage of these proceedings." ECF No. 57 at 1. On the other hand, Defendants OpenAI, Inc., OpenAI, LLC, and OpenAI OPCO, LLC, firmly oppose the notion that venue belongs in this Court.

ECF No. 58. They instead argue this case belongs in the Northern District of California. ECF No. 58 at 9.

The Court in its discretion will not transfer venue given the law and facts of this case. *See First Call In't Inc. v. S&B Glob.*, 4:23-cv-00199-P, 2023 WL 7389007, at *1 (N.D. Tex. Nov. 8, 2023) ("District courts have broad discretion in deciding whether to order a transfer."). The fact that neither Defendant filed a motion to transfer venue serves as a consideration for the Court. And the Court "respect[s]" Plaintiffs' choice of venue. *In re Chamber of Com. of U.S.*, 105 F.4th 297, 302 (5th Cir. 2025).

But the Court does not make its decision lightly or without reservations. This case contains at best minimal connections to the Fort Worth Division of the Northern District of Texas—possibly one of the strongest points made by Plaintiffs is the mere fact that "Apple sell[s] iPhones [in this Division] (and many other products) and OpenAI offer[s] ChatGPT nationwide." ECF No. 45 at 3. With the exception of a smattering of Apple stores, neither Party has a visible physical presence in the Fort Worth Division. And, of course, under that logic, there is not a district and division in the entire United States that would not be an appropriate venue for this lawsuit.

After more than a decade of service presiding over thousands of cases in three different courts, the undersigned continues to feel strongly that "[v]enue is not a continental breakfast; you cannot pick and choose on a Plaintiffs' whim where and how a lawsuit is filed." *Chamber of Com. of U.S. v. CFPB*, 735 F. Supp. 3d 731, 399 (N.D. Tex. 2024). And, yet, the Court sees no other option but to keep the case in this Court in light of current Fifth Circuit precedent raising the standard for transferring venue to new heights. *See In re Chamber of Com. of U.S.*, 105 F.4th at 304 (defining "good cause" to transfer venue); *cf. Poindexter v. R.J. Reynolds Tobacco Co.*, N 3:99-cv-262-P, 2000 WL 358473, at *2 (N.D. Tex. Apr. 7, 2000) (Kendall, J.) ("Although this Court is not without sympathy towards the [party's] outrage, this Court is bound by the Fifth Circuit's legal interpretations."), *aff'd*, 237 F.3d 630 (5th Cir. 2000).

Given the present desire to have venue in Fort Worth, the numerous high-stakes lawsuits previously adjudicated in the Fort Worth Division, and the vitality of Fort Worth, the Court highly encourages the Parties to consider moving their headquarters to Fort Worth. Fort Worth has much more going for it than just the unique artwork on the fourth floor of its historic federal courthouse. Fort Worth has become one of the most vibrant and active cities and cultures in the United States in recent decades. One metric evincing this phenomenon is the significantly busier docket—two to three times busier—that the Forth Division manages compared to the Dallas Division. *See Outsourcing Facilities Ass'n v. United States Food & Drug Admin.*, No. 4:24-cv-00953-P, 2025 WL 1782574, at *1 (N.D. Tex. Mar. 26, 2025). What's more, the economic development taking place in Fort Worth has made it one of the most attractive locations for corporations and citizens in the country.[1] *See* Cullen Donohue, *Why Fort Worth Is the Next Big Player in DFW's Office Market*, D MAG. (Jan. 7, 2025, 11:00 a.m.), https://tinyurl.com/wvrw7y94 ("[Dallas] might need to look over its shoulder, because that city to the west is equally attractive and possesses an authenticity and gritty determination that is drawing attention from investors and executives alike.") ("Fort Worth is the fastest-growing large city in the country … as of 2024.").

Stated another way, as the great Fort Worthian Amon Carter once asked the head of General Motors Corporation: Are you "going to continue carrying the meal in one end of the sack and the rock in the other merely because it has been a habit in the past? Or, will you go with the tide and move to Fort Worth, thereby taking advantage of the large investment you have here, and, at the same time, be closer to the territory in Texas which is showing the greatest growth and development?" BRIAN A. CERVANTEZ, AMON CARTER: A LONE STAR LIFE 187 (Univ. of Okla. Press 2019).  Over 70 years later, Amon Carter's observation of Fort Worth continues to hold true. Whether it be the 20th

---

[1] Fort Worth would certainly welcome corporations such as X Corp, Apple. Inc., and OpenAI, Inc. to relocate their headquarters here. To get the process started, *see* Business Services, CITY OF FORT WORTH (last visited Oct. 16, 2025), https://www.fortworthtexas.gov/business.

or the 21st century, Fort Worth "show[s] the greatest growth and development." And even though the choice of venue in Fort Worth is an unexpected choice, the Court nonetheless will permit this case to proceed in "The Unexpected City."

**SO ORDERED** on this **16th day of October 2025.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE