**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| X CORP. and X.AI LLC, <br><br>     Plaintiffs, <br><br>     v. <br><br> APPLE INC.; OPENAI, INC.; OPENAI, L.L.C.; and OPENAI OPCO, LLC, <br><br>     Defendants. | **Civil Action No. 4:25-cv-00914-P** |

**UNOPPOSED MOTION FOR ISSUANCE OF LETTER OF
REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT
TO THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN
CIVIL OR COMMERCIAL MATTERS AND INCORPORATED BRIEF IN SUPPORT**

Bradley Justus
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036

Caroline P. Boisvert
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103

Judd E. Stone II
Christopher D. Hilton
Noah Schottenstein
STONE | HILTON PLLC
600 Congress Ave., Suite 2350
Austin, TX 78701

Craig M. Reiser
Scott A. Eisman
Eva Yung
Christopher Erickson
AXINN, VELTROP & HARKRIDER LLP
630 Fifth Avenue, 33rd Floor
New York, NY 10111

Alex More
Monica E. Gaudioso
Robert C. Rowe
CARRINGTON, COLEMAN, SLOMAN
& BLUMENTHAL, L.L.P.
901 Main Street, Suite 5500
Dallas, TX 75202

Pursuant to 28 U.S.C. § 1781(b)(2) and the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Convention"), Plaintiffs X Corp. and X.AI LLC ("Plaintiffs") respectfully request that this Court issue a Letter of Request for International Judicial Assistance seeking assistance from the National Court Administration of the Republic of Korea to compel Kakao Corporation (a South Korean corporation) to produce documents for use in this action. Plaintiffs' Letter of Request is included in Plaintiffs' Appendix in Support of Plaintiffs' Unopposed Motion for Issuance of Letter of Request for International Judicial Assistance Pursuant to the Convention as Exhibit 1, and a certified Korean translation of Plaintiffs' Letter of Request is included as Exhibit 2.

Under 28 U.S.C. § 1781(b)(2), the Court may issue letters of request directly to a foreign tribunal or agency. *See United States v. Tuma*, 738 F.3d 681, 688 n.5 (5th Cir. 2013). The Convention provides procedures through which a judicial authority in one contracting state may request evidence located in another state. *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 482 U.S. 522, 524 (1987). Both the United States and the Republic of Korea are parties to the Convention, and courts in this Circuit have found it "permissible and appropriate" to issue letters of request to the Republic of Korea for the production of documents by Korean companies. *See, e.g.*, *Eidos Display, LLC v. AU Optronics Corp.*, No. 6:11CV201 JRG-JDL, 2017 WL 11630424, at *2 (E.D. Tex. Mar. 3, 2017) (granting motion to issue letter of request to LG Display Co.).

In deciding whether to issue letters of request under the Convention, courts weigh "1) the importance of the documents to the litigation; 2) the degree of specificity of the request; 3) whether the information originated in the United States; 4) the availability of alternate means of securing the information; and 5) the extent to which noncompliance with the request would undermine

important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located." *In re Baycol Prods. Litig.*, 348 F. Supp. 2d 1058, 1059 (D. Minn. 2004) (citing *Aerospatiale*, 482 U.S. at 544). Plaintiffs face a minimal burden in showing that these factors are met.[1] These factors favor issuing the Letter of Request here.

  ***Importance of the documents to the litigation.*** The information that Plaintiffs seek from Kakao Corporation will assist Plaintiffs in proving their claims. Plaintiffs allege that "super apps" (i.e., multi-functional platforms that offer many of the services of smartphones, such as social connectivity and messaging, financial services, e-commerce, and entertainment) allow smartphone customers to switch away from the iPhone, but the exclusive agreement between Apple and OpenAI forecloses super apps from challenging Apple's smartphone monopoly. *See* Compl. ¶¶ 112-115. Accordingly, documents containing information about the competitive positioning of super apps with respect to smartphones are relevant to Plaintiffs' claims. Plaintiffs seek such information from Kakao Corporation because it owns one of the world's most popular super apps, KakaoTalk, which combines messaging, banking, payments, navigation, and ride-sharing functionality. *See Eidos Display*, 2017 WL 11630424, at *2 (granting motion to issue letter of request to a South Korean company due to, inter alia, "the importance of these documents").

---

[1] "Most courts have placed the burden on a party opposing an application for the issuance of letters of request to show good reason why the letters should not be issued." *In re Urethane Antitrust Litig.*, 267 F.R.D. 361, 365 n.17 (D. Kan. Dec. 1, 2010) (internal quotation marks omitted) (collecting cases). Courts that have placed the burden on the moving party note that "[t]he burden is not great . . . since the 'Convention procedures are available whenever they will facilitate the gathering of evidence by the means authorized by the Convention.'" *Tulip Computs. Int'l B. V. v. Dell Comput. Corp.*, 254 F. Supp. 2d 469, 474 (D. Del. 2003) (quoting *Aerospatiale*, 482 U.S. at 541).

***Degree of the specificity of the request.*** As Exhibit A to Plaintiffs' Letter of Request demonstrates, Plaintiffs' requests for documents are narrowly tailored and seek only specific, limited, and relevant information.

