IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| X CORP. and X.AI LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>APPLE INC.; OPENAI, INC.; OPENAI, L.L.C.; and OPENAI OPCO, LLC,<br><br>    Defendants. | Civil Action No. 4:25-cv-00914-P |

**LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL
ASSISTANCE PURSUANT TO THE HAGUE CONVENTION ON
THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS
TO OBTAIN EVIDENCE FROM ALIPAY (HANGZHOU) TECHNOLOGY CO., LTD.**

    In conformity with Article 3 of The Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Convention"), the United States District Court for the Northern District of Texas, Fort Worth Division, presents its compliments to the Ministry of Justice of China, and requests international judicial assistance on behalf of Plaintiffs X Corp. and X.AI LLC ("Plaintiffs") to obtain the production of documents from Alipay (Hangzhou) Technology Co., Ltd. ("Alipay"), as detailed herein, to be used in a civil proceeding in the above-captioned litigation.

    In the furtherance of justice and by the proper and usual process of this Court, the United States District Court for the Northern District of Texas, Fort Worth Division, assures the judicial authorities of the People's Republic of China that it is willing to provide similar cooperation and assistance to the judicial authorities of the People's Republic of China if the People's Republic of China requests similar assistance.

### 1. Sender

The Honorable Mark T. Pittman
United States District Judge
Northern District of Texas, Fort Worth Division
501 West 10th Street, Room 401
Fort Worth, Texas 76102-3673
United States of America

### 2. Central Authority of the Requested State

International Legal Cooperation Center (ILCC)
Ministry of Justice of China
No. 41, Ping'AnLi Xidajie
Xicheng District
Beijing 100035
China

### 3. Person to whom the executed request is to be returned

Scott A. Eisman
Axinn, Veltrop & Harkrider LLP
630 Fifth Avenue, 33rd Floor
New York, NY 10111
United States of America
Tel: +1 (212) 261-5642
seisman@axinn.com

### 4. Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request

Under the current case schedule, the deadline for the completion of fact discovery in this matter is May 22, 2026, and a trial on this matter is scheduled at present for October 19, 2026, in Fort Worth, Texas. Accordingly, this Court respectfully requests that the Ministry of Justice of China give this matter urgent attention so that the evidence requested herein may be obtained as soon as possible.

**IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:**

### 5. (a) Requesting judicial authority

The Honorable Mark T. Pittman
United States District Judge
Northern District of Texas, Fort Worth Division
501 West 10th Street, Room 401
Fort Worth, Texas 76102-3673
United States of America

### (b) To the competent authority of

International Legal Cooperation Center (ILCC)
Ministry of Justice of China
No. 41, Ping'AnLi Xidajie
Xicheng District
Beijing 100035
China

### (c) Names of the case and any identifying number

*X Corp., et al. v. Apple Inc., et al.*, Case No. 4:25-cv-00914-P (N.D. Tex.)

6. **Names and addresses of the parties and their representatives (including representatives in the requested State)**

   ### (a) Plaintiffs:

X Corp.
Building 2, Hyperloop Plaza, 865 FM-1209
Bastrop, TX 78602
United States of America

X.AI LLC
1450 Page Mill Rd
Palo Alto, CA 94304
United States of America

### Representatives:

Craig M. Reiser
Scott A. Eisman
Eva Yung
Christopher Erickson
AXINN, VELTROP & HARKRIDER LLP
630 Fifth Avenue, 33rd Floor
New York, NY 10111
United States of America

Bradley Justus
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
United States of America

3

Caroline P. Boisvert
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
United States of America

Judd E. Stone II
Christopher D. Hilton
Noah Schottenstein
STONE | HILTON PLLC
600 Congress Ave., Suite 2350
Austin, TX 78701
United States of America

*Attorneys for Plaintiffs X Corp. and X.AI LLC*

### (b) Defendants:

Apple Inc.
One Apple Park Way
Cupertino, CA 95014
United States of America

OpenAI Foundation (f/k/a OpenAI, Inc.)
OpenAI, L.L.C.
OpenAI Opco, L.L.C.
1455 3rd Street
San Francisco, CA 94158
United States of America

