UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

X CORP., ET AL.,

    Plaintiffs,

v.                                    No. 4:25-cv-00914-P

APPLE, INC., ET AL.,

    Defendants.

## ORDER

    Attached is a letter from the Republic of Korea denying the Letter of Request for International Judicial Assistance Pursuant to the Hague Convention. ECF No. 121.

    **SO ORDERED** on this **14th day of January 2026.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE



4:25-CV-914-P

**NATIONAL COURT ADMINISTRATION**
REPUBLIC OF KOREA
219 SEOCHO-DAERO, SEOCHO-GU, SEOUL, KOREA, 06590
Tel: 82-2-3480-1734      Fax: 82-2-533-2824

December 16, 2025

**Your Ref**: No. 4:25-cv-00914-P
**Our Ref**: 2025-D-927

Dear Sir/Madame:

Reference is made to the above case seeking international judicial assistance to take evidence. We are informing you that, pursuant to Article 5 of the HCCH 1970 Evidence Convention, the Letter of Request cannot be executed.

Under Article 23 of the Convention, the Republic of Korea has declared that it will not execute Letters of Request issued to obtain documents for pre-trial discovery purposes. Therefore, evidence requests must specify the materials sought in detail rather than broadly stating them as all-related documents.

Please let us know if we can provide any further assistance in this matter.

Sincerely,

**KIM Eun Sil**
Director of International Affairs
National Court Administration
Supreme Court of the Republic of Korea

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 1 3 2026

CLERK, U.S. DISTRICT COURT
By_____
Deputy

Case 4:25-cv-00914-P   Document 126   Filed 01/14/26   Page 3 of 46   PageID 3021
927
Case 4:25-cv-00914-P   Document 78   Filed 12/01/25   Page 1 of 20   PageID 829

미국 텍사스
북부지방법원
포트워스 지부

| | |
|---|---|
| X CORP. 및 X.AI LLC,<br><br>　　원고<br><br>　　v.<br><br>APPLE INC., OPENAI, INC., OPENAI,<br>L.L.C., OPENAI OPCO, LLC<br><br>　　피고 | 민사 소송 번호 **4:25-cv-00914-P** |

민사 또는 상사 사건의 해외 증거 수집에 관한 헤이그 협약에 따른 카카오
주식회사로부터 증거를 확보하기 위한 국제 사법 공조 요청서

1970년 3월 18일자, 민사 또는 상사 사건의 해외 증거 수집에 관한 헤이그 협약(이하 "협약") 제 3 조에 따라 미국 텍사스 북부지방법원 포트워스 지부는 대한민국 사법행정기관(법원행정처)에 원고 X Corp. 및 X.AI LLC(이하 "원고")를 대리하여 본 요청서에 상세히 기재된 바와 같이 카카오 주식회사로부터 문서 제출을 요청하는 국제사법공조를 정중히 요청드립니다. 본 요청은 상기 표제된 민사 소송 절차에 사용됩니다.

미국 텍사스 북부지방법원 포트워스 지부는 사법 정의의 실현과 본 법원의 적법하고 통상적인 절차에 따라 대한민국이 유사한 지원을 요청하는 경우 동등한 협력과 지원을 제공할 것을 대한민국 사법 당국에 약속드립니다.

1. 발송인

The Honorable Mark T. Pittman

별첨 1-1

App. 29

미국 텍사스 북부지방법원 포트워스 지부
연방지방법원 판사
501 West 10th Street, Room 401
Fort Worth, Texas 76102-3673
United States of America

   2. 요청받은 국가의 중앙 기관

대한민국 법원행정처
수신인: 국제심의관(국제업무국장)
대한민국
서울시
서초구 서초대로 219
06590

   3. 요청서 집행 결과 송부 대상자

Scott A. Eisman
Axinn, Veltrop & Harkrider LLP
630 Fifth Avenue, 33rd Floor
New York, NY 10111
United States of America
전화: +1 (212) 261-5642
seisman@axinn.com

   4. 요청 기관이 본 요청서에 대한 회신을 수령해야 하는 기한 명시

       현 사건의 일정에 따르면 증거 개시 완료 기한은 2026 년 5 월 22 일이며, 본 사건에 대한 재판은 2026 년 10 월 19 일 텍사스 포트워스에서 진행될 예정입니다. 따라서 본 법원은 본 요청에 따른 증거를 가능한 한 신속히 확보할 수 있도록, 대한민국 법원행정처가 본 사안을 긴급히 검토해 주실 것을 정중히 요청드립니다.

협약 제 3 조에 따라, 아래 서명한 신청인은 다음 요청을 제출하는 바입니다.

   5. (a) 요청하는 사법 기관

The Honorable Mark T. Pittman
미국 텍사스 북부지방법원 포트워스 지부
연방지방법원 판사
501 West 10th Street, Room 401
Fort Worth, Texas 76102-3673
United States of America

       (b) 관할 기관

대한민국 법원행정처
수신인: 국제심의관(국제업무국장)

별첨 1-2

대한민국
서울시
서초구 서초대로 219
06590

(c) 사건명 및 식별 번호

*X Corp. 의 대 Apple Inc. 외*, 사건 번호: 4:25-cv-00914-P (텍사스 북부지방법원)

6. 당사자 및 대리인의 이름 및 주소(요청받은 국가의 대리인 포함)

(a) 원고:

X Corp.
Building 2, Hyperloop Plaza, 865 FM-1209
Bastrop, TX 78602
United States of America

X.AI LLC
1450 Page Mill Rd
Palo Alto, CA 94304
United States of America

대리인:

Craig M. Reiser
Scott A. Eisman
Eva Yung
Christopher Erickson
AXINN, VELTROP & HARKRIDER LLP
630 Fifth Avenue, 33rd Floor
New York, NY 10111

Bradley Justus
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036

Caroline P. Boisvert
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103

Judd E. Stone II
Christopher D. Hilton
STONE | HILTON PLLC
600 Congress Ave., Suite 2350

별첨 1-3

App. 31

Austin, TX 78701

Alex More
Monica E. Gaudioso
Robert C. Rowe
CARRINGTON, COLEMAN, SLOMAN & BLUMENTHAL, L.L.P.
901 Main Street, Suite 5500
Dallas, TX 75202

*원고 X Corp. 및 X.AI LLC 측 대리인(변호사)*

    (b) 피고

Apple Inc.
One Apple Park Way
Cupertino, CA 95014
United States of America

OpenAI Foundation (f/k/a OpenAI, Inc.)
OpenAI, L.L.C.
OpenAI Opco, L.L.C.
1455 3rd Street
San Francisco, CA 94158
United States of America

      대리인:

Dee J. Kelly, Jr.
Julia G. Wisenberg
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102
United States of America

Emily Johnson Henn
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
United States of America

Henry Liu
Lauren Willard Zehmer
Carol Szurkowski Weiland
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW

Washington, DC 20001
United States of America

*피고 Apple Inc. 측 대리인(변호사)*

Michael K. Hurst
Chris W. Patton
Andy Kim
LYNN PINKER HURST & SCHWEGMANN LLP
2100 Ross Avenue, Suite 2700
Dallas, TX 75201
United States of America

William Savitt
Kevin S. Schwartz
Stephen D. Levandoski
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
United States of America

*피고 OpenAI Foundation(구 OpenAI, Inc.), OpenAI, L.L.C., 및 OpenAI OpCo, LLC 측 대리인(변호사)*

7.  **(a) 사건의 성격 (예: 이혼, 친자확인, 계약위반, 제조물책임 등)**

원고는 Apple Inc., OpenAI Foundation(구 OpenAI, Inc.), OpenAI, L.L.C., 및 OpenAI OpCo, LLC(이하 "피고")를 상대로 미국 텍사스 북부지방법원 포트워스 지부에 소송을 제기하였습니다. 원고는 서먼법(Sherman Act) 위반에 관한 반독점 청구를 제기하고 있습니다. 구체적으로는, 제1조 위반에 해당하는 무역 제한에 관한 합의, 제2조 위반에 해당하는 시장 독점, 독점 시도 및 생성형 AI 챗봇 및 스마트폰 시장을 독점하기 위한 공모에 대한 청구가 포함됩니다. 또한, 민사상 공모, 부정 경쟁, 텍사스 자유 기업 및 반독점법 위반에 대한 청구도 제기하고 있습니다.

