**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| X CORP. and X.AI LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>APPLE INC.; OPENAI, INC.; OPENAI, L.L.C.; and OPENAI OPCO, LLC,<br><br>    Defendants. | **Civil Action No. 4:25-cv-00914-P** |

**LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL
ASSISTANCE PURSUANT TO THE HAGUE CONVENTION ON
THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS
TO OBTAIN EVIDENCE FROM GRABTAXI HOLDINGS PTE. LTD.**

In conformity with Article 3 of The Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Convention"), the United States District Court for the Northern District of Texas, Fort Worth Division, presents its compliments to the Supreme Court of Singapore, and requests international judicial assistance on behalf of Plaintiffs X Corp. and X.AI LLC ("Plaintiffs") to obtain the production of documents from GrabTaxi Holdings Pte. Ltd. ("Grab"), as detailed herein, to be used in a civil proceeding in the above-captioned litigation.

In the furtherance of justice and by the proper and usual process of this Court, the United States District Court for the Northern District of Texas, Fort Worth Division, assures the judicial authorities of the Republic of Singapore that it is willing to provide similar cooperation and assistance to the judicial authorities of the Republic of Singapore if the Republic of Singapore requests similar assistance.

### 1. Sender

The Honorable Mark T. Pittman
United States District Judge
Northern District of Texas, Fort Worth Division
501 West 10th Street, Room 401
Fort Worth, Texas 76102-3673
United States of America

### 2. Central Authority of the Requested State

Registrar of the Supreme Court
Supreme Court of Singapore
1 Supreme Court Lane
Singapore 178879
Tel: +65 6336 0644
Email: SUPCOURT_Registry@supcourt.gov.sg
Internet: http://www.supremecourt.gov.sg/

### 3. Person to whom the executed request is to be returned

Scott A. Eisman
Axinn, Veltrop & Harkrider LLP
630 Fifth Avenue, 33rd Floor
New York, NY 10111
United States of America
Tel: +1 (212) 261-5642
seisman@axinn.com

### 4. Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request

Under the current case schedule, the deadline for the completion of fact discovery in this matter is May 22, 2026, and a trial on this matter is scheduled at present for October 19, 2026, in Fort Worth, Texas. Accordingly, this Court respectfully requests that the Supreme Court of Singapore give this matter urgent attention so that the evidence requested herein may be obtained as soon as possible.

**IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:**

### 5. (a) Requesting judicial authority

The Honorable Mark T. Pittman
United States District Judge
Northern District of Texas, Fort Worth Division
501 West 10th Street, Room 401
Fort Worth, Texas 76102-3673
United States of America

App. 7

**(b) To the competent authority of**

Registrar of the Supreme Court
Supreme Court of Singapore
1 Supreme Court Lane
Singapore 178879
Tel: +65 6336 0644
Email: SUPCOURT_Registry@supcourt.gov.sg
Internet: http://www.supremecourt.gov.sg/

**(c) Names of the case and any identifying number**

*X Corp., et al. v. Apple Inc., et al.*, Case No. 4:25-cv-00914-P (N.D. Tex.)

6. **Names and addresses of the parties and their representatives (including representatives in the requested State)**

**(a) Plaintiffs:**

X Corp.
Building 2, Hyperloop Plaza, 865 FM-1209
Bastrop, TX 78602
United States of America

X.AI LLC
1450 Page Mill Rd
Palo Alto, CA 94304
United States of America

**Representatives:**

Craig M. Reiser
Scott A. Eisman
Eva Yung
Christopher Erickson
AXINN, VELTROP & HARKRIDER LLP
630 Fifth Avenue, 33rd Floor
New York, NY 10111
United States of America

Bradley Justus
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
United States of America

Judd E. Stone II
Christopher D. Hilton
STONE | HILTON PLLC

3

600 Congress Ave., Ste. 2350
Austin, TX 78701
United States of America

Noah Schottenstein
STONE | HILTON PLLC
301 Commerce St., Suite 2360
Fort Worth, TX 76102
United States of America

*Attorneys for Plaintiffs X Corp. and X.AI LLC*

### (b) Defendants

Apple Inc.
One Apple Park Way
Cupertino, CA 95014
United States of America

OpenAI Foundation (f/k/a OpenAI, Inc.)
OpenAI, L.L.C.
OpenAI Opco, L.L.C.
1455 3rd Street
San Francisco, CA 94158
United States of America

### Representatives:

Dee J. Kelly, Jr.
Julia G. Wisenberg
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102
United States of America

Emily Johnson Henn
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
United States of America

Henry Liu
Lauren Willard Zehmer
Carol Szurkowski Weiland
COVINGTON & BURLING LLP
One CityCenter

4

850 Tenth Street, NW
Washington, DC 20001
United States of America

*Attorneys for Defendant Apple Inc.*

Michael K. Hurst
Chris W. Patton
Andy Kim
LYNN PINKER HURST & SCHWEGMANN LLP
2100 Ross Avenue, Suite 2700
Dallas, TX 75201
United States of America

William Savitt
Kevin S. Schwartz
Stephen D. Levandoski
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
United States of America

*Attorneys for Defendants OpenAI Foundation (f/k/a OpenAI, Inc.); OpenAI, L.L.C.; and OpenAI OpCo, LLC*

### 7.    (a) Nature of the proceedings (divorce, paternity, breach of contract, product liability, etc.)

Plaintiffs filed suit against Defendants Apple Inc. ("Apple"); OpenAI Foundation (f/k/a OpenAI, Inc.); OpenAI, L.L.C.; and OpenAI OpCo, LLC (together with OpenAI, L.L.C. and OpenAI Foundation, "OpenAI") in the United States District Court for the Northern District of Texas, Fort Worth Division. Plaintiffs assert claims for antitrust violations under the Sherman Act, including an agreement in restraint of trade in violation of Section 1, and monopolization, attempted monopolization, and conspiracy to monopolize the markets for generative AI chatbots and smartphones under Section 2. Plaintiffs also have asserted claims for civil conspiracy, unfair competition, and violations of the Texas Free Enterprise & Antitrust Act.

### (b) Summary of complaint

Plaintiffs allege that Defendants entered into an exclusive agreement through which OpenAI's generative artificial intelligence ("AI") chatbot, ChatGPT, is the only generative AI chatbot natively integrated into the iPhone and other Apple products. Plaintiffs also allege that Apple forecloses rivals in the Apple App Store by limiting the discoverability of OpenAI's rivals and promoting ChatGPT in Apple's featured "Must-Have Apps" list, over which Apple exercises editorial control. Plaintiffs allege that Defendants' conduct forecloses competition in the markets for smartphone devices and generative AI chatbots.

Of particular relevance to this Letter of Request, Plaintiffs allege that Apple's conduct illegally restrains competition from "super apps": multi-functional platforms that offer many of the services of smartphones, such as social connectivity and messaging, financial services, e-commerce, and entertainment. The Grab app, owned by Grab, is a super app that combines digital payment services, ride-sharing, and food-delivery functionality. Plaintiffs allege that super apps allow customers to switch away from the iPhone, and that the exclusive agreement between Apple and OpenAI protects Apple's monopoly and keeps iPhone prices high.

