UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**X CORP. AND X.AI LLC,**

   Plaintiffs,

v.                                           No. 4:25-cv-00914-P

**APPLE INC.,** *ET AL.***,**

   Defendants.

## ORDER

Before the Court are the Motion to Compel Discovery that X Corp. and X.AI LLC ("Plaintiffs") filed on January 5, 2026 (ECF No. 117), the Joint Status Report filed on January 16, 2026 (ECF No. 132), and Response and Objection that OpenAI OpCo, LLC ("OpenAI") filed on January 16, 2026 (ECF No. 133). United States District Judge Mark T. Pittman referred the Motion to the undersigned for further proceedings on January 8, 2026. ECF No. 123. The Court heard the Motion in a hearing held on January 21, 2026. After considering the pleadings, status report, arguments of counsel, applicable legal authorities, and for the reasons stated at the hearing and the additional reasons explained below, the Court finds that the Motion should be and is hereby **DENIED in part**.

### I.   BACKGROUND

"In June 2024, Apple and OpenAI announced that Apple would integrate OpenAI's ChatGPT into Apple's iPhone operating system ("iOS")." ECF No. 1 at 3. The "exclusive arrangement . . . made ChatGPT the only generative AI chatbot

1

integrated into the iPhone." *Id*. Plaintiffs sue OpenAI and Apple because they claim that this arrangement "makes it hard for competitors" and unfairly excludes other generative AI models including Plaintiffs' own "Grok" from use on the Apple iOS. *Id*.

Plaintiffs allege that the two companies are "monopolists" who "locked up" markets to prevent innovators from competing and that Plaintiffs suffered significant harm as a result. *Id*. at 1. They sue "to stop Defendants from perpetrating their anticompetitive scheme and to recover billions in damages." *Id*.

While this case is not yet five months old, the docket contains more than one hundred thirty-five entries and is replete with countless discovery disputes. The latest installment relates to Plaintiffs' request for OpenAI to 1) complete document production by January 15, 2026, 2) provide responsive documents using Plaintiffs' search terms and data sources, and 3) provide OpenAI's "source code." ECF No. 118 at 12-13.

The parties resolved the first issue prior to the January 21, 2026 hearing, and it is therefore **MOOT**.

The parties resolved all but one of the matters concerning the second issue. At the January 21, 2026 hearing, Plaintiffs requested that the Court add Jan Leike as a custodian from whom records should be searched in accordance with the agreed upon search terms and data sources. Because the parties did not brief this issue prior to the hearing, the Court orders further briefing. Plaintiffs stated at the hearing that they do not request an opportunity to present further issue on this point. The Court

**ORDERS** OpenAI to file any supplemental brief or evidence in opposition to Plaintiffs' request on or before January 29, 2026.

## II.   LEGAL STANDARD

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "Under Rule 26(b)(1), discoverable matter must be both relevant and proportional to the needs of the case—which are related but distinct requirements." *Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 279 (N.D. Tex. 2017) (Horan, J.).

> To be relevant under Rule 26(b)(1), a document or information need not, by itself, prove or disprove a claim or defense or have strong probative force or value. If it were otherwise, it would make little sense for Rule 26(b)(1) to direct courts to consider whether discovery that is relevant to any party's claim or defense is also important in resolving the issues.

*Id.* at 280.

Federal Rule of Civil Procedure 34 allows a party to serve a request for production that is within the scope of Rule 26(b). If the responding party fails to produce documents requested under Rule 34, then Rule 37(a)(3)(B) allows the party seeking discovery to move for an order compelling production or answers against the nonresponsive party. "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

3

The burden is on the party opposing a discovery request to show that it calls for irrelevant or otherwise objectionable information or documents. *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)).

### III. ANALYSIS

In this antitrust case, Plaintiffs request access to OpenAI's source code. ECF No. 118 at 16. They argue that the source code is necessary to rebut any defense of lack of feasibility and to establish whether Apple could integrate Plaintiff's AI product, Grok, into the Apple iOS and whether it would be feasible to integrate multiple AI products from various providers on the iPhone. *Id.* at 5. Plaintiffs argue they cannot answer the central questions raised in their suit without access to the OpenAI source code. *See id.* at 17. OpenAI objects to this request, arguing that its proprietary source code is irrelevant to the questions this case presents. ECF No. 133 at 18. OpenAI also argues that relevancy aside, the compromises it suggests for alternative discovery are sufficient to resolve the questions posed by the Plaintiffs' case. *Id.*

OpenAI notes it already "produced the precise technical information that describes the function, design, and implementation" of the relevant application programming interfaces ("APIs"). ECF No. 133 at 18. It argues this provides the precise information needed to answer the question of technical integration of Grok into the Apple iOS. *Id.* OpenAI argues that it offered to stipulate 1) that neither party will rely on proprietary source code as evidence in the action or 2) to foreclose

arguments relating to technical infeasibility related to source code. *Id.* at 16-17. Unwilling to accede to these compromises, Plaintiffs present their competitor OpenAI with a choice: hand over its most sensitive proprietary information or admit that Grok could have been integrated into the iPhone operating system.

The Court does not order OpenAI to produce its source code. Plaintiffs' claims that they were unlawfully excluded from integration within the Apple iOS sets the boundaries of relevant discovery in this case. At this stage, it is unclear how the source code is relevant to whether Apple unlawfully excluded Grok from its products and conspired with the other defendants to create a monopoly. The Court concludes that OpenAI's source code is not relevant to Plaintiffs' claims and is not within the scope of discovery under Rule 26.

And even if the source code requested were potentially relevant, which the Court does not find, its production is not proportional to the needs of the case. Although OpenAI's source code certainly would be of great interest to Plaintiffs, Rule 26 does not require its disclosure. Before the Court would order production of any party's sensitive, confidential information such as the source code at issue here, the requesting party would have to show that it had attempted to gather the necessary information for developing the claim or defense underlying its request without reference to that highly sensitive information. Plaintiffs have not done so here, though they still have ample opportunities to develop evidence in discovery regarding the feasibility of integrating Grok into Apple iPhones and other products without having unfettered access to OpenAI's source code.

OpenAI's source code is not relevant to the issues in this case, nor does the likely benefit of its production outweigh the burden or expense of producing it. Accordingly, the Court **DENIES** Plaintiffs' Motion to Compel Discovery (ECF No. 117) as to Plaintiffs' request for OpenAI's source code.

It is so **ORDERED** on January 22, 2026.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE