UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**X CORP. AND X.AI LLC,**

   Plaintiffs,

v.                                                       No. 4:25-cv-00914-P

**APPLE INC.,** *ET AL.***,**

   Defendants.

## ORDER

Before the Court are the Motion to Compel Discovery that X Corp. and X.AI LLC ("Plaintiffs") filed on January 5, 2026 (ECF No. 117) and Response and Objection and Appendix that OpenAI OpCo, LLC ("OpenAI") filed on January 29, 2026 (ECF Nos. 144, 145). United States District Judge Mark T. Pittman referred the Motion to the undersigned for further proceedings on January 8, 2026. ECF No. 123. The Court heard the Motion in a hearing held on January 21, 2026, in which the Court ordered further briefing from Defendants on the issue of adding Jan Leike as a custodian of records in this case. Plaintiffs waived their opportunity to submit further briefing on the issue. On January 22, 2026, the Court ruled on the Motion to compel except for the pending issue of Mr. Leike's documents. ECF No. 139.

After considering the pleadings, status report, arguments of counsel, applicable legal authorities, and for the reasons stated at the

hearing and the additional reasons explained below, the Court finds that the remaining request of the Motion to appoint Mr. Leike as a custodian should be and is hereby **DENIED**.

## I.     BACKGROUND

"In June 2024, Apple and OpenAI announced that Apple would integrate OpenAI's ChatGPT into Apple's iPhone operating system ("iOS")." ECF No. 1 at 3. The "exclusive arrangement . . . made ChatGPT the only generative AI chatbot integrated into the iPhone." *Id.* Plaintiffs sue OpenAI and Apple for violation of the antitrust statutes because they claim that this arrangement "makes it hard for competitors" and unfairly excludes other generative AI models including Plaintiffs' own "Grok" from use on the Apple iOS. *Id.*

## II.     ANALYSIS

Plaintiffs request that Mr. Leike be designated as a custodian of records from whom discovery may be obtained. They made this request for the first time at the motion hearing on January 21, 2026. They argued that appointment of Mr. Leike as a custodian was appropriate because he likely sent or received documents that are relevant to the claims or defenses in this action.

In its response and objection, OpenAI argues that this request is a fishing expedition because it is unlikely Mr. Leike sent or received relevant documents as he worked on a separate project and was not involved in the relevant Apple AI implementation. ECF No. 144 at 2. Further, it argues that

Mr. Leike left his position at OpenAI before the relevant integration of the Apple operating system was rolled out. *Id.* Plaintiffs do not dispute these arguments.

The Court finds that appointment of Mr. Leike as a custodian of records in this case is not appropriate. Mr. Leike and any documents he emailed or received do not appear to be relevant or proportional to the needs of the case. To the extent that they were relevant, they would appear to be so only minimally, if they are relevant at all, given Mr. Leike's lack of involvement in the Apple AI implementation and the timing of his departure from OpenAI.

Accordingly, the Court **DENIES** Plaintiffs' request to add Mr. Leike as a custodian of records that will be searched as part of the discovery in this case.

It is so **ORDERED** on February 2, 2026.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE