UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**X CORP. AND X.AI LLC,**

   Plaintiffs,

v.                                  No. 4:25-cv-00914-P

**APPLE INC.,** *ET AL.***,**

   Defendants.

## ORDER

Before the Court are the Motion to Compel Discovery that OpenAI OpCo, LLC ("OpenAI") filed on February 2, 2026 (ECF No. 146), Response that X Corp. and X.AI LLC ("Plaintiffs") filed on February 11, 2026 (ECF Nos. 158 and 162), and Reply that OpenAI filed on February 23, 2026 (ECF No. 164). United States District Judge Mark T. Pittman referred the Motion to the undersigned on February 3, 2026. ECF No. 150. After considering the pleadings and applicable legal authorities, the Court **DENIES** the Motion.

**I.  BACKGROUND**

"In June 2024, Apple and OpenAI announced that Apple would integrate OpenAI's ChatGPT into Apple's iPhone operating system ("iOS")." ECF No. 1 at 3. The "exclusive arrangement . . . made ChatGPT the only generative AI chatbot integrated into the iPhone." *Id*. Plaintiffs sue OpenAI and Apple because they claim this arrangement "makes it hard for competitors" and unfairly excludes other generative AI models including Plaintiffs' own "Grok" from use on the Apple iOS. *Id*.

Plaintiffs allege that the two companies are "monopolists" who "locked up" markets to prevent innovators from competing and that Plaintiffs suffered significant harm as a result. *Id.* at 1. They sue "to stop Defendants from perpetrating their anticompetitive scheme and to recover billions in damages." *Id.*

The latest chapter in the long series of discovery battles in this case relates to Plaintiffs' use of so-called "ephemeral messaging," that is using messaging applications that automatically delete messages after a set period. ECF No. 147 at 6. OpenAI alleges that Plaintiffs' use of such programs constitutes spoliation of evidence and accordingly seek various discovery remedies. OpenAI also alleges that Plaintiffs insufficiently replied to Requests for Admission ("RFA") numbers 23 and 24 and seeks an order deeming those RFAs admitted by Plaintiffs.

## II.   LEGAL STANDARD

### A.   Federal Rule of Civil Procedure 36

If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).

### B.   Federal Rule of Civil Procedure 26

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in

> resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "Under Rule 26(b)(1), discoverable matter must be both relevant and proportional to the needs of the case—which are related but distinct requirements." *Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 279 (N.D. Tex. 2017) (Horan, J.).

> To be relevant under Rule 26(b)(1), a document or information need not, by itself, prove or disprove a claim or defense or have strong probative force or value. If it were otherwise, it would make little sense for Rule 26(b)(1) to direct courts to consider whether discovery that is relevant to any party's claim or defense is also important in resolving the issues.

*Id.* at 280.

### III.   ANALYSIS

#### A.   The Motion is procedurally deficient.

As a preliminary matter, it appears OpenAI did not adequately confer with Plaintiffs prior to filing the pending Motion. Federal Rule of Civil Procedure 37(a)(1) requires "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Similarly, Local Civil Rule 7.1(a) requires the moving party to "confer with an attorney for each party affected by the requested relief to determine whether the motion is opposed" before the motion is filed.

Plaintiffs claim that OpenAI did not confer following Plaintiffs' amended responses to the RFAs. ECF No. 162 at 13. OpenAI's response to this contention is less than persuasive. First, OpenAI claims that the parties' prior communications regarding the adequacy of Plaintiffs' responses to RFAs constitute conferring. But

3

OpenAI did not communicate the existence of any motion or ask whether Plaintiffs opposed such motion. OpenAI claims that because Plaintiffs continued to inadequately respond to RFAs, they were left with no choice but to file the present motion. ECF No. 164 at 3. But OpenAI does not show how any of this amounts to conferring with Plaintiffs as the rules require. As a result, OpenAI's motion is procedurally deficient.