***Whether the information originated in the United States.*** Because Kakao Corporation is a South Korean corporation with its principal place of business in the Republic of Korea and does not have U.S.-based affiliates involved in the operation of KakaoTalk, Plaintiffs believe that the information responsive to Plaintiffs' requests originates in the Republic of Korea, not the United States. *See Rotstain v. Trustmark Nat'l Bank*, No. 3:09-CV-2384-N-BQ, 2020 WL 12968653, at *8 (N.D. Tex. Feb. 19, 2020) (holding that potential deposition testimony "originates" outside the United States where potential deponents' accounts relevant to the litigation were "maintained and managed" outside the United States).

***Availability of alternate means of securing the information.*** Kakao Corporation is a nonparty to this litigation and is not otherwise subject to the jurisdiction of this Court, leaving it beyond the reach of Federal Rule of Civil Procedure 45. Plaintiffs' proposed Letter of Request is therefore the "only means available to obtain the requested discovery" from Kakao Corporation. *Baycol*, 348 F. Supp. 2d at 1060; *see also Tulip Computs.*, 254 F. Supp. 2d at 474 (noting "[r]esort to the Hague Evidence Convention" is "appropriate" when foreign persons were "not parties to the lawsuit, have not voluntarily subjected themselves to discovery, are citizens of the Netherlands, and are not otherwise subject to the jurisdiction of the Court").

***Interests of the United States and the Republic of Korea.*** The fifth factor that courts weigh is "the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located." *Baycol*, 348 F. Supp. 2d at 1059. Noncompliance with Plaintiffs'

4

request would undermine the United States' "substantial interest in fully and fairly adjudicating matters before its courts." *Rotstain*, 2020 WL 12968653, at *9 (citation omitted). On the other hand, compliance with the request would not undermine the sovereign interests of the Republic of Korea: Korea "ha[s] spoken" by signing onto the Convention, a treaty that "inherently, and adequately, balances the competing sovereign interests" of its signatories and "avoid[s] intrusions upon [each signatory's] sovereignty." *Id* (citation omitted).

* * *

For the foregoing reasons, Plaintiffs respectfully request that the Court (1) grant their Motion, (2) sign both the original Letter of Request and the certified Korean translation of the Letter of Request included in Plaintiffs' Appendix as Exhibits 1 and 2, (3) direct the Clerk of Court to authenticate under seal the Court's signature on both the original Letter of Request and the certified Korean translation of the Letter of Request, and (4) directly transmit both the original Letter of Request and the certified Korean translation of the Letter of Request to the National Court Administration of the Republic of Korea for execution.

Dated: November 25, 2025

Respectfully submitted,

/s/ *Bradley Justus*

Bradley Justus*
DC Bar No. 1007988
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
T: (202) 912-4700
F: (202) 912-4701
bjustus@axinn.com

Caroline P. Boisvert*
CT State Bar No. 441323
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
T: (860) 275-8100
F: (860) 275-8101
cboisvert@axinn.com

/s/ *Judd E. Stone*

Judd E. Stone II
TX State Bar No. 24076720
Christopher D. Hilton
TX State Bar No. 24087727
Noah Schottenstein
TX State Bar No. 24100661
STONE | HILTON PLLC
600 Congress Ave., Ste. 2350
Austin, TX 78701
T: (737) 465-3897
judd@stonehilton.com
chris@stonehilton.com
noah@stonehilton.com

*admitted *pro hac vice*

/s/ *Scott A. Eisman*

Scott A. Eisman*
NY State Bar No. 4905287
Craig M. Reiser*
NY State Bar No. 4886735
Eva Yung*
NY State Bar No. 5497300
Christopher Erickson*
NY State Bar No. 5800628
AXINN, VELTROP & HARKRIDER LLP
630 Fifth Avenue, 33rd Floor
New York, NY 10111
T: (212) 728-2200
F: (212) 728-2201
creiser@axinn.com
seisman@axinn.com
eyung@axinn.com
cerickson@axinn.com

/s/ *Alex More*

Alex More
TX State Bar No. 24065789
Monica E. Gaudioso
TX State Bar No. 24084570
Robert C. Rowe
TX State Bar No. 24086253
CARRINGTON, COLEMAN, SLOMAN &
BLUMENTHAL, L.L.P.
901 Main Street, Suite 5500
Dallas, TX 75202
T: (214) 855-3000
F: (214) 580-2641
amore@ccsb.com
mgaudioso@ccsb.com
rrowe@ccsb.com

*Attorneys for Plaintiffs X Corp. and
X.AI LLC*

6

## CERTIFICATE OF CONFERENCE

I have conferred with counsel for Defendants via email on November 21, 2025. Counsel informed me that Defendants do not oppose the relief requested herein.

Dated: November 25, 2025

/s/ Scott A. Eisman
Scott A. Eisman

## <u>CERTIFICATE OF SERVICE</u>

I certify that on November 25, 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system for filing. A notice of electronic filing was transmitted to all ECF registrants of record.

<u>*/s/ Scott A. Eisman*</u>
Scott A. Eisman