### Representatives:

Dee J. Kelly, Jr.
Julia G. Wisenberg
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102
United States of America

Emily Johnson Henn
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
United States of America

Henry Liu
Lauren Willard Zehmer
Carol Szurkowski Weiland
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
United States of America

*Attorneys for Defendant Apple Inc.*

Michael K. Hurst
Chris W. Patton
Andy Kim
LYNN PINKER HURST & SCHWEGMANN LLP
2100 Ross Avenue, Suite 2700
Dallas, TX 75201
United States of America

William Savitt
Kevin S. Schwartz
Stephen D. Levandoski
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
United States of America

*Attorneys for Defendants OpenAI Foundation (f/k/a OpenAI, Inc.); OpenAI, L.L.C.; and OpenAI OpCo, LLC*

### 7. (a) Nature of the proceedings (divorce, paternity, breach of contract, product liability, etc.)

Plaintiffs filed suit against Defendants Apple Inc. ("Apple"); OpenAI Foundation (f/k/a OpenAI, Inc.); OpenAI, L.L.C.; and OpenAI OpCo, LLC (together with OpenAI, L.L.C. and OpenAI Foundation, "OpenAI") in the United States District Court for the Northern District of Texas, Fort Worth Division. Plaintiffs assert claims for antitrust violations under the Sherman Act, including an agreement in restraint of trade in violation of Section 1, and monopolization, attempted monopolization, and conspiracy to monopolize the markets for generative AI chatbots and smartphones under Section 2. Plaintiffs also have asserted claims for civil conspiracy, unfair competition, and violations of the Texas Free Enterprise & Antitrust Act.

### (b) Summary of complaint

Plaintiffs allege that Defendants entered into an exclusive agreement through which OpenAI's generative artificial intelligence ("AI") chatbot, ChatGPT, is the only generative AI chatbot natively integrated into the iPhone and other Apple products. Plaintiffs also allege that Apple

forecloses rivals in the Apple App Store by limiting the discoverability of OpenAI's rivals and promoting ChatGPT in Apple's featured "Must-Have Apps" list, over which Apple exercises editorial control. Plaintiffs allege that Defendants' conduct forecloses competition in the markets for smartphone devices and generative AI chatbots.

Of particular relevance to this Letter of Request, Plaintiffs allege that Apple's conduct illegally restrains competition from "super apps": multi-functional platforms that offer many of the services of smartphones, such as social connectivity and messaging, financial services, e-commerce, and entertainment. The Alipay app, owned by Alipay, is a super app that combines messaging, banking, payments, navigation, and ride-sharing functionality. Plaintiffs allege that super apps allow customers to switch away from the iPhone, and that the exclusive agreement between Apple and OpenAI protects Apple's monopoly and keeps iPhone prices high.

### (b) Summary of defense and counterclaim

In their motions to dismiss Plaintiffs' complaint, Defendants asserted that Plaintiffs failed to allege both an express agreement and substantial foreclosure in the markets for smartphones and generative AI chatbots, and that Plaintiffs lack standing to bring their claims because, among other arguments, they assert that Plaintiffs' apps do not compete with smartphones such as the iPhone and therefore could not be harmed by the agreement between Apple and OpenAI.

### 8. (a) Evidence to be obtained or other judicial act to be performed

Exhibit A to this Letter of Request describes the requests for production of documents that Plaintiffs wish to serve on Alipay, which is headquartered in the People's Republic of China. As Exhibit A demonstrates, Plaintiffs seek documents relating to Alipay's super app, Alipay, which Plaintiffs believe are in the possession, custody, or control of Alipay.

### (b) Purpose of the evidence or judicial act sought

The documents requested in the attached Exhibit A are sought for anticipated use in an ongoing litigation. The requests for documents in Exhibit A are narrowly targeted to elicit information relevant to Plaintiffs' case, particularly with respect to the emergence of super apps—including Alipay's well-known Alipay app—and the competitive threat that super apps pose to smartphones such as the iPhone.