**(b) 소장 요약**

원고는 피고측이 독점 계약을 체결하여 OpenAI 의 생성형 인공지능("AI") 챗봇인 ChatGPT 만이 iPhone 및 기타 Apple 제품에 기본적으로 통합될 수 있도록 하였으며, 또한 Apple 이 App Store 내에서 경쟁사 앱의 검색 및 노출 가능성을 제한하고, Apple 이 편집적 통제권을 행사하는 '필수 앱' 추천 목록에서 ChatGPT 를 우선적으로 홍보함으로써 경쟁사를 배제하고 있다고 주장하고 있습니다. 원고는 피고측 행위가 스마트폰 기기 시장과 생성형 AI 챗봇 시장에서의 경쟁을 배제하고 있다고 주장합니다.

특히, 본 국제사법공조 요청서와 관련하여 원고는 Apple 의 행위가 소셜 연결 및 메시징, 금융 서비스, 전자상거래, 엔터테인먼트 등 스마트폰의 다양한 기능을 제공하는 다기능

별첨 1-5

플랫폼인 '슈퍼 앱'으로부터 경쟁을 불법적으로 제한하고 있다고 주장합니다. 카카오 주식회사가 소유한 KakaoTalk 은 메시징, 은행 업무, 결제, 내비게이션, 차량 호출 기능을 결합한 슈퍼 앱입니다. 원고는 슈퍼 앱이 소비자들이 iPhone 에서 다른 플랫폼으로 전환할 수 있는 선택권을 제공하지만, Apple 과 OpenAI 간의 독점 계약은 Apple 의 독점적 지위를 보호하고, 그로 인해 iPhone 가격을 높게 유지하게 한다고 주장하고 있습니다.

(b) 피고측 항변 및 반소 요약

피고측은 계류 중인 소장 기각 신청에서 원고가 원고들이 스마트폰 시장과 생성형 AI 챗봇 시장에서 명시적 합의와 실질적 경쟁 봉쇄를 모두 적절히 주장하지 못했다고 주장합니다. 아울러, 다른 여러 주장과 함께 X 및 xAI 가 iPhone 과 같은 스마트폰과 경쟁하지 않기 때문에 Apple 과 OpenAI 간의 합의로 인해 손해를 입을 수 없으며, 그 결과 원고는 본 청구를 제기할 원고 적격이 결여되어 있다고 주장하고 있습니다.

8. (a) 확보할 증거 또는 수행할 사법 행위

본 국제사법공조 요청서에 첨부된 별첨 A 에는 대한민국에 본사를 두고 있는 카카오 주식회사에 대해 원고측이 제출하고자 하는 문서 제출 요구에 관한 내용이 기재되어 있습니다. 별첨 A 에서 알 수 있듯이, 원고는 카카오 주식회사가 보유 및 관리하거나 통제하고 있다고 판단되는 슈퍼 앱 KakaoTalk 과 관련된 문서 제출을 요구하고 있습니다.

(b) 요청된 증거 또는 사법 행위의 목적

별첨 A 에서 요청된 문서들은 현재 진행 중인 소송에서 사용할 것으로 예상되는 자료로서 요청드리며, 별첨 A 의 문서 제출 요구는 원고측 주장과 관련된 정보를 확보하기 위해 범위를 좁혀 작성되었으며, 특히 카카오 주식회사의 널리 알려진 KakaoTalk 앱을 포함한 슈퍼 앱의 등장 및 슈퍼 앱이 iPhone 과 같은 스마트폰에 제기하는 경쟁적 위협과 관련된 자료를 확보하는 데 목적이 있습니다.

9. 조사 대상자의 인적사항 및 주소

카카오 주식회사
대한민국
제주도 제주시
첨단로 242(63309)

10. 조사 대상자에게 할 질문 또는 조사할 사안의 요지

없음.

11. 조사 대상 문서 또는 기타 재산

첨부된 별첨 A 에 기재된 문서 제출 요청 목록을 참조하시기 바랍니다.

12. 선서(또는 확약) 하에 증언을 해야 하는지 여부 및 사용해야 할 특별한 형식

요청 법원은 제출하는 문서가 모두 카카오 주식회사의 통상적인 업무 과정에서 작성 및 보관된 것임을 진술하는 선언서를 함께 제출해 주실 것을 정중히 요청드립니다. 아울러, 요청 법원은 해당 선언서가 허위로 작성될 경우 작성자가 대한민국 관련 법률에 따라 형사 처벌을 받을 수 있는 형식으로 서명하고 제출하여 주실 것을 요청드립니다.

**13. 준수해야 할 특별한 방법 또는 절차 (예: 구두 또는 서면, 축어 기록, 녹취록 또는 요약본, 반대신문 등)**

관할 당국은 카카오 주식회사의 주소지를 방문하여, 별첨 A 의 문서제출요구에 해당하는 문서의 제출을 요청하여 주시고, 제출 문서는 인쇄본으로 제공되며, 가능하다면 전자 사본도 함께 첨부해 주시기 바랍니다. 인쇄본이 없더라도 전자 사본이 있는 경우 전자 사본을 제출하여 주시기 바랍니다.

위 방법이 대한민국 법령상 허용되지 아니하는 경우, 관할 당국은 대한민국의 관련 민사절차법에 따라 별첨 A 에 명시된 문서를 수집하여 주시기 바랍니다.

**14. 요청 내용의 집행 일시·장소에 대한 통지 요청 및 통지 대상자의 성명과 주소**

본 요청서의 집행 일시 및 장소를 아래 기재된 원고 대리인에게 통지하여 주시기 바랍니다.

Scott A. Eisman
Axinn, Veltrop & Harkrider LLP
630 Fifth Avenue, 33rd Floor
New York, NY 10111
전화: +1 (212) 261-5642
seisman@axinn.com

**15. 요청서 집행 시 요청 기관의 사법 인력의 참석 또는 참여 요청**

없음.

**16. 요청국 법률에 따른 증언 거부 특권 또는 증언 거부 의무의 명시**

카카오 주식회사는 미국 법률 또는 대한민국 법률에 의하여 증거 제공을 거부할 수 있는 특권 또는 의무가 있는 경우에만 증거 제공을 거부할 수 있습니다. 예를 들어, 제출 시 변호사와 비밀특권이 있는 의사소통 내용이 공개되는 경우에는 해당 문서의 제출을 거부할 수 있습니다.

**17. 협약 제 14 조 제 2 항 또는 제 26 조에 따라 환급 가능한 수수료 및 비용**

협약 제 14 조 제 2 항 또는 제 26 조에 따라 환급 대상이 되는 수수료 및 비용은 아래 기재된 원고 측 법률대리인을 통해 원고가 부담합니다.

Scott A. Eisman
Axinn, Veltrop & Harkrider LLP
630 Fifth Avenue, 33rd Floor

별첨 1-7

New York, NY 10111
전화: +1 (212) 261-5642
seisman@axinn.com

18. 요청 날짜: 2025 년 _11_ 월 (month) _25_ 일 (day)

19. 요청 당국의 서명 및 직인

Mark T. Pittman
북부지방법원 판사

# 별첨 A

## 소환장 별첨 A

## 지침

1. 과거 및 현재 변호사, 회계사, 조사관, 컨설턴트, 대리인 또는 직간접적으로 고용하거나 선임한 기타 인력이 보유한 정보, 귀하를 대리하여 또는 귀하의 명의로 기록을 유지하거나 기타 방식으로 현재 통제하고 있는 모든 법인이 보유한 자료를 포함하여 현재 보유, 관리 또는 통제하고 있는 문서, 또는 이용 가능하거나 합리적인 노력으로 접근할 수 있는 모든 요청 문서를 제출하여 주십시오. 유효한 비밀특권이 있는 경우를 제외하고, 문서의 일부라도 요청 사항에 해당한다면 해당 문서 전체를 제출하십시오.