### (b) Summary of defense and counterclaim

In their motions to dismiss Plaintiffs' complaint, Defendants asserted that Plaintiffs failed to allege both an express agreement and substantial foreclosure in the markets for smartphones and generative AI chatbots, and also that Plaintiffs lack standing to bring their claims because, among other arguments, they assert that X and xAI do not compete with smartphones such as the iPhone and therefore could not be harmed by the agreement between Apple and OpenAI. After their motions to dismiss were denied, Defendants submitted answers to Plaintiffs' complaint, in which they asserted various defenses, including that their conduct was justified by legitimate business justifications, that their conduct is protected under the First Amendment to the U.S. Constitution, that Plaintiffs lack standing, and that Plaintiffs are not entitled to damages.

### 8. (a) Evidence to be obtained or other judicial act to be performed

Exhibit A to this Letter of Request describes the requests for production of documents that Plaintiffs wish to serve on Grab, which is headquartered in the Republic of Singapore. As Exhibit A demonstrates, Plaintiffs seek documents relating to Grab's super app that Plaintiffs believe are in the possession, custody, or control of Grab.

### (b) Purpose of the evidence or judicial act sought

The documents requested in the attached Exhibit A are sought for anticipated use in an ongoing litigation. The requests for documents in Exhibit A are narrowly targeted to elicit information relevant to Plaintiffs' case, particularly with respect to the emergence of super apps—including Grab's well-known app—and the competitive threat that super apps pose to smartphones such as the iPhone.

### 9. Identity and address of any person to be examined

GrabTaxi Holdings Pte. Ltd.
28 Sin Ming Lane, #01-143

Midview City, Singapore 573972

### 10. Questions to be put to the persons to be examined or statement of the subject-matter about which they are to be examined

None.

### 11. Documents or other property to be inspected

Please see the list of requests for production of documents in the attached Exhibit A.

### 12. Any requirement that the evidence be given on oath or affirmation and any special form to be used

The Requesting Court respectfully requests that the documents be accompanied by a declaration that states that all documents were created and kept in the ordinary course of Grab's business. Further, the Requesting Court requests that such a declaration be signed in a manner that, if falsely made, would subject the maker to criminal penalty under the laws of the Republic of Singapore.

### 13. Special methods or procedures to be followed (e.g. oral or in writing, verbatim, transcript or summary, cross-examination, etc.)

The competent authorities are respectfully requested to visit the address of Grab and request that Grab produce the documents responsive to the requests for production in Exhibit A. The documents produced should be in printed copy and should be accompanied by an electronic copy if available. If a printed copy is unavailable but an electronic copy is available, the electronic copy should still be produced.

If the above method requested is not permitted under the laws of the Republic of Singapore, the competent authorities may collect the documents listed in Exhibit A in accordance with the relevant civil procedural laws of the Republic of Singapore.

### 14. Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified

Please notify the counsel for Plaintiffs identified below regarding the time and place for the execution of this Letter of Request:

Scott A. Eisman
Axinn, Veltrop & Harkrider LLP
630 Fifth Avenue, 33rd Floor
New York, NY 10111
Tel: +1 (212) 261-5642
seisman@axinn.com

### 15. Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request

None.

App. 12

**16. Specification of privilege or duty to refuse to give evidence under the law of the State of origin**

Grab may refuse to give evidence only insofar as it has a privilege or duty to refuse to give evidence under the laws of the United States or the laws of the Republic of Singapore. For example, it may refuse to produce a document to the extent that doing so would reveal privileged communications with its attorneys.

**17. The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by**

The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention shall be borne by Plaintiffs in care of Plaintiffs' legal representative listed below:

Scott A. Eisman
Axinn, Veltrop & Harkrider LLP
630 Fifth Avenue, 33rd Floor
New York, NY 10111
Tel: +1 (212) 261-5642
seisman@axinn.com

**18. Date of Request:** _1/15_ , 2026

**19. Signature and seal of the requesting authority**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

8

# <u>Exhibit A</u>

### Exhibit A to Subpoena

### INSTRUCTIONS

1.      Please produce all requested Documents in Your possession, custody, or control, or available to You, or to which You may gain access through reasonable effort, including information in the possession of Your past and present attorneys, accountants, investigators, consultants, agents, or other persons directly or indirectly employed or retained by You, or any entity otherwise subject to Your control who maintains records on Your behalf, in Your name, or otherwise under Your control. Subject to a valid claim of privilege, please produce the entire Document if any part of that Document is responsive.

2.      Documents must be produced either (a) as they are kept in the usual course of business (in which case they must be produced in such fashion as to identify the department, branch, or office in whose possession the Document was found or the server or central file in which it was found, and the address of each Document's custodian(s)), or (b) segregated as responsive to a specific Request enumerated herein, with such specific Request identified.

3.      If any portion of any Document is responsive to any Request, a legible version of the entire Document must be produced, together with all non-identical copies, versions, and drafts of that Document, including all attachments and enclosures.

4.      You must produce all Documents with any associated metadata. Provide instructions and all other materials necessary to use or interpret Your data compilations, such as a data dictionary, with Your production.

5.      Data and materials that are stored electronically or in machine-readable form should be produced in electronic form with sufficient information to allow counsel to readily access or read such data or materials.

Ex. 1-A-1

6.      If you object to all or any portion of any of the below Requests, you must identify the objectionable Request or portion thereof, and the nature and basis of the objection. Notwithstanding any objection to any portion of any Request, you must produce all Documents and information to which such objection does not apply.

7.      If any Document responsive to a particular Request no longer exists for reasons other than Your document-retention policy, describe the circumstances under which it was lost or destroyed, describe the information lost or destroyed, list the Request to which it was responsive, and list persons with knowledge of the Document.

8.      If you are unable to produce a Document that is responsive to a Request, describe the Document, state why it cannot be produced and, if applicable, state the whereabouts of such Document when last in your possession, custody, or control.

9.      If there are no Documents or information responsive to all or any portion of any Request, so state in writing.

10.      Other than redactions of privileged information, Documents are to be produced in full. If any requested Document cannot be produced in full, or if you withhold production of any Document or portion of any Document responsive to these Requests based upon any privilege, protection, or immunity, produce it to the extent possible and indicate where any Document or portion of any Document has been withheld on this basis.

11.      In construing the Requests herein:

a.      Terms not specifically defined shall be given their ordinary meaning as You understand them to be used in the trade;

b.      The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all other tenses, moods, or voices, whenever necessary, to bring within the

Ex. 1-A-2

scope of any Request all information that might otherwise be construed to be outside its scope;

c.      The use of the singular form of any word includes the plural and vice versa;

d.      Words in the masculine, feminine, or neutral gender shall include each of the other genders;

e.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope; and

f.      The terms "all," "any," and "each" shall each be construed as encompassing any and all.