### B.   Plaintiffs sufficiently answered RFAs 23 and 24.

RFA 23 states: "Admit that, since June 10, 2024, Plaintiffs' executives and employees have used Ephemeral Messaging Tools to send Communications concerning matters relevant to the claims asserted by Plaintiffs in the Complaint." ECF No. 148 at 34. RFA 24 states: "Admit that, since June 10, 2024, xAI's Chief Executive Officer Elon Musk has used Ephemeral Messaging Tools to send Communications concerning matters relevant to the claims asserted by Plaintiffs in the Complaint." *Id*. Plaintiffs denied both requests, stating they "are not currently aware of any such Communications." ECF No. 163 at 26-27.

OpenAI alleges that Plaintiffs did not adequately respond to RFAs 23 and 24 as a party may not both claim insufficient knowledge to answer a request and simultaneously deny the request. ECF No. 147 at 12. (citing *VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 425 (N.D. Tex. 2021)). OpenAI claims that Plaintiffs' responses were also deficient because they asserted inadequate knowledge but did not state they had made a reasonable inquiry as Rule 36 requires. *Id*. (citing Rule 36). OpenAI requests that the Court deem Plaintiffs admit RFAs 23 and 24.

4

The Court finds that Plaintiffs adequately responded to RFAs 23 and 24. As a preliminary matter, it is unclear how the use of ephemeral messaging programs relates to the case before this Court, an antitrust case relating to the AI software integration into Apple's iPhone operating system. *See* ECF No. 1 at 3. At most, this discovery appears to relate to issues of spoliation of evidence. But OpenAI did not make the requisite showing to pursue such discovery. *See VeroBlue Farms USA Inc.*, 345 F.R.D. at 425 (explaining that to obtain discovery on discovery, the requesting party must make a showing through the documents already produced that other documents may or did exist but have been destroyed.).

In addition, Plaintiffs adequately complied with Rule 36, because they stated in detail why they could not truthfully admit or deny the RFAs, specifically that they lacked knowledge of such communications. Plaintiffs' answers did not state whether they made the reasonable inquiry required by Rule 36. However, prior to the filing of this Motion, Plaintiffs informed OpenAI they had conducted the necessary inquiry to satisfy Rule 36, yet OpenAI filed this Motion undeterred. Because Plaintiffs complied with Rule 36, the Court denies OpenAI's Motion as to RFAs 23 and 24.

### C.     OpenAI has not shown that Plaintiffs spoliated evidence.

"Spoliation of evidence 'is the destruction or the significant and meaningful alteration of evidence.'" *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015) (citing *Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F. Supp. 2d 598, 612 (S.D. Tex. 2010). A court may impose appropriate sanctions "[i]f a party with a duty to preserve evidence fails to do so and acts with culpability." *Manzanares v. El Monte Rents, Inc.*,

No. 4:24-cv-191, 2026 WL 59763, at *3 (E.D. Tex. Jan. 7, 2026) (citing *Lopez v. Kempthorne*, 684 F. Supp. 2d 827, 890 (S.D. Tex. 2010)).

"In the Fifth Circuit, the elements of spoliation are: (1) a duty to preserve the information; (2) a culpable breach of that duty; and (3) resulting prejudice to the innocent party." *Carter v. Burlington N. Santa, LLC*, No. 4:15-cv-366-O, 2016 WL 3388707, at *4 (N.D. Tex. Feb. 8, 2016) (citations omitted).

Under the first requirement, "[t]he obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." *Lopez v. Kempthorne*, 684 F. Supp. 2d 827, 890 (S.D. Tex. 2010) (citing *Smith v. American Founders Fin. Corp.*, 365 B.R. 647, 681 (S.D. Tex. 2007) (internal quotations omitted)). To determine when a duty to preserve arises, courts consider

> whether the plaintiff has: (1) [c]onducted legal or factual research to assess the strength of potential claims or defenses[;] (2) [h]eld [] meetings or presentations during which the potential litigation was discussed[;] (3) [d]rafted [] any documents to support a summons or complaint[;] (4) [d]iscussed the potential litigation with key witnesses or likely information custodians.