### 9. Identity and address of any person to be examined

Alipay (Hangzhou) Technology Co., Ltd.
Block B, Huanglong Times Square, 18 Wantang Road,
Xihu District, Hangzhou
Zhejiang 310012
China

### 10. Questions to be put to the persons to be examined or statement of the subject- matter about which they are to be examined

None.

### 11. Documents or other property to be inspected

Please see the list of requests for production of documents in the attached Exhibit A.

### 12. Any requirement that the evidence be given on oath or affirmation and any special form to be used

The Requesting Court respectfully requests that the documents be accompanied by a declaration that states that all documents were created and kept in the ordinary course of Alipay's business. Further, the Requesting Court requests that such a declaration be signed in a manner that, if falsely made, would subject the maker to criminal penalty under the laws of the People's Republic of China.

### 13. Special methods or procedures to be followed (e.g. oral or in writing, verbatim, transcript or summary, cross-examination, etc.)

The competent authorities are respectfully requested to visit the address of Alipay and request that Alipay produce the documents responsive to the requests for production in Exhibit A. The documents produced should be in printed copy and should be accompanied by an electronic copy if available. If a printed copy is unavailable but an electronic copy is available, the electronic copy should still be produced.

If the above method requested is not permitted under the laws of the People's Republic of China, the competent authorities may collect the documents listed in Exhibit A in accordance with the relevant civil procedural laws of the People's Republic of China.

### 14. Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified

Please notify the counsel for Plaintiffs identified below regarding the time and place for the execution of this Letter of Request:

Scott A. Eisman
Axinn, Veltrop & Harkrider LLP
630 Fifth Avenue, 33rd Floor
New York, NY 10111
Tel: +1 (212) 261-5642
seisman@axinn.com

### 15. Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request

None.

### 16. Specification of privilege or duty to refuse to give evidence under the law of the State of origin

Alipay may refuse to give evidence only insofar as it has a privilege or duty to refuse to give evidence under the laws of the United States or the laws of the People's Republic of China. For

example, it may refuse to produce a document to the extent that doing so would reveal privileged communications with its attorneys.

### 17. The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by

The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention shall be borne by Plaintiffs in care of Plaintiffs' legal representative listed below:

Scott A. Eisman
Axinn, Veltrop & Harkrider LLP
630 Fifth Avenue, 33rd Floor
New York, NY 10111
Tel: +1 (212) 261-5642
seisman@axinn.com

### 18. Date of Request: December ___10___, 2025

### 19. Signature and seal of the requesting authority

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

# Exhibit A

## Exhibit A to Subpoena

## INSTRUCTIONS

1.      Please produce all requested Documents in Your possession, custody, or control, or available to You, or to which You may gain access through reasonable effort, including information in the possession of Your past and present attorneys, accountants, investigators, consultants, agents, or other persons directly or indirectly employed or retained by You, or any entity otherwise subject to Your control who maintains records on Your behalf, in Your name, or otherwise under Your control. Subject to a valid claim of privilege, please produce the entire Document if any part of that Document is responsive.

2.      Documents must be produced either (a) as they are kept in the usual course of business (in which case they must be produced in such fashion as to identify the department, branch, or office in whose possession the Document was found or the server or central file in which it was found, and the address of each Document's custodian(s)), or (b) segregated as responsive to a specific Request enumerated herein, with such specific Request identified.

3.      If any portion of any Document is responsive to any Request, a legible version of the entire Document must be produced, together with all non-identical copies, versions, and drafts of that Document, including all attachments and enclosures.

4.      You must produce all Documents with any associated metadata. Provide instructions and all other materials necessary to use or interpret Your data compilations, such as a data dictionary, with Your production.

5.      Data and materials that are stored electronically or in machine-readable form should be produced in electronic form with sufficient information to allow counsel to readily access or read such data or materials.