2. 문서는 (a) 통상적인 업무 과정에서 보관되는 상태 그대로 제출(이 경우, 문서를 보유하고 있던 부서, 지사, 사무소 또는 문서가 저장되어 있던 서버나 중앙 파일, 각 문서의 관리인의 주소를 알 수 있도록 제출해야 함)하거나, (b) 본 요청서에 기재된 특정 요청 항목에 해당하는 문서로 구분하여 제출(이 경우, 해당 문서를 요구하는 특정 요청을 명시해야 함)해야 합니다.

3. 문서의 일부라도 요청에 해당하는 경우 해당 문서 전체의 판독 가능한 버전과 함께 모든 비동일 사본, 버전, 초안, 모든 첨부자료 및 동봉 자료도 제출해야 합니다.

4. 모든 문서와 관련된 메타데이터를 반드시 제출해야 합니다. 데이터 사전 등 데이터 집합을 사용하거나 해석하는 데 필요한 모든 지침 및 기타 자료를 문서 제출 시 함께 제공합니다.

5. 전자 형식 또는 기계 판독이 가능한 형태로 보관된 데이터 및 자료는 해당 데이터 또는 자료에 원고측 대리인이 신속히 접근하거나 열람할 수 있도록 충분한 정보를 포함하여 전자 형태로 제출해야 합니다.

6.    아래 요청 중 전부 또는 일부에 대해 이의를 제기하는 경우, 이의 제기 대상이 되는 요청(또는 해당 부분)을 특정하고, 이의 제기의 취지와 법적 근거를 명확히 제시해야 합니다. 일부 요청 항목에 대해 이의를 제기하더라도 이의 대상이 아닌 문서 및 정보는 모두 제출해야 합니다.

7.    특정 요청에 부합하는 문서가 귀하의 문서 보존 정책 외 사유로 존재하지 않는 경우 해당 문서가 분실되거나 폐기된 경위를 설명하고, 분실 또는 폐기된 정보의 내용과 그 문서에 해당하는 요청 항목을 명시하고, 해당 문서에 대해 알고 있는 관련자의 명단을 기재해야 합니다.

8.    요청 사항에 부합하는 문서를 제출할 수 없는 경우, 해당 문서를 설명하고 제출할 수 없는 사유를 명시하며, 해당되는 경우 마지막으로 보유, 관리 또는 통제했던 시점에 해당 문서가 있었던 위치를 기재해야 합니다.

9.    요청의 전체 또는 일부에 해당하는 문서가 존재하지 않을 경우 이를 서면으로 명시합니다.

10.    특권 정보에 대한 수정(비공개 처리)을 제외하고, 문서는 전부 제출해야 합니다. 요청한 문서를 완전한 형태로 제출할 수 없거나, 어떠한 특권, 보호, 또는 면제 사유에 근거하여 문서 또는 문서의 일부를 제출하지 않는 경우, 가능한 범위 내에서 문서를 제출하고 해당 사유에 따라 제출이 보류된 문서 또는 문서의 해당 부분을 표시해야 합니다.

11.    본 요청 사항의 해석:

a.    명시적으로 정의되지 않은 용어는 귀하가 일상적으로 이해하는 통상적인 의미로 해석합니다.

해당 용어가 업계에서 일반적으로 통용되는 의미로 이해합니다.

별첨 1-A-2

b.  동사는 어떠한 시제, 법, 태로 사용되었는지와 무관하게, 필요한 경우 모든 시제, 법, 태에서 사용으로 해석하여야 하며, 이로써 본 요청의 범위 밖으로 해석될 여지가 있는 모든 정보가 요청의 범위에 포함되는 것으로 보아야 합니다.

c.  단수형 단어 사용에는 복수형을 포함하여 그 반대도 동일하게 적용됩니다.

d.  남성형, 여성형 또는 중성 형태로 사용된 단어는 다른 모든 성의 형태를 포함하는 것으로 해석합니다.

e.  연결어인 "및"과 "또는"은 요청 범위 밖으로 해석될 여지가 있는 모든 응답을 요청 범위 내에 포함시키기 위해 필요한 경우 분리적 또는 결합적 의미로 해석해야 합니다.

f.  "모든", "어떤", 및 "각각"은 일체 및 전부를 포함하는 의미로 해석합니다.

12. 본 문서에 포함된 정의 또는 요청 중 어느 것도 어떠한 증거의 존재, 증거의 관련성 또는 증거 능력 또는 또는 정의와 요청에 포함된 진술이나 설명의 진실성, 정확성에 대한 인정으로 해석해서는 안 됩니다.

13. 원고는 재판 전 단계에서 추가적인 답변을 요구하고 문서의 추가 제출을 요청할 권리를 명시적으로 보유합니다.

14. 달리 명시되지 않는 이상, 본 요청은 관련 기간 동안의 문서 제출을 요구합니다.

<u>정의</u>

1.  "소송"은 상기 표기된 소송을 의미합니다.

별첨 1-A-3

2.    "계약"은 계약, 협약, 양해 각서, 파트너십 또는 기타 공식적 또는 비공식적 양자 또는 다자간 협정이나 합의를 의미합니다.

3.    "AliPay    앱"은    https://apps.apple.com/us/app/alipay-simplify-your-life/id333206289 에 표시된 바와 같이 Apple App Store 에서 제공되는 애플리케이션을 의미하며, 별도의 명시가 없는 한 미국 외 지역에서 제공되는 해당 애플리케이션의 다른 버전도 포함됩니다.

4.    "App Store"는 고객이 스마트폰과 같은 기기에 앱을 구매 및/또는 다운로드(무료 또는 유료)할 수 있도록 하는 디지털 배포 플랫폼을 의미합니다. App Store 의 예로는 Apple App Store 가 있습니다.

5.    "Apple"은 Apple Inc.를 의미하며, 국내외의 모든 모회사, 전신 법인, 사업부, 자회사, 계열사, 파트너십 및 합작 투자 법인과 그에 소속된 모든 이사, 임원, 직원, 대리인 및 대표자도 포함됩니다.

6.    "Apple App Store" 또는 "Apple 의 App Store"는 https://www.apple.com/app-store/에 표시된 바와 같이 Apple 이 애플리케이션을 다운로드 및/또는 구매할 수 있도록 제공하는 디지털 플랫폼을 의미합니다.

7.    "Apple App Store 목록"은 Apple App Store 내 애플리케이션의 목록 또는 순위를 의미합니다. Apple App Store 목록에는 목록에는 필수 앱, 인기 무료 앱, 인기 유료 앱, 인기 생산성 앱, 인기 신규 앱 등이 포함됩니다.

8.    "Apple 제품"은 iPhone, iPod, iPad, MacBook, Apple Watch 등 Apple 이 개인 소비자의 사용을 목적으로 판매하는 모든 제품을 의미합니다.

별첨 1-A-4

9.    "애플리케이션" 또는 "앱"은 최종 사용자를 위해 특정 작업을 수행하도록

설계된 소프트웨어를 의미하며, 스마트폰과 같은 모바일 기기에 앱을 설치할 수 있습니다.