12.      None of the Definitions or Requests set forth herein shall be construed as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in the Definitions or the Requests.

13.      Plaintiffs specifically reserve the right to seek supplementary responses and the additional supplementary production of Documents before trial.

14.      Unless otherwise stated, the Requests call for the production of Documents from the Relevant Period.

## DEFINITIONS

1.      "**Action**" means the above-captioned action.

2.      "**Agreement**" means contracts, agreements, memorandums of understanding, partnerships or other formal or informal bi-lateral or multi-lateral arrangements or understandings.

Ex. 1-A-3

3.    **"Alipay App"** means the App available in the Apple App Store, as shown in https://apps.apple.com/us/app/alipay-simplify-your-life/id333206289, inclusive of other versions of that App available outside of the United States unless otherwise specified.

4.    **"App Store"** means a digital distribution platform that allows customers to purchase and/or download Apps (for free or for purchase) onto their devices, such as a Smartphone. An example of an App Store is the Apple App Store.

5.    **"Apple"** means Apple Inc., inclusive of any domestic and foreign parents, predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives of the foregoing.

6.    **"Apple App Store"** or **"Apple's App Store"** means Apple's digital platform making Applications available for download and/or purchase, as shown at https://www.apple.com/app-store/.

7.    **"Apple App Store List"** means the listing or ranking of Applications in the Apple App Store. Apple App Store Lists include, but are not limited to, Must-Have Apps, Top Free Apps, Top Paid Apps, Top Productivity Apps, and Top New Apps.

8.    **"Apple Product"** means any product marketed by Apple for use by individual consumers, including but not limited to: iPhone, iPod, iPad, MacBook, Apple Watch.

9.    **"Application"** or **"App"** means software that is designed to perform certain tasks for the end user. An App can be installed on mobile devices such as Smartphones.

10.    **"Documents"** means all written, printed, or electronically stored information ("ESI") of any kind in Your possession, custody, or control. Examples of Documents include, but are not limited to:

    a.    emails and other forms of correspondence;

    b.    presentations and slide decks;

    c.     notes and minutes;

    d.     analyses, reports, studies, experiments;

    e.     data, analyses of data, and any associated working documents, such as Excel spreadsheets or other software or tools;

    f.     Agreements;

    g.     product requirement documents, product design documents; and

    h.     training and/or on-boarding materials.

The term "Documents" is inclusive of any metadata or other embedded information within a document.

11.     **"Generative AI"** means a type of artificial intelligence ("AI") that creates new, original content through the use of large language models, natural language processing, and deep learning.

12.     **"Gojek App"** means all versions of the App ever made available in the Apple App Store as shown at https://apps.apple.com/sg/app/gojek/id944875099, inclusive of other versions of that App available outside of the United States.

13.     **"Grab App"** means all versions of the App ever made available in the Apple App Store as shown at https://apps.apple.com/sg/app/grab-taxi-ride-food-delivery/id647268330, inclusive of other versions of that App available outside of the United States.

14.     **"Grok App"** means all versions of the App ever made available in the Apple App Store as shown at https://apps.apple.com/us/app/grok/id6670324846, inclusive of other versions of that App available outside of the United States.

15.     **"iOS"** means Apple's operating system on any versions of the iPhone and/or any Other Apple Product applicable.

16.     **"iPhone"** or **"the iPhone"** means all versions or models of phones Apple ever marketed or sold under the brand iPhone unless otherwise specified.

Ex. 1-A-5

17.    **"KakaoTalk App"** means all versions of the App ever made available in the Apple App Store as shown at https://apps.apple.com/sg/app/kakaotalk-messenger/id362057947, inclusive of other versions of that App available outside of the United States.

18.    **"Must-Have Apps"** means the list of Apps titled "Must-Have Apps," or any predecessor list fulfilling the same function under a different name, in the Apple App Store.

19.    **"OpenAI"** means OpenAI Foundation (f/k/a OpenAI, Inc.); OpenAI, L.L.C.; and OpenAI OpCo, LLC, inclusive of any domestic and foreign parents, predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives of the foregoing.

20.    **"Other Apple Product"** means any Apple Product excluding the iPhone, such as MacBooks or other Apple laptops, iPads, and/or Apple Watches.

21.    **"Person"** means any natural person, corporate entity, business entity, partnership, association, joint venture, governmental entity, or trust.

22.    **"Plaintiffs"** means X and xAI.

23.    **"Preset Apps"** means Apps that are pre-installed on a user's Smartphone, such as default internet browsers, email host, or payment/wallet apps.

24.    **"Rakuten App"** means all versions of the App ever made available in the Apple App Store as shown at https://apps.apple.com/us/app/rakuten-link/id1498877539, inclusive of other versions of that App available outside of the United States.

25.    **"Relevant Period"** means June 10, 2022 to present unless otherwise stated.

26.    **"Smartphone"** means a device that has the functionality of a traditional mobile phone (i.e., can make and receive calls via a cellular network) combined with an operating system

that mimics the functionality and ease of use of a computer (e.g., browse the internet, watch videos, or check email).

27.    **"Super App"** means Apps that combine multiple services or functions, such as messaging, payments, and social media, in a single App, including, without limitation, the WeChat App, the Alipay App, the Grab App, the Gojek App, the KakaoTalk App, the Rakuten App, the TataNeu App, the ZaloPay App, the Grok App, and the X App.

28.    **"TataNeu App"** means all versions of the App ever made available in the Apple App Store as shown at https://apps.apple.com/in/app/tata-neu-shop-travel-finance/id1584669293, inclusive of other versions of that App available outside of the United States.

29.    **"Top Free Apps"** means the list of Apps in the "Free Apps" category of the "Top Charts" in the Apple App Store, including any predecessor lists fulfilling the same function under different names.

30.    **"Top Paid Apps"** means the list of Apps in the "Paid Apps" category of the "Top Charts" in the Apple App Store, including any predecessor lists fulfilling the same function under different names.

31.    **"Top Productivity Apps"** means the list of Apps that is displayed after selecting the "Productivity" category in the Apple App Store, including any predecessor lists fulfilling the same function under different names.

32.    **"Top News Apps"** means the list of Apps that is displayed after selecting the "News" category in the Apple App Store, including any predecessor lists fulfilling the same function under different names.

33. **"WeChat App"** means all versions of the App ever made available in the Apple App Store as shown at https://apps.apple.com/us/app/wechat/id414478124, inclusive of other versions of that App available outside of the United States.

34. **"X"** means X Corp., inclusive of any domestic and foreign parents, predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives of the foregoing.

35. **"xAI"** means X.AI LLC, inclusive of any domestic and foreign parents, predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives of the foregoing.

36. **"X App"** means all versions of the Application ever made available in the Apple App Store, as shown at https://apps.apple.com/us/app/x/id333903271.

37. **"You"** means GrabTaxi Holdings Pte. Ltd., inclusive of any domestic and foreign parents, predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives of the foregoing.