*Kellar v. Union Pac. R.R. Co.*, No. cv 21-02045, 2024 WL 3818535, at *8 (E.D. La. July 26, 2024), *rec. adopted*, No. cv 21-2045, 2024 WL 4649244 (E.D. La. Oct. 17, 2024).

Here, OpenAI alleges that because Plaintiffs filed the present suit, and Elon Musk posted about the relevant subject matter as early as June 2024, Plaintiffs had notice any ephemeral messages would be relevant to potential litigation. ECF No. 147 at 14-15. Their only evidence supporting this assertion is Musk's post. *Id*. But OpenAI

does not offer any evidence that Plaintiffs prepared for, researched, drafted, or discussed potential litigation in June 2024. In response, Plaintiffs contend that they did not consult or engage counsel to bring the present suit until August 2025 and promptly took appropriate steps to preserve relevant documents at that time. ECF No. 162 at 20. While it seems unlikely that Plaintiffs did not even "consider" pursuing the present complex antitrust case until a mere fourteen days before filing it as they claim, the Court cannot agree with OpenAI's contention that their duty to preserve previously ephemeral messages arose in June 2024. Even if such a duty existed under the first element, OpenAI has not shown that Plaintiffs culpably breached that duty.

Under the second element,

> [t]he potential levels of culpability range from no culpability to bad faith, with intervening levels including negligence, gross negligence, and willfulness.["] "Negligence is not enough to support the imposition of sanctions for spoliation, 'for it does not sustain an inference of consciousness of a weak case.'" Accordingly, a party seeking sanctions is not entitled to an adverse inference instruction or other sanctions unless that party can show that its adversary intentionally and in bad faith disposed of the evidence.

*Rostro v. Wal-Mart Stores Tex., LLC*, No. SA-21-cv-00703-FB, 2024 WL 289030, at *1 (W.D. Tex. Jan. 24, 2024) (citing *Coastal Bridge Co., L.L.C. v. Heatec, Inc.*, 833 F. App'x 565, 574 (5th Cir. 2020)).

Here, OpenAI has not shown that Plaintiffs acted in bad faith, or that they disposed of any evidence at all. The cases OpenAI cites, all from outside the Fifth Circuit, concern parties who used ephemeral messaging after a duty had arisen, unlike the facts here. ECF No. 147 at 16 (citing *Herzig v. Arkansas Found. for Med.*

7

*Care, Inc.*, 2019 WL 2870106, at *5 (W.D. Ark. July 3, 2019); *Fed. Trade Comm'n v. Noland*, 2021 WL 3857413, at *7 (D. Ariz. Aug. 30, 2021)).

OpenAI asserts that Plaintiffs' employees used ephemeral messaging technologies as a matter of standard practice. OpenAI offers testimony of the Plaintiffs' former Chief Financial Officer that Plaintiffs used such messaging platforms with short retention settings specifically so communications were unpreserved. ECF No. 147 at 15. The former CFO also states that Plaintiffs' "document retention practices were far outside the norm for a company of its size and prominence and not customary for a company subject to ongoing litigation-related document preservation requirements." *Id.* at 16. But this evidence by itself is insufficient to establish the necessary culpability arising from the Plaintiffs' actions. OpenAI offers no factual basis to "show that [Plaintiffs] intentionally and in bad faith disposed of the evidence" and instead resorts to general statements of the Plaintiffs' communication and retention practices. *Rostro*, 2024 WL 289030, at *1. While OpenAI ascribes nefarious motivation to Plaintiffs' communication practices, it has not sufficiently shown that even if a duty existed, Plaintiffs culpably breached that duty through intentional and bad faith disposal of evidence.