Ex. A-1

6. If you object to all or any portion of any of the below Requests, you must identify the objectionable Request or portion thereof, and the nature and basis of the objection. Notwithstanding any objection to any portion of any Request, you must produce all Documents and information to which such objection does not apply.

7. If any Document responsive to a particular Request no longer exists for reasons other than Your document-retention policy, describe the circumstances under which it was lost or destroyed, describe the information lost or destroyed, list the Request to which it was responsive, and list persons with knowledge of the Document.

8. If you are unable to produce a Document that is responsive to a Request, describe the Document, state why it cannot be produced and, if applicable, state the whereabouts of such Document when last in your possession, custody, or control.

9. If there are no Documents or information responsive to all or any portion of any Request, so state in writing.

10. Other than redactions of privileged information, Documents are to be produced in full. If any requested Document cannot be produced in full, or if you withhold production of any Document or portion of any Document responsive to these Requests based upon any privilege, protection, or immunity, produce it to the extent possible and indicate where any Document or portion of any Document has been withheld on this basis.

11. In construing the Requests herein:

a. Terms not specifically defined shall be given their ordinary meaning as You understand them to be used in the trade;

b. The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all other tenses, moods, or voices, whenever necessary, to bring within the

scope of any Request all information that might otherwise be construed to be outside its scope;

c. The use of the singular form of any word includes the plural and vice versa;

d. Words in the masculine, feminine, or neutral gender shall include each of the other genders;

e. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope; and

f. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

12. None of the Definitions or Requests set forth herein shall be construed as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in the Definitions or the Requests.

13. Plaintiffs specifically reserve the right to seek supplementary responses and the additional supplementary production of Documents before trial.

14. Unless otherwise stated, the Requests call for the production of Documents from the Relevant Period.

## DEFINITIONS

1. **"Action"** means the above-captioned action.

2. **"Agreement"** means contracts, agreements, memorandums of understanding, partnerships or other formal or informal bi-lateral or multi-lateral arrangements or understandings.

3. **"Alipay App"** means the App available in the Apple App Store, as shown in https://apps.apple.com/us/app/alipay-simplify-your-life/id333206289, inclusive of other versions of that App available outside of the United States unless otherwise specified.

4. **"App Store"** means a digital distribution platform that allows customers to purchase and/or download Apps (for free or for purchase) onto their devices, such as a Smartphone. An example of an App Store is the Apple App Store.

5. **"Apple"** means Apple Inc., inclusive of any domestic and foreign parents, predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives of the foregoing.

6. **"Apple App Store"** or **"Apple's App Store"** means Apple's digital platform making Applications available for download and/or purchase, as shown at https://www.apple.com/app-store/.

7. **"Apple App Store List"** means the listing or ranking of Applications in the Apple App Store. Apple App Store Lists include, but are not limited to, Must-Have Apps, Top Free Apps, Top Paid Apps, Top Productivity Apps, and Top New Apps.

8. **"Apple Product"** means any product marketed by Apple for use by individual consumers, including but not limited to: iPhone, iPod, iPad, MacBook, Apple Watch.

9. **"Application"** or **"App"** means software that is designed to perform certain tasks for the end user. An App can be installed on mobile devices such as Smartphones.

10. **"Documents"** means all written, printed, or electronically stored information ("ESI") of any kind in Your possession, custody, or control. Examples of Documents include, but are not limited to:

   a. emails and other forms of correspondence;
   b. presentations and slide decks;

  c. notes and minutes;

  d. analyses, reports, studies, experiments;

  e. data, analyses of data, and any associated working documents, such as Excel spreadsheets or other software or tools;

  f. Agreements;

  g. product requirement documents, product design documents; and

  h. training and/or on-boarding materials.

The term "Documents" is inclusive of any metadata or other embedded information within a document.

  11. **"Generative AI"** means a type of artificial intelligence ("AI") that creates new, original content through the use of large language models, natural language processing, and deep learning.

  12. **"Gojek App"** means all versions of the App ever made available in the Apple App Store as shown at https://apps.apple.com/sg/app/gojek/id944875099, inclusive of other versions of that App available outside of the United States.

  13. **"Grab App"** means all versions of the App ever made available in the Apple App Store as shown at https://apps.apple.com/sg/app/grab-taxi-ride-food-delivery/id647268330, inclusive of other versions of that App available outside of the United States.

  14. **"Grok App"** means all versions of the App ever made available in the Apple App Store as shown at https://apps.apple.com/us/app/grok/id6670324846, inclusive of other versions of that App available outside of the United States.

  15. **"iOS"** means Apple's operating system on any versions of the iPhone and/or any Other Apple Product applicable.

  16. **"iPhone"** or **"the iPhone"** means all versions or models of phones Apple ever marketed or sold under the brand iPhone unless otherwise specified.

17. **"KakaoTalk App"** means all versions of the App ever made available in the Apple App Store as shown at https://apps.apple.com/sg/app/kakaotalk-messenger/id362057947, inclusive of other versions of that App available outside of the United States.

18. **"Must-Have Apps"** means the list of Apps titled "Must-Have Apps," or any predecessor list fulfilling the same function under a different name, in the Apple App Store.

19. **"OpenAI"** means OpenAI Foundation (f/k/a OpenAI, Inc.); OpenAI, L.L.C.; and OpenAI OpCo, LLC, inclusive of any domestic and foreign parents, predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives of the foregoing.

20. **"Other Apple Product"** means any Apple Product excluding the iPhone, such as MacBooks or other Apple laptops, iPads, and/or Apple Watches.

21. **"Person"** means any natural person, corporate entity, business entity, partnership, association, joint venture, governmental entity, or trust.

22. **"Plaintiffs"** means X and xAI.

23. **"Preset Apps"** means Apps that are pre-installed on a user's Smartphone, such as default internet browsers, email host, or payment/wallet apps.

24. **"Rakuten App"** means all versions of the App ever made available in the Apple App Store as shown at https://apps.apple.com/us/app/rakuten-link/id1498877539, inclusive of other versions of that App available outside of the United States.

25. **"Relevant Period"** means June 10, 2022 to present unless otherwise stated.

26. **"Smartphone"** means a device that has the functionality of a traditional mobile phone (i.e., can make and receive calls via a cellular network) combined with an operating system

that mimics the functionality and ease of use of a computer (e.g., browse the internet, watch videos, or check email).

27. **"Super App"** means Apps that combine multiple services or functions, such as messaging, payments, and social media, in a single App, including, without limitation, the WeChat App, the Alipay App, the Grab App, the Gojek App, the KakaoTalk App, the Rakuten App, the TataNeu App, the ZaloPay App, the Grok App, and the X App..

28. **"TataNeu App"** means all versions of the App ever made available in the Apple App Store as shown at https://apps.apple.com/in/app/tata-neu-shop-travel-finance/id1584669293, inclusive of other versions of that App available outside of the United States.

29. **"Top Free Apps"** means the list of Apps in the "Free Apps" category of the "Top Charts" in the Apple App Store, including any predecessor lists fulfilling the same function under different names.

30. **"Top Paid Apps"** means the list of Apps in the "Paid Apps" category of the "Top Charts" in the Apple App Store, including any predecessor lists fulfilling the same function under different names.

31. **"Top Productivity Apps"** means the list of Apps that is displayed after selecting the "Productivity" category in the Apple App Store, including any predecessor lists fulfilling the same function under different names.

32. **"Top News Apps"** means the list of Apps that is displayed after selecting the "News" category in the Apple App Store, including any predecessor lists fulfilling the same function under different names.

Ex. A-7

33. **"WeChat App"** means all versions of the App ever made available in the Apple App Store as shown at https://apps.apple.com/us/app/wechat/id414478124, inclusive of other versions of that App available outside of the United States.

34. **"X"** means X Corp., inclusive of any domestic and foreign parents, predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives of the foregoing.

35. **"xAI"** means X.AI LLC, inclusive of any domestic and foreign parents, predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives of the foregoing.

36. **"X App"** means all versions of the Application ever made available in the Apple App Store, as shown at https://apps.apple.com/us/app/x/id333903271.

37. **"You"** means Alipay (Hangzhou) Technology Co., Ltd., inclusive of any domestic and foreign parents, predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives of the foregoing.

38. **"ZaloPay App"** means all versions of the App ever made available in the Apple App Store, as shown at https://apps.apple.com/us/app/zalopay-qu%C3%A9t-m%E1%BB%8Di-qr/id1112407590, inclusive of other versions of that App available outside of the United States.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**

Documents sufficient to show all the functions offered by Your Alipay App (i) in the U.S. and (ii) worldwide, including but not limited to:

a. messaging;

Ex. A-8

    b.    shopping;

    c.    payments;

    d.    entertainment;

    e.    maps;

    f.    writing tools; and

    g.    image- or video-editing tools.

**REQUEST FOR PRODUCTION NO. 2**

Documents sufficient to show usage, downloads, and in-app payments of Your Alipay App on Smartphones manufactured by different companies, broken down by:

    a.    brand and/or model of Smartphone (e.g., Google Pixel 10, Apple iPhone 17);

    b.    country of usage; and

    c.    most-used functions (e.g., messaging, shopping, payments).

**REQUEST FOR PRODUCTION NO. 3**

All Documents regarding the financial or strategic significance of selling or distributing Super Apps through the following channels:

    a.    Apple's App Store;

    b.    Google's App Store;

    c.    Samsung's App Store; and

    d.    integrations with Apple, Google, Motorola, or Samsung Smartphones or other devices (e.g., laptops, tablets).

**REQUEST FOR PRODUCTION NO. 4**

Documents sufficient to show how You earn revenue from Your Alipay App (i) in the U.S. and (ii) worldwide.

Ex. A-9

**REQUEST FOR PRODUCTION NO. 5**

Documents sufficient to show Your efforts to gain U.S.-based users for Your Alipay App and any related barriers or constraints.

**REQUEST FOR PRODUCTION NO. 6**

All Documents regarding the ranking of Your Alipay App on any Apple App Store List, including but not limited to:

a. internal analyses, evaluations, or communications regarding:

    i. the featuring or ranking of any Super App on any Apple App Store List, including but not limited to the financial or competitive impact of such featuring or ranking; and

    ii. any potential or actual deprioritization or depreferencing of any Super App on any Apple App Store List, including but not limited to the financial or competitive impact of such deprioritization or depreferencing.

b. communications between You and Apple regarding:

    i. Your Alipay App's featuring or ranking on any Apple App Store List; and

    ii. any potential or actual deprioritization or depreferencing of Super Apps on any Apple App Store List.

c. any Agreements You had with Apple with respect to featuring or ranking Your Alipay App on any Apple App Store List.

**REQUEST FOR PRODUCTION NO. 7**

All Documents regarding how Super Apps affect the ability of Smartphone customers to switch Smartphones, including but not limited to:

a. the ability of Super Apps to replace functionality of Smartphones or Preset Apps;

b. how the proliferation of Super Apps promotes competition between Smartphones; and

c. how the proliferation of Super Apps contributes to the commodification of Smartphones.

**REQUEST FOR PRODUCTION NO. 8**

Documents sufficient to show Your plans to incorporate and/or existing incorporation of

Ex. A-10

Generative AI technology into Your Alipay App and Your rationale for doing so.

**REQUEST FOR PRODUCTION NO. 9**

All Documents regarding how Apple's policies, programs, product changes, or other restrictions have affected Your ability to distribute or improve Your Alipay App, including but not limited to:

a. The fees Apple charges for in-app purchases;

b. Apple's restrictions on Your ability to offer programs or features within Your Alipay App;

c. Apple's restrictions on Your ability to display programs or features within Your Alipay App;

d. Apple's restrictions on Your ability to monetize programs or features within Your Alipay App; and

e. Apple's restrictions on Your ability to sell services through Your Alipay App other than through Apple's in-app payments system.