10.    "문서"는 귀하가 보유, 관리 또는 통제하고 있는 모든 종류의 서면, 인쇄물

또는 전자적으로 저장된 정보("ESI")를 의미하며, 구체적인 예는 다음과 같습니다.

    a.    이메일 및 기타 형태의 서신

    b.    프레젠테이션 및 슬라이드 자료

    c.    메모 및 회의록

    d.    분석, 보고서, 연구, 실험

    e.    데이터, 데이터 분석 결과 및 엑셀 스프레드시트나 기타 소프트웨어 또는
          도구와 같은 관련 작업 문서

    f.    계약

    g.    제품 요구사항 문서, 제품 설계 문서

    h.    교육 및/또는 온보딩 자료

"문서"에는 해당 문서에 포함된 모든 메타데이터 또는 기타 내장 정보도 포함됩니다.

11.    "생성형 AI"는 대규모 언어 모델, 자연어 처리 및 딥러닝을 활용하여 새로운

독창적인 콘텐츠를 생성하는 인공지능(AI)을 의미합니다.

12.    "Gojek 앱"은 https://apps.apple.com/sg/app/gojek/id944875099 에 표시된 Apple

App Store 에서 제공된 모든 버전의 앱을 의미하며, 미국 이외 지역에서 이용 가능한 해당

앱의 다른 버전도 포함됩니다.

13.    "Grab          앱"은          https://apps.apple.com/sg/app/grab-taxi-ride-food-

delivery/id647268330 에 표시된 바와 같이 Apple App Store 에서 제공된 모든 버전의

애플리케이션을 의미하며, 미국 외 지역에서 제공되는 해당 애플리케이션의 다른 버전도

포함합니다.

별첨 1-A-5

14.    **"Grok 앱"**은 https://apps.apple.com/us/app/grok/id6670324846 에 표시된 Apple App Store 에서 제공된 모든 버전의 앱을 의미하며, 미국 이외 지역에서 이용 가능한 해당 앱의 다른 버전도 포함됩니다.

15.    **"iOS"**는 iPhone 의 모든 버전 및/또는 해당되는 기타 Apple 제품에 탑재된 Apple 의 운영 체제를 의미합니다.

16.    **"iPhone"** 또는 **"the iPhone"**은 별도로 명시되지 않는 한, Apple 이 iPhone 브랜드로 출시하거나 판매한 모든 버전 또는 모델의 휴대폰을 의미합니다.

17.    **"KakaoTalk 앱"**은 https://apps.apple.com/sg/app/kakaotalk-messenger/id362057947 에 표시된 Apple App Store 에서 제공된 모든 버전의 앱을 의미하며, 미국 이외 지역에서 이용 가능한 해당 앱의 다른 버전도 포함됩니다.

18.    **"필수 앱"**은 Apple App Store 에서 **"필수 앱"**이라는 제목의 앱 목록 또는 다른 이름으로 동일한 기능을 수행하는 이전 목록을 의미합니다.

19.    **"OpenAI"**는 OpenAI Foundation(구, OpenAI, Inc.), OpenAI, L.L.C., 및 OpenAI OpCo, LLC 를 의미하며, 국내외의 모든 모회사, 전신 법인, 사업부, 자회사, 계열사, 파트너십 및 합작투자 법인과 그에 소속된 모든 이사, 임원, 직원, 대리인 및 대표자가 포함됩니다.

20.    **"기타 Apple 제품"**은 MacBook 또는 기타 Apple 노트북, iPad 및/또는 Apple Watch 와 같이 iPhone 을 제외한 모든 Apple 제품을 의미합니다.

21.    **"개인"**은 자연인, 법인, 사업체, 파트너십, 협회, 합작 투자, 정부 기관 또는 신탁을 의미합니다.

22.    **"원고"**는 X 및 xAI 를 의미합니다.

별첨 1-A-6

23.    "기본 앱"은 기본 인터넷 브라우저, 이메일 호스트, 결제/지갑 애플리케이션 등과 같이 사용자의 스마트폰에 사전 설치된 애플리케이션을 의미합니다.

24.    "Rakuten 앱"은  https://apps.apple.com/us/app/rakuten-link/id1498877539  에 표시된 Apple App Store 에서 제공된 모든 버전의 앱을 의미하며, 미국 이외 지역에서 이용 가능한 해당 앱의 다른 버전도 포함됩니다.

25.    "관련 기간"은 달리 명시되지 않는 한 2022 년 6 월 10 일부터 현재까지입니다.

26.    "스마트폰"은 셀룰러 네트워크를 통해 통화 발신 및 수신이 가능한 기존 휴대전화의 기능과 인터넷 검색, 동영상 시청, 이메일 확인 등 컴퓨터의 기능 및 사용 편의성과 유사한 기능을 갖춘 운영체제를 결합한 장치를 의미합니다.

27.    "슈퍼 앱"은 메시징, 결제, 소셜 미디어 등과 같은 다수의 서비스 또는 기능을 단일 애플리케이션 안에 통합한 앱을 의미하며, WeChat 앱, AliPay 앱, Grab 앱, Gojek 앱, KakaoTalk 앱, Rakuten 앱, TataNeu 앱, ZaloPay 앱, Grok 앱 및 X 앱 등이 해당됩니다.

28.    "TataNeu      앱"은      https://apps.apple.com/in/app/tata-neu-shop-travel-finance/id1584669293 에 표시된 Apple App Store 에서 제공된 모든 버전의 앱을 의미하며, 미국 이외 지역에서 이용 가능한 해당 앱의 다른 버전도 포함됩니다.

29.    "무료 순위"는 Apple App Store 의 "인기 차트" 내 "무료 앱" 카테고리에 포함된 앱 목록을 의미하며, 다른 명칭으로 동일한 기능을 수행하는 이전 목록들도 포함됩니다.

30.    "유료 순위"는 Apple App Store 의 "인기 차트" 내 "유료 앱" 카테고리에 포함된 앱 목록을 의미하며, 다른 명칭으로 동일한 기능을 수행하는 이전 목록들도 포함됩니다.

별첨 1-A-7

App. 44

31.    "최고 생산성 앱"은 Apple App Store 에서 "생산성" 카테고리를 선택한 후 표시되는 앱 목록을 의미하며, 다른 이름으로 동일한 기능을 수행하는 이전 목록들도 포함됩니다.

32.    "가장 인기 있는 뉴스 앱"은 Apple App Store 에서 "뉴스" 카테고리를 선택한 후 표시되는 앱 목록을 의미하며, 다른 이름으로 동일한 기능을 수행하는 이전 목록들도 포함됩니다.

33.    "Grok 앱"은 https://apps.apple.com/us/app/grok/id6670324846 에 표시된 Apple App Store 에서 제공된 모든 버전의 앱을 의미하며, 미국 이외 지역에서 이용 가능한 해당 앱의 다른 버전도 포함됩니다.

34.    "X"는 X Corp.를 의미하며, 국내외의 모든 모회사, 전신 법인, 사업부, 자회사, 계열사, 파트너십 및 합작 투자 법인과 그에 소속된 모든 이사, 임원, 직원, 대리인 및 대표자도 포함됩니다.

35.    "xAI"는 X.AI LLC 를 의미하며, 국내외의 모든 모회사, 전신 법인, 사업부, 자회사, 계열사, 파트너십 및 합작 투자 법인과 그에 소속된 모든 이사, 임원, 직원, 대리인 및 대표자도 포함됩니다.

36.    "X 앱"은 https://apps.apple.com/us/app/x/id333903271 에 표시된 대로 Apple App Store 에서 제공되는 모든 버전의 애플리케이션을 의미합니다.

37.    "귀하"는 카카오 주식회사를 의미하며, 국내외의 모든 모회사, 전신 법인, 사업부, 자회사, 계열사, 파트너십 및 합작 투자 법인과 그에 소속된 모든 이사, 임원, 직원, 대리인 및 대표자도 포함됩니다.

별첨 1-A-8

38.    "**ZaloPay 앱**"은 https://apps.apple.com/us/app/zalopay-qu%C3%A9t-m%E1%BB%8Di-qr/id1112407590 에 표시된 Apple App Store 에서 제공된 모든 버전의 앱을 의미하며, 미국 이외 지역에서 이용 가능한 해당 앱의 다른 버전도 포함됩니다.

<u>문서 제출 요청</u>

문서 제출 요청 번호 1

KakaoTalk 앱이 (i) 미국 내에서, 및 (ii) 전 세계적으로 제공하는 다음을 포함한 모든 기능을 입증하기에 충분한 문서

    a.    메시징

    b.    쇼핑

    c.    결제

    d.    엔터테인먼트

    e.    지도

    f.    글쓰기 도구

    g.    이미지 또는 동영상 편집 도구

문서 제출 요청 번호 2

서로 다른 제조업체에서 생산한 스마트폰에서 KakaoTalk 앱의 사용량, 다운로드 수 및 인앱 결제 내역을 입증하기에 충분한 다음 항목별로 분류된 문서

    a.    스마트폰 브랜드 및/또는 모델(예: Google Pixel 10, Apple iPhone 17)

    b.    사용 국가

    c.    가장 많이 사용하는 기능(예: 메시징, 쇼핑, 결제)

문서 제출 요청 번호 3

다음 채널을 통한 슈퍼 앱 판매 또는 배포의 재무적/전략적 중요성에 관한 모든 문서

a.    Apple App Store

b.    Google 앱 스토어

c.    삼성 앱 스토어

d.    Apple, Google, Motorola 또는 삼성 스마트폰 또는 기타 기기(예: 노트북, 태블릿)와 통합

## 문서 제출 요청 번호 4

KakaoTalk 앱으로부터 (i) 미국 내에서 및 (ii) 전 세계적으로 수익을 창출하는 방식을 입증하는 충분한 문서

## 문서 제출 요청 번호 5

KakaoTalk 앱에 미국 기반 사용자를 확보하기 위한 노력과 이와 관련된 장벽 또는 제약 사항을 입증하기에 충분한 문서

## 문서 제출 요청 번호 6

아래 항목을 포함하여 KakaoTalk 앱의 App Store 순위와 관련된 모든 문서

a.    다음과 관련된 내부 분석, 평가 또는 커뮤니케이션:

    i.    App Store 목록에서 슈퍼 앱의 추천 또는 순위 및 그로 인한 재정 및 경쟁 관련 영향

    ii.    Apple App Store 목록에서 슈퍼 앱의 잠재적 또는 실제 우선순위 하락 또는 노출 순위 하락와 그로 인한 재정상 또는 경쟁 관련 영향

b.    다음과 관련하여 귀하와 Apple 간 커뮤니케이션:

    i.    Apple App Store 목록에서 KakaoTalk 앱 추천 또는 순위 관련 사항

    ii.    Apple App Store 목록에서 슈퍼 앱의 잠재적 또는 실제 우선순위 하락 또는 노출 순위 하락

c.    Apple App Store 목록에서 KakaoTalk 앱 추천 또는 순위와 관련하여 Apple 과 체결한 계약

문서 제출 요청 번호 7

다음을 포함하여 슈퍼 앱이 스마트폰 이용 고객의 스마트폰 전환에 미치는 영향과 관련된 모든 문서

a.  스마트폰 또는 기본 앱의 기능을 대체하는 슈퍼 앱의 기능

b.  슈퍼 앱의 확산이 스마트폰 간 경쟁을 촉진하는 방식

c.  슈퍼 앱의 확산이 스마트폰의 상품화에 기여하는 방식

문서 제출 요청 번호 8

KakaoTalk 앱에 생성형 AI 기술을 통합할 계획 및/또는 기존 통합 현황과 그 근거를 입증할 수 있는 충분한 문서

문서 제출 요청 번호 9

다음을 포함하여 Apple 의 정책, 프로그램, 제품 변경 또는 기타 제한 사항이 KakaoTalk 앱 배포 또는 개선 능력에 미친 영향에 관한 모든 문서

a.  Apple 이 인앱 구매에 부과하는 수수료

b.  KakaoTalk 앱 내에서 프로그램 또는 기능 제공에 대한 Apple 의 제한 사항

c.  KakaoTalk 앱 내에서 프로그램 또는 기능 표시에 대한 Apple 의 제한 사항

d.  KakaoTalk 앱 내에서 프로그램 또는 기능에 대한 수익 창출 관련 Apple 의 제한 사항

e.  Apple 인앱 결제 외 KakaoTalk 앱을 통한 서비스 판매에 대한 Apple 의 제한 사항

927

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| X CORP. and X.AI LLC,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.; OPENAI, INC.; OPENAI, L.L.C.; and OPENAI OPCO, LLC,<br><br>Defendants. | Civil Action No. 4:25-cv-00914-P |

## ORDER GRANTING MOTION FOR
## ISSUANCE OF LETTER OF REQUEST FOR INTERNATIONAL
## JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION ON
## THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS

Upon consideration of Plaintiffs' Motion for Issuance of Letter of Request for International Judicial Assistance Pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, the Motion is hereby **GRANTED** and the Court **APPROVES** the proposed Letter of Request included with the Motion. Accordingly, the Court will execute the Letter of Request and the certified Korean translation of the Letter of Request with original signatures, to which the Clerk of Court shall affix original seals. Thereafter, the Court will directly transmit the Letter of Request and the certified Korean translation of the Letter of Request to the National Court Administration of the Republic of Korea.

**SO ORDERED and SIGNED on this** 26 **day of** Nov. 2025.

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| X CORP. and X.AI LLC, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC.; OPENAI, INC.; OPENAI, L.L.C.; and OPENAI OPCO, LLC, <br><br> Defendants. | Civil Action No. 4:25-cv-00914-P |

## LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS TO OBTAIN EVIDENCE FROM KAKAO CORPORATION

In conformity with Article 3 of The Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Convention"), the United States District Court for the Northern District of Texas, Fort Worth Division, presents its compliments to the National Court Administration of the Republic of Korea, and requests international judicial assistance on behalf of Plaintiffs X Corp. and X.AI LLC ("Plaintiffs") to obtain the production of documents from Kakao Corporation, as detailed herein, to be used in a civil proceeding in the above-captioned litigation.

In the furtherance of justice and by the proper and usual process of this Court, the United States District Court for the Northern District of Texas, Fort Worth Division, assures the judicial authorities of the Republic of Korea that it is willing to provide similar cooperation and assistance to the judicial authorities of the Republic of Korea if the Republic of Korea requests similar assistance.

### 1. Sender

The Honorable Mark T. Pittman
United States District Judge
Northern District of Texas, Fort Worth Division
501 West 10th Street, Room 401
Fort Worth, Texas 76102-3673
United States of America

### 2. Central Authority of the Requested State

National Court Administration
Attn: Director of International Affairs
Seocho-daero 219
Seocho-gu
SEOUL 06590
Republic of Korea

### 3. Person to whom the executed request is to be returned

Scott A. Eisman
Axinn, Veltrop & Harkrider LLP
630 Fifth Avenue, 33rd Floor
New York, NY 10111
United States of America
Tel: +1 (212) 261-5642
seisman@axinn.com

### 4. Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request

Under the current case schedule, the deadline for the completion of fact discovery in this matter is May 22, 2026, and a trial on this matter is scheduled at present for October 19, 2026, in Fort Worth, Texas. Accordingly, this Court respectfully requests that the National Court Administration of the Republic of Korea give this matter urgent attention so that the evidence requested herein may be obtained as soon as possible.

**IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:**

### 5. (a) Requesting judicial authority

The Honorable Mark T. Pittman
United States District Judge
Northern District of Texas, Fort Worth Division
501 West 10th Street, Room 401
Fort Worth, Texas 76102-3673

Ex. 1-2

United States of America

### (b) To the competent authority of

National Court Administration
Attn: Director of International Affairs
Seocho-daero 219
Seocho-gu
SEOUL 06590
Republic of Korea

### (c) Names of the case and any identifying number

*X Corp., et al. v. Apple Inc., et al.*, Case No. 4:25-cv-00914-P (N.D. Tex.)

6. **Names and addresses of the parties and their representatives (including representatives in the requested State)**

### (a) Plaintiffs:

X Corp.
Building 2, Hyperloop Plaza, 865 FM-1209
Bastrop, TX 78602
United States of America

X.AI LLC
1450 Page Mill Rd
Palo Alto, CA 94304
United States of America

### Representatives:

Craig M. Reiser
Scott A. Eisman
Eva Yung
Christopher Erickson
AXINN, VELTROP & HARKRIDER LLP
630 Fifth Avenue, 33rd Floor
New York, NY 10111

Bradley Justus
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036

Caroline P. Boisvert
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103

Judd E. Stone II
Christopher D. Hilton
STONE | HILTON PLLC
600 Congress Ave., Suite 2350
Austin, TX 78701

Alex More
Monica E. Gaudioso
Robert C. Rowe
CARRINGTON, COLEMAN, SLOMAN & BLUMENTHAL, L.L.P.
901 Main Street, Suite 5500
Dallas, TX 75202

*Attorneys for Plaintiffs X Corp. and X.AI LLC*

### (b) Defendants

Apple Inc.
One Apple Park Way
Cupertino, CA 95014
United States of America

OpenAI Foundation (f/k/a OpenAI, Inc.)
OpenAI, L.L.C.
OpenAI Opco, L.L.C.
1455 3rd Street
San Francisco, CA 94158
United States of America

### Representatives:

Dee J. Kelly, Jr.
Julia G. Wisenberg
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102
United States of America

Emily Johnson Henn
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
United States of America

Ex. 1-4

Henry Liu
Lauren Willard Zehmer
Carol Szurkowski Weiland
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
United States of America

*Attorneys for Defendant Apple Inc.*

Michael K. Hurst
Chris W. Patton
Andy Kim
LYNN PINKER HURST & SCHWEGMANN LLP
2100 Ross Avenue, Suite 2700
Dallas, TX 75201
United States of America

William Savitt
Kevin S. Schwartz
Stephen D. Levandoski
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
United States of America

*Attorneys for Defendants OpenAI Foundation (f/k/a OpenAI, Inc.); OpenAI, L.L.C.; and OpenAI OpCo, LLC*

7. **(a) Nature of the proceedings (divorce, paternity, breach of contract, product liability, etc.)**

Plaintiffs filed suit against Defendants Apple Inc.; OpenAI Foundation (f/k/a OpenAI, Inc.); OpenAI, L.L.C.; and OpenAI OpCo, LLC ("Defendants") in the United States District Court for the Northern District of Texas, Fort Worth Division. Plaintiffs assert claims for antitrust violations under the Sherman Act, including an agreement in restraint of trade in violation of Section 1, and monopolization, attempted monopolization and conspiracy to monopolize the markets for generative AI chatbots and smartphones under Section 2. Plaintiffs also have claims for civil conspiracy, unfair competition, and violations of the Texas Free Enterprise & Antitrust Act.

**(b) Summary of complaint**

Plaintiffs allege that Defendants entered into an exclusive agreement through which OpenAI's generative artificial intelligence ("AI") chatbot, ChatGPT, is the only generative AI chatbot natively integrated into the iPhone and other Apple products. Plaintiffs also allege that Apple forecloses rivals in the Apple App Store by limiting the discoverability of OpenAI's rivals and

promoting ChatGPT in Apple's featured "Must-Have Apps" list, over which Apple exercises editorial control. Plaintiffs allege that Defendants' conduct forecloses competition in the markets for smartphone devices and generative AI chatbots.

Of particular relevance to this Letter of Request, Plaintiffs allege that Apple's conduct illegally restrains competition from "super apps": multi-functional platforms that offer many of the services of smartphones, such as social connectivity and messaging, financial services, e-commerce, and entertainment. KakaoTalk, owned by Kakao Corporation, is a super app that combines messaging, banking, payments, navigation, and ride-sharing functionality. Plaintiffs allege that super apps allow customers to switch away from the iPhone, and that the exclusive agreement between Apple and OpenAI protects Apple's monopoly and keeps iPhone prices high.

### (b) Summary of defense and counterclaim

In their pending motions to dismiss Plaintiffs' complaint, Defendants assert that Plaintiffs have failed to allege both an express agreement and substantial foreclosure in the markets for smartphones and generative AI chatbots, and also that Plaintiffs lack standing to bring their claims because, among other arguments, they assert that X and xAI do not compete with smartphones such as the iPhone and therefore could not be harmed by the agreement between Apple and OpenAI.

### 8. (a) Evidence to be obtained or other judicial act to be performed

Exhibit A to this Letter of Request describes the requests for production of documents that Plaintiffs wish to serve on Kakao Corporation, which is headquartered in the Republic of Korea. As Exhibit A demonstrates, Plaintiffs seek documents relating to Kakao Corporation's super app, KakaoTalk, which Plaintiffs believe are in the possession, custody, or control of Kakao Corporation.

### (b) Purpose of the evidence or judicial act sought

The documents requested in the attached Exhibit A are sought for anticipated use in an ongoing litigation. The requests for documents in Exhibit A are narrowly targeted to elicit information relevant to Plaintiffs' case, particularly with respect to the emergence of super apps—including Kakao Corporation's well-known KakaoTalk app—and the competitive threat that super apps pose to smartphones such as the iPhone.

### 9. Identity and address of any person to be examined

Kakao Corporation
242 Cheomdan-ro
Jeju-si, Jeju-do, 63309
Republic of Korea

### 10. Questions to be put to the persons to be examined or statement of the subject-matter about which they are to be examined

None.

Ex. I-6

### 11. Documents or other property to be inspected

Please see the list of requests for production of documents in the attached Exhibit A.

### 12. Any requirement that the evidence be given on oath or affirmation and any special form to be used

The Requesting Court respectfully requests that the documents be accompanied by a declaration that states that all documents were created and kept in the ordinary course of Kakao Corporation's business. Further, the Requesting Court requests that such a declaration be signed in a manner that, if falsely made, would subject the maker to criminal penalty under the laws of the Republic of Korea.

### 13. Special methods or procedures to be followed (e.g. oral or in writing, verbatim, transcript or summary, cross-examination, etc.)

The competent authorities are respectfully requested to visit the address of Kakao Corporation and request that it produce the documents responsive to the requests for production in Exhibit A. The documents produced should be in printed copy and should be accompanied by an electronic copy if available. If a printed copy is unavailable but an electronic copy is available, the electronic copy should still be produced.

If the above method requested is not permitted under the laws of the Republic of Korea, the competent authorities may collect the documents listed in Exhibit A in accordance with the relevant civil procedural laws of the Republic of Korea.

### 14. Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified

Please notify the counsel for Plaintiffs identified below regarding the time and place for the execution of this Letter of Request:

Scott A. Eisman
Axinn, Veltrop & Harkrider LLP
630 Fifth Avenue, 33rd Floor
New York, NY 10111
Tel: +1 (212) 261-5642
seisman@axinn.com

### 15. Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request

None.

### 16. Specification of privilege or duty to refuse to give evidence under the law of the State of origin

Kakao Corporation may refuse to give evidence only insofar as it has a privilege or duty to refuse to give evidence under the laws of the United States or the laws of the Republic of Korea. For

Ex. 1-7

App. 12

example, it may refuse to produce a document if doing so would reveal privileged communications with its attorneys.

**17. The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by**

The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention shall be borne by Plaintiffs in care of Plaintiffs' legal representative listed below:

Scott A. Eisman
Axinn, Veltrop & Harkrider LLP
630 Fifth Avenue, 33rd Floor
New York, NY 10111
Tel: +1 (212) 261-5642
seisman@axinn.com

**18. Date of Request:** $\underline{11/25}$ , 2025

**19. Signature and seal of the requesting authority**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

Ex. 1-8

App. 13

# Exhibit A

## Exhibit A to Subpoena

## INSTRUCTIONS

1.      Please produce all requested Documents in Your possession, custody, or control, or available to You, or to which You may gain access through reasonable effort, including information in the possession of Your past and present attorneys, accountants, investigators, consultants, agents, or other persons directly or indirectly employed or retained by You, or any entity otherwise subject to Your control who maintains records on Your behalf, in Your name, or otherwise under Your control. Subject to a valid claim of privilege, please produce the entire Document if any part of that Document is responsive.

2.      Documents must be produced either (a) as they are kept in the usual course of business (in which case they must be produced in such fashion as to identify the department, branch, or office in whose possession the Document was found or the server or central file in which it was found, and the address of each Document's custodian(s)), or (b) segregated as responsive to a specific Request enumerated herein, with such specific Request identified.

3.      If any portion of any Document is responsive to any Request, a legible version of the entire Document must be produced, together with all non-identical copies, versions, and drafts of that Document, including all attachments and enclosures.

4.      You must produce all Documents with any associated metadata. Provide instructions and all other materials necessary to use or interpret Your data compilations, such as a data dictionary, with Your production.

5.      Data and materials that are stored electronically or in machine-readable form should be produced in electronic form with sufficient information to allow counsel to readily access or read such data or materials.

Ex. 1-A-1

6.     If you object to all or any portion of any of the below Requests, you must identify the objectionable Request or portion thereof, and the nature and basis of the objection. Notwithstanding any objection to any portion of any Request, you must produce all Documents and information to which such objection does not apply.

7.     If any Document responsive to a particular Request no longer exists for reasons other than Your document-retention policy, describe the circumstances under which it was lost or destroyed, describe the information lost or destroyed, list the Request to which it was responsive, and list persons with knowledge of the Document.

8.     If you are unable to produce a Document that is responsive to a Request, describe the Document, state why it cannot be produced and, if applicable, state the whereabouts of such Document when last in your possession, custody, or control.

9.     If there are no Documents or information responsive to all or any portion of any Request, so state in writing.

10.    Other than redactions of privileged information, Documents are to be produced in full. If any requested Document cannot be produced in full, or if you withhold production of any Document or portion of any Document responsive to these Requests based upon any privilege, protection, or immunity, produce it to the extent possible and indicate where any Document or portion of any Document has been withheld on this basis.

11.    In construing the Requests herein:

a.     Terms not specifically defined shall be given their ordinary meaning as You understand them to be used in the trade;

b.     The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all other tenses, moods, or voices, whenever necessary, to bring within the

<div style="text-align:center">Ex. 1-A-2</div>

scope of any Request all information that might otherwise be construed to be outside its scope;

c.    The use of the singular form of any word includes the plural and vice versa;

d.    Words in the masculine, feminine, or neutral gender shall include each of the other genders;

e.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope; and

f.    The terms "all," "any," and "each" shall each be construed as encompassing any and all.

12.    None of the Definitions or Requests set forth herein shall be construed as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in the Definitions or the Requests.

13.    Plaintiffs specifically reserve the right to seek supplementary responses and the additional supplementary production of Documents before trial.

14.    Unless otherwise stated, the Requests call for the production of Documents from the Relevant Period.

## I.    **DEFINITIONS**

1.    "**Action**" means the above-captioned action.

2.    "**Agreement**" means contracts, agreements, memorandums of understanding, partnerships or other formal or informal bi-lateral or multi-lateral arrangements or understandings.

Ex. 1-A-3

3.    "**AliPay App**" means the App available in the Apple App Store, as shown in

https://apps.apple.com/us/app/alipay-simplify-your-life/id333206289, inclusive of other versions

of that App available outside of the United States unless otherwise specified.

4.    "**App Store**" means a digital distribution platform that allows customers to

purchase and/or download Apps (for free or for purchase) onto their devices, such as a Smartphone.

An example of an App Store is the Apple App Store.

5.    "**Apple**" means Apple Inc., inclusive of any domestic and foreign parents,

predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors,

officers, employees, agents, and representatives of the foregoing.

6.    "**Apple App Store**" or "**Apple's App Store**" means Apple's digital platform

making    Applications    available    for    download    and/or    purchase,    as    shown    at

https://www.apple.com/app-store/.

7.    "**Apple App Store List**" means the listing or ranking of Applications in the Apple

App Store. Apple App Store Lists include, but are not limited to, Must-Have Apps, Top Free Apps,

Top Paid Apps, Top Productivity Apps, and Top New Apps.

8.    "**Apple Product**" means any product marketed by Apple for use by individual

consumers, including but not limited to: iPhone, iPod, iPad, MacBook, Apple Watch.

9.    "**Application**" or "**App**" means software that is designed to perform certain tasks

for the end user. An App can be installed on mobile devices such as Smartphones.

10.    "**Documents**" means all written, printed, or electronically stored information

("ESI") of any kind in Your possession, custody, or control. Examples of Documents include, but

are not limited to:

a.    emails and other forms of correspondence;

b.    presentations and slide decks;

    c.      notes and minutes;

    d.      analyses, reports, studies, experiments;

    e.      data, analyses of data, and any associated working documents, such as Excel spreadsheets or other software or tools;

    f.      Agreements;

    g.      product requirement documents, product design documents; and

    h.      training and/or on-boarding materials.

The term "Documents" is inclusive of any metadata or other embedded information within a document.

11.     **"Generative AI"** means a type of artificial intelligence ("AI") that creates new, original content through the use of large language models, natural language processing, and deep learning.

12.     **"Gojek App"** means all versions of the App ever made available in the Apple App Store as shown at https://apps.apple.com/sg/app/gojek/id944875099, inclusive of other versions of that App available outside of the United States.

13.     **"Grab App"** means all versions of the App ever made available in the Apple App Store as shown at https://apps.apple.com/sg/app/grab-taxi-ride-food-delivery/id647268330, inclusive of other versions of that App available outside of the United States.

14.     **"Grok App"** means all versions of the App ever made available in the Apple App Store as shown at https://apps.apple.com/us/app/grok/id6670324846, inclusive of other versions of that App available outside of the United States.

15.     **"iOS"** means Apple's operating system on any versions of the iPhone and/or any Other Apple Product applicable.

16.     **"iPhone"** or **"the iPhone"** means all versions or models of phones Apple ever marketed or sold under the brand iPhone unless otherwise specified.

Ex. 1-A-5

17.     **"KakaoTalk App"** means all versions of the App ever made available in the Apple App Store as shown at https://apps.apple.com/sg/app/kakaotalk-messenger/id362057947, inclusive of other versions of that App available outside of the United States.

18.     **"Must-Have Apps"** means the list of Apps titled "Must-Have Apps," or any predecessor list fulfilling the same function under a different name, in the Apple App Store.

19.     **"OpenAI"** means OpenAI Foundation (f/k/a OpenAI, Inc.); OpenAI, L.L.C.; and OpenAI OpCo, LLC, inclusive of any domestic and foreign parents, predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives of the foregoing.

20.     **"Other Apple Product"** means any Apple Product excluding the iPhone, such as MacBooks or other Apple laptops, iPads, and/or Apple Watches.

21.     **"Person"** means any natural person, corporate entity, business entity, partnership, association, joint venture, governmental entity, or trust.

22.     **"Plaintiffs"** means X and xAI.

23.     **"Preset Apps"** means Apps that are pre-installed on a user's Smartphone, such as default internet browsers, email host, or payment/wallet apps.

24.     **"Rakuten App"** means all versions of the App ever made available in the Apple App Store as shown at https://apps.apple.com/us/app/rakuten-link/id1498877539, inclusive of other versions of that App available outside of the United States.

25.     **"Relevant Period"** means June 10, 2022 to present unless otherwise stated.

26.     **"Smartphone"** means a device that has the functionality of a traditional mobile phone (i.e., can make and receive calls via a cellular network) combined with an operating system

Ex. 1-A-6

that mimics the functionality and ease of use of a computer (e.g., browse the internet, watch videos, or check email).

27.    "**Super App**" means Apps that combine multiple services or functions, such as messaging, payments, and social media, in a single App, including, without limitation, the WeChat App, the AliPay App, the Grab App, the Gojek App, the KakaoTalk App, the Rakuten App, the TataNeu App, the ZaloPay App, the Grok App, and the X App..

28.    "**TataNeu App**" means all versions of the App ever made available in the Apple App Store as shown at https://apps.apple.com/in/app/tata-neu-shop-travel-finance/id1584669293, inclusive of other versions of that App available outside of the United States.

29.    "**Top Free Apps**" means the list of Apps in the "Free Apps" category of the "Top Charts" in the Apple App Store, including any predecessor lists fulfilling the same function under different names.

30.    "**Top Paid Apps**" means the list of Apps in the "Paid Apps" category of the "Top Charts" in the Apple App Store, including any predecessor lists fulfilling the same function under different names.

31.    "**Top Productivity Apps**" means the list of Apps that is displayed after selecting the "Productivity" category in the Apple App Store, including any predecessor lists fulfilling the same function under different names.

32.    "**Top News Apps**" means the list of Apps that is displayed after selecting the "News" category in the Apple App Store, including any predecessor lists fulfilling the same function under different names.

Ex. 1-A-7

33.    **"WeChat App"** means all versions of the App ever made available in the Apple App Store as shown at https://apps.apple.com/us/app/wechat/id414478124, inclusive of other versions of that App available outside of the United States.

34.    **"X"** means X Corp., inclusive of any domestic and foreign parents, predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives of the foregoing.

35.    **"xAI"** means X.AI LLC, inclusive of any domestic and foreign parents, predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives of the foregoing.

36.    **"X App"** means all versions of the Application ever made available in the Apple App Store, as shown at https://apps.apple.com/us/app/x/id333903271.

37.    **"You"** means Kakao Corporation, inclusive of any domestic and foreign parents, predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives of the foregoing.

38.    **"ZaloPay App"** means all versions of the App ever made available in the Apple App Store, as shown at https://apps.apple.com/us/app/zalopay-qu%C3%A9t-m%E1%BB%8Di-qr/id1112407590, inclusive of other versions of that App available outside of the United States.

## II.    **REQUESTS FOR PRODUCTION**

### A.    **REQUEST FOR PRODUCTION NO. 1**

Documents sufficient to show all the functions offered by Your KakaoTalk App (i) in the U.S. and (ii) worldwide, including but not limited to:

a.    messaging;

b.    shopping;

c.    payments;

<div align="center">Ex. 1-A-8</div>

d.      entertainment;

e.      maps;

f.      writing tools; and

g.      image- or video-editing tools.

**B.      REQUEST FOR PRODUCTION NO. 2**

Documents sufficient to show usage, downloads, and in-app payments of Your KakaoTalk

App on Smartphones manufactured by different companies, broken down by:

a.      brand and/or model of Smartphone (e.g., Google Pixel 10, Apple iPhone 17);

b.      country of usage; and

c.      most-used functions (e.g., messaging, shopping, payments).

**C.      REQUEST FOR PRODUCTION NO. 3**

All Documents regarding the financial or strategic significance of selling or distributing

Super Apps through the following channels:

a.      Apple's App Store;

b.      Google's App Store;

c.      Samsung's App Store; and

d.      integrations with Apple, Google, Motorola, or Samsung Smartphones or other

        devices (e.g., laptops, tablets).

**D.      REQUEST FOR PRODUCTION NO. 4**

Documents sufficient to show how You earn revenue from Your KakaoTalk App (i) in the

U.S. and (ii) worldwide.

**E.      REQUEST FOR PRODUCTION NO. 5**

Documents sufficient to show Your efforts to gain U.S.-based users for Your KakaoTalk

App and any related barriers or constraints.

Ex. 1-A-9

F.    **REQUEST FOR PRODUCTION NO. 6**

All Documents regarding the ranking of Your KakaoTalk App on any Apple App Store List, including but not limited to:

    a.    internal analyses, evaluations, or communications regarding:

        i.    the featuring or ranking of any Super App on any Apple App Store List, including but not limited to the financial or competitive impact of such featuring or ranking; and

        ii.    any potential or actual deprioritization or depreferencing of any Super App on any Apple App Store List, including but not limited to the financial or competitive impact of such deprioritization or depreferencing.

    b.    communications between You and Apple regarding:

        i.    Your KakaoTalk App's featuring or ranking on any Apple App Store List; and

        ii.    any potential or actual deprioritization or depreferencing of Super Apps on any Apple App Store List.

    c.    any Agreements You had with Apple with respect to featuring or ranking Your KakaoTalk App on any Apple App Store List.

G.    **REQUEST FOR PRODUCTION NO. 7**

All Documents regarding how Super Apps affect the ability of Smartphone customers to switch Smartphones, including but not limited to:

    a.    the ability of Super Apps to replace functionality of Smartphones or Preset Apps;

    b.    how the proliferation of Super Apps promotes competition between Smartphones; and

    c.    how the proliferation of Super Apps contributes to the commodification of Smartphones.

H.    **REQUEST FOR PRODUCTION NO. 8**

Documents sufficient to show Your plans to incorporate and/or existing incorporation of Generative AI technology into Your KakaoTalk App and Your rationale for doing so.

I.    **REQUEST FOR PRODUCTION NO. 9**

All Documents regarding how Apple's policies, programs, product changes, or other

Ex. 1-A-10

restrictions have affected Your ability to distribute or improve Your KakaoTalk App, including but not limited to:

    a.    The fees Apple charges for in-app purchases;

    b.    Apple's restrictions on Your ability to offer programs or features within Your KakaoTalk App;

    c.    Apple's restrictions on Your ability to display programs or features within Your KakaoTalk App;

    d.    Apple's restrictions on Your ability to monetize programs or features within Your KakaoTalk App; and

    e.    Apple's restrictions on Your ability to sell services through Your KakaoTalk App other than through Apple's in-app payments system.

# **Exhibit 2**

# TRANSPERFECT

## CERTIFICATION

TransPerfect is globally certified under the standards ISO 9001:2015, ISO 17100:2015, and ISO 18587:2017. This Translation Certificate confirms the included documents have been completed in conformance with the Quality Management System documented in its ISO process maps and are, to the best knowledge and belief of all TransPerfect employees engaged on the project, full and accurate translations of the source material.

File Name(s): FOR TRANSLATOR Kakao_Letter of Request and RFPs

Source Language(s): English (United States)

Target Language(s): Korean (South Korea)

Authorized Signature:

Signature, Notary Public:

Name:     Jacqueline Yorke

Title:      Project Manager

Date:      November 25, 2025

WENDY POON
Notary Public - State of New York
No. 01PO0000184
Qualified in Queens County
My Commission Expires February 02, 20 2-7

Stamp: Notary Public

Reason for signature: I approve the accuracy of this document content as written

The Supreme Court of Korea
219 Seocho-daero, Seocho-gu
Seoul 06590 Korea



JAN 1 3 2026

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Air Letters    US KOREA POST
A4 봉투/항공서    250g

RR 531066 929 KR    06-OCT-2026

The Honorable Mark T.Pittman
501 West 10th Street, Room 401
Fort Worth, Texas 76102-3673
United Stated of America