38. **"ZaloPay App"** means all versions of the App ever made available in the Apple App Store, as shown at https://apps.apple.com/us/app/zalopay-qu%C3%A9t-m%E1%BB%8Di-qr/id1112407590, inclusive of other versions of that App available outside of the United States.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**

Documents sufficient to show all the functions offered by Your Grab App (i) in the Republic of Singapore and (ii) worldwide, including but not limited to:

    a.     messaging;

    b.     shopping;

Ex. 1-A-8

    c.      payments;

    d.      entertainment;

    e.      maps;

    f.      writing tools; and

    g.      image- or video-editing tools.

**REQUEST FOR PRODUCTION NO. 2**

Documents sufficient to show usage, downloads, and in-app payments of Your Grab App on Smartphones manufactured by different companies, broken down by:

    a.      brand and/or model of Smartphone (e.g., Google Pixel 10, Apple iPhone 17);

    b.      country of usage; and

    c.      most-used functions (e.g., messaging, shopping, payments).

**REQUEST FOR PRODUCTION NO. 3**

All Documents regarding the financial or strategic significance of selling or distributing Super Apps through the following channels:

    a.      Apple's App Store;

    b.      Google's App Store;

    c.      Samsung's App Store; and

    d.      integrations with Apple, Google, Motorola, or Samsung Smartphones or other devices (e.g., laptops, tablets).

**REQUEST FOR PRODUCTION NO. 4**

Documents sufficient to show how You earn revenue from Your Grab App (i) in the Republic of Singapore and (ii) worldwide.

**REQUEST FOR PRODUCTION NO. 5**

Documents sufficient to show Your efforts to gain U.S.-based users for Your Grab App

and any related barriers or constraints.

**REQUEST FOR PRODUCTION NO. 6**

      All Documents regarding the ranking of Your Grab App on any Apple App Store List, including but not limited to:

      a.    internal analyses, evaluations, or communications regarding:

          i.    the featuring or ranking of any Super App on any Apple App Store List, including but not limited to the financial or competitive impact of such featuring or ranking; and

          ii.    any potential or actual deprioritization or depreferencing of any Super App on any Apple App Store List, including but not limited to the financial or competitive impact of such deprioritization or depreferencing.

      b.    communications between You and Apple regarding:

          i.    Your Grab App's featuring or ranking on any Apple App Store List; and

          ii.    any potential or actual deprioritization or depreferencing of Super Apps on any Apple App Store List.

      c.    any Agreements You had with Apple with respect to featuring or ranking Your Grab App on any Apple App Store List.

**REQUEST FOR PRODUCTION NO. 7**

      All Documents regarding how Super Apps affect the ability of Smartphone customers to switch Smartphones, including but not limited to:

      a.    the ability of Super Apps to replace functionality of Smartphones or Preset Apps;

      b.    how the proliferation of Super Apps promotes competition between Smartphones; and

      c.    how the proliferation of Super Apps contributes to the commodification of Smartphones.

**REQUEST FOR PRODUCTION NO. 8**

      Documents sufficient to show Your plans to incorporate and/or existing incorporation of Generative AI technology into Your Grab App and Your rationale for doing so.

Ex. 1-A-10

**REQUEST FOR PRODUCTION NO. 9**

All Documents regarding how Apple's policies, programs, product changes, or other restrictions have affected Your ability to distribute or improve Your Grab App, including but not limited to:

      a.    The fees Apple charges for in-app purchases;

      b.    Apple's restrictions on Your ability to offer programs or features within Your Grab App;

      c.    Apple's restrictions on Your ability to display programs or features within Your Grab App;

      d.    Apple's restrictions on Your ability to monetize programs or features within Your Grab App; and

      e.    Apple's restrictions on Your ability to sell services through Your Grab App other than through Apple's in-app payments system.

# **Exhibit 2**

United States District Court
Southern District of Texas

### LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE TO ENTERED
### OBTAIN INFORMATION FROM
### HSBC AND DBS BANK

October 04, 2021

### PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING Nathan Ochsner, Clerk
### OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS

#### SECTION I

| | |
|---|---|
| **1. Sender** | United States District Court for<br>The Southern District of Texas (the "Requesting Court")<br>515 Rusk Avenue, Room 7727<br>Houston, Texas 77002 |
| **2. Central Authority of the Requested State** | Supreme Court of Singapore<br>Registrar of the Supreme Court<br>1 Supreme Court Lane<br>Singapore 178879<br>Telephone: (65) 6336 0644 |
| **3. Person to whom the executed request is to be returned** | David H. Berg<br>Berg and Androphy<br>3704 Travis Street<br>Houston, Texas 77002·<br>Telephone: +1.713.529.5622<br>dberg@bafirm.com<br><br>or<br><br>Bronwyn M. James<br>Berg and Androphy<br>120 West 45th Street, 38th Floor<br>New York, NY 10036<br>Telephone: +1.646.766.0084<br>bjames@bafirm.com |

**4. Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request**

The requesting authority respectfully requests that the response be provided as soon as practicable in order to ensure that evidence may be obtained before October 29, 2021.

#### SECTION II

App. 27

Case 4:25-cv-00914-P    Document 130    Filed 01/15/26    Page 23 of 46    PageID 3148

Case 4:17-cv-03739   Document 588   Filed on 10/04/21 in TXSD   Page 2 of 6
Case 4:25-cv-00914-P Document 587-2 Filed 01/15/01/21 Page 28 of 51 PageID 3101

In conformity with Article 3 of the Hague Convention, the undersigned applicants have the honor to submit the following request:

| | |
|---|---|
| **5.a Requesting judicial authority (Article 3, a)** | United States District Court for The Southern District of Texas (the "Requesting Court") 515 Rusk Avenue, Room 7727 Houston, Texas 77002 |
| **5.b To the competent authority of (Article 3, a)** | The Republic of Singapore |
| **5.c Name of the case and any Identifying number** | *Civelli, et al. v. JP Morgan Chase, et al.* No. 4:17-cv-03739; United States District Court for the Southern District of Texas, Houston Division |
| **6. Name and addresses of the parties and their representatives (including representatives in the requested State) (Article 3, b)** | |
| **6.a Plaintiffs/Counterdefendants** | Carlo Giuseppe Civelli Prismafin AG 4th Floor Usteristrasse 9 8001 Zurich or through his representative, Richard A. Schwartz Aster Capital S.A. (LTD) Panama 4th Floor Usteristrasse 9 8001 Zurich or through its representative, Richard A. Schwartz |
| **Representatives** | Richard A. Schwartz Elizabeth F. Eoff Munsch Hardt Kopf & Harr, P.C. 700 Milam Street, Suite 2700 Houston, Texas 77002 Telephone: +1.713.222.4076 Fax: +1.713.222.1475 dschwartz@munsch.com eeoff@munsch.com |

| | |
|---|---|
| **6.b**<br>**Defendants/Counterplaintiff**<br>**s** | Philippe Emanuel Mulacek<br>15274 Koenig Lane<br>Conroe, TX 77384<br>or though his representative, David H. Berg |
| | Michelle Mulacek Vinson<br>23 Poplar Hill Pl.<br>Spring, TX 77381-4044<br>or though her representative, David H. Berg |
| | Pierre Mulacek<br>208 Marly Way<br>Austin, TX 78733-3276<br>or though his representative, David H. Berg |
| | Mauricette Mulacek<br>78 N. Copperknoll Cir.<br>Spring, TX 77381-5150<br>or though her representative, David H. Berg |
| | Ronald Mulacek<br>78 N. Copperknoll Cir.<br>Spring, TX 77381-5150<br>or though his representative, David H. Berg |
| **Representatives** | David H. Berg<br>Berg & Androphy<br>3740 Travis Street Houston, Texas<br>77002<br>Telephone: +1.713.529.5622<br>Facsimile +1.713.529.3785<br>dberg@bafirm.com |

**7. Nature and purpose of the proceedings and summary of the facts (Article 3, c)**

Plaintiffs Carlo Civelli ("Civelli") and Aster Capital S.A. (Ltd.) Panama (collectively, "Plaintiffs") have asserted claims against United States citizens Philippe Mulacek, Michelle Mulacek Vinson, Pierre Mulacek, Mauricette Mulacek, and Ronald Mulacek (collectively, "the Mulacek Defendants") for over 100 million U.S. dollars arising out of a 14-year business relationship in connection with financing, investments, and oil and gas

App. 29

Case 4:25-cv-00914-P    Document 130    Filed 01/15/26    Page 25 of 46    PageID 3150

Case 4:17-cv-03739    Document 588    Filed on 10/04/21 in TXSD    Page 4 of 6
Case 4:25-cv-00914-P    Document 587-7    Filed 01/15/2601/21 in TXSD    Page 26 of 51 PageID 3103

properties in Papua New Guinea. The Mulacek Defendants have made a counter-claim against Civelli for over 100 million U.S. dollars.

In 1997, Philippe Mulacek founded InterOil Corporation ("IOC"), an oil and gas exploration and production company of which he served as Chairman and CEO until 2013. In 2002, Mr. Mulacek entered into a business relationship with Civelli, whose company, Clarion Finanz AG, provided money management and escrow services to clients. The Mulacek Defendants allege that between 2002 and 2013, they transferred more than $160 million worth of IOC shares and cash to Civelli for investment.

Pacific LNG Operations Pte. Ltd. ("PacLNG SG"), was a company consisting of an office and personnel to support IOC-related natural gas exploration activities in Papua New Guinea. Civelli has claimed that his company, Pacific LNG Operations Ltd., funded PacLNG SG's activities and that Philippe Mulacek agreed to share in the expenses on an equal basis.

The records of HSBC and DBS Bank may show the source of the funding for the accounts and the expenses, which the parties dispute.

### 8. Evidence to be obtained or other judicial act to be performed (Article 3, d)

This Letter of Request seeks bank statements and "Know Your Customer" records from two bank accounts, at HSBC and DBS Bank, which could support or refute claims and defenses in the U.S. action.

This information is relevant and discoverable. The documents detailed below in item 11, for accounts from which Civelli alleges that he advanced funds for costs the Mulacek Defendants agreed to share and for which he alleges he is owed reimbursement, may shed light on whether Civelli advanced funds belonging to him (directly or through his companies), or, as the Mulacek Defendants claim, used their funds that were under his management.

The Requesting Court respectfully requests that the Supreme Court of Singapore compel the production and copying of the documents listed below in item 11.

### 9. Identity and address of any Person to be examined (Article 3, e)    N/A

### 10. Questions to be put to the persons to be examined or statement of the subject matter about which they are to be examined (Article 3, f).    N/A

### 11. Documents or other property to be inspected (Article 3, g)

For the accounts in the name of Pacific LNG Operations Pte at HSBC (account number 150505) and at DBS Bank (account no. 1015022):

a. The customer agreements and account opening documents.

App. 30

Case 4:25-cv-00914-P    Document 130    Filed 01/15/26    Page 26 of 46    PageID 3151

Case 4:17-cv-03739   Document 588   Filed on 10/04/21 in TXSD   Page 5 of 6
Case 4:25-cv-00914-P Document 587-2 Filed 01/15/26 Page 25 of 51 PageID 3104

b. Bank statements from creation of the accounts to date.
c. "Know Your Customer" documents created by the bank.
d. "Know Your Customer" documents submitted by the account holder to the bank.
e. Powers of attorney for the accounts.
f. Statements or affirmations of beneficial ownership.
g. Documents related to the closing of the accounts.

**12. Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3, h)**

N/A

**13. Special methods or procedure to be followed (Articles 3, i and 9)**

It is requested that copies of the documents produced by HSBC and DBS Bank pursuant to item 11 above be delivered as soon as practicable to the offices of the Mulacek Defendants' counsel, David H. Berg, Berg & Androphy, 3740 Travis Street Houston, Texas 77002 (telephone: +1.713.529.5622; email: dberg@bafirm.com) and Bronwyn M. James, Berg & Androphy, 120 West 45th Street, 38th Floor, New York, NY 10036 (Telephone: +1.646.766.0084; bjames@bafirm.com).

In the event that the evidence cannot be taken in the manner requested, the Requesting Court requests that the evidence be taken in such manner as provided by local law for the formal taking of evidence.

**14. Request for notification of the time and place for the execution of the request and identity and address of any person to be notified (Article 7)**

It is also requested that the Mulacek Defendants be notified of the date and time when the document production will take place. This information shall be sent directly to the address below:

David H. Berg, Berg & Androphy, 3740 Travis Street Houston, Texas 77002 (telephone: +1.713.529.5622; email: dberg@bafirm.com) and Bronwyn M. James, Berg & Androphy, 120 West 45th Street, 38th Floor, New York, NY 10036 (Telephone: +1.646.766.0084; bjames@bafirm.com).

**15. Request for attendance or participation of judicial personnel of the requesting authority at the execution of the letter of request (Article 8)**

None.

**16. Specification of privilege to refuse to give evidence under the law of the state of origin (Article 11, b)**

App. 31

Case 4:25-cv-00914-P    Document 130    Filed 01/15/26    Page 27 of 46    PageID 3152

Case 4:17-cv-03739   Document 588   Filed on 10/04/21 in TXSD   Page 6 of 6
Case 4:17-cv-03739   Document 587-2   Filed on 10/01/21 in TXSD   Page 5 of 5   PageID 3105

The Requesting Court does not seek evidence/documents that are protected by any applicable privilege under the laws of Singapore, or the U.S. attorney-client privilege or work-product privilege.

**17. The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention**

Fees and costs incurred by the Singapore Central Authority in executing this Letter of Request, which are reimbursable under Article 14 or Article 26 of the Hague Convention, will be borne by the Mulacek Defendants through their representatives listed in item 6 above. The Requesting Court is prepared to enforce the Singapore Central Authority's right to reimbursement.

**18. Assurances, signature, and seal of the requesting authority**

The United States District Court for the Southern District of Texas, Houston Division, extends its assurances of highest regard and consideration to the Singapore Central Authority and agrees to provide reciprocal assistance to the Singapore Central Authority in like cases.

DATE OF REQUEST

SIGNATURE AND SEAL
OF THE REQUESTING AUTHORITY

October 4, 2021

Honorable Lynn Hughes
United States District Judge
United States District Court
for the Southern District of
Texas, Houston Division

App. 32

# <u>Exhibit 3</u>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| RJ TECHNOLOGY LLC | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION No. 2:22-CV-00401-JRG-RSP |
| | § | |
| SAMSUNG ELECTRONICS CO., | § | |
| LTD., and SAMSUNG ELECTRONICS | § | |
| AMERICA, INC., | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

Before the Court is the Unopposed Motion for the Court to Issue Letters of Request filed

by Plaintiff RJ Technology LLC. **Dkt. No. 103.**

Having considered the motion, it is **GRANTED**, and the Court will execute the attached

Exhibits. The Clerk is **DIRECTED** to authenticate, under seal of this Court, the Court's signature

on the request. Counsel for Plaintiff, or their agents, are hereby **ORDERED** to arrange receipt of

the materials from the Court by contacting the Clerk's Office and to deliver the issued letters of

request to the proper authorities.

**SIGNED this 13th day of March, 2024.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

1

App. 34

# **Exhibit 4**

PUBLIC VERSION

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS

|  |  |
|---|---|
| RJ TECHNOLOGY LLC,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., and<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.,<br><br>Defendants. | Civil Action No. 2:22-CV-401-JRG<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF RJ TECHNOLOGY LLC'S UNOPPOSED MOTION FOR THE COURT TO ISSUE  LETTERS OF REQUEST UNDER THE HAGUE CONVENTION

Pursuant to Fed. R. Civ. P. 28(b) and 28 U.S.C. § 1781, Plaintiff RJ Technology LLC ("RJ Technology") hereby requests that the Court issue letters of request for international judicial assistance ("Letters of Request") under the Hague Convention of 18 March 1970 on The Taking of Evidence in Civil or Commercial Matters ("Hague Evidence Convention"), seeking assistance from the appropriate judicial authority of the following jurisdictions to compel certain third parties to produce documents identified in the Letters of Request, filed herewith as **Exhibits 1-12**:

1. Appropriate Judicial Authority of China: Ministry of Justice of China International Legal Cooperation Center (ILCC) located at 33, Pinganli Xidajie, Xicheng District , Beijing, 100035, China

   a. Third parties from which documents are sought:

App. 36

Case 4:25-cv-00914-P    Document 130    Filed 01/15/26    Page 32 of 46    PageID 3157

Case 2:22-cv-00401-JRG-RSP   Document 106   Filed 01/26/24   Page 2 of 10 PageID #:  4508
Case 4:25-cv-00914-P    Document 128    Filed 01/15/26    Page 37 of 51    PageID 3110

PUBLIC VERSION



    2.   Appropriate Judicial Authority of India: The Ministry of Law and Justice Department of Legal Affairs located at Room No. 439-A, 4th Floor A-Wing, Shastri Bhavan, New Delhi, 110 001, India

        a.   Third parties from which documents are sought:



    3.   Appropriate Judicial Authority of the Republic of Korea: National Court Administration located at Director of International Affairs, Seocho-daero 219 Seocho-gu Seoul, 06590, Republic of Korea

        a.   Third parties from which documents are sought:



App. 37

PUBLIC VERSION



    4.  Appropriate Judicial Authority of Singapore: The Supreme Court of Singapore located at

       1 Supreme Court Lane, Singapore 178879

        a.  Third parties from which documents are sought:



    5.  Appropriate Judicial Authority of Vietnam: The Ministry of Justice International Law

       Department located at 58-60 Tran Phu Street, Ba Dinh District, Ha Noi, Viet Nam

        a.  Third parties from which documents are sought:



    Each of the above third parties are suppliers (together the "Suppliers") of lithium-ion

batteries used by Defendants Samsung Electronics Co. and Samsung Electronics America, Inc.

("Samsung") in the accused products at issue in this litigation and the production of documents

from the Suppliers is relevant and necessary, as described more fully below.  On January 19, 2024,

Samsung's counsel, Andrew R. Sommer, confirmed by email that Samsung does not oppose this

motion.

PUBLIC VERSION

## ARGUMENT

Under the Hague Evidence Convention, a signatory may request that the competent authority of another signatory obtain evidence for use in judicial proceedings. Hague Evidence Convention, Art. 1, Mar. 18, 1970, 23 U.S.T. 2555, T.I.A.S. No. 7444; *see* 28 U.S.C. § 1781(b)(2). The United States and the requested foreign jurisdictions are signatories to the Hague Evidence Convention. *See* Hague Conference on Private International Law, Conventions: Signatures, Ratifications, Approvals and Accessions, Status on 12 January 2024.[1]

A letter of request or letter rogatory is a "request by a domestic court to a foreign court to take evidence from a certain witness." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 248 n.1 (2004) (citation omitted). "'Letters of request' are synonymous with 'letters rogatory.'" *Pearlstein v. BlackBerry Ltd.*, 332 F.R.D. 117, 119 n.1 (S.D.N.Y. 2019), *on reconsideration in part*, No. 13CV07060CMKHP, 2019 WL 5287931 (S.D.N.Y. Sept. 20, 2019). "Federal courts may issue letters rogatory to foreign tribunals, agencies, or officers in order to seek 'assistance in the production of evidence located in the foreign country.'" *Blitzsafe Texas, LLC v. Jaguar Land Rover Ltd.*, No. 2:17-cv-00424, 2019 WL 13077697, at *1 (E.D. Tex. Apr. 1, 2019) (citing *United States v. El-Mezain*, 664 F.3d 467, 516–17 (5th Cir. 2011), *as revised* (Dec. 27, 2011)); *see also Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1408 (5th Cir. 1993) (noting federal courts "have inherent power. . . to issue letters rogatory to foreign courts"). Letters rogatory or letters of request may be issued to facilitate the production of documents from a foreign person or entity. *See Blitzsafe Texas,* 2019 WL 13077697 (issuing letters rogatory to obtain documents from entities located in the United Kingdom); *Rockstar Consortium US LP v. Google Inc.*, No.

---

[1] Available at https://assets.hcch.net/docs/ccf77ba4-af95-4e9c-84a3-e94dc8a3c4ec.pdf (last accessed January 19, 2024).

Case 4:25-cv-00914-P    Document 130    Filed 01/15/26    Page 35 of 46    PageID 3160

Case 2:22-cv-00401-JRG-RSP    Document 106    Filed 01/26/24    Page 5 of 10 PageID #: 4511
Case 4:25-cv-00914-P    Document 128    Filed 01/15/26    Page 40 of 51    PageID 3113

PUBLIC VERSION

2:13-cv-00893-JRG-RSP, Dkt No. 125 (E.D. Tex. Aug. 14, 2014) (granting motion for issuance

of letter rogatory for various Canadian entities); *Ningde Amperex Tech. Ltd. v. Zhuhai Cosmx

Battery Co.*, No. 2:22-cv-00232-JRG, Dkt. No. 175 (E.D. Tex. Sep. 27, 2023) (granting motion

for issuance of letter rogatory to obtain documents from a Korean entity).

> Courts consider various comity factors to decide whether to issue a letter rogatory:

>> (1) the importance to the litigation of the documents or other information requested; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the information; and (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located.

*Societe Nationale Industrielle Aerospatiale v. United States District Court,* 482 U.S. 522, n.28

(1987) (internal quotation marks omitted).

"Several 'circuits have held that there must be 'good reason' to deny the request for the

issuance of letters rogatory . . . .'" *Id.* (quoting *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795

F.3d 1255, 1273–74 (11th Cir. 2015)). "Nonetheless, when a request to issue letters rogatory is

overly broad or unlikely to lead to the discovery of relevant evidence, district courts retain

discretion to refuse to issue them." *Yellow Pages Photos, Inc.*, 795 F.3d at 1273. "[T]he burden

lies with the party *resisting* the request for discovery to show a lack of relevance or undue burden."

*Triumph Aerostructures, LLC v. Comau, Inc.*, No. 3:14-cv-2329-L, 2015 WL 5502625, at *4 (N.D.

Tex. Sep. 18, 2015) (emphasis added).

RJ Technology satisfies the standard for the issuance of Letters of Request.

*Relevance and importance.*    The documents sought are relevant to RJ Technology's

allegations of Samsung's infringement in this case and the damages RJ Technology is entitled to.

RJ Technology alleges that Samsung has infringed RJ Technology's U.S. Patent No. 7,749,641

5

PUBLIC VERSION

(the "'641 Patent"), relating to lithium-ion batteries, by, among other things, manufacturing and selling certain consumer electronic devices that contain those infringing lithium-ion batteries. All asserted claims of the '641 Patent require the claimed lithium-ion battery to have a ratio within a particular range, which in turn depends on the loading of the positive electrode active material and the negative electrode active material in the battery. The documents RJ Technology requests from the Suppliers directly target such information. In addition, the cost of components in the lithium-ion batteries is also relevant to the damages RJ Technology has suffered due to Samsung's past and ongoing infringement. RJ Technology has requested both categories of information from Defendants, who have taken the position that such information is not within their possession, custody, or control. While RJ Technology disputes Samsung's position and continues negotiating with Samsung in good faith to obtain such relevant information, RJ Technology is filing this motion as another route to obtain highly relevant discovery for this case.

*Specificity.* RJ Technology's requests are not overbroad and open-ended and do not seek all documents relating to the Suppliers infringing batteries. To the contrary, they principally seek documents sufficient to identify certain technical features of the batteries, and also a limited amount of cost information relevant to establishing damages in this case.

*Origin of the documents and availability of alternative means.* RJ Technology has no information about whether the information requested originated in the United States. RJ Technology has sought similar information from Defendants in this case, but, to date, its efforts have not been successful.

*Competing interests of the United States and the foreign jurisdictions.* RJ Technology is not aware of any relevant competing interest between the United States and Republic of Korea, People's Republic of China, Republic of India, Republic of Singapore, and Socialist Republic of

6

App. 41

PUBLIC VERSION

Vietnam (the "Foreign Jurisdictions"). To the extent the document requests might arguably be outside the scope of ordinary discovery allowed in the Foreign Jurisdictions, the courts of the Foreign Jurisdictions are best positioned to address that issue, and the possibility that the requested discovery exceeds foreign discovery rules is not a basis to deny an application for a letter rogatory. *See Triumph Aerostructures, LLC*, 2015 WL 5502625, at *15 ("[W]hether the discovery sought through a letter of request will be executed in light of possible limitations in foreign law is a matter appropriate for the foreign tribunal, rather than this Court, to determine.").

Accordingly, RJ Technology respectfully requests that the Court grant this motion and endorse two copies of each of the attached Letters of Request, and direct the Clerk to place the Court's seal upon them and return them to RJ Technology for execution.

Dated: January 19, 2024

Respectfully submitted,

*/s/ Daniel A. Zaheer*
Daniel A. Zaheer
California State Bar No. 237118
Michael Ng
California State Bar No. 237915
daniel.zaheer@kobrekim.com
michael.ng@kobrekim.com
**KOBRE & KIM LLP**
150 California Street, 19th Floor
San Francisco, CA 94111
Telephone: 415-582-4800
Facsimile: 415-582-4811

George Stamatopoulos
New York State Bar No. 5163340
Martine B. Forneret
New York Bar No. 5382577
george.stamatopoulos@kobrekim.com
martine.forneret@kobrekim.com
**KOBRE & KIM LLP**
800 Third Avenue
New York, New York 10022
Telephone: 212-488-1200

7

App. 42

Case 4:25-cv-00914-P    Document 130    Filed 01/15/26    Page 38 of 46    PageID 3163

Case 2:22-cv-00401-JRG-RSP   Document 106   Filed 01/26/24   Page 8 of 10 PageID #:  4514
Case 4:25-cv-00914-P     Document 128    Filed 01/15/26     Page 43 of 51     PageID 3116

PUBLIC VERSION

Facsimile: 212-488-1220

Zach Ruby
District of Columbia Bar No. 1030640
zach.ruby@kobrekim.com
**KOBRE & KIM LLP**
1919 M Street, NW
Washington, DC 20036
Telephone: 202-664-1900
Facsimile: 202-664-1920

Hangcheng (Robert) Zhou
California State Bar No. 320038
robert.zhou@kobrekim.com
**KOBRE & KIM LLP**
43RD Floor, 4302-4304 HKRI Centre One,
HKRI Taikoo Hui
288 Shimen Yi Road
Shanghai, PRC, 200041
Telephone: +86 21-3210-2100

Zachary Ritz
Florida Bar No. 107055
zachary.ritz@kobrekim.com
**KOBRE & KIM LLP**
201 S Biscayne Blvd., Suite 1900
Miami, Florida 33131
Telephone: 305-967-6105
Facsimile: 305-967-6120

*Of Counsel:*

Andrea L. Fair
Texas State Bar No. 24078488
Email: andrea@wsfirm.com
Claire Abernathy Henry
Texas State Bar No. 24053063
Email: claire@wsfirm.com
Charles Everingham IV
Texas State Bar No. 00787447
Email: ce@wsfirm.com
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
Facsimile: 903-757-2323

8

Case 4:25-cv-00914-P    Document 130    Filed 01/15/26    Page 39 of 46    PageID 3164

Case 2:22-cv-00401-JRG-RSP   Document 106   Filed 01/26/24   Page 9 of 10 PageID #:  4515
Case 4:25-cv-00914-P      Document 128     Filed 01/15/26      Page 44 of 51      PageID 3117

PUBLIC VERSION

*Attorneys for Plaintiff*
RJ TECHNOLOGY LLC

PUBLIC VERSION

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this January 19, 2024, with a copy of this document via the Court's CM/ECF System per Local Rule CV-5(a)(3).

<u>/s/ Daniel A. Zaheer</u>
Daniel A. Zaheer

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that this document and exhibits thereto are being filed under seal pursuant to the Court's authorization under the Protective Order entered in this matter.

<u>/s/ Daniel A. Zaheer</u>
Daniel A. Zaheer

## CERTIFICATE OF CONFERENCE

I hereby certify that the Parties have met and conferred and that this motion is unopposed.

<u>/s/ Daniel A. Zaheer</u>
Daniel A. Zaheer

App. 45

# **Exhibit 5**

# AUTHORITY

## Singapore - Central Authority (Art. 2) and practical information

### Central Authority(ies):

*Registrar of the Supreme Court*

| Contact details: | |
|---|---|
| Address: | Supreme Court of Singapore<br>1 Supreme Court Lane<br>Singapore 178879 |
| Telephone: | +(65) 6336 0644 |
| Fax: | - |
| E-mail: | SUPCOURT_Registry@supcourt.gov.sg |
| General website: | http://www.supremecourt.gov.sg/ |
| Contact person: | Registrar of the Supreme Court |
| Languages spoken by staff: | English |

| Practical Information | |
|---|---|
| *(The following information was provided by the relevant State authorities or was obtained from the replies to the 2008 Evidence Convention Questionnaire)* | |
| Blocking statutes: | Singapore does not have specific foreign statutes but we have general statutory provisions that prevent disclosure of matters relating to State interests. |

### Chapter I
### (Letters of Requests)

App. 47

| | |
|---|---|
| Transmission of Letters of Requests: | Letters of Request are first sent to the Central Authority or to another authority of the requesting State before being sent to the Central Authority of the requested State |
| Authority responsible for informing of the time and place of the execution of Letter of Request (Art. 7): | Attorney-General's Chambers. |
| Presence of judicial personnel at the execution of the Letter of Request (Art. 8): | No declaration of applicability. |
| Privileges and duties existing under the law of States other than the State of origin and the State of execution (Art. 11): | No declaration of applicability. |
| Translation requirements (Arts 4(2) and 33): | Accepts Letters of Requests written in or translated into English. |
| Costs relating to execution of the Letters of Request (Arts 14(2)(3) and 26): | Singapore seeks reimbursement of costs under Art. 14(2) and (3). There are constitutional limitations with regard to the reimbursement of fees and costs, in connection with the execution of Letters of Request, for the service of process necessary to compel the appearance of a person to give evidence, the costs of attendance of such persons, and the costs of any transcript of the evidence (Art. 26). From our past cases, the approximate amount of fees and costs incurred in applying for a typical order for the examination of the witness and in obtaining and serving the process to compel the witness' attendance is around S$3,400. |
| Time for execution: | Time for execution may vary depending on the request. |
| Art 23 pre-trial discovery of documents: | Letter of Request may be executed subject to certain conditions (qualified execution). |
| Information about domestic rules on the taking of evidence: | Evidence (Civil Proceedings in Other Jurisdictions) Act, Chapter 98, Revised Laws of Singapore and Order 66 of the Rules of Court, Chapter 322, Rule 5, Revised Laws of Singapore. |
| Witness examination under Chapter I | |
| Should Letters of Request include specific questions to be used during witness examination or only a list of matters to be addressed? | In the absence of local counsel representing the party requesting evidence to be taken, specific questions are required. |
| Is it a public or private hearing? | Public hearing. |

App. 48

| | |
|---|---|
| Do the judicial authorities "blue-pencil" Letters of Requests (*i.e.* rephrase, restructure and / or strike out objectionable questions or offensive wording so that a Letter of Request may be executed under the laws of the requested State)? | No. |
| Is the witness provided in advance with a copy of the questions / matters to be addressed as contained in the Letter of Request? | This is a matter for judicial interpretation and has not been determined conclusively or subject to judicial interpretation in Singapore. |
| Are documents produced by the witness authenticated by the court? | Yes. |
| Is an oath generally administered to the witness? | Yes. |
| Can the witness be made subject to further examination and recall? | Yes. |
| Are there sanctions for non-appearance of witness? | Contempt of court proceedings. |
| Must interpreters who assist with the witness examination be court-certified? | Yes. |
| How is the testimony transcribed? | Through Notes of Evidence certified by the Assistant Registrar. |

**Chapter II**
**(Taking of evidence by diplomatic officers, consular agents and commissioners)**

| | |
|---|---|
| Article 15 | Not applicable. |
| Article 16 | Not applicable. |
| Article 17 | Not applicable. |
| Article 18 | Not applicable. |

**Taking of evidence by video-links**
**(under either chapter)**

Chapter I

| | |
|---|---|
| Are there legal obstacles to the use of video links? | No. Article 9 of the Convention provides that the judicial authority which executes a Letter of Request shall apply its own law as to the methods and procedures to be followed. In this regard, section 4(1) of the Evidence (Civil Proceedings in Other Jurisdictions) Act, Chapter 98, Revised Laws of Singapore gives the High Court the power by order to make such provision for obtaining evidence in Singapore as may appear to the High Court to be appropriate for the purpose of giving effect to the request. This includes the taking of evidence by video-link. |
| Technology used: | A secured video-link on a private network is utilised. |
| Level of interpretation required: | No information available. |
| Simultaneous or in sequence interpretation: | No information available. |
| Interpretation required in which jurisdiction? | No information available. |
| Who pays for the interpretation? | No information available. |
| How would a request for evidence be handled if witness not willing? | Not applicable. |
| Chapter II | |
| Are there legal obstacles to the use of video links? | Not applicable. |
| Technology used: | Not applicable. |
| Level of interpretation required: | Not applicable. |
| Simultaneous or in sequence interpretation: | Not applicable. |
| Interpretation required in which jurisdiction? | Not applicable. |
| Who pays for the interpretation? | Not applicable. |

App. 50

| Bilateral or multilateral agreements | 1. Convention between the United Kingdom and Austria regarding legal proceedings in civil and commercial matters |
| | 2. Convention between the United Kingdom and Italy regarding legal proceedings in civil and commercial matters |
| | 3. Convention between the United Kingdom and Germany regarding legal proceedings in civil and commercial matters |
| | 4. Treaty on Judicial Assistance in civil and commercial matters between the Republic of Singapore and the People's Republic of China |
| Useful links: | Evidence (Civil Proceedings in Other Jurisdictions) Act, Chapter 98, Revised Laws of Singapore, available at <https://sso.agc.gov.sg/Act/ECPOJA1979> |
| | Order 66 of the Rules of Court, Chapter 322, Rule 5, Revised Laws of Singapore, available at <https://sso.agc.gov.sg/SL/SCJA1969-R5?ProvIds=PO66-#PO66-> |

This page was last updated on: 07 April 2021

## Conventions (incl. Protocols and Principles)

Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters [20]

App. 51