OpenAI also has not sufficiently shown it suffered a resulting prejudice due to the Plaintiffs' breach. OpenAI argues that it has been prejudiced because it "will be disadvantaged in defending [P]laintiffs' claims and will be forced to prepare expert reports and examine key witnesses, including [Plaintiffs'] senior executives and advisors, at deposition and trial without the benefit of [] communications that [the]

8

senior executives used to discuss relevant business matters." ECF No. 147 at 17. While that may be true, OpenAI has not shown that the content of the ephemeral messages "cannot be restored or replaced through additional discovery." Fed. R. Civ. P. 37(e). And as Plaintiffs' response notes, discovery in this case is just beginning, and Plaintiffs have just started to produce requested documents. At least at this point, the Court cannot conclude that OpenAI has been prejudiced because of Plaintiffs' usage of the messaging software, though that ultimately may be the case. *See* ECF No. 164 at 8 (stating that of the 5,000 documents produced, 1,200 consisted of lunch menus).

### D.     The Court denies OpenAI's requests for other remedies.

The Court is confident that the parties can resolve future discovery disputes as the rules of procedure and the Court's Local Civil Rules contemplate. The Court will rule on disputes that the parties are unable to resolve for themselves. There is no need at this point to appoint a special master or forensic inspector as OpenAI requests. As a result, the Court **DENIES** the Motion and its accompanying requests for appointment of a special master and forensic inspector.

At least at this juncture, it appears that the Plaintiffs are complying with their discovery obligations. *See* ECF No. 162 at 20 (stating that after the litigation was anticipated, Plaintiffs took appropriate steps to preserve documents). However, the Court shares the concerns of courts from outside the circuit that ephemeral messaging may pose unique discovery challenges and threaten the proper and equal exchange of information usually present in discovery. *See Herzig*, 2019 WL 2870106,

9

at *5 (finding that manually configuring Signal to delete text communications, withholding, and destroying likely-responsive communications when done intentionally and in bad faith constitutes spoliation) *DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 931 (N.D. Ill. 2021) (explaining that autodelete functionality is and has been a near ubiquitous feature in programs and email services that produce [electronically stored information], and finding that litigators have a duty to "clearly and adequately inform their clients to investigate and turn off autodelete functions as part of their litigation hold processes" once the preservation duty arises.).

While use of autodelete messaging applications before the Plaintiffs anticipated the present litigation does not constitute spoliation of evidence, the Court cautions Plaintiffs that use of such programs following that date on matters relevant to the case could constitute spoliation and warrant the imposition of sanctions given appropriate supporting evidence.

The Court also reminds the parties and their counsel that while the messaging at issue may be ephemeral, their duty to conduct discovery professionally, cooperatively, and in good faith is not. "Counsel have an obligation, as officers of the court, to assist in the discovery process by making diligent, good-faith responses to legitimate discovery requests." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1486 (5th Cir. 1990). The law requires it, and the Court expects it.

### E. The Court does not award attorney fees as Plaintiffs request.

Plaintiffs request an award of attorney fees because they contend OpenAI's motion was baseless and procedurally improper. ECF No. 162 at 24. Although the Court denies OpenAI's motion, the Court does not find that there was no genuine dispute raised by the Motion. While the Court reminds OpenAI of its procedural obligations when practicing here, the Court finds that an award of attorney fees would be unjust under the circumstances. *Booth v. City of Dallas*, 312 F.R.D. 427, 435 (N.D. Tex. 2015); Fed. R. Civ. P. 37(a)(5)(B).

## IV. CONCLUSION

OpenAI's Motion is procedurally deficient because the parties did not adequately confer before OpenAI filed it. On the merits of the Motion, the Court finds that Plaintiffs complied with Federal Rule of Civil Procedure 36 in responding to RFAs 23 and 24. Finally, Open AI did not demonstrate that Plaintiffs spoliated evidence relevant to the case that they had a duty to preserve. Additionally, the Court finds that appointment of a special master or forensic inspector is unnecessary at this time. The Court finally finds that an award of attorney's fees to Plaintiffs would be unjust under the circumstances. Accordingly, the Court **DENIES** OpenAI's Motion to Compel Discovery (ECF No. 146) and **DENIES** Plaintiffs' request for attorney fees.

It is so **ORDERED** on February 27, 2026.

_Hal R. Ray, Jr._
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE