IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

|  |  |
|---|---|
| X CORP. and X.AI LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>APPLE INC., OPENAI, INC., OPENAI,<br>L.L.C., and OPENAI OPCO, LLC,<br><br>    Defendants. | No. 4:25-cv-00914-P |

**APPENDIX OF OPENAI'S BRIEF IN SUPPORT
OF ITS MOTION TO COMPEL**

Defendants OpenAI Foundation (f/k/a OpenAI, Inc.), OpenAI, L.L.C., and OpenAI OpCo, LLC, hereby file this Appendix in support of their Motion to Compel consistent with the requirements of Local Rule 7.1(i).

| Appendix Tab No. | Page of Brief | Description | Appendix Pages |
|---|---|---|---|
| Tab 1 | 2-3 | ███████████████ | A001-53 |
| Tab 2 | 4, 6, 9 | Excerpts from Opening Expert Report of Dr. Craig T. Schulman (Mar. 13, 2026) | A054-107 |
| Tab 3 | 5, 10 | Parties' Relevant Discovery Correspondence (Feb. – Apr. 2026) | A108-281 |
| Tab 4 | 5 | OpenAI's Second Set of Requests for Production (Dec. 26, 2025) | A282-93 |
| Tab 5 | 5, 8-9 | OpenAI's Third Set of Requests for Production (Jan. 31, 2026) | A294-308 |
| Tab 6 | 5 | Plaintiff's Responses and Objections to OpenAI's Second Set of Requests for Production (Jan. 26, 2026) | A309-22 |

| Appendix Tab No. | Page of Brief | Description | Appendix Pages |
|---|---|---|---|
| Tab 7 | 5, 8-9 | Plaintiff's Responses and Objections to OpenAI's Third Set of Requests for Production (Mar. 2, 2026) | A323-47 |
| Tab 8 | 5 | OpenAI's Fourth Set of Requests for Production (Feb. 5, 2026) | A348-59 |
| Tab 9 | 5 | Plaintiff's Responses and Objections to OpenAI's Fourth Set of Requests for Production (Mar. 9, 2026) | A360-76 |
| Tab 10 | 6 | ████████ | A377-79 |
| Tab 11 | 6 | ████████ | A380-429 |
| Tab 12 | 7 | ████████ | A430-75 |
| Tab 13 | 7 n. 5 | Email from S. Eisman to E. Dowd, E. Yung, C. Erickson et al. re RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914 -- Date Range (Mar. 17, 2026) | A476-86 |
| Tab 14 | 10-11 | ████████ | A487-90 |
| Tab 15 | 10 | ████████ | A491-92 |
| Tab 16 | 12 | ████████ | A493-94 |

Dated: April 3, 2026

William Savitt
WDSavitt@wlrk.com
N.D. Tex. Bar No. 2900058NY
Kevin S. Schwartz
KSchwartz@wlrk.com
N.D. Tex. Bar No. 4564241NY
Graham W. Meli (admitted *pro hac vice*)
GWMeli@wlrk.com
Andrew J.H. Cheung (admitted *pro hac vice*)
AJHCheung@wlrk.com
Stephen D. Levandoski (admitted *pro hac vice*)
SDLevandoski@wlrk.com
**WACHTELL, LIPTON, ROSEN & KATZ**
51 West 52nd Street
New York, NY  10019
(212) 403-1000 (Telephone)
(212) 403-2000 (Facsimile)

Respectfully submitted,

/s/    *Ralph H. Duggins*

Ralph H. Duggins
rduggins@canteyhanger.com
Texas Bar No. 06183700
Scott Fredericks
sfredricks@canteyhanger.com
Texas Bar No. 24012657
Philip Vickers
pvickers@canteyhanger.com
Texas Bar No. 24051699
Kate Hancock
khancock@canteyhanger.com
Texas Bar No. 24106048
**CANTEY HANGER LLP**
600 West 6th Street, Suite 300
Fort Worth, TX  76102
(817) 877-2800 (Telephone)
(817) 877-2807 (Facsimile)

Michael K. Hurst
mhurst@lynnllp.com
Texas Bar No. 10316310
Chris W. Patton
cpatton@lynnllp.com
Texas Bar No. 24083634
Andy Kim
akim@lynnllp.com
Texas Bar No. 24136638
**LYNN PINKER HURST & SCHWEGMANN LLP**
2100 Ross Avenue, Suite 2700
Dallas, TX  75201
(214) 981-3800 (Telephone)
(214) 981-3839 (Facsimile)

*Attorneys for Defendants OpenAI Foundation (f/k/a OpenAI, Inc.), OpenAI, L.L.C., and OpenAI OpCo, LLC*

**APPENDIX OF OPENAI'S BRIEF
IN SUPPORT OF ITS
MOTION TO COMPEL**

**PAGE 3**

## CERTIFICATE OF SERVICE

I certify that on April 3, 2026, I served the foregoing document electronically in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules and filing procedures of this Court.

/s/ *Kate Hancock*
Kate Hancock

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| X CORP. and X.AI LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>APPLE INC., OPENAI, INC., OPENAI,<br>L.L.C., and OPENAI OPCO, LLC,<br><br>    Defendants. | No. 4:25-cv-00914-P |

**DECLARATION OF GRAHAM W. MELI IN SUPPORT OF**
**<u>OPENAI'S MOTION TO COMPEL</u>**

I, Graham W. Meli, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.      I am an attorney admitted *pro hac vice* in this action, and I am partner at the law firm of Wachtell, Lipton, Rosen & Katz, counsel for defendants OpenAI Foundation (f/k/a OpenAI, Inc.), OpenAI, L.L.C., and OpenAI Opco, LLC in the above-captioned matter. I submit this declaration in support of the OpenAI Defendants' Motion to Compel. The matters in this declaration are within my personal knowledge and are true and correct:

2.      Attached hereto as Tab 1 is ████████████████████████████████ ████████████████████████████████████████████████████ ███████████████

3.      Attached hereto as Tab 2 is a true and correct excerpted copy of the Opening Expert Report of Dr. Craig T. Schulman, dated March 13, 2026.

4.      Attached hereto as Tab 3 are true and correct copies of the following correspondence between the parties:

      a.      Attached hereto as Tab 3A is a true and correct copy of an email thread with the subject "X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914," in which the latest-in-time email was sent by Stephen Levandoski to Eva Yung, Kevin Schwartz, et al., on February 11, 2026.

      b.      Attached hereto as Tab 3B is a true and correct copy of an email thread with the subject "RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914," in which the latest-in-time email was sent by Stephen Levandoski to Eva Yung, Kevin Schwartz, et al., on February 18, 2026.

c.      Attached hereto as Tab 3C is a true and correct copy of an email thread with the subject "RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914," in which the latest-in-time email was sent by Stephen Levandoski to Eva Yung, Kevin Schwartz, et al., on February 20, 2026.

d.      Attached hereto as Tab 3D is a true and correct copy of an email thread with the subject "RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914," in which the latest-in-time email was sent by Eva Yung to Stephen Levandoski, Kevin Schwartz, et al., on February 27, 2026.

e.      Attached hereto as Tab 3E is a true and correct copy of an email thread with the subject "RE: X Corp., et al. v. Apple Inc., et al., No. 4:25-cv-00914-P (N.D. Tex.)," in which the latest-in-time email was sent by Graham Meli to Bradley Justus, et al., on March 3, 2026, attaching the "2026.03.03 Letter from G. Meli to xAI and X."

f.      Attached hereto as Tab 3F is a true and correct copy of an email thread with the subject "RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914," in which the latest-in-time email was sent by Stephen Levandoski to Eva Yung, Kevin Schwartz, et al., on March 9, 2026.

g.      Attached hereto as Tab 3G is a true and correct copy of an email thread with the subject "RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914," in which the latest-in-time email was sent by Stephen Levandoski to Eva Yung, Kevin Schwartz, et al., on March 11, 2026.

h.      Attached hereto as Tab 3H is a true and correct copy of an email thread with the subject "RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al.,

3

No. 4:25-cv-00914," in which the latest-in-time email was sent by Graham Meli to Eva Yung, Kevin Schwartz, et al., on March 13, 2026.

i.  Attached hereto as Tab 3I is a true and correct copy of an email thread with the subject "RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914," in which the latest-in-time email was sent by Stephen Levandoski to Eva Yung, Kevin Schwartz, et al., on March 14, 2026.

j.  Attached hereto as Tab 3J is a true and correct copy of an email thread with the subject "RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914," in which the latest-in-time email was sent by Graham Meli to Eva Yung, Stephen Levandoski, et al., on March 25, 2026.

k.  Attached hereto as Tab 3K is a true and correct copy of an email thread with the subject "RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914," in which the latest-in-time email was sent by Graham Meli to Eva Yung, Stephen Levandoski, et al., on March 28, 2026.

l.  Attached hereto as Tab 3L is a true and correct copy of an email thread with the subject "RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914," in which the latest-in-time email was sent by Graham Meli to Eva Yung, Scott Eisman, et al., on March 31, 2026.

m.  Attached hereto as Tab 3M is a true and correct copy of an email from Eva Yung to Graham Meli with the subject "RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914," dated April 1, 2026, attaching the "2026 0401 Letter Response from E. Yung to OpenAI.pdf."

4

n.    Attached hereto as Tab 3N is a true and correct copy of an email from Graham Meli to Eva Yung and Scott Eisman with the subject "X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914," dated April 1, 2026.

o.    Attached hereto as Tab 3O is a true and correct copy of an email thread with the subject "X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914," in which the latest-in-time email was sent by Eva Yung to Graham Meli on April 2, 2026.

p.    Attached hereto as Tab 3P is a true and correct copy of an email thread with the subject "X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914," in which the latest-in-time email was sent by Graham Meli to Eva Yung and Scott Eisman on April 3, 2026.

5.    Attached hereto as Tab 4 is a true and correct copy of OpenAI's Second Set of Requests for Production dated December 26, 2025.

6.    Attached hereto as Tab 5 is a true and correct copy of OpenAI's Third Set of Requests for Production dated January 31, 2026.

7.    Attached hereto as Tab 6 is a true and correct copy of Plaintiff's Responses and Objections to OpenAI's Second Set of Requests for Production dated January 26, 2026.

8.    Attached hereto as Tab 7 is a true and correct copy of Plaintiff's Responses and Objections to OpenAI's Third Set of Requests for Production dated March 2, 2026.

9.    Attached hereto as Tab 8 is a true and correct copy of OpenAI's Fourth Set of Requests for Production dated February 5, 2026.

10.     Attached hereto as Tab 9 is a true and correct copy of Plaintiff's Responses and Objections to OpenAI's Fourth Set of Requests for Production dated March 9, 2026.

11.     Attached hereto as Tab 10 is ████████████████████ ████████████████████████████████████████ ████████████████████████████████

12.     Attached hereto as Tab 11 is ████████████████████ ████████████████████████████████████

13.     Attached hereto as Tab 12 is ████████████████████ ██████████████████████████████████████

14.     Attached hereto as Tab 13 is a true and correct copy of an email thread with the subject "RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914 -- Date Range," in which the latest-in-time email was sent by Scott Eisman to Eamon Dowd, Eva Yung, and Christopher Erickson, et al. on March 17, 2025.

15.     Attached hereto as Tab 14 is ████████████████████ ████████████████████████████████████████

16.     Attached hereto as Tab 15 ████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ██████████████████████████

17.     Attached hereto as Tab 16 is ████████████████████ ████████████████████████████████████████ ███████████

Dated: April 3, 2026

Respectfully submitted,

*/s/   Graham W. Meli*
Graham W. Meli

# TAB 1

A002



Highly Confidential – Outside Counsels' Eyes Only

OAI_NDTX_0004002

A002



A-003

Highly Confidential – Outside Counsels' Eyes Only

OAI_NDTX_0004003



Highly Confidential – Outside Counsels' Eyes Only



Highly Confidential – Outside Counsels' Eyes Only

OAI_NDTX_0004005

**A005**

A006



Highly Confidential – Outside Counsels' Eyes Only

OAI_NDTX_0004006

**A006**



Highly Confidential – Outside Counsels' Eyes Only

OAI_NDTX_0004007

A007



Highly Confidential – Outside Counsels' Eyes Only

OAI_NDTX_0004008

A008



Highly Confidential – Outside Counsels' Eyes Only



Highly Confidential – Outside Counsels' Eyes Only



Highly Confidential – Outside Counsels' Eyes Only

OAI_NDTX_0004011

**A011**



Highly Confidential – Outside Counsels' Eyes Only

OAI_NDTX_0004012



Highly Confidential – Outside Counsels' Eyes Only

OAI_NDTX_0004013

**A013**



A014

Highly Confidential – Outside Counsels' Eyes Only

OAI_NDTX_0004014



A015

Highly Confidential – Outside Counsels' Eyes Only

OAI_NDTX_0004015



Highly Confidential – Outside Counsels' Eyes Only



Highly Confidential – Outside Counsels' Eyes Only

OAI_NDTX_0004017

**A017**



Highly Confidential – Outside Counsels' Eyes Only

OAI_NDTX_0004018

**A018**



Highly Confidential – Outside Counsels' Eyes Only

OAI_NDTX_0004019

**A019**



Highly Confidential – Outside Counsels' Eyes Only

OAI_NDTX_0004020

**A020**



Highly Confidential – Outside Counsels' Eyes Only



Highly Confidential – Outside Counsels' Eyes Only



Highly Confidential – Outside Counsels' Eyes Only    OAI_NDTX_0004023

**A023**

A024



Highly Confidential – Outside Counsels' Eyes Only

OAI_NDTX_0004024

**A024**

A025



Highly Confidential – Outside Counsels' Eyes Only

OAI_NDTX_0004025

**A025**



Highly Confidential – Outside Counsels' Eyes Only

OAI_NDTX_0004026

A026

A027



Highly Confidential – Outside Counsels' Eyes Only

OAI_NDTX_0004027

**A027**



A028

Highly Confidential – Outside Counsels' Eyes Only

A029



Highly Confidential – Outside Counsels' Eyes Only

OAI_NDTX_0004029

**A029**

A030



Highly Confidential – Outside Counsels' Eyes Only    OAI_NDTX_0004030

**A030**



A031

Highly Confidential – Outside Counsels' Eyes Only

OAI_NDTX_0004031

A032



Highly Confidential – Outside Counsels' Eyes Only    OAI_NDTX_0004032

**A032**



Highly Confidential – Outside Counsels' Eyes Only

A034



Highly Confidential – Outside Counsels' Eyes Only

OAI_NDTX_0004034

**A034**

A035



Highly Confidential – Outside Counsels' Eyes Only



Highly Confidential – Outside Counsels' Eyes Only



A037

Highly Confidential – Outside Counsels' Eyes Only

OAI_NDTX_0004037



Highly Confidential – Outside Counsels' Eyes Only



A039

Highly Confidential – Outside Counsels' Eyes Only

OAI_NDTX_0004039



A040

Highly Confidential – Outside Counsels' Eyes Only

OAI_NDTX_0004040



Highly Confidential – Outside Counsels' Eyes Only

A042



Highly Confidential – Outside Counsels' Eyes Only    OAI_NDTX_0004042

**A042**



A043

Highly Confidential – Outside Counsels' Eyes Only

OAI_NDTX_0004043



Highly Confidential – Outside Counsels' Eyes Only

A045



Highly Confidential – Outside Counsels' Eyes Only

OAI_NDTX_0004045

**A045**



Highly Confidential – Outside Counsels' Eyes Only

OAI_NDTX_0004046

A046



Highly Confidential – Outside Counsels' Eyes Only



Highly Confidential – Outside Counsels' Eyes Only

OAI_NDTX_0004048

**A048**



Highly Confidential – Outside Counsels' Eyes Only



Highly Confidential – Outside Counsels' Eyes Only



Highly Confidential – Outside Counsels' Eyes Only



Highly Confidential – Outside Counsels' Eyes Only

OAI_NDTX_0004052

A052

A053



Highly Confidential – Outside Counsels' Eyes Only    OAI_NDTX_0004053

A054

# TAB 2



**A055**





A057





**A059**



**A060**





**A062**



**A063**



A064





A066





**A068**



**A069**



**A070**





A072



**A073**



**A074**



**A075**



**A076**



A077



**A078**





**A080**



**A081**



**A082**



A083



A084





A086



**A087**



**A088**





**A090**



**A091**



**A092**



**A093**



A094



**A095**



**A096**





**A098**





**A100**





**A102**



**A103**



**A104**



**A105**



Case 4:25-cv-00914-P    Document 174    Filed 04/03/26    Page 117 of 505    PageID 5023

**A106**



**A107**

# TAB 3

# TAB 3A

| From: | Levandoski, Stephen D. |
|---|---|
| To: | Yung, Eva H.; Schwartz, Kevin S.; Weiland, Carol; Tan, Zhi Yang; Liu, Henry (Covington & Burling LLP); Savitt, William D.; Henn, Emily; Willard Zehmer, Lauren; Berman, Sean; Cheung, Andrew J.H.; Riddick, Austin; Scarcella, Gio; Willard Zehmer, Lauren |
| Cc: | Reiser, Craig M.; Justus, Bradley; Erickson, Christopher; Judd E. Stone II; Chris Hilton; Eisman, Scott A.; Davis, William; van Duyn, Audrey; Meli, Graham W.; Dowd, Eamon; OpenAI Antitrust WLRK Litigation 07228-0508 |
| Subject: | RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914 |
| Date: | Wednesday, February 11, 2026 7:53:46 PM |
| Attachments: | image001.png |
| | 2026.02.11 - OAI"s 2d RFPs Proposed Search Terms.xlsx |

**Counsel,**

**We write to summarize our meet-and-confer discussion of Friday, February 6, concerning OpenAI's second set of document requests to plaintiffs. In the interests of continuing to make progress, we are attaching proposed search terms for a subset of these requests that require such terms (as opposed to "documents sufficient to show" requests). We ask that plaintiffs provide an aggregate hit report (deduplicated against prior requests), as well as individual hit reports for any term that plaintiffs propose to modify or eliminate on the basis of burden.**

- **RFP No. 1: This request seeks documents sufficient to show the historical and future-contracted costs associated with data centers used by xAI to operate Grok, including historical and future-contracted capital costs from project construction. In our December 16 letter to plaintiffs concerning their first set of document requests, we stated that we would agree to produce documents sufficient to show historical and future-contracted costs associated with data centers used for operating ChatGPT in response to plaintiffs' RFP No. 27. On our call, we explained that treatment of this subject matter should be reciprocal. This request has even greater relevance to plaintiffs' claims, which allege barriers to entry based on the "immense investments in computing resources" that plaintiffs say xAI has been required to make to compete in the allegedly relevant market. Compl. ¶ 163. The alleged costs of such investments thus uniquely bear on plaintiffs' claims. Plaintiffs stated that they would consider whether to produce documents in response to this request. Please confirm whether plaintiffs will agree to produce documents, or whether plaintiffs are standing on the categorical refusal articulated in their responses.**

- **RFP No. 2: This request seeks documents and communications concerning safety, integrity, factual accuracy, and content moderation of Grok, including racism, sexism, antisemitism, hate speech, bias, and hostility to a protected class. It also seeks documents referring to "MechaHitler," "white genocide" in South Africa, and citations by Grokipedia to Stormfront, as previously publicly reported. We explained that this request is relevant to investigating the basis of Apple's business justification in selecting ChatGPT as its first integration, and the substantiation of potential concerns regarding xAI's policies, practices, and procedures concerning**

**A110**

factual accuracy, content moderation, and safety. This request addresses topics relating to Grokipedia for the first time. We have proposed search terms targeted at this request. We understand that plaintiffs are considering whether to produce documents in response to this request. Please confirm whether plaintiffs will agree to produce documents, subject to an agreement on reasonable search terms as proposed in the attached, or whether plaintiffs are standing on the categorical refusal articulated in their responses.

- **RFP No. 3:** This request seeks documents sufficient to show the AI Technologies involved in or relied upon to develop or operate Grok. We explained that plaintiffs had put at issue the technologies Grok relies on by alleging that the ChatGPT integration "deprive[d]" plaintiffs and other competitors "of scale and opportunities to improve their technology." Compl. ¶ 92. We confirmed that this request is not intended to seek source code. In response to your question regarding the relationship between this request and RFP No. 12 of our first set of document requests, we explained that RFP No. 12, which called for a custodial search, was targeted at the utility or effectiveness of prompts. This request by contrast seeks documents sufficient to show, at a high level, the general AI technologies that Grok relies on for its training and operation. We understand that plaintiffs will consider whether to produce documents in response to this request. Please confirm whether plaintiffs will agree to produce documents, or whether plaintiffs are standing on the categorical refusal articulated in their responses.

- **RFP No. 4:** This request seeks documents sufficient to show the funding, investment, and financing that xAI has received and the respective equity ownership of xAI (*e.g.*, capitalization tables). In our December 16 letter to plaintiffs concerning their first set of document requests, we stated that we would agree to produce a current version of OpenAI's capitalization table, in response to plaintiffs' RFP No. 29. Plaintiffs have put their funding and investment at issue in this case by alleging that the ChatGPT integration "discourages investment in startups," such as xAI. Compl. ¶ 110. We also explained that this request is specifically targeted at investments in xAI, whereas RFP Nos. 23 and 26 of our first set of document requests, which seek a custodial search, are directed at plaintiffs' alleged harm. We understand that plaintiffs will consider whether to produce documents in response to this request. Please confirm whether plaintiffs will agree to produce documents, or whether plaintiffs are standing on the categorical refusal articulated in their responses.

- **RFP No. 5:** This request seeks documents regarding the financial or strategic significance of selling or distributing Grok through certain identified channels,

A111

including the Apple, Google, and Samsung app stores. OpenAI previously agreed on December 24 to review documents identified in certain search terms proposed by plaintiffs regarding RFP No. 32 in their first set of document requests. We explained that this request is relevant to plaintiffs' allegations of foreclosure from various distribution channels, as well as the strategic importance of certain channels for collecting information used for model training. We explained that xAI's access to enterprise-level distribution channels is uniquely relevant to plaintiffs' alleged harm. We have proposed search terms targeted at this request. Plaintiffs stated that they would consider whether to produce documents in response to this request. Please confirm whether plaintiffs will agree to produce documents, subject to agreement on reasonable search terms as proposed in the attached, or whether plaintiffs are standing on the categorical refusal articulated in their responses.

- **RFP No. 6:** This request seeks documents and communications regarding remarks delivered by xAI executives at all-hands or company-wide meetings, including recordings of and materials presented in connection with any such remarks. In response to your vagueness objection regarding the definition of an "all hands" or companywide meeting, we explained that this request seeks documents and communications regarding meetings at which executives made remarks to large numbers of employees—not meetings with few attendees. We explained that some companies refer to such meetings as "town halls," or by other terms that may vary across companies, and we asked you to investigate the naming conventions that xAI employs and any methods of recording or documenting such meetings. We also noted that such "all hands" meetings had been reported on publicly and that reported positive statements by xAI executives about the state of plaintiffs' businesses at "all hands" meetings bear on their allegations regarding their ability to rapidly scale, achieve technological innovation, secure fundraising, and mitigate alleged harms, among other topics. We have proposed search terms targeted at this request; in addition, we ask that plaintiffs investigate the existence of repositories of recordings, materials, notes, and scripts for such meetings. Collection from any such identified repositories would be in addition to a custodial search. Plaintiffs stated that they would consider whether to produce documents in response to this request. Please confirm whether plaintiffs will agree to produce documents, subject to agreement on reasonable search terms as proposed in the attached, or whether plaintiffs are standing on the categorical refusal articulated in their responses.

We ask that you provide a prompt response. In the event that plaintiffs stand on their categorical refusal to produce documents in response to any request, we will consider the parties to be at impasse.

A112

**Best,**
**Stephen**

---

**From:** Yung, Eva H. <eyung@axinn.com>
**Sent:** Wednesday, February 4, 2026 8:45 PM
**To:** Schwartz, Kevin S. <KSchwartz@wlrk.com>; Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Meli, Graham W. <GWMeli@WLRK.com>; Levandoski, Stephen D. <SDLevandoski@wlrk.com>; Dowd, Eamon <EDowd@cov.com>; Yung, Eva H. <eyung@axinn.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

---

**\*\*External Email-Use Caution\*\***

---

Kevin,

We are available Friday, February 6, from 4:30 PM to 5:30 PM ET. Let us know.

Yours,

Eva

**Eva H. Yung**
Partner
T: 212.728.2235

---

**From:** Schwartz, Kevin S. <KSchwartz@wlrk.com>
**Sent:** Friday, January 30, 2026 11:21 PM
**To:** Yung, Eva H. <eyung@axinn.com>; Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Meli, Graham W. <GWMeli@WLRK.com>; Levandoski, Stephen D. <SDLevandoski@wlrk.com>; Dowd, Eamon <EDowd@cov.com>

**A113**

**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

**Caution: External Email**

Eva,

Your Thursday evening email does not provide sufficient detail to assess the basis on which Plaintiffs are seeking to amend the requested search terms. Among other things, you do not indicate which portion of your aggregate hit count is attributable to search terms proposed by each of Apple and OpenAI. We also note that your email does not contain any explanation of your changes to facilitate our review.

Notwithstanding these concerns, please provide your availability early next week to continue our discussion of search terms. We ask that Plaintiffs also be prepared to discuss their responses and objections to our second set of document requests, in which you purport to decline to produce any documents at all. We can be available in the windows of Monday 1:45pm-3pm ET or Tuesday 2-5pm ET — please let us know what works.

Finally, we summarize several points discussed in our Tuesday meet and confer:

- Code names: We asked whether Plaintiffs have specifically inquired about the existence of code names related to Grok and other GenAI chatbots, as well as any codenames concerning data sources used to train Grok or other training-related projects. You stated that you have made reasonable good-faith efforts to inquire about such code names with your clients and that based on those inquiries, you are not aware of any such code names. You agreed to revisit the question if any party comes across information suggesting the existence of code names.

- Custodians: You confirmed that Plaintiffs will run OpenAI's search terms on the list of Defendants' joint proposed Plaintiff custodians agreed upon by the parties.

- Ongoing Review: You confirmed that you are currently (1) running the already-agreed search terms on Plaintiffs' 14 already-agreed custodians; and (2) reviewing identified documents for responsiveness.

- RFPs: We discussed OpenAI's proposed search terms for RFP Nos. 13–16, 22-23, 25, and 34. You represented that your counter-proposals on each of the respective search terms were made for burden.

Best,
Kevin

A114

**From:** Yung, Eva H. <eyung@axinn.com>
**Sent:** Thursday, January 29, 2026 6:37 PM
**To:** Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Schwartz, Kevin S. <KSchwartz@wlrk.com>; Savitt, William D. <wdsavitt@WLRK.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Yung, Eva H. <eyung@axinn.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

| **External Email-Use Caution** |
|---|

Counsel,

As noted in our past meet-and-confers and my email earlier today, we understand that both Apple and OpenAI have proposed edits they would like Plaintiffs to consider making, including as described in Apple's January 27 email. We likewise anticipate further refining the search terms based on our continued document collection. Accordingly, and to advance our meet-and-confers productively toward conclusion, we are only providing the aggregate hit count for both Apple's and OpenAI's search terms as modified by Plaintiffs on January 14 at this time: 966,301.

We are in the process of considering Defendants' proposed changes and are happy to meet and confer further.

Yours,

Eva


**Eva H. Yung**
Partner
T: 212.728.2235

---

**From:** Yung, Eva H. <eyung@axinn.com>
**Sent:** Wednesday, January 14, 2026 10:59 PM
**To:** Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry <HLiu@cov.com>; Schwartz, Kevin S. <kschwartz@wlrk.com>; Savitt, William D. <wdsavitt@wlrk.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <ajhcheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton

**A115**

<chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Yung, Eva H.
<eyung@axinn.com>
Subject: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

Counsel,

Please see attached Plaintiffs' Counterproposals for Proposed Sources and Search Terms.
We are still reviewing our documents and reserve the right to amend the search terms as
necessary but are sharing our preliminary proposals. We are also not at this point agreeing
to the specific custodians and date ranges applicable to each search term proposed by
each Defendant, but would like to meet and confer on them alongside the search terms.
Please let us know your availability for next week.

Yours,

Eva

 **Eva H. Yung**
Partner

**Axinn, Veltrop & Harkrider LLP**
45 Rockefeller Plaza
New York, NY 10111
T: 212.728.2235
eyung@axinn.com | axinn.com

************************************************************************

Notice: The information contained in this electronic mail and any attached documents
from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client
communication, and as such is privileged and confidential. If you are not the intended
recipient, be aware that any disclosure, copying, distribution or use of the content of this
information is prohibited. If you have received this electronic mail in error, please notify
us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail
to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements
imposed by the IRS, we inform you that any U.S. federal tax advice contained in this
communication (including any attachments) is not intended or written to be used, and
cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue
Code or (ii) promoting, marketing or recommending to another party any transaction or
matter addressed herein.
************************************************************************

==================================================

**A116**

Please be advised that this transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, please do not read, copy or re-transmit this communication. If you have received this communication in error, please notify us by e-mail (helpdesk@wlrk.com) or by telephone (call us collect at 212-403-4357) and delete this message and any attachments.

Thank you in advance for your cooperation and assistance.

=================================================
********************************************************************

**Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.**
********************************************************************

**A117**

# TAB 3B

| From: | Levandoski, Stephen D. |
|---|---|
| To: | Yung, Eva H.; Schwartz, Kevin S.; Weiland, Carol; Tan, Zhi Yang; Liu, Henry (Covington & Burling LLP); Savitt, William D.; Henn, Emily; Willard Zehmer, Lauren; Berman, Sean; Cheung, Andrew J.H.; Riddick, Austin; Scarcella, Gio; Willard Zehmer, Lauren |
| Cc: | Reiser, Craig M.; Justus, Bradley; Erickson, Christopher; Judd E. Stone II; Chris Hilton; Eisman, Scott A.; Davis, William; van Duyn, Audrey; Meli, Graham W.; Dowd, Eamon; OpenAI Antitrust WLRK Litigation 07228-0508 |
| Subject: | RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914 |
| Date: | Wednesday, February 18, 2026 8:48:58 PM |
| Attachments: | image001.png<br>OAI + APL RFP Search Terms (2025-12-24).xlsx<br>20260218 OAI Search Terms and Plaintiffs" Counterproposals.XLSX |

Eva,

On our meet and confer on Friday, February 6, you asked us to confirm in writing the search terms for which we have requested hit reports.

As we first put to plaintiffs on December 24, 2025, we reiterate our request that plaintiffs provide a separate aggregate hit report for OpenAI's search terms, which are reattached here for reference. Insofar as plaintiffs have represented that modifications are required to run any of these search strings for solely technical reasons, we ask that plaintiffs describe the modifications to us in writing and implement any such necessary modifications.

We had understood that Plaintiffs had previously run aggregate hit reports reflecting the total number of documents returned by our search terms for the period January 1, 2024 to August 25, 2025. Please provide those hit reports as soon as possible. We would also request that you provide hit reports indicating the total number of documents and applying the relevant default date range that the parties agree upon after further negotiation; we understand that the parties are currently agreed that custodial searches will extend back to January 1, 2023.

As we also requested on December 24, 2025, to the extent that plaintiffs have burden-based objections to any of the terms we have proposed, we likewise request that they run individual search string hit reports for both our proposal and any counterproposal as to those terms.

We understand that plaintiffs have propounded burden-based objections to OpenAI's RFP Nos. 10–11, 13–16, 22–23, 25, and 34. If any other of plaintiffs' January 14 counterproposals were based on burden, we ask that plaintiffs likewise identify those modifications and run hit reports with counts per each such search term in both the December 24 proposals and January 14 counterproposals.

For reference, we are reattaching an abridged version of the spreadsheet you have

**A119**

provided us on January 14, which we understand to reproduce the terms of our December 24 proposal and plaintiffs' counterproposal.

Please advise us when plaintiffs expect to provide hit counts for these terms.

Best,
Stephen

---

**From:** Levandoski, Stephen D.
**Sent:** Wednesday, February 11, 2026 7:54 PM
**To:** Yung, Eva H. <eyung@axinn.com>; Schwartz, Kevin S. <KSchwartz@wlrk.com>; Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>; Scarcella, Gio <GScarcella@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Meli, Graham W. <GWMeli@WLRK.com>; Dowd, Eamon <EDowd@cov.com>; OpenAI Antitrust WLRK Litigation 07228-0508 <OpenAI.Antitrust.Litigation@wlrk.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

**Counsel,**

**We write to summarize our meet-and-confer discussion of Friday, February 6, concerning OpenAI's second set of document requests to plaintiffs. In the interests of continuing to make progress, we are attaching proposed search terms for a subset of these requests that require such terms (as opposed to "documents sufficient to show" requests). We ask that plaintiffs provide an aggregate hit report (deduplicated against prior requests), as well as individual hit reports for any term that plaintiffs propose to modify or eliminate on the basis of burden.**

- **RFP No. 1: This request seeks documents sufficient to show the historical and future-contracted costs associated with data centers used by xAI to operate Grok, including historical and future-contracted capital costs from project construction. In our December 16 letter to plaintiffs concerning their first set of document requests, we stated that we would agree to produce documents sufficient to show historical and future-contracted costs associated with data centers used for operating ChatGPT in response to plaintiffs' RFP No. 27. On our call, we explained that treatment of this subject matter should be reciprocal. This request has even greater relevance to plaintiffs' claims, which allege barriers to entry**

**A120**

based on the "immense investments in computing resources" that plaintiffs say xAI has been required to make to compete in the allegedly relevant market. Compl. ¶ 163. The alleged costs of such investments thus uniquely bear on plaintiffs' claims. Plaintiffs stated that they would consider whether to produce documents in response to this request. Please confirm whether plaintiffs will agree to produce documents, or whether plaintiffs are standing on the categorical refusal articulated in their responses.

- RFP No. 2: This request seeks documents and communications concerning safety, integrity, factual accuracy, and content moderation of Grok, including racism, sexism, antisemitism, hate speech, bias, and hostility to a protected class. It also seeks documents referring to "MechaHitler," "white genocide" in South Africa, and citations by Grokipedia to Stormfront, as previously publicly reported. We explained that this request is relevant to investigating the basis of Apple's business justification in selecting ChatGPT as its first integration, and the substantiation of potential concerns regarding xAI's policies, practices, and procedures concerning factual accuracy, content moderation, and safety. This request addresses topics relating to Grokipedia for the first time. We have proposed search terms targeted at this request. We understand that plaintiffs are considering whether to produce documents in response to this request. Please confirm whether plaintiffs will agree to produce documents, subject to an agreement on reasonable search terms as proposed in the attached, or whether plaintiffs are standing on the categorical refusal articulated in their responses.

- RFP No. 3: This request seeks documents sufficient to show the AI Technologies involved in or relied upon to develop or operate Grok. We explained that plaintiffs had put at issue the technologies Grok relies on by alleging that the ChatGPT integration "deprive[d]" plaintiffs and other competitors "of scale and opportunities to improve their technology." Compl. ¶ 92. We confirmed that this request is not intended to seek source code. In response to your question regarding the relationship between this request and RFP No. 12 of our first set of document requests, we explained that RFP No. 12, which called for a custodial search, was targeted at the utility or effectiveness of prompts. This request by contrast seeks documents sufficient to show, at a high level, the general AI technologies that Grok relies on for its training and operation. We understand that plaintiffs will consider whether to produce documents in response to this request. Please confirm whether plaintiffs will agree to produce documents, or whether plaintiffs are standing on the categorical refusal articulated in their responses.

- RFP No. 4: This request seeks documents sufficient to show the funding,

A121

investment, and financing that xAI has received and the respective equity ownership of xAI (*e.g.*, capitalization tables). In our December 16 letter to plaintiffs concerning their first set of document requests, we stated that we would agree to produce a current version of OpenAI's capitalization table, in response to plaintiffs' RFP No. 29. Plaintiffs have put their funding and investment at issue in this case by alleging that the ChatGPT integration "discourages investment in startups," such as xAI. Compl. ¶ 110. We also explained that this request is specifically targeted at investments in xAI, whereas RFP Nos. 23 and 26 of our first set of document requests, which seek a custodial search, are directed at plaintiffs' alleged harm. We understand that plaintiffs will consider whether to produce documents in response to this request. Please confirm whether plaintiffs will agree to produce documents, or whether plaintiffs are standing on the categorical refusal articulated in their responses.

- **RFP No. 5:** This request seeks documents regarding the financial or strategic significance of selling or distributing Grok through certain identified channels, including the Apple, Google, and Samsung app stores. OpenAI previously agreed on December 24 to review documents identified in certain search terms proposed by plaintiffs regarding RFP No. 32 in their first set of document requests. We explained that this request is relevant to plaintiffs' allegations of foreclosure from various distribution channels, as well as the strategic importance of certain channels for collecting information used for model training. We explained that xAI's access to enterprise-level distribution channels is uniquely relevant to plaintiffs' alleged harm. We have proposed search terms targeted at this request. Plaintiffs stated that they would consider whether to produce documents in response to this request. Please confirm whether plaintiffs will agree to produce documents, subject to agreement on reasonable search terms as proposed in the attached, or whether plaintiffs are standing on the categorical refusal articulated in their responses.

- **RFP No. 6:** This request seeks documents and communications regarding remarks delivered by xAI executives at all-hands or company-wide meetings, including recordings of and materials presented in connection with any such remarks. In response to your vagueness objection regarding the definition of an "all hands" or companywide meeting, we explained that this request seeks documents and communications regarding meetings at which executives made remarks to large numbers of employees—not meetings with few attendees. We explained that some companies refer to such meetings as "town halls," or by other terms that may vary across companies, and we asked you to investigate the naming conventions that xAI employs and any methods of recording or documenting such meetings. We also

A122

noted that such "all hands" meetings had been reported on publicly and that reported positive statements by xAI executives about the state of plaintiffs' businesses at "all hands" meetings bear on their allegations regarding their ability to rapidly scale, achieve technological innovation, secure fundraising, and mitigate alleged harms, among other topics. We have proposed search terms targeted at this request; in addition, we ask that plaintiffs investigate the existence of repositories of recordings, materials, notes, and scripts for such meetings. Collection from any such identified repositories would be in addition to a custodial search. Plaintiffs stated that they would consider whether to produce documents in response to this request. Please confirm whether plaintiffs will agree to produce documents, subject to agreement on reasonable search terms as proposed in the attached, or whether plaintiffs are standing on the categorical refusal articulated in their responses.

We ask that you provide a prompt response. In the event that plaintiffs stand on their categorical refusal to produce documents in response to any request, we will consider the parties to be at impasse.

Best,
Stephen

---

**From:** Yung, Eva H. <eyung@axinn.com>
**Sent:** Wednesday, February 4, 2026 8:45 PM
**To:** Schwartz, Kevin S. <KSchwartz@wlrk.com>; Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Meli, Graham W. <GWMeli@WLRK.com>; Levandoski, Stephen D. <SDLevandoski@wlrk.com>; Dowd, Eamon <EDowd@cov.com>; Yung, Eva H. <eyung@axinn.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

**\*\*External Email-Use Caution\*\***

Kevin,

We are available Friday, February 6, from 4:30 PM to 5:30 PM ET. Let us know.

Yours,

Eva

**Eva H. Yung**
Partner
T: 212.728.2235

---

**From:** Schwartz, Kevin S. <KSchwartz@wlrk.com>
**Sent:** Friday, January 30, 2026 11:21 PM
**To:** Yung, Eva H. <eyung@axinn.com>; Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Meli, Graham W. <GWMeli@WLRK.com>; Levandoski, Stephen D. <SDLevandoski@wlrk.com>; Dowd, Eamon <EDowd@cov.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

**Caution: External Email**

---

Eva,

Your Thursday evening email does not provide sufficient detail to assess the basis on which Plaintiffs are seeking to amend the requested search terms. Among other things, you do not indicate which portion of your aggregate hit count is attributable to search terms proposed by each of Apple and OpenAI. We also note that your email does not contain any explanation of your changes to facilitate our review.

Notwithstanding these concerns, please provide your availability early next week to continue our discussion of search terms. We ask that Plaintiffs also be prepared to discuss their responses and objections to our second set of document requests, in which you purport to decline to produce any documents at all. We can be available in the windows of Monday 1:45pm-3pm ET or Tuesday 2-5pm ET — please let us know what works.

Finally, we summarize several points discussed in our Tuesday meet and confer:

- **Code names:** We asked whether Plaintiffs have specifically inquired about the existence of code names related to Grok and other GenAI chatbots, as well as any codenames concerning data sources used to train Grok or other training-related projects. You stated that you have made reasonable good-faith efforts to inquire

**A124**

about such code names with your clients and that based on those inquiries, you are not aware of any such code names. You agreed to revisit the question if any party comes across information suggesting the existence of code names.

- **Custodians:** You confirmed that Plaintiffs will run OpenAI's search terms on the list of Defendants' joint proposed Plaintiff custodians agreed upon by the parties.

- **Ongoing Review:** You confirmed that you are currently (1) running the already-agreed search terms on Plaintiffs' 14 already-agreed custodians; and (2) reviewing identified documents for responsiveness.

- **RFPs:** We discussed OpenAI's proposed search terms for RFP Nos. 13–16, 22-23, 25, and 34. You represented that your counter-proposals on each of the respective search terms were made for burden.

Best,
Kevin

---

**From:** Yung, Eva H. <eyung@axinn.com>
**Sent:** Thursday, January 29, 2026 6:37 PM
**To:** Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Schwartz, Kevin S. <KSchwartz@wlrk.com>; Savitt, William D. <wdsavitt@WLRK.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Yung, Eva H. <eyung@axinn.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

---

**\*\*External Email-Use Caution\*\***

---

Counsel,

As noted in our past meet-and-confers and my email earlier today, we understand that both Apple and OpenAI have proposed edits they would like Plaintiffs to consider making, including as described in Apple's January 27 email. We likewise anticipate further refining the search terms based on our continued document collection. Accordingly, and to advance our meet-and-confers productively toward conclusion, we are only providing the aggregate hit count for both Apple's and OpenAI's search terms as modified by Plaintiffs on January 14 at this time: 966,301.

We are in the process of considering Defendants' proposed changes and are happy to

**A125**

meet and confer further.

Yours,

Eva

**Eva H. Yung**
Partner
T: 212.728.2235

From: Yung, Eva H. <eyung@axinn.com>
Sent: Wednesday, January 14, 2026 10:59 PM
To: Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry <HLiu@cov.com>; Schwartz, Kevin S. <kschwartz@wlrk.com>; Savitt, William D. <wdsavitt@wlrk.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <ajhcheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>
Cc: Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Yung, Eva H. <eyung@axinn.com>
Subject: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

Counsel,

Please see attached Plaintiffs' Counterproposals for Proposed Sources and Search Terms. We are still reviewing our documents and reserve the right to amend the search terms as necessary but are sharing our preliminary proposals. We are also not at this point agreeing to the specific custodians and date ranges applicable to each search term proposed by each Defendant, but would like to meet and confer on them alongside the search terms. Please let us know your availability for next week.

Yours,

Eva

 **Eva H. Yung**
Partner

**Axinn, Veltrop & Harkrider LLP**
45 Rockefeller Plaza
New York, NY 10111
T: 212.728.2235
eyung@axinn.com | axinn.com

***********************************************************************

A126

Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
*********************************************************************


===================================================
Please be advised that this transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, please do not read, copy or re-transmit this communication. If you have received this communication in error, please notify us by e-mail (helpdesk@wlrk.com) or by telephone (call us collect at 212-403-4357) and delete this message and any attachments.

Thank you in advance for your cooperation and assistance.
===================================================
*********************************************************************
**Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.**
*********************************************************************

**A127**

# TAB 3C

| | |
|---|---|
| **From:** | Levandoski, Stephen D. |
| **To:** | Yung, Eva H.; Schwartz, Kevin S.; Weiland, Carol; Tan, Zhi Yang; Liu, Henry (Covington & Burling LLP); Savitt, William D.; Henn, Emily; Willard Zehmer, Lauren; Berman, Sean; Cheung, Andrew J.H.; Riddick, Austin; Scarcella, Gio; Willard Zehmer, Lauren |
| **Cc:** | Reiser, Craig M.; Justus, Bradley; Erickson, Christopher; Judd E. Stone II; Chris Hilton; Eisman, Scott A.; Davis, William; van Duyn, Audrey; Meli, Graham W.; Dowd, Eamon; OpenAI Antitrust WLRK Litigation 07228-0508 |
| **Subject:** | RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914 |
| **Date:** | Friday, February 20, 2026 4:51:54 PM |
| **Attachments:** | image001.png<br>X-XAI-000013466.pdf |

**Eva,**

**We are writing to further inquire about plaintiffs' responses to OpenAI's second set of requests for production, which we discussed two weeks ago on February 6 and which are summarized in the email we sent to you more than a week ago on February 11. During our meet and confer, plaintiffs represented that they would consider whether to produce documents in response to these requests or to stand on their categorical refusals articulated in their responses and objections. Given the case schedule, we need to understand whether the parties are at impasse on these requests.**

**If plaintiffs are not refusing to produce documents, please confirm that they will apply the search terms we proposed on February 11, and provide an aggregate hit report that includes the total number of documents returned by the search terms.**

**We also echo the concern in Apple's email of yesterday about the contents of plaintiffs' productions to date. In plaintiffs' most recent production, for example, we identified some 1,196 instances of automated lunch menus sent by "info@fooda.com," e.g., X-AI-00013466. Such facially nonresponsive documents both impose an inappropriate burden on defendants and call into question plaintiffs' claims to be making meaningful rolling productions in advance of their substantial completion deadline. We expect plaintiffs to make meaningful productions of responsive material.**

**Best,**
**Stephen**

---

**From:** Levandoski, Stephen D.
**Sent:** Wednesday, February 18, 2026 8:49 PM
**To:** Yung, Eva H. <eyung@axinn.com>; Schwartz, Kevin S. <KSchwartz@wlrk.com>; Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>; Scarcella, Gio <GScarcella@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Meli, Graham W. <GWMeli@WLRK.com>; Dowd, Eamon <EDowd@cov.com>; OpenAI Antitrust WLRK Litigation 07228-0508 <OpenAI.Antitrust.Litigation@wlrk.com>

**A129**

**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

Eva,

On our meet and confer on Friday, February 6, you asked us to confirm in writing the search terms for which we have requested hit reports.

As we first put to plaintiffs on December 24, 2025, we reiterate our request that plaintiffs provide a separate aggregate hit report for OpenAI's search terms, which are reattached here for reference. Insofar as plaintiffs have represented that modifications are required to run any of these search strings for solely technical reasons, we ask that plaintiffs describe the modifications to us in writing and implement any such necessary modifications.

We had understood that Plaintiffs had previously run aggregate hit reports reflecting the total number of documents returned by our search terms for the period January 1, 2024 to August 25, 2025. Please provide those hit reports as soon as possible. We would also request that you provide hit reports indicating the total number of documents and applying the relevant default date range that the parties agree upon after further negotiation; we understand that the parties are currently agreed that custodial searches will extend back to January 1, 2023.

As we also requested on December 24, 2025, to the extent that plaintiffs have burden-based objections to any of the terms we have proposed, we likewise request that they run individual search string hit reports for both our proposal and any counterproposal as to those terms.

We understand that plaintiffs have propounded burden-based objections to OpenAI's RFP Nos. 10–11, 13–16, 22–23, 25, and 34. If any other of plaintiffs' January 14 counterproposals were based on burden, we ask that plaintiffs likewise identify those modifications and run hit reports with counts per each such search term in both the December 24 proposals and January 14 counterproposals.

For reference, we are reattaching an abridged version of the spreadsheet you have provided us on January 14, which we understand to reproduce the terms of our December 24 proposal and plaintiffs' counterproposal.

Please advise us when plaintiffs expect to provide hit counts for these terms.

**A130**

Best,

Stephen

---

**From:** Levandoski, Stephen D.
**Sent:** Wednesday, February 11, 2026 7:54 PM
**To:** Yung, Eva H. <eyung@axinn.com>; Schwartz, Kevin S. <KSchwartz@wlrk.com>; Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>; Scarcella, Gio <GScarcella@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Meli, Graham W. <GWMeli@WLRK.com>; Dowd, Eamon <EDowd@cov.com>; OpenAI Antitrust WLRK Litigation 07228-0508 <OpenAI.Antitrust.Litigation@wlrk.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

**Counsel,**

**We write to summarize our meet-and-confer discussion of Friday, February 6, concerning OpenAI's second set of document requests to plaintiffs. In the interests of continuing to make progress, we are attaching proposed search terms for a subset of these requests that require such terms (as opposed to "documents sufficient to show" requests). We ask that plaintiffs provide an aggregate hit report (deduplicated against prior requests), as well as individual hit reports for any term that plaintiffs propose to modify or eliminate on the basis of burden.**

- **RFP No. 1: This request seeks documents sufficient to show the historical and future-contracted costs associated with data centers used by xAI to operate Grok, including historical and future-contracted capital costs from project construction. In our December 16 letter to plaintiffs concerning their first set of document requests, we stated that we would agree to produce documents sufficient to show historical and future-contracted costs associated with data centers used for operating ChatGPT in response to plaintiffs' RFP No. 27. On our call, we explained that treatment of this subject matter should be reciprocal. This request has even greater relevance to plaintiffs' claims, which allege barriers to entry based on the "immense investments in computing resources" that plaintiffs say xAI has been required to make to compete in the allegedly relevant market. Compl. ¶ 163. The alleged costs of such investments thus uniquely bear on plaintiffs' claims. Plaintiffs stated that they would consider whether to produce documents in response to this request. Please confirm whether plaintiffs will agree to produce**

documents, or whether plaintiffs are standing on the categorical refusal articulated in their responses.

- **RFP No. 2:** This request seeks documents and communications concerning safety, integrity, factual accuracy, and content moderation of Grok, including racism, sexism, antisemitism, hate speech, bias, and hostility to a protected class. It also seeks documents referring to "MechaHitler," "white genocide" in South Africa, and citations by Grokipedia to Stormfront, as previously publicly reported. We explained that this request is relevant to investigating the basis of Apple's business justification in selecting ChatGPT as its first integration, and the substantiation of potential concerns regarding xAI's policies, practices, and procedures concerning factual accuracy, content moderation, and safety. This request addresses topics relating to Grokipedia for the first time. We have proposed search terms targeted at this request. We understand that plaintiffs are considering whether to produce documents in response to this request. Please confirm whether plaintiffs will agree to produce documents, subject to an agreement on reasonable search terms as proposed in the attached, or whether plaintiffs are standing on the categorical refusal articulated in their responses.

- **RFP No. 3:** This request seeks documents sufficient to show the AI Technologies involved in or relied upon to develop or operate Grok. We explained that plaintiffs had put at issue the technologies Grok relies on by alleging that the ChatGPT integration "deprive[d]" plaintiffs and other competitors "of scale and opportunities to improve their technology." Compl. ¶ 92. We confirmed that this request is not intended to seek source code. In response to your question regarding the relationship between this request and RFP No. 12 of our first set of document requests, we explained that RFP No. 12, which called for a custodial search, was targeted at the utility or effectiveness of prompts. This request by contrast seeks documents sufficient to show, at a high level, the general AI technologies that Grok relies on for its training and operation. We understand that plaintiffs will consider whether to produce documents in response to this request. Please confirm whether plaintiffs will agree to produce documents, or whether plaintiffs are standing on the categorical refusal articulated in their responses.

- **RFP No. 4:** This request seeks documents sufficient to show the funding, investment, and financing that xAI has received and the respective equity ownership of xAI (*e.g.*, capitalization tables). In our December 16 letter to plaintiffs concerning their first set of document requests, we stated that we would agree to produce a current version of OpenAI's capitalization table, in response to plaintiffs' RFP No. 29. Plaintiffs have put their funding and investment at issue in

this case by alleging that the ChatGPT integration "discourages investment in startups," such as xAI. Compl. ¶ 110. We also explained that this request is specifically targeted at investments in xAI, whereas RFP Nos. 23 and 26 of our first set of document requests, which seek a custodial search, are directed at plaintiffs' alleged harm. We understand that plaintiffs will consider whether to produce documents in response to this request. Please confirm whether plaintiffs will agree to produce documents, or whether plaintiffs are standing on the categorical refusal articulated in their responses.

- **RFP No. 5:** This request seeks documents regarding the financial or strategic significance of selling or distributing Grok through certain identified channels, including the Apple, Google, and Samsung app stores. OpenAI previously agreed on December 24 to review documents identified in certain search terms proposed by plaintiffs regarding RFP No. 32 in their first set of document requests. We explained that this request is relevant to plaintiffs' allegations of foreclosure from various distribution channels, as well as the strategic importance of certain channels for collecting information used for model training. We explained that xAI's access to enterprise-level distribution channels is uniquely relevant to plaintiffs' alleged harm. We have proposed search terms targeted at this request. Plaintiffs stated that they would consider whether to produce documents in response to this request. Please confirm whether plaintiffs will agree to produce documents, subject to agreement on reasonable search terms as proposed in the attached, or whether plaintiffs are standing on the categorical refusal articulated in their responses.

- **RFP No. 6:** This request seeks documents and communications regarding remarks delivered by xAI executives at all-hands or company-wide meetings, including recordings of and materials presented in connection with any such remarks. In response to your vagueness objection regarding the definition of an "all hands" or companywide meeting, we explained that this request seeks documents and communications regarding meetings at which executives made remarks to large numbers of employees—not meetings with few attendees. We explained that some companies refer to such meetings as "town halls," or by other terms that may vary across companies, and we asked you to investigate the naming conventions that xAI employs and any methods of recording or documenting such meetings. We also noted that such "all hands" meetings had been reported on publicly and that reported positive statements by xAI executives about the state of plaintiffs' businesses at "all hands" meetings bear on their allegations regarding their ability to rapidly scale, achieve technological innovation, secure fundraising, and mitigate alleged harms, among other topics. We have proposed search terms targeted at this

A133

request; in addition, we ask that plaintiffs investigate the existence of repositories of recordings, materials, notes, and scripts for such meetings. Collection from any such identified repositories would be in addition to a custodial search. Plaintiffs stated that they would consider whether to produce documents in response to this request. Please confirm whether plaintiffs will agree to produce documents, subject to agreement on reasonable search terms as proposed in the attached, or whether plaintiffs are standing on the categorical refusal articulated in their responses.

We ask that you provide a prompt response. In the event that plaintiffs stand on their categorical refusal to produce documents in response to any request, we will consider the parties to be at impasse.

Best,
Stephen

---

**From:** Yung, Eva H. <eyung@axinn.com>
**Sent:** Wednesday, February 4, 2026 8:45 PM
**To:** Schwartz, Kevin S. <KSchwartz@wlrk.com>; Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Meli, Graham W. <GWMeli@WLRK.com>; Levandoski, Stephen D. <SDLevandoski@wlrk.com>; Dowd, Eamon <EDowd@cov.com>; Yung, Eva H. <eyung@axinn.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

| **External Email-Use Caution** |
| --- |

Kevin,

We are available Friday, February 6, from 4:30 PM to 5:30 PM ET. Let us know.

Yours,

Eva

**Eva H. Yung**
Partner
T: 212.728.2235

---

**From:** Schwartz, Kevin S. <KSchwartz@wlrk.com>
**Sent:** Friday, January 30, 2026 11:21 PM
**To:** Yung, Eva H. <eyung@axinn.com>; Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Meli, Graham W. <GWMeli@WLRK.com>; Levandoski, Stephen D. <SDLevandoski@wlrk.com>; Dowd, Eamon <EDowd@cov.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

**Caution: External Email**

Eva,

Your Thursday evening email does not provide sufficient detail to assess the basis on which Plaintiffs are seeking to amend the requested search terms. Among other things, you do not indicate which portion of your aggregate hit count is attributable to search terms proposed by each of Apple and OpenAI. We also note that your email does not contain any explanation of your changes to facilitate our review.

Notwithstanding these concerns, please provide your availability early next week to continue our discussion of search terms. We ask that Plaintiffs also be prepared to discuss their responses and objections to our second set of document requests, in which you purport to decline to produce any documents at all. We can be available in the windows of Monday 1:45pm-3pm ET or Tuesday 2-5pm ET — please let us know what works.

Finally, we summarize several points discussed in our Tuesday meet and confer:

- Code names: We asked whether Plaintiffs have specifically inquired about the existence of code names related to Grok and other GenAI chatbots, as well as any codenames concerning data sources used to train Grok or other training-related projects. You stated that you have made reasonable good-faith efforts to inquire about such code names with your clients and that based on those inquiries, you are not aware of any such code names. You agreed to revisit the question if any party comes across information suggesting the existence of code names.

- Custodians: You confirmed that Plaintiffs will run OpenAI's search terms on the list of Defendants' joint proposed Plaintiff custodians agreed upon by the parties.

A135

- **Ongoing Review:** You confirmed that you are currently (1) running the already-agreed search terms on Plaintiffs' 14 already-agreed custodians; and (2) reviewing identified documents for responsiveness.

- **RFPs:** We discussed OpenAI's proposed search terms for RFP Nos. 13–16, 22–23, 25, and 34. You represented that your counter-proposals on each of the respective search terms were made for burden.

Best,
Kevin

---

**From:** Yung, Eva H. <eyung@axinn.com>
**Sent:** Thursday, January 29, 2026 6:37 PM
**To:** Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Schwartz, Kevin S. <KSchwartz@wlrk.com>; Savitt, William D. <wdsavitt@WLRK.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Yung, Eva H. <eyung@axinn.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

---

**\*\*External Email-Use Caution\*\***

Counsel,

As noted in our past meet-and-confers and my email earlier today, we understand that both Apple and OpenAI have proposed edits they would like Plaintiffs to consider making, including as described in Apple's January 27 email. We likewise anticipate further refining the search terms based on our continued document collection. Accordingly, and to advance our meet-and-confers productively toward conclusion, we are only providing the aggregate hit count for both Apple's and OpenAI's search terms as modified by Plaintiffs on January 14 at this time: 966,301.

We are in the process of considering Defendants' proposed changes and are happy to meet and confer further.

Yours,

Eva

**Eva H. Yung**
Partner
T: 212.728.2235

---

**From:** Yung, Eva H. <eyung@axinn.com>
**Sent:** Wednesday, January 14, 2026 10:59 PM
**To:** Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry <HLiu@cov.com>; Schwartz, Kevin S. <kschwartz@wlrk.com>; Savitt, William D. <wdsavitt@wlrk.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <ajhcheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Yung, Eva H. <eyung@axinn.com>
**Subject:** X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

Counsel,

Please see attached Plaintiffs' Counterproposals for Proposed Sources and Search Terms. We are still reviewing our documents and reserve the right to amend the search terms as necessary but are sharing our preliminary proposals. We are also not at this point agreeing to the specific custodians and date ranges applicable to each search term proposed by each Defendant, but would like to meet and confer on them alongside the search terms. Please let us know your availability for next week.

Yours,

Eva

 **Eva H. Yung**
Partner

**Axinn, Veltrop & Harkrider LLP**
45 Rockefeller Plaza
New York, NY 10111
T: 212.728.2235
eyung@axinn.com | axinn.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail

**A137**

to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*


===================================================

Please be advised that this transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, please do not read, copy or re-transmit this communication. If you have received this communication in error, please notify us by e-mail (helpdesk@wlrk.com) or by telephone (call us collect at 212-403-4357) and delete this message and any attachments.

Thank you in advance for your cooperation and assistance.
===================================================
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**A138**

# TAB 3D

| From: | Yung, Eva H. |
|---|---|
| To: | Levandoski, Stephen D.; Schwartz, Kevin S.; Weiland, Carol; Tan, Zhi Yang; Liu, Henry (Covington & Burling LLP); Savitt, William D.; Henn, Emily; Willard Zehmer, Lauren; Berman, Sean; Cheung, Andrew J.H.; Riddick, Austin; Scarcella, Gio; Willard Zehmer, Lauren |
| Cc: | Reiser, Craig M.; Justus, Bradley; Erickson, Christopher; Judd E. Stone II; Chris Hilton; Eisman, Scott A.; Davis, William; van Duyn, Audrey; Meli, Graham W.; Dowd, Eamon; OpenAI Antitrust WLRK Litigation 07228-0508; Yung, Eva H. |
| Subject: | RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914 |
| Date: | Friday, February 27, 2026 5:04:25 PM |
| Attachments: | image001.png |

**\*\*External Email-Use Caution\*\***

Stephen,

We write to correct and clarify the representations in your February 11, 18, and 20 emails purporting to summarize Plaintiffs' positions on OpenAI's RFPs and search terms.

**Search Terms and Hit Reports for OpenAI's First Set of RFPs**

For the search terms OpenAI sent for its First Set of RFPs, your February 18 email demands that Plaintiffs provide (1) a separate aggregate hit report for OpenAI's search terms; (2) descriptions of modifications made for "solely technical reasons"; (3) prior aggregate hit reports for OpenAI's search terms for a period that no longer applies and to which Plaintiffs never agreed (January 1, 2024 – August 25, 2025); (4) aggregate hit reports covering the agreed-upon relevant default period for custodial productions (January 1, 2023 – August 25, 2025); and (5) individual search string hit reports for any terms to which Plaintiffs have "burden-based objections" and "any counterproposal to those terms" based on burden.

To begin with, the sheer number of these requests, not to mention the level of detail demanded, is unnecessary, burdensome, and not at all reciprocated by OpenAI. Plaintiffs provided OpenAI with the aggregate number of hits across both OpenAI's and Apple's search terms on January 29. In contrast, OpenAI has not provided Plaintiffs with *any* aggregate hit counts for Plaintiffs' proposed search terms, regardless of whether OpenAI is objecting to any terms based on burden, despite OpenAI agreeing to do so.

Plaintiffs have likewise already described—on multiple meet-and-confers and in the redlines Plaintiffs provided on January 14, as supplemented on January 15—the modifications made purely to be able to run the search terms OpenAI first proposed on December 24. We do not understand what further descriptions you seek beyond what we have already provided.

And as we explained on our February 6 meet-and-confer, prior hit reports we have run would not be helpful to either side, as the search terms run and the timeframe over which they were run have since changed. For that reason, we asked OpenAI and Apple to jointly confirm which search terms to run over what period. We did not receive OpenAI's answer on this point until February 18.

Finally, we disagree with your position that any search string with burden-based objections entitles OpenAI to an individualized hit report comparing the original terms and Plaintiffs' counterproposals. Burden can be both quantitative and qualitative, and hit counts cannot

**A140**

account for the latter. For example, the search terms that OpenAI proposed Plaintiffs run relating to Grok's user privacy policies were so broad that they pulled in all documents and communications mentioning xAI and privacy policy, such as the document you incorrectly identified in your February 20 email as "X-AI-00013466." Plaintiffs' proposed narrowing of search terms therefore has as much to do with what is getting unnecessarily pulled in as the number of hits generated. And to the extent you now claim these are not the documents you seek, your February 20 email shows that you have been able to separate such documents from your review.

Despite all of the above and in the spirit of good-faith negotiation, we are willing to provide the below hit counts using the search terms OpenAI provided on December 24 (with only minor modifications so that the searches would run), and based on the agreed-upon default timeframe of January 1, 2023 – August 25, 2025 for custodial document per my colleague's email on Monday:

- Aggregate number of documents captured by both Defendants' proposed search terms for the First Set of RFPs each served on Plaintiffs: 3,471,456

- Aggregate number of documents captured by just OpenAI's proposed search terms for its First Set of RFPs served on Plaintiffs: 1,148,876

**OpenAI's Second Set of RFPs**

As a general matter and as we raised on our February 6 meet-and-confer, OpenAI's Second Set of RFPs appear duplicative of or subsumed in prior requests to which Plaintiffs have already agreed to produce responsive documents. OpenAI has itself in recent meet-and-confers on Plaintiffs' requests to OpenAI similarly refused to produce documents on the grounds that they are duplicative of documents that OpenAI has already agreed to produce in response to its prior RFPs. Plaintiffs make the same argument here. Because of this, on our meet-and-confer, we asked OpenAI to identify the delta it believed the existing RFPs would not already cover.

Instead of providing the clarification we requested, OpenAI unilaterally decided to send on February 11 proposed search terms for RFPs that the parties had only begun discussing five days earlier. We were further surprised at your declaration in your February 20 email that unless Plaintiffs agree to run search terms for requests that we had not yet agreed to, the parties will have reached an impasse. Your unilateral declaration of impasse under these circumstances is contrary to the obligations laid out in *Dondi*. 121 F.R.D. 284, 287-88 (N.D. Tex. 1988) (observing that opposing counsel owe each other "a duty of courtesy and cooperation"). And, as the Court's decision just today noted, OpenAI has a duty to "conduct discovery professionally, cooperatively, and in good faith" before seeking court action. ECF No. 166 at 10. We hope that OpenAI will comply with its discovery obligations in the manner described by both *Dondi* and the Court's recent order.

We address each specific RFP below.

**RFP No. 1**: We understand that OpenAI has now confirmed that it will produce documents responsive to Plaintiffs' RFP No. 27 related to costs associated with data centers used by OpenAI to operate ChatGPT. Please confirm our understanding that OpenAI is seeking no

**A141**

more from Plaintiffs other than what OpenAI has agreed to produce so that Plaintiffs can properly evaluate this request: i.e., that OpenAI's Second RFP No. 1 only seeks documents sufficient to show historical and future-contracted costs associated with data centers used by xAI to operate consumer-facing Grok.

**RFP No. 2**: None of your emails address the concern we raised on our meet-and-confers that documents responsive to this request bear no relevance to the claims or defenses in this case because the underlying incidents postdated Apple's decision to select ChatGPT as its first integration.

Your February 11 email argues that "this request is relevant to investigating the basis of Apple's business justification in selecting ChatGPT as its first integration, and the substantiation of potential concerns regarding xAI's policies, practices, and procedures concerning factual accuracy, content moderation, and safety." However, as we explained during our meet-and-confer, the MechaHitler, white genocide, and Grokipedia incidents occurred *after* Apple's business decision to select ChatGPT, and therefore cannot be relevant based on your February 11 explanation.

As noted in our February 24 email to Apple, with respect to search terms for the MechaHitler and white genocide incidents, the responsiveness of Plaintiffs' internal documents relating to those incidents would depend on Apple's *knowledge* of such documents. If Apple never knew about such documents, they could not have informed any of Apple's decisions, let alone Apple's decisions with respect to Grok. This is an argument OpenAI has itself made when opposing the addition of Jan Leike as a custodian: that his documents are not relevant (ECF No. 144). Magistrate Judge Ray seemed to endorse this position in denying Plaintiffs' request to add Mr. Leike as a custodian (ECF No. 149) (finding that "Mr. Leike and any documents he emailed or received do not appear to be relevant or proportional to the needs of the case," noting "Mr. Leike's lack of involvement in the Apple AI implementation and the timing of his departure from OpenAI"). And in the February 25 meet-and-confer between Plaintiffs and OpenAI, OpenAI once again confirmed its position that *documents concerning safety, privacy, and content moderation of Grok unconsidered by or unknown to Apple are irrelevant*.

OpenAI has failed to address these concerns, yet demands that we run search terms. We once again invite OpenAI to explain the relevance of Plaintiffs' internal documents unknown to Apple, given OpenAI's clear position on this issue.

**RFP No. 3**: Your February 11 email does not address how this request is not duplicative of prior ones, particularly OpenAI's First Set of Requests for Production No. 12. Request No. 12 seeks "[a]ll Documents and Communications" concerning the utility or effectiveness of prompts "as a data source for the Training of the AI Technologies (including LLMs) underlying Grok." We pointed out in our meet-and-confer that Request No. 12—for which Plaintiffs have already agreed to produce responsive documents—already addresses the "AI Technologies" OpenAI's Second Request No. 3 seeks. Your selective quoting of your own Request No. 12 does not address that clear overlap, or why documents Plaintiffs will be producing in response to Request No. 12 will not also cover this Second Request No. 3. We remain willing to meet and confer further.

**RFP No. 4**: Your February 11 email likewise fails to address how this Second Request No. 4 is not duplicative of prior requests. For example, OpenAI's First Set of Requests Nos. 23,

**A142**

25, and 26 seek documents showing harm to xAI caused by Defendants' illegal conduct—including harm from reduced investment or impaired ability to raise funds. To the extent this Request No. 4 seeks information about xAI's funding, investment, or financing *separate* from harm arising out of Defendants' illegal conduct, we fail to see how this would be relevant to this litigation. We welcome OpenAI's explanation on that front if that is the case.

**RFP No. 5**: Plaintiffs maintain that xAI's access to enterprise-level distribution channels bears no relevance to the claims or defenses in this case. OAI itself has maintained that discovery into enterprise use of ChatGPT is irrelevant. *See* OpenAI's Responses and Objections to Plaintiffs' Second Set of Requests for Production, Request No. 1. Plaintiffs likewise maintain that only consumer-facing Grok and the sources that go into training consumer-facing Grok are relevant to this litigation. We welcome OpenAI's explanation why this and other similar requests for enterprise data and materials would not be reciprocal.

Plaintiffs have already agreed to produce data and materials responsive to the sale of consumer-facing Grok. *See, e.g.*, OpenAI's First Set of Requests for Production, Request No. 21; and Apple's First Set of Requests for Production, Request Nos. 2, 16, 19. Please identify what materials this Second Request No. 5 seeks aside from enterprise-related discovery that those prior requests would not cover.

**RFP No. 6**: Plaintiffs maintain that this request is overly broad because not all company-wide meetings of xAI employees are relevant to the claims or defenses in this litigation. Based on your representations during our February 6 meet-and-confer, we understand that OpenAI seeks publicized company-wide statements about xAI's business performance. Plaintiffs are still assessing the burden of gathering such materials, as well as why a custodial search is warranted if go-gets are available and, as OpenAI pointed out, many of these statements are already publicly reported.

\* \* \*

Finally, we note that Plaintiffs are continuing in good faith to produce responsive documents weekly, totaling more than six thousand documents to date. In contrast, OpenAI has produced only 2,222 documents—roughly one-third of Plaintiffs' production volume—averaging only one production every eleven days. Not only is OpenAI's deliberate sandbagging of its productions until the day of its deadline in violation of its obligations under *Dondi* and as described in the Court's recent order, if this is the extent of OpenAI's production of responsive documents on the day of its substantial-completion deadline, we can only assume that such production is deficient. Given the shockingly small volume of produced documents to date, we request OpenAI provide aggregate hit counts for the agreed-upon, default timeframe of January 1, 2023 – August 25, 2025 for Plaintiffs' search terms.

We look forward to seeing OpenAI's productions and remain open to meeting and conferring further.

Yours,

Eva

**A143**

**Eva H. Yung**
Partner
T: 212.728.2235

---

**From:** Levandoski, Stephen D. <SDLevandoski@wlrk.com>
**Sent:** Friday, February 20, 2026 4:52 PM
**To:** Yung, Eva H. <eyung@axinn.com>; Schwartz, Kevin S. <KSchwartz@wlrk.com>; Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>; Scarcella, Gio <GScarcella@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Meli, Graham W. <GWMeli@WLRK.com>; Dowd, Eamon <EDowd@cov.com>; OpenAI Antitrust WLRK Litigation 07228-0508 <OpenAI.Antitrust.Litigation@wlrk.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

**Caution: External Email**

---

Eva,

We are writing to further inquire about plaintiffs' responses to OpenAI's second set of requests for production, which we discussed two weeks ago on February 6 and which are summarized in the email we sent to you more than a week ago on February 11. During our meet and confer, plaintiffs represented that they would consider whether to produce documents in response to these requests or to stand on their categorical refusals articulated in their responses and objections. Given the case schedule, we need to understand whether the parties are at impasse on these requests.

If plaintiffs are not refusing to produce documents, please confirm that they will apply the search terms we proposed on February 11, and provide an aggregate hit report that includes the total number of documents returned by the search terms.

We also echo the concern in Apple's email of yesterday about the contents of plaintiffs' productions to date. In plaintiffs' most recent production, for example, we identified some 1,196 instances of automated lunch menus sent by "info@fooda.com," e.g., X-AI-00013466. Such facially nonresponsive documents both impose an inappropriate burden on defendants and call into question plaintiffs' claims to be making meaningful rolling productions in advance of their substantial completion deadline. We expect plaintiffs to make meaningful productions of responsive material.

Best,

A144

**Stephen**

---

**From:** Levandoski, Stephen D.
**Sent:** Wednesday, February 18, 2026 8:49 PM
**To:** Yung, Eva H. <eyung@axinn.com>; Schwartz, Kevin S. <KSchwartz@wlrk.com>; Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>; Scarcella, Gio <GScarcella@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Meli, Graham W. <GWMeli@WLRK.com>; Dowd, Eamon <EDowd@cov.com>; OpenAI Antitrust WLRK Litigation 07228-0508 <OpenAI.Antitrust.Litigation@wlrk.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

Eva,

On our meet and confer on Friday, February 6, you asked us to confirm in writing the search terms for which we have requested hit reports.

As we first put to plaintiffs on December 24, 2025, we reiterate our request that plaintiffs provide a separate aggregate hit report for OpenAI's search terms, which are reattached here for reference. Insofar as plaintiffs have represented that modifications are required to run any of these search strings for solely technical reasons, we ask that plaintiffs describe the modifications to us in writing and implement any such necessary modifications.

We had understood that Plaintiffs had previously run aggregate hit reports reflecting the total number of documents returned by our search terms for the period January 1, 2024 to August 25, 2025. Please provide those hit reports as soon as possible. We would also request that you provide hit reports indicating the total number of documents and applying the relevant default date range that the parties agree upon after further negotiation; we understand that the parties are currently agreed that custodial searches will extend back to January 1, 2023.

As we also requested on December 24, 2025, to the extent that plaintiffs have burden-based objections to any of the terms we have proposed, we likewise request that they run individual search string hit reports for both our proposal and any counterproposal as

**A145**

to those terms.

We understand that plaintiffs have propounded burden-based objections to OpenAI's RFP Nos. 10–11, 13–16, 22–23, 25, and 34. If any other of plaintiffs' January 14 counterproposals were based on burden, we ask that plaintiffs likewise identify those modifications and run hit reports with counts per each such search term in both the December 24 proposals and January 14 counterproposals.

For reference, we are reattaching an abridged version of the spreadsheet you have provided us on January 14, which we understand to reproduce the terms of our December 24 proposal and plaintiffs' counterproposal.

Please advise us when plaintiffs expect to provide hit counts for these terms.

Best,
Stephen

**From:** Levandoski, Stephen D.
**Sent:** Wednesday, February 11, 2026 7:54 PM
**To:** Yung, Eva H. <eyung@axinn.com>; Schwartz, Kevin S. <KSchwartz@wlrk.com>; Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>; Scarcella, Gio <GScarcella@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Meli, Graham W. <GWMeli@WLRK.com>; Dowd, Eamon <EDowd@cov.com>; OpenAI Antitrust WLRK Litigation 07228-0508 <OpenAI.Antitrust.Litigation@wlrk.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

**Counsel,**

**We write to summarize our meet-and-confer discussion of Friday, February 6, concerning OpenAI's second set of document requests to plaintiffs. In the interests of continuing to make progress, we are attaching proposed search terms for a subset of these requests that require such terms (as opposed to "documents sufficient to show" requests). We ask that plaintiffs provide an aggregate hit report (deduplicated against prior requests), as well as individual hit reports for any term that plaintiffs propose to modify or eliminate on the basis of burden.**

**A146**

**RFP No. 1:** This request seeks documents sufficient to show the historical and future-contracted costs associated with data centers used by xAI to operate Grok, including historical and future-contracted capital costs from project construction. In our December 16 letter to plaintiffs concerning their first set of document requests, we stated that we would agree to produce documents sufficient to show historical and future-contracted costs associated with data centers used for operating ChatGPT in response to plaintiffs' RFP No. 27. On our call, we explained that treatment of this subject matter should be reciprocal. This request has even greater relevance to plaintiffs' claims, which allege barriers to entry based on the "immense investments in computing resources" that plaintiffs say xAI has been required to make to compete in the allegedly relevant market. Compl. ¶ 163. The alleged costs of such investments thus uniquely bear on plaintiffs' claims. Plaintiffs stated that they would consider whether to produce documents in response to this request. Please confirm whether plaintiffs will agree to produce documents, or whether plaintiffs are standing on the categorical refusal articulated in their responses.

- **RFP No. 2:** This request seeks documents and communications concerning safety, integrity, factual accuracy, and content moderation of Grok, including racism, sexism, antisemitism, hate speech, bias, and hostility to a protected class. It also seeks documents referring to "MechaHitler," "white genocide" in South Africa, and citations by Grokipedia to Stormfront, as previously publicly reported. We explained that this request is relevant to investigating the basis of Apple's business justification in selecting ChatGPT as its first integration, and the substantiation of potential concerns regarding xAI's policies, practices, and procedures concerning factual accuracy, content moderation, and safety. This request addresses topics relating to Grokipedia for the first time. We have proposed search terms targeted at this request. We understand that plaintiffs are considering whether to produce documents in response to this request. Please confirm whether plaintiffs will agree to produce documents, subject to an agreement on reasonable search terms as proposed in the attached, or whether plaintiffs are standing on the categorical refusal articulated in their responses.

- **RFP No. 3:** This request seeks documents sufficient to show the AI Technologies involved in or relied upon to develop or operate Grok. We explained that plaintiffs had put at issue the technologies Grok relies on by alleging that the ChatGPT integration "deprive[d]" plaintiffs and other competitors "of scale and opportunities to improve their technology." Compl. ¶ 92. We confirmed that this request is not intended to seek source code. In response to your question regarding the relationship between this request and RFP No. 12 of our first set of document

requests, we explained that RFP No. 12, which called for a custodial search, was targeted at the utility or effectiveness of prompts. This request by contrast seeks documents sufficient to show, at a high level, the general AI technologies that Grok relies on for its training and operation. We understand that plaintiffs will consider whether to produce documents in response to this request. Please confirm whether plaintiffs will agree to produce documents, or whether plaintiffs are standing on the categorical refusal articulated in their responses.

- RFP No. 4: This request seeks documents sufficient to show the funding, investment, and financing that xAI has received and the respective equity ownership of xAI (*e.g.*, capitalization tables). In our December 16 letter to plaintiffs concerning their first set of document requests, we stated that we would agree to produce a current version of OpenAI's capitalization table, in response to plaintiffs' RFP No. 29. Plaintiffs have put their funding and investment at issue in this case by alleging that the ChatGPT integration "discourages investment in startups," such as xAI. Compl. ¶ 110. We also explained that this request is specifically targeted at investments in xAI, whereas RFP Nos. 23 and 26 of our first set of document requests, which seek a custodial search, are directed at plaintiffs' alleged harm. We understand that plaintiffs will consider whether to produce documents in response to this request. Please confirm whether plaintiffs will agree to produce documents, or whether plaintiffs are standing on the categorical refusal articulated in their responses.

- RFP No. 5: This request seeks documents regarding the financial or strategic significance of selling or distributing Grok through certain identified channels, including the Apple, Google, and Samsung app stores. OpenAI previously agreed on December 24 to review documents identified in certain search terms proposed by plaintiffs regarding RFP No. 32 in their first set of document requests. We explained that this request is relevant to plaintiffs' allegations of foreclosure from various distribution channels, as well as the strategic importance of certain channels for collecting information used for model training. We explained that xAI's access to enterprise-level distribution channels is uniquely relevant to plaintiffs' alleged harm. We have proposed search terms targeted at this request. Plaintiffs stated that they would consider whether to produce documents in response to this request. Please confirm whether plaintiffs will agree to produce documents, subject to agreement on reasonable search terms as proposed in the attached, or whether plaintiffs are standing on the categorical refusal articulated in their responses.

- RFP No. 6: This request seeks documents and communications regarding remarks

A148

**delivered by xAI executives at all-hands or company-wide meetings, including recordings of and materials presented in connection with any such remarks. In response to your vagueness objection regarding the definition of an "all hands" or companywide meeting, we explained that this request seeks documents and communications regarding meetings at which executives made remarks to large numbers of employees—not meetings with few attendees. We explained that some companies refer to such meetings as "town halls," or by other terms that may vary across companies, and we asked you to investigate the naming conventions that xAI employs and any methods of recording or documenting such meetings. We also noted that such "all hands" meetings had been reported on publicly and that reported positive statements by xAI executives about the state of plaintiffs' businesses at "all hands" meetings bear on their allegations regarding their ability to rapidly scale, achieve technological innovation, secure fundraising, and mitigate alleged harms, among other topics. We have proposed search terms targeted at this request; in addition, we ask that plaintiffs investigate the existence of repositories of recordings, materials, notes, and scripts for such meetings. Collection from any such identified repositories would be in addition to a custodial search. Plaintiffs stated that they would consider whether to produce documents in response to this request. Please confirm whether plaintiffs will agree to produce documents, subject to agreement on reasonable search terms as proposed in the attached, or whether plaintiffs are standing on the categorical refusal articulated in their responses.**

**We ask that you provide a prompt response. In the event that plaintiffs stand on their categorical refusal to produce documents in response to any request, we will consider the parties to be at impasse.**

**Best,
Stephen**

---

**From:** Yung, Eva H. <eyung@axinn.com>
**Sent:** Wednesday, February 4, 2026 8:45 PM
**To:** Schwartz, Kevin S. <KSchwartz@wlrk.com>; Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Meli, Graham W. <GWMeli@WLRK.com>; Levandoski, Stephen D. <SDLevandoski@wlrk.com>; Dowd, Eamon <EDowd@cov.com>; Yung, Eva H. <eyung@axinn.com>

**A149**

**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

| **\*\*External Email-Use Caution\*\*** |
| --- |

Kevin,

We are available Friday, February 6, from 4:30 PM to 5:30 PM ET. Let us know.

Yours,

Eva

**Eva H. Yung**
Partner
T: 212.728.2235

**From:** Schwartz, Kevin S. <KSchwartz@wlrk.com>
**Sent:** Friday, January 30, 2026 11:21 PM
**To:** Yung, Eva H. <eyung@axinn.com>; Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Meli, Graham W. <GWMeli@WLRK.com>; Levandoski, Stephen D. <SDLevandoski@wlrk.com>; Dowd, Eamon <EDowd@cov.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

**Caution: External Email**

Eva,

Your Thursday evening email does not provide sufficient detail to assess the basis on which Plaintiffs are seeking to amend the requested search terms. Among other things, you do not indicate which portion of your aggregate hit count is attributable to search terms proposed by each of Apple and OpenAI. We also note that your email does not contain any explanation of your changes to facilitate our review.

Notwithstanding these concerns, please provide your availability early next week to continue our discussion of search terms. We ask that Plaintiffs also be prepared to discuss their responses and objections to our second set of document requests, in which

**A150**

you purport to decline to produce any documents at all.  We can be available in the windows of Monday 1:45pm-3pm ET or Tuesday 2-5pm ET — please let us know what works.

Finally, we summarize several points discussed in our Tuesday meet and confer:

- **Code names:**  We asked whether Plaintiffs have specifically inquired about the existence of code names related to Grok and other GenAI chatbots, as well as any codenames concerning data sources used to train Grok or other training-related projects.  You stated that you have made reasonable good-faith efforts to inquire about such code names with your clients and that based on those inquiries, you are not aware of any such code names.  You agreed to revisit the question if any party comes across information suggesting the existence of code names.

- **Custodians:**  You confirmed that Plaintiffs will run OpenAI's search terms on the list of Defendants' joint proposed Plaintiff custodians agreed upon by the parties.

- **Ongoing Review:**  You confirmed that you are currently (1) running the already-agreed search terms on Plaintiffs' 14 already-agreed custodians; and (2) reviewing identified documents for responsiveness.

- **RFPs:**  We discussed OpenAI's proposed search terms for RFP Nos. 13–16, 22-23, 25, and 34.  You represented that your counter-proposals on each of the respective search terms were made for burden.

Best,
Kevin

---

**From:** Yung, Eva H. <eyung@axinn.com>
**Sent:** Thursday, January 29, 2026 6:37 PM
**To:** Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Schwartz, Kevin S. <KSchwartz@wlrk.com>; Savitt, William D. <wdsavitt@WLRK.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Yung, Eva H. <eyung@axinn.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

---

**\*\*External Email-Use Caution\*\***

A151

Counsel,

As noted in our past meet-and-confers and my email earlier today, we understand that both Apple and OpenAI have proposed edits they would like Plaintiffs to consider making, including as described in Apple's January 27 email. We likewise anticipate further refining the search terms based on our continued document collection. Accordingly, and to advance our meet-and-confers productively toward conclusion, we are only providing the aggregate hit count for both Apple's and OpenAI's search terms as modified by Plaintiffs on January 14 at this time: 966,301.

We are in the process of considering Defendants' proposed changes and are happy to meet and confer further.

Yours,

Eva


**Eva H. Yung**
Partner
T: 212.728.2235

---

**From:** Yung, Eva H. <eyung@axinn.com>
**Sent:** Wednesday, January 14, 2026 10:59 PM
**To:** Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry <HLiu@cov.com>; Schwartz, Kevin S. <kschwartz@wlrk.com>; Savitt, William D. <wdsavitt@wlrk.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <ajhcheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Yung, Eva H. <eyung@axinn.com>
**Subject:** X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

Counsel,

Please see attached Plaintiffs' Counterproposals for Proposed Sources and Search Terms. We are still reviewing our documents and reserve the right to amend the search terms as necessary but are sharing our preliminary proposals. We are also not at this point agreeing to the specific custodians and date ranges applicable to each search term proposed by each Defendant, but would like to meet and confer on them alongside the search terms. Please let us know your availability for next week.

Yours,

Eva

**A152**

 **Eva H. Yung**
Partner

**Axinn, Veltrop & Harkrider LLP**
45 Rockefeller Plaza
New York, NY 10111
T: 212.728.2235
eyung@axinn.com | axinn.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

==================================================

Please be advised that this transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, please do not read, copy or re-transmit this communication. If you have received this communication in error, please notify us by e-mail (helpdesk@wlrk.com) or by telephone (call us collect at 212-403-4357) and delete this message and any attachments.

Thank you in advance for your cooperation and assistance.

==================================================
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by**

**A153**

reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

A154

# TAB 3E

|  |  |
|---|---|
| **From:** | Meli, Graham W. |
| **To:** | "Bradley Justus"; "Caroline P. Boisvert"; "Craig M. Reiser"; "Scott A. Eisman"; "Eva Yung"; "Christopher Erickson"; Welch, Bryant J.; "Judd E. Stone II"; "Christopher D. Hilton"; "Noah Schottenstein" |
| **Cc:** | "Dee J. Kelly, Jr."; "Julia G. Wisenberg"; "Emily Johnson Henn"; Liu, Henry (Covington & Burling LLP); "Lauren Willard Zehmer"; "Carol Szurkowski Weiland"; "Michael K. Hurst"; "Chris W. Patton"; "Andy Kim"; Dowd, Eamon; Scarcella, Gio; OpenAI Antitrust WLRK Litigation 07228-0508 |
| **Subject:** | X Corp., et al. v. Apple Inc., et al., No. 4:25-cv-00914-P (N.D. Tex.) |
| **Date:** | Tuesday, March 3, 2026 3:01:17 PM |
| **Attachments:** | 2026.03.03 Letter from G. Meli to xAI and X.pdf |

Counsel:

Please see the attached letter.

Regards,
Graham

**Graham W. Meli**

Wᴀᴄʜᴛᴇʟʟ, Lɪᴘᴛᴏɴ, Rᴏsᴇɴ & Kᴀᴛᴢ
51 West 52nd Street | New York, NY 10019
+1 (212) 403-1390 (Direct) | +1 (212) 403-2390 (Fax)
GWMeli@WLRK.com | www.wlrk.com

**A156**

## WACHTELL, LIPTON, ROSEN & KATZ

**51 WEST 52ND STREET**
**NEW YORK, N.Y. 10019-6150**

TELEPHONE: (212) 403-1000
FACSIMILE:   (212) 403-2000

MARTIN LIPTON
HERBERT M. WACHTELL
EDWARD D. HERLIHY
DANIEL A. NEFF
SCOTT K. CHARLES
JODI J. SCHWARTZ
ADAM O. EMMERICH
RALPH M. LEVENE
ROBIN PANOVKA
DAVID A. KATZ
ILENE KNABLE GOTTS
ANDREW J. NUSSBAUM
RACHELLE SILVERBERG
STEVEN A. COHEN
DEBORAH L. PAUL
DAVID C. KARP
RICHARD K. KIM
JOSHUA R. CAMMAKER
MARK GORDON
JEANNEMARIE O'BRIEN
STEPHEN R. DiPRIMA

NICHOLAS G. DEMMO
IGOR KIRMAN
JONATHAN M. MOSES
T. EIKO STANGE
WILLIAM SAVITT
GREGORY E. OSTLING
DAVID B. ANDERS
ADAM J. SHAPIRO
NELSON O. FITTS
JOSHUA M. HOLMES
IAN BOCZKO
MATTHEW M. GUEST
DAVID K. LAM
BENJAMIN M. ROTH
JOSHUA A. FELTMAN
ELAINE P. GOLIN
EMIL A. KLEINHAUS
KARESSA L. CAIN
RONALD C. CHEN
BRADLEY R. WILSON

GRAHAM W. MELI
GREGORY E. PESSIN
CARRIE M. REILLY
MARK F. VEBLEN
SARAH K. EDDY
VICTOR GOLDFELD
RANDALL W. JACKSON
BRANDON C. PRICE
KEVIN S. SCHWARTZ
MICHAEL S. BENN
TIJANA J. DVORNIC
JENNA E. LEVINE
RYAN A. McLEOD
ANITHA REDDY
JOHN L. ROBINSON
STEVEN WINTER
JACOB A. KLING
RAAJ S. NARAYAN
MICHAEL J. SCHOBEL
ELINA TETELBAUM

ERICA E. AHO
LAUREN M. KOFKE
RACHEL B. REISBERG
CYNTHIA FERNANDEZ
  LUMERMANN
CHRISTINA C. MA
BENJAMIN S. ARFA
NATHANIEL D. CULLERTON
ERIC M. FEINSTEIN
ADAM L. GOODMAN
STEVEN R. GREEN
MENG LU
AHSAN M. BARKATULLAH
MATTHEW T. CARPENTER
MICHAEL H. CASSEL
HANNAH CLARK
KYLE M. DIAMOND
JUSTIN R. ORR
EMILY E. SAMRA
GEORGE N. TEPE

GEORGE A. KATZ (1965-1989)
JAMES H. FOGELSON (1967-1991)
LEONARD M. ROSEN (1965-2014)

OF COUNSEL

DAVID M. ADLERSTEIN
ANDREW R. BROWNSTEIN
WAYNE M. CARLIN
DAMIAN G. DIDDEN
SELWYN B. GOLDBERG
PETER C. HEIN
DAVID E. KAHAN
JB KELLY*
JOSEPH D. LARSON
RICHARD G. MASON
PHILIP MINDLIN
THEODORE N. MIRVIS
ERIC S. ROBINSON

STEVEN A. ROSENBLUM
JOHN F. SAVARESE
MICHAEL J. SEGAL
WON S. SHIN
DAVID M. SILK
ELLIOTT V. STEIN
LEO E. STRINE, JR.**
STEPHANIE L. TEICHER
PAUL VIZCARRONDO, JR.
JEFFREY M. WINTNER
AMY R. WOLF
MARC WOLINSKY

COUNSEL

SUMITA AHUJA
LOREN BRASWELL
HEATHER D. CASTEEL
FRANCO CASTELLI
ANDREW J.H. CHEUNG
PAMELA EHRENKRANZ
ALINE R. FLODR
KATHRYN GETTLES-ATWA
LEDINA GOCAJ
ADAM M. GOGOLAK
ANGELA K. HERRING
MICHAEL W. HOLT

DONGHWA KIM
MARK A. KOENIG
J. AUSTIN LYONS
ALEXANDER S. MACKLER**
STEPHANIE A. MARSHAK
ALICIA C. McCARTHY
JOSEPH S. PAYNE
NICOLE D. SHARER
NEIL M. SNYDER
JEFFREY A. WATIKER
DAVID P.T. WEBB

*ADMITTED IN NORTH CAROLINA AND THE DISTRICT OF COLUMBIA
**ADMITTED IN DELAWARE

Direct Dial: (212) 403-1390
Direct Fax: (212) 403-2390
E-Mail: GWMeli@wlrk.com

March 3, 2026

Via E-mail (eyung@axinn.com)

Eva Yung, Esq.
Axinn, Veltrop & Harkrider LLP
45 Rockefeller Plaza (630 5th Avenue)
New York, NY 10111

Re:    *X Corp., et al.* v. *Apple Inc., et al.*, No. 4:25-cv-00914-P (N.D. Tex.)

Dear Eva:

We write regarding the status of plaintiffs' document productions. With plaintiffs' substantial completion deadline quickly approaching, and despite plaintiffs' commitment to make rolling productions, OpenAI has received a production that is radically incomplete. To identify just a few examples, the gaps in plaintiffs' production include:

1.    No text messages, Signal messages, or XChat messages of any kind, despite public reporting that Elon Musk frequently participates in chats with hundreds of employees about topics that include the performance of Grok.

**A157**

WACHTELL, LIPTON, ROSEN & KATZ

Eva Yung, Esq.
Page 2

2. Only one internal document about ChatGPT's integration with Siri and no internal documents suggesting that anyone at xAI thought the relationship between Apple and OpenAI for Siri was exclusive.

3. ████████████████████████████████████████
████████████████████████

4. No documents, communications, or notes reflecting any outreach by xAI to Apple seeking a Grok integration with Siri ████████████████ .

5. No documents about xAI's alleged need for prompts from Siri or any other source to "scale" Grok.

6. No documents about Grok's use of data from any other integrations, including with X, Tesla, SpaceX, or the U.S. government.

7. No communications with investors about Grok or xAI, nor any materials, notes, or decks from any investor calls or meetings.

8. No documents sent by Elon Musk or Jared Birchall on any subject.

9. A total of four documents from the custodial files of Tony Wu and Igor Babuschkin.

10. No annual or quarterly financial statements.

Meanwhile, fewer than 400 of the top-level emails in plaintiffs' production originated from an x.com or x.ai email address, with only 228 from before the complaint date. An even smaller number of emails — 64 — were sent from an x.ai or x.com email address to another such address before the complaint. Plaintiffs have also produced only 20 Slack records.

Instead of producing substantive, responsive documents, plaintiffs appear to be padding their production to mask its deficiencies. More than 52% of plaintiffs' total production consists of automated emails received from Apple's no-reply email address that make no mention of Siri. When added to the 1,200 lunch menus we have previously identified, these documents comprise 71% of plaintiffs' total production to date. And more than half of the documents in plaintiffs' productions postdate the August 25, 2025 complaint, despite the parties' agreement to a default cutoff at that date. We can only conclude that plaintiffs are trying to inflate their production statistics by including documents that are either irrelevant, outside the agreed date range, or both.

And the few substantive documents in plaintiffs' production only highlight how much more plaintiffs need to produce. ████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████

**A158**

WACHTELL, LIPTON, ROSEN & KATZ

Eva Yung, Esq.
Page 3



> We are continuing to review plaintiffs' productions and expect that we will identify additional categories of information that remain incomplete. Among other things, we are assessing whether Grok prompt data produced by plaintiffs is missing necessary information.

> As we emphasized more than a week ago, we expect plaintiffs to make meaningful rolling productions of responsive material, including and especially in the period before August 25, 2025 that purportedly forms their basis to assert claims against OpenAI. Plaintiffs must remedy these deficiencies promptly. We are available to meet and confer on Wednesday from 1 to 4 p.m. ET about these issues as well as plaintiffs' ongoing failure to commit to any production in response to OpenAI's second set of RFPs per your latest email.

Sincerely,

Graham W. Meli

**A159**

# TAB 3F

| From: | Levandoski, Stephen D. |
|---|---|
| Sent: | Monday, March 9, 2026 11:52 AM |
| To: | Yung, Eva H.; Schwartz, Kevin S.; Weiland, Carol; Tan, Zhi Yang; Liu, Henry (Covington & Burling LLP); Savitt, William D.; Henn, Emily; Willard Zehmer, Lauren; Berman, Sean; Cheung, Andrew J.H.; Riddick, Austin; Scarcella, Gio; Willard Zehmer, Lauren |
| Cc: | Reiser, Craig M.; Justus, Bradley; Erickson, Christopher; Judd E. Stone II; Chris Hilton; Eisman, Scott A.; Davis, William; van Duyn, Audrey; Meli, Graham W.; Dowd, Eamon; OpenAI Antitrust WLRK Litigation 07228-0508 |
| Subject: | RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914 |

Eva,

We write to memorialize and follow up on our meet-and-confer discussion on Wednesday, March 4 concerning OpenAI's second and third sets of requests for production to plaintiffs. As you know, we did not complete our discussion. We are available on Tuesday at 5:00 p.m. ET or Wednesday between 12:00 and 2:00 p.m. ET to meet and confer on the remaining RFPs, as well as OpenAI's second sets of requests for admission and interrogatories. Please confirm your availability.

**OpenAI's Second Set of RFPs:**

- We noted at the outset that this was our second meet and confer about OpenAI's second set of requests for production, which were served on December 26, 2025. On our first meet and confer, now more than a month ago, you committed to considering our positions and timely informing us whether plaintiffs would stand on their objections, or if they would agree to produce responsive documents. On Wednesday, despite the month-long consideration, plaintiffs still refused to commit to production in response to any request.

- **RFP 1**: We explained that the parties are not similarly situated with respect to this request for information about data-center costs given plaintiffs' allegations about barriers to entry and resource scarcity and their purported effects on plaintiffs. ████████████████████████ ████████████████████████████████████████████████████ ████████████████████████ We asked you again to confirm promptly whether plaintiffs are refusing to produce documents responsive to this request.

- **RFP 2**: We explained that plaintiffs allege an ongoing inability to integrate Grok into iOS, which puts at issue documents and communications about safety in the period between June 2024 and the complaint date. Such documents and communications bear on Apple's ongoing decision-making about whether, as plaintiffs contend, Grok is a viable integration partner. We further note that these documents may bear on other issues in the case, including concerning the reasons for Grok's position in the market and the cause of any alleged competitive harm. Please confirm whether you will run any of the search terms that we proposed on February 11 and produce responsive documents, or instead whether you are refusing to produce documents responsive to this request.

- **RFP 3**: You indicated that plaintiffs consider this request concerning AI Technologies to be duplicative of OpenAI's First RFP No. 12, in response to which plaintiffs agreed to produce documents. We stated

1

**A161**

that we disagree that the requests are duplicative, but that we would review the documents plaintiffs produce in response to RFP No. 12, while reserving our rights.

- **RFP 4**: We addressed plaintiffs' suggestion that this request duplicates previous requests relating to plaintiffs' allegations of harm. We explained that we are entitled to discovery into xAI's funding, investment, and financing in order to test plaintiffs' claims of harm, including discovery into documents and communications that tend to disprove plaintiffs' damages claims. We also noted that we have proposed additional search terms specifically targeted to these subjects and incremental to earlier requests. Plaintiffs have alleged that they were deprived of investment and suffered harm to future profits and the value of their business. Thus, plaintiffs cannot both allege these harms and deprive OpenAI of full discovery into their financial condition and investment prospects. Please confirm whether you are refusing to produce documents responsive to this request.

- **RFP 5**: We addressed your email response, in which you characterized this request as limited to enterprise distribution channels. That reading is incorrect: this request encompasses consumer channels, and plaintiffs' integrations (including with Tesla) include consumer-facing applications. This request is focused on distribution, not training, but we noted that plaintiffs have not made an affirmative representation that xAI does not use any data from its enterprise integrations to train Grok. ██████████████████████████████████████████████████████ lease provide a written statement of plaintiffs' position, including whether plaintiffs classify the Tesla integration as a consumer application, and confirm that plaintiffs will run the search terms that we proposed on February 11. Otherwise, please confirm whether plaintiffs are refusing to produce documents responsive to this request.

- **RFP 6**: We noted that plaintiffs' recent productions contained at least one deck that appeared to be associated with an all-hands meeting, and we asked you about the status of your search for other such materials. We explained that any claimed burden associated with this request may be reduced if plaintiffs locate centrally located repositories of such materials, including any recordings. You confirmed that your investigation is ongoing, and we requested a prompt update on your findings; otherwise, please confirm whether you will run the search terms that we proposed on February 11.

**OpenAI's Third Set of RFPs:**

- **OpenAI's further requests are not duplicative.** Plaintiffs have asserted that various OpenAI requests are duplicative of earlier requests by OpenAI or Apple. We again explained that these requests target issues, documents, and subject matter distinct from those in earlier requests and therefore may require incremental, additional searches to ensure that these categories are appropriately captured. We understand that plaintiffs are not categorically refusing to produce documents responsive to these requests. But we must have clarity about what documents plaintiffs are producing in these categories.

- **RFP 1**: This request seeks documents and communications concerning any historical, present, or future valuations of X, xAI, or Grok. We explained that this request is relevant to plaintiffs' allegations of damages. We asked whether plaintiffs would produce a full set of valuations. We understand that plaintiffs will not withhold valuations responsive to this request. We need to come to an agreement, however, as to how plaintiffs will identify such responsive valuations. For example, we expect that repositories of valuation documents exist in connection with corporate and investment transactions undertaken by plaintiffs, including the X-xAI merger, the SpaceX-xAI merger, and funding rounds. Please confirm that plaintiffs will collect and produce such relevant documents. We can also propose additional search terms to ensure that such documents are captured in custodial searches.

2

**A162**

- **RFP 2**:  This request seeks documents and communications concerning any actual or projected profits, revenues, costs, expenses, capital expenditures, asset accounting impairments, liabilities, and losses of or attributable to X, xAI, or Grok.  You represented that the productions plaintiffs have agreed to make in response to earlier RFPs contain all documents and communications responsive to this request.  We accordingly understand this to mean that you will produce documents responsive to this request.  Please confirm our understanding.  Again, we also need to understand the manner in which such documents will be identified for production to ensure that OpenAI receives a comprehensive set.

- **RFPs 3**:  This request seeks documents and communications that X or xAI has provided to investors, lenders, or regulatory bodies concerning investments, loans, or other funding.  We explained that this request is relevant to responding to plaintiffs' damages claims but is also relevant to liability, including to the extent that plaintiffs' communications with investors bear on their allegation of substantial foreclosure from the market (or lack thereof).  You agreed to consider this request and our explanation.  Please promptly confirm whether you will produce or are refusing to produce documents responsive to this request.  We can propose search terms, but also expect that you can identify responsive documents by searching communications with domains or addresses of known investors.

- **RFP 4**:  This request seeks documents and communications concerning capital raises by X or xAI.  You agreed to take this request back for consideration with your client in light of our discussion.  Please promptly confirm that you will produce documents responsive to this request and the manner in which you propose to identify responsive documents.  We can propose search terms if needed.

- **RFP 5**:  This request seeks documents and communications concerning resource sharing between any affiliated company and X or xAI.  We explained that resource sharing as defined in the request is relevant to issues of both alleged substantial foreclosure and damages.  For example, to the extent that plaintiffs benefit from the resources of or synergies with their affiliated businesses, it makes it less likely that they are foreclosed from competing in the alleged market.  Please confirm that plaintiffs will produce documents responsive to this request and the manner in which you propose to identify responsive documents.

- **RFP 6**:  This request seeks documents sufficient to show X and xAI's hiring plans, actual hiring, and monthly headcount of employees by business function.  We explained that this request is relevant to plaintiffs' allegations about barriers to entry, which characterize skilled labor as a scarce resource.  You have not identified any reason that it would be more burdensome to search for or collect headcount information about all employees rather than a subset, given that such information is commonly stored together in central HR databases.  Nevertheless, in the spirit of compromise, we are willing to limit our request to "AI scientists and engineers," as understood in paragraph 163 of the Complaint.  Please promptly confirm that you will produce documents responsive to this request as modified.

- **RFP 8**:  This request seeks documents and communications concerning the performance of Grok.  We explained that this request is relevant to plaintiffs' allegations regarding Grok's ability to scale, and that this request includes performance metrics (*e.g.*, Task Success) not identified in earlier requests.  Please promptly confirm that you will produce documents responsive to this request and the manner in which you propose to identify responsive documents.  We can propose search terms for this request if needed.

We ask that you provide a prompt response to the items above.  In the event that plaintiffs stand on their categorical refusal to produce documents in response to any request, we will consider the parties to be at impasse.

Finally, we reiterate our request that plaintiffs disclose the number of documents they are reviewing under their search-term counterproposal to OpenAI's proposed search terms for its first set of document

3

**A163**

requests. This is a figure that plaintiffs necessarily already have and must provide promptly for defendants to assess the adequacy of their counterproposal and the review that they have undertaken. And we again ask that plaintiffs provide hit reports with counts for each search term in which plaintiffs have proposed burden-based modifications. Your email acknowledges that plaintiffs' asserted burden is in part "quantitative," and we require these individual hit counts to assess the extent of plaintiffs' claimed "qualitative" burdens relative to the agreed review population.

Sincerely,
Stephen

---

**From:** Yung, Eva H. <eyung@axinn.com>
**Sent:** Friday, February 27, 2026 5:04 PM
**To:** Levandoski, Stephen D. <SDLevandoski@wlrk.com>; Schwartz, Kevin S. <KSchwartz@wlrk.com>; Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>; Scarcella, Gio <GScarcella@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Meli, Graham W. <GWMeli@WLRK.com>; Dowd, Eamon <EDowd@cov.com>; OpenAI Antitrust WLRK Litigation 07228-0508 <OpenAI.Antitrust.Litigation@wlrk.com>; Yung, Eva H. <eyung@axinn.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

---

**\*\*External Email-Use Caution\*\***

Stephen,

We write to correct and clarify the representations in your February 11, 18, and 20 emails purporting to summarize Plaintiffs' positions on OpenAI's RFPs and search terms.

**Search Terms and Hit Reports for OpenAI's First Set of RFPs**

For the search terms OpenAI sent for its First Set of RFPs, your February 18 email demands that Plaintiffs provide (1) a separate aggregate hit report for OpenAI's search terms; (2) descriptions of modifications made for "solely technical reasons"; (3) prior aggregate hit reports for OpenAI's search terms for a period that no longer applies and to which Plaintiffs never agreed (January 1, 2024 – August 25, 2025); (4) aggregate hit reports covering the agreed-upon relevant default period for custodial productions (January 1, 2023 – August 25, 2025); and (5) individual search string hit reports for any terms to which Plaintiffs have "burden-based objections" and "any counterproposal to those terms" based on burden.

To begin with, the sheer number of these requests, not to mention the level of detail demanded, is unnecessary, burdensome, and not at all reciprocated by OpenAI. Plaintiffs provided OpenAI with the aggregate number of hits across both OpenAI's and Apple's search terms on January 29. In contrast, OpenAI has not provided Plaintiffs with *any* aggregate hit counts for Plaintiffs' proposed search terms, regardless of whether OpenAI is objecting to any terms based on burden, despite OpenAI agreeing to do so.

Plaintiffs have likewise already described—on multiple meet-and-confers and in the redlines Plaintiffs provided on January 14, as supplemented on January 15—the modifications made purely to be able to run the search terms OpenAI first proposed on December 24. We do not understand what further descriptions you seek beyond what we have already provided.

4

A164

And as we explained on our February 6 meet-and-confer, prior hit reports we have run would not be helpful to either side, as the search terms run and the timeframe over which they were run have since changed. For that reason, we asked OpenAI and Apple to jointly confirm which search terms to run over what period. We did not receive OpenAI's answer on this point until February 18.

Finally, we disagree with your position that any search string with burden-based objections entitles OpenAI to an individualized hit report comparing the original terms and Plaintiffs' counterproposals. Burden can be both quantitative and qualitative, and hit counts cannot account for the latter. For example, the search terms that OpenAI proposed Plaintiffs run relating to Grok's user privacy policies were so broad that they pulled in all documents and communications mentioning xAI and privacy policy, such as the document you incorrectly identified in your February 20 email as "X-AI-00013466." Plaintiffs' proposed narrowing of search terms therefore has as much to do with what is getting unnecessarily pulled in as the number of hits generated. And to the extent you now claim these are not the documents you seek, your February 20 email shows that you have been able to separate such documents from your review.

Despite all of the above and in the spirit of good-faith negotiation, we are willing to provide the below hit counts using the search terms OpenAI provided on December 24 (with only minor modifications so that the searches would run), and based on the agreed-upon default timeframe of January 1, 2023 – August 25, 2025 for custodial document per my colleague's email on Monday:

- Aggregate number of documents captured by both Defendants' proposed search terms for the First Set of RFPs each served on Plaintiffs: 3,471,456

- Aggregate number of documents captured by just OpenAI's proposed search terms for its First Set of RFPs served on Plaintiffs: 1,148,876

**OpenAI's Second Set of RFPs**

As a general matter and as we raised on our February 6 meet-and-confer, OpenAI's Second Set of RFPs appear duplicative of or subsumed in prior requests to which Plaintiffs have already agreed to produce responsive documents. OpenAI has itself in recent meet-and-confers on Plaintiffs' requests to OpenAI similarly refused to produce documents on the grounds that they are duplicative of documents that OpenAI has already agreed to produce in response to its prior RFPs. Plaintiffs make the same argument here. Because of this, on our meet-and-confer, we asked OpenAI to identify the delta it believed the existing RFPs would not already cover.

Instead of providing the clarification we requested, OpenAI unilaterally decided to send on February 11 proposed search terms for RFPs that the parties had only begun discussing five days earlier. We were further surprised at your declaration in your February 20 email that unless Plaintiffs agree to run search terms for requests that we had not yet agreed to, the parties will have reached an impasse. Your unilateral declaration of impasse under these circumstances is contrary to the obligations laid out in *Dondi*. 121 F.R.D. 284, 287-88 (N.D. Tex. 1988) (observing that opposing counsel owe each other "a duty of courtesy and cooperation"). And, as the Court's decision just today noted, OpenAI has a duty to "conduct discovery professionally, cooperatively, and in good faith" before seeking court action. ECF No. 166 at 10. We hope that OpenAI will comply with its discovery obligations in the manner described by both *Dondi* and the Court's recent order.

We address each specific RFP below.

**RFP No. 1**: We understand that OpenAI has now confirmed that it will produce documents responsive to Plaintiffs' RFP No. 27 related to costs associated with data centers used by OpenAI to operate ChatGPT. Please confirm our understanding that OpenAI is seeking no more from Plaintiffs other than what OpenAI has agreed to produce so that Plaintiffs can properly evaluate this request: i.e., that OpenAI's Second RFP No. 1 only seeks documents sufficient to show historical and future-contracted costs associated with data centers used by xAI to operate consumer-facing Grok.

**A165**

**RFP No. 2**: None of your emails address the concern we raised on our meet-and-confers that documents responsive to this request bear no relevance to the claims or defenses in this case because the underlying incidents postdated Apple's decision to select ChatGPT as its first integration.

Your February 11 email argues that "this request is relevant to investigating the basis of Apple's business justification in selecting ChatGPT as its first integration, and the substantiation of potential concerns regarding xAI's policies, practices, and procedures concerning factual accuracy, content moderation, and safety." However, as we explained during our meet-and-confer, the MechaHitler, white genocide, and Grokipedia incidents occurred *after* Apple's business decision to select ChatGPT, and therefore cannot be relevant based on your February 11 explanation.

As noted in our February 24 email to Apple, with respect to search terms for the MechaHitler and white genocide incidents, the responsiveness of Plaintiffs' internal documents relating to those incidents would depend on Apple's *knowledge* of such documents. If Apple never knew about such documents, they could not have informed any of Apple's decisions, let alone Apple's decisions with respect to Grok. This is an argument OpenAI has itself made when opposing the addition of Jan Leike as a custodian: that his documents are not relevant (ECF No. 144). Magistrate Judge Ray seemed to endorse this position in denying Plaintiffs' request to add Mr. Leike as a custodian (ECF No. 149) (finding that "Mr. Leike and any documents he emailed or received do not appear to be relevant or proportional to the needs of the case," noting "Mr. Leike's lack of involvement in the Apple AI implementation and the timing of his departure from OpenAI"). And in the February 25 meet-and-confer between Plaintiffs and OpenAI, OpenAI once again confirmed its position that *documents concerning safety, privacy, and content moderation of Grok unconsidered by or unknown to Apple are irrelevant*.

OpenAI has failed to address these concerns, yet demands that we run search terms. We once again invite OpenAI to explain the relevance of Plaintiffs' internal documents unknown to Apple, given OpenAI's clear position on this issue.

**RFP No. 3**: Your February 11 email does not address how this request is not duplicative of prior ones, particularly OpenAI's First Set of Requests for Production No. 12. Request No. 12 seeks "[a]ll Documents and Communications" concerning the utility or effectiveness of prompts "as a data source for the Training of the AI Technologies (including LLMs) underlying Grok." We pointed out in our meet-and-confer that Request No. 12—for which Plaintiffs have already agreed to produce responsive documents—already addresses the "AI Technologies" OpenAI's Second Request No. 3 seeks. Your selective quoting of your own Request No. 12 does not address that clear overlap, or why documents Plaintiffs will be producing in response to Request No. 12 will not also cover this Second Request No. 3. We remain willing to meet and confer further.

**RFP No. 4**: Your February 11 email likewise fails to address how this Second Request No. 4 is not duplicative of prior requests. For example, OpenAI's First Set of Requests Nos. 23, 25, and 26 seek documents showing harm to xAI caused by Defendants' illegal conduct—including harm from reduced investment or impaired ability to raise funds. To the extent this Request No. 4 seeks information about xAI's funding, investment, or financing *separate* from harm arising out of Defendants' illegal conduct, we fail to see how this would be relevant to this litigation. We welcome OpenAI's explanation on that front if that is the case.

**RFP No. 5**: Plaintiffs maintain that xAI's access to enterprise-level distribution channels bears no relevance to the claims or defenses in this case. OAI itself has maintained that discovery into enterprise use of ChatGPT is irrelevant. *See* OpenAI's Responses and Objections to Plaintiffs' Second Set of Requests for Production, Request No. 1. Plaintiffs likewise maintain that only consumer-facing Grok and the sources that go into training consumer-facing Grok are relevant to this litigation. We welcome OpenAI's explanation why this and other similar requests for enterprise data and materials would not be reciprocal.

Plaintiffs have already agreed to produce data and materials responsive to the sale of consumer-facing Grok. *See, e.g.*, OpenAI's First Set of Requests for Production, Request No. 21; and Apple's First Set of Requests for Production, Request Nos. 2, 16, 19. Please identify what materials this Second Request No. 5 seeks aside from enterprise-related discovery that those prior requests would not cover.

**A166**

**RFP No. 6**: Plaintiffs maintain that this request is overly broad because not all company-wide meetings of xAI employees are relevant to the claims or defenses in this litigation. Based on your representations during our February 6 meet-and-confer, we understand that OpenAI seeks publicized company-wide statements about xAI's business performance. Plaintiffs are still assessing the burden of gathering such materials, as well as why a custodial search is warranted if go-gets are available and, as OpenAI pointed out, many of these statements are already publicly reported.

* * *

Finally, we note that Plaintiffs are continuing in good faith to produce responsive documents weekly, totaling more than six thousand documents to date. In contrast, OpenAI has produced only 2,222 documents—roughly one-third of Plaintiffs' production volume—averaging only one production every eleven days. Not only is OpenAI's deliberate sandbagging of its productions until the day of its deadline in violation of its obligations under *Dondi* and as described in the Court's recent order, if this is the extent of OpenAI's production of responsive documents on the day of its substantial-completion deadline, we can only assume that such production is deficient. Given the shockingly small volume of produced documents to date, we request OpenAI provide aggregate hit counts for the agreed-upon, default timeframe of January 1, 2023 – August 25, 2025 for Plaintiffs' search terms.

We look forward to seeing OpenAI's productions and remain open to meeting and conferring further.

Yours,

Eva



**Eva H. Yung**
Partner
T: 212.728.2235

---

**From:** Levandoski, Stephen D. <SDLevandoski@wlrk.com>
**Sent:** Friday, February 20, 2026 4:52 PM
**To:** Yung, Eva H. <eyung@axinn.com>; Schwartz, Kevin S. <KSchwartz@wlrk.com>; Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>; Scarcella, Gio <GScarcella@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Meli, Graham W. <GWMeli@WLRK.com>; Dowd, Eamon <EDowd@cov.com>; OpenAI Antitrust WLRK Litigation 07228-0508 <OpenAI.Antitrust.Litigation@wlrk.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

**<span style="color:red">Caution: External Email</span>**

---

Eva,

We are writing to further inquire about plaintiffs' responses to OpenAI's second set of requests for production, which we discussed two weeks ago on February 6 and which are summarized in the email we sent to you more

7

**A167**

than a week ago on February 11. During our meet and confer, plaintiffs represented that they would consider whether to produce documents in response to these requests or to stand on their categorical refusals articulated in their responses and objections. Given the case schedule, we need to understand whether the parties are at impasse on these requests.

If plaintiffs are not refusing to produce documents, please confirm that they will apply the search terms we proposed on February 11, and provide an aggregate hit report that includes the total number of documents returned by the search terms.

We also echo the concern in Apple's email of yesterday about the contents of plaintiffs' productions to date. In plaintiffs' most recent production, for example, we identified some 1,196 instances of automated lunch menus sent by "info@fooda.com," e.g., X-AI-00013466. Such facially nonresponsive documents both impose an inappropriate burden on defendants and call into question plaintiffs' claims to be making meaningful rolling productions in advance of their substantial completion deadline. We expect plaintiffs to make meaningful productions of responsive material.

Best,
Stephen

---

**From:** Levandoski, Stephen D.
**Sent:** Wednesday, February 18, 2026 8:49 PM
**To:** Yung, Eva H. <eyung@axinn.com>; Schwartz, Kevin S. <KSchwartz@wlrk.com>; Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>; Scarcella, Gio <GScarcella@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Meli, Graham W. <GWMeli@WLRK.com>; Dowd, Eamon <EDowd@cov.com>; OpenAI Antitrust WLRK Litigation 07228-0508 <OpenAI.Antitrust.Litigation@wlrk.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

Eva,

On our meet and confer on Friday, February 6, you asked us to confirm in writing the search terms for which we have requested hit reports.

As we first put to plaintiffs on December 24, 2025, we reiterate our request that plaintiffs provide a separate aggregate hit report for OpenAI's search terms, which are reattached here for reference. Insofar as plaintiffs have represented that modifications are required to run any of these search strings for solely technical reasons, we ask that plaintiffs describe the modifications to us in writing and implement any such necessary modifications.

We had understood that Plaintiffs had previously run aggregate hit reports reflecting the total number of documents returned by our search terms for the period January 1, 2024 to August 25, 2025. Please provide those hit reports as soon as possible. We would also request that you provide hit reports indicating the total number of documents and applying the relevant default date range that the parties agree upon after further negotiation; we understand that the parties are currently agreed that custodial searches will extend back to January 1, 2023.

**A168**

As we also requested on December 24, 2025, to the extent that plaintiffs have burden-based objections to any of the terms we have proposed, we likewise request that they run individual search string hit reports for both our proposal and any counterproposal as to those terms.

We understand that plaintiffs have propounded burden-based objections to OpenAI's RFP Nos. 10–11, 13–16, 22–23, 25, and 34. If any other of plaintiffs' January 14 counterproposals were based on burden, we ask that plaintiffs likewise identify those modifications and run hit reports with counts per each such search term in both the December 24 proposals and January 14 counterproposals.

For reference, we are reattaching an abridged version of the spreadsheet you have provided us on January 14, which we understand to reproduce the terms of our December 24 proposal and plaintiffs' counterproposal.

Please advise us when plaintiffs expect to provide hit counts for these terms.

Best,
Stephen

---

**From:** Levandoski, Stephen D.
**Sent:** Wednesday, February 11, 2026 7:54 PM
**To:** Yung, Eva H. <eyung@axinn.com>; Schwartz, Kevin S. <KSchwartz@wlrk.com>; Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>; Scarcella, Gio <GScarcella@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Meli, Graham W. <GWMeli@WLRK.com>; Dowd, Eamon <EDowd@cov.com>; OpenAI Antitrust WLRK Litigation 07228-0508 <OpenAI.Antitrust.Litigation@wlrk.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

Counsel,

We write to summarize our meet-and-confer discussion of Friday, February 6, concerning OpenAI's second set of document requests to plaintiffs. In the interests of continuing to make progress, we are attaching proposed search terms for a subset of these requests that require such terms (as opposed to "documents sufficient to show" requests). We ask that plaintiffs provide an aggregate hit report (deduplicated against prior requests), as well as individual hit reports for any term that plaintiffs propose to modify or eliminate on the basis of burden.

- **RFP No. 1**: This request seeks documents sufficient to show the historical and future-contracted costs associated with data centers used by xAI to operate Grok, including historical and future-contracted capital costs from project construction. In our December 16 letter to plaintiffs concerning their first set of document requests, we stated that we would agree to produce documents sufficient to show historical and future-contracted costs associated with data centers used for operating ChatGPT in response to plaintiffs' RFP No. 27. On our call, we explained that treatment of this subject matter should be reciprocal. This request has even greater relevance to plaintiffs' claims, which allege barriers to entry based on the "immense investments in computing resources" that plaintiffs say xAI has been required to make to compete in the allegedly relevant market. Compl. ¶ 163. The alleged costs of such investments

9

**A169**

thus uniquely bear on plaintiffs' claims. Plaintiffs stated that they would consider whether to produce documents in response to this request. Please confirm whether plaintiffs will agree to produce documents, or whether plaintiffs are standing on the categorical refusal articulated in their responses.

- **RFP No. 2**: This request seeks documents and communications concerning safety, integrity, factual accuracy, and content moderation of Grok, including racism, sexism, antisemitism, hate speech, bias, and hostility to a protected class. It also seeks documents referring to "MechaHitler," "white genocide" in South Africa, and citations by Grokipedia to Stormfront, as previously publicly reported. We explained that this request is relevant to investigating the basis of Apple's business justification in selecting ChatGPT as its first integration, and the substantiation of potential concerns regarding xAI's policies, practices, and procedures concerning factual accuracy, content moderation, and safety. This request addresses topics relating to Grokipedia for the first time. We have proposed search terms targeted at this request. We understand that plaintiffs are considering whether to produce documents in response to this request. Please confirm whether plaintiffs will agree to produce documents, subject to an agreement on reasonable search terms as proposed in the attached, or whether plaintiffs are standing on the categorical refusal articulated in their responses.

- **RFP No. 3**: This request seeks documents sufficient to show the AI Technologies involved in or relied upon to develop or operate Grok. We explained that plaintiffs had put at issue the technologies Grok relies on by alleging that the ChatGPT integration "deprive[d]" plaintiffs and other competitors "of scale and opportunities to improve their technology." Compl. ¶ 92. We confirmed that this request is not intended to seek source code. In response to your question regarding the relationship between this request and RFP No. 12 of our first set of document requests, we explained that RFP No. 12, which called for a custodial search, was targeted at the utility or effectiveness of prompts. This request by contrast seeks documents sufficient to show, at a high level, the general AI technologies that Grok relies on for its training and operation. We understand that plaintiffs will consider whether to produce documents in response to this request. Please confirm whether plaintiffs will agree to produce documents, or whether plaintiffs are standing on the categorical refusal articulated in their responses.

- **RFP No. 4**: This request seeks documents sufficient to show the funding, investment, and financing that xAI has received and the respective equity ownership of xAI (*e.g.*, capitalization tables). In our December 16 letter to plaintiffs concerning their first set of document requests, we stated that we would agree to produce a current version of OpenAI's capitalization table, in response to plaintiffs' RFP No. 29. Plaintiffs have put their funding and investment at issue in this case by alleging that the ChatGPT integration "discourages investment in startups," such as xAI. Compl. ¶ 110. We also explained that this request is specifically targeted at investments in xAI, whereas RFP Nos. 23 and 26 of our first set of document requests, which seek a custodial search, are directed at plaintiffs' alleged harm. We understand that plaintiffs will consider whether to produce documents in response to this request. Please confirm whether plaintiffs will agree to produce documents, or whether plaintiffs are standing on the categorical refusal articulated in their responses.

- **RFP No. 5**: This request seeks documents regarding the financial or strategic significance of selling or distributing Grok through certain identified channels, including the Apple, Google, and Samsung app stores. OpenAI previously agreed on December 24 to review documents identified in certain search terms proposed by plaintiffs regarding RFP No. 32 in their first set of document requests. We explained that this request is relevant to plaintiffs' allegations of foreclosure from various distribution channels, as well as the strategic importance of certain channels for collecting information used for model training. We explained that xAI's access to enterprise-level distribution channels is uniquely relevant to plaintiffs' alleged harm. We have proposed search terms targeted at this request. Plaintiffs stated that they would consider whether to produce documents in response to this request. Please confirm whether

10

**A170**

plaintiffs will agree to produce documents, subject to agreement on reasonable search terms as proposed in the attached, or whether plaintiffs are standing on the categorical refusal articulated in their responses.

- **RFP No. 6**: This request seeks documents and communications regarding remarks delivered by xAI executives at all-hands or company-wide meetings, including recordings of and materials presented in connection with any such remarks. In response to your vagueness objection regarding the definition of an "all hands" or companywide meeting, we explained that this request seeks documents and communications regarding meetings at which executives made remarks to large numbers of employees—not meetings with few attendees. We explained that some companies refer to such meetings as "town halls," or by other terms that may vary across companies, and we asked you to investigate the naming conventions that xAI employs and any methods of recording or documenting such meetings. We also noted that such "all hands" meetings had been reported on publicly and that reported positive statements by xAI executives about the state of plaintiffs' businesses at "all hands" meetings bear on their allegations regarding their ability to rapidly scale, achieve technological innovation, secure fundraising, and mitigate alleged harms, among other topics. We have proposed search terms targeted at this request; in addition, we ask that plaintiffs investigate the existence of repositories of recordings, materials, notes, and scripts for such meetings. Collection from any such identified repositories would be in addition to a custodial search. Plaintiffs stated that they would consider whether to produce documents in response to this request. Please confirm whether plaintiffs will agree to produce documents, subject to agreement on reasonable search terms as proposed in the attached, or whether plaintiffs are standing on the categorical refusal articulated in their responses.

We ask that you provide a prompt response. In the event that plaintiffs stand on their categorical refusal to produce documents in response to any request, we will consider the parties to be at impasse.

Best,
Stephen

---

**From:** Yung, Eva H. <eyung@axinn.com>
**Sent:** Wednesday, February 4, 2026 8:45 PM
**To:** Schwartz, Kevin S. <KSchwartz@wlrk.com>; Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Meli, Graham W. <GWMeli@WLRK.com>; Levandoski, Stephen D. <SDLevandoski@wlrk.com>; Dowd, Eamon <EDowd@cov.com>; Yung, Eva H. <eyung@axinn.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

---

**\*\*External Email-Use Caution\*\***

Kevin,

We are available Friday, February 6, from 4:30 PM to 5:30 PM ET. Let us know.

Yours,

Eva

**Eva H. Yung**
Partner
T: 212.728.2235

**From:** Schwartz, Kevin S. <KSchwartz@wlrk.com>
**Sent:** Friday, January 30, 2026 11:21 PM
**To:** Yung, Eva H. <eyung@axinn.com>; Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Meli, Graham W. <GWMeli@WLRK.com>; Levandoski, Stephen D. <SDLevandoski@wlrk.com>; Dowd, Eamon <EDowd@cov.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

**Caution: External Email**

Eva,

Your Thursday evening email does not provide sufficient detail to assess the basis on which Plaintiffs are seeking to amend the requested search terms. Among other things, you do not indicate which portion of your aggregate hit count is attributable to search terms proposed by each of Apple and OpenAI. We also note that your email does not contain any explanation of your changes to facilitate our review.

Notwithstanding these concerns, please provide your availability early next week to continue our discussion of search terms. We ask that Plaintiffs also be prepared to discuss their responses and objections to our second set of document requests, in which you purport to decline to produce any documents at all. We can be available in the windows of Monday 1:45pm-3pm ET or Tuesday 2-5pm ET — please let us know what works.

Finally, we summarize several points discussed in our Tuesday meet and confer:

- **Code names:** We asked whether Plaintiffs have specifically inquired about the existence of code names related to Grok and other GenAI chatbots, as well as any codenames concerning data sources used to train Grok or other training-related projects. You stated that you have made reasonable good-faith efforts to inquire about such code names with your clients and that based on those inquiries, you are not aware of any such code names. You agreed to revisit the question if any party comes across information suggesting the existence of code names.

- **Custodians:** You confirmed that Plaintiffs will run OpenAI's search terms on the list of Defendants' joint proposed Plaintiff custodians agreed upon by the parties.

- **Ongoing Review:** You confirmed that you are currently (1) running the already-agreed search terms on Plaintiffs' 14 already-agreed custodians; and (2) reviewing identified documents for responsiveness.

12

**A172**

- **RFPs:** We discussed OpenAI's proposed search terms for RFP Nos. 13–16, 22-23, 25, and 34. You represented that your counter-proposals on each of the respective search terms were made for burden.

Best,
Kevin

---

**From:** Yung, Eva H. <eyung@axinn.com>
**Sent:** Thursday, January 29, 2026 6:37 PM
**To:** Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Schwartz, Kevin S. <KSchwartz@wlrk.com>; Savitt, William D. <wdsavitt@WLRK.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Yung, Eva H. <eyung@axinn.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

---

**\*\*External Email-Use Caution\*\***

Counsel,

As noted in our past meet-and-confers and my email earlier today, we understand that both Apple and OpenAI have proposed edits they would like Plaintiffs to consider making, including as described in Apple's January 27 email. We likewise anticipate further refining the search terms based on our continued document collection. Accordingly, and to advance our meet-and-confers productively toward conclusion, we are only providing the aggregate hit count for both Apple's and OpenAI's search terms as modified by Plaintiffs on January 14 at this time: 966,301.

We are in the process of considering Defendants' proposed changes and are happy to meet and confer further.

Yours,

Eva

**Eva H. Yung**
Partner
T: 212.728.2235

---

**From:** Yung, Eva H. <eyung@axinn.com>
**Sent:** Wednesday, January 14, 2026 10:59 PM
**To:** Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry <HLiu@cov.com>; Schwartz, Kevin S. <kschwartz@wlrk.com>; Savitt, William D. <wdsavitt@wlrk.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <ajhcheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Yung, Eva H. <eyung@axinn.com>
**Subject:** X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

Counsel,

A173

Please see attached Plaintiffs' Counterproposals for Proposed Sources and Search Terms. We are still reviewing our documents and reserve the right to amend the search terms as necessary but are sharing our preliminary proposals. We are also not at this point agreeing to the specific custodians and date ranges applicable to each search term proposed by each Defendant, but would like to meet and confer on them alongside the search terms. Please let us know your availability for next week.

Yours,

Eva

 **Eva H. Yung**
Partner

**Axinn, Veltrop & Harkrider LLP**
45 Rockefeller Plaza
New York, NY 10111
T: 212.728.2235
eyung@axinn.com | axinn.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

==================================================
Please be advised that this transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, please do not read, copy or re-transmit this communication. If you have received this communication in error, please notify us by e-mail (helpdesk@wlrk.com) or by telephone (call us collect at 212-403-4357) and delete this message and any attachments.

Thank you in advance for your cooperation and assistance.
==================================================
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any

14

**A174**

U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
*********************************************************************
*********************************************************************
Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
*********************************************************************

**A175**

# TAB 3G

| From: | Levandoski, Stephen D. |
|---|---|
| To: | Yung, Eva H.; Schwartz, Kevin S.; Weiland, Carol; Tan, Zhi Yang; Liu, Henry (Covington & Burling LLP); Savitt, William D.; Henn, Emily; Willard Zehmer, Lauren; Berman, Sean; Cheung, Andrew J.H.; Riddick, Austin; Scarcella, Gio; Willard Zehmer, Lauren |
| Cc: | Reiser, Craig M.; Justus, Bradley; Erickson, Christopher; Judd E. Stone II; Chris Hilton; Eisman, Scott A.; Davis, William; van Duyn, Audrey; Meli, Graham W.; Dowd, Eamon; OpenAI Antitrust WLRK Litigation 07228-0508 |
| Subject: | RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914 |
| Date: | Wednesday, March 11, 2026 10:22:50 AM |
| Attachments: | image001.png |

**Eva,**

**We can make 4:30 p.m. ET work and will circulate an invite.**

**Stephen**

**From:** Yung, Eva H. <eyung@axinn.com>
**Sent:** Wednesday, March 11, 2026 10:05 AM
**To:** Levandoski, Stephen D. <SDLevandoski@wlrk.com>; Schwartz, Kevin S. <KSchwartz@wlrk.com>; Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>; Scarcella, Gio <GScarcella@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Meli, Graham W. <GWMeli@WLRK.com>; Dowd, Eamon <EDowd@cov.com>; OpenAI Antitrust WLRK Litigation 07228-0508 <OpenAI.Antitrust.Litigation@wlrk.com>; Yung, Eva H. <eyung@axinn.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

<div style="background-color:orange;text-align:center">**External Email-Use Caution****</div>

Stephen,

We are unfortunately not available at the times you listed but can be available from 4:30 – 5:30 PM ET today. Please let us know.

Yours,

Eva

**Eva H. Yung**
Partner
T: 212.728.2235

**From:** Levandoski, Stephen D. <SDLevandoski@wlrk.com>
**Sent:** Tuesday, March 10, 2026 8:52 AM
**To:** Yung, Eva H. <eyung@axinn.com>; Schwartz, Kevin S. <KSchwartz@wlrk.com>; Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>; Scarcella, Gio <GScarcella@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Meli, Graham W. <GWMeli@WLRK.com>; Dowd, Eamon <EDowd@cov.com>; OpenAI Antitrust WLRK Litigation 07228-0508 <OpenAI.Antitrust.Litigation@wlrk.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

**<span style="color:red">Caution: External Email</span>**

**Eva,**

**After concluding our discussion of OpenAI's Third Set of Requests for Production, Second Set of Requests for Admission, and Second Set of Interrogatories, we plan to discuss OpenAI's Third Set of Interrogatories, Third Set of Requests for Admission, and Fourth Set of Requests for Production on our next meet and confer.**

**Please let us know your availability. In addition to the times we previously provided, we are now also available tomorrow from 10 a.m. to 12 p.m. ET.**

**Sincerely,**
**Stephen**

**From:** Levandoski, Stephen D.
**Sent:** Monday, March 9, 2026 11:52 AM
**To:** Yung, Eva H. <eyung@axinn.com>; Schwartz, Kevin S. <KSchwartz@wlrk.com>; Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>; Scarcella, Gio <GScarcella@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Meli, Graham W.

**A178**

<GWMeli@WLRK.com>; Dowd, Eamon <EDowd@cov.com>; OpenAI Antitrust WLRK Litigation 07228-0508 <OpenAI.Antitrust.Litigation@wlrk.com>

**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

Eva,

We write to memorialize and follow up on our meet-and-confer discussion on Wednesday, March 4 concerning OpenAI's second and third sets of requests for production to plaintiffs. As you know, we did not complete our discussion. We are available on Tuesday at 5:00 p.m. ET or Wednesday between 12:00 and 2:00 p.m. ET to meet and confer on the remaining RFPs, as well as OpenAI's second sets of requests for admission and interrogatories. Please confirm your availability.

**OpenAI's Second Set of RFPs:**

- We noted at the outset that this was our second meet and confer about OpenAI's second set of requests for production, which were served on December 26, 2025. On our first meet and confer, now more than a month ago, you committed to considering our positions and timely informing us whether plaintiffs would stand on their objections, or if they would agree to produce responsive documents. On Wednesday, despite the month-long consideration, plaintiffs still refused to commit to production in response to any request.

- RFP 1: We explained that the parties are not similarly situated with respect to this request for information about data-center costs given plaintiffs' allegations about barriers to entry and resource scarcity and their purported effects on plaintiffs. ██████████████████████████████████████ ██████████████████████████████████████ ██████████████████████████████████████ ████████████. We asked you again to confirm promptly whether plaintiffs are refusing to produce documents responsive to this request.

- RFP 2: We explained that plaintiffs allege an ongoing inability to integrate Grok into iOS, which puts at issue documents and communications about safety in the period between June 2024 and the complaint date. Such documents and communications bear on Apple's ongoing decision-making about whether, as plaintiffs contend, Grok is a viable integration partner. We further note that these documents may bear on other issues in the case, including concerning the reasons for Grok's position in the market and the cause of any alleged

A179

competitive harm.  Please confirm whether you will run any of the search terms that we proposed on February 11 and produce responsive documents, or instead whether you are refusing to produce documents responsive to this request.

- RFP 3:  You indicated that plaintiffs consider this request concerning AI Technologies to be duplicative of OpenAI's First RFP No. 12, in response to which plaintiffs agreed to produce documents.  We stated that we disagree that the requests are duplicative, but that we would review the documents plaintiffs produce in response to RFP No. 12, while reserving our rights.

- RFP 4:  We addressed plaintiffs' suggestion that this request duplicates previous requests relating to plaintiffs' allegations of harm.  We explained that we are entitled to discovery into xAI's funding, investment, and financing in order to test plaintiffs' claims of harm, including discovery into documents and communications that tend to disprove plaintiffs' damages claims.  We also noted that we have proposed additional search terms specifically targeted to these subjects and incremental to earlier requests.  Plaintiffs have alleged that they were deprived of investment and suffered harm to future profits and the value of their business.  Thus, plaintiffs cannot both allege these harms and deprive OpenAI of full discovery into their financial condition and investment prospects.  Please confirm whether you are refusing to produce documents responsive to this request.

- RFP 5:  We addressed your email response, in which you characterized this request as limited to enterprise distribution channels.  That reading is incorrect: this request encompasses consumer channels, and plaintiffs' integrations (including with Tesla) include consumer-facing applications.  This request is focused on distribution, not training, but we noted that plaintiffs have not made an affirmative representation that xAI does not use any data from its enterprise integrations to train Grok. ██████████████████████████ ██████████████████████████████████████████ Please provide a written statement of plaintiffs' position, including whether plaintiffs classify the Tesla integration as a consumer application, and confirm that plaintiffs will run the search terms that we proposed on February 11.  Otherwise, please confirm whether plaintiffs are refusing to produce documents responsive to this request.

- RFP 6:  We noted that plaintiffs' recent productions contained at least one deck that appeared to be associated with an all-hands meeting, and we asked you about the status of your search for other such materials.  We explained that any

A180

claimed burden associated with this request may be reduced if plaintiffs locate centrally located repositories of such materials, including any recordings. You confirmed that your investigation is ongoing, and we requested a prompt update on your findings; otherwise, please confirm whether you will run the search terms that we proposed on February 11.

**OpenAI's Third Set of RFPs:**

- OpenAI's further requests are not duplicative. Plaintiffs have asserted that various OpenAI requests are duplicative of earlier requests by OpenAI or Apple. We again explained that these requests target issues, documents, and subject matter distinct from those in earlier requests and therefore may require incremental, additional searches to ensure that these categories are appropriately captured. We understand that plaintiffs are not categorically refusing to produce documents responsive to these requests. But we must have clarity about what documents plaintiffs are producing in these categories.

- RFP 1: This request seeks documents and communications concerning any historical, present, or future valuations of X, xAI, or Grok. We explained that this request is relevant to plaintiffs' allegations of damages. We asked whether plaintiffs would produce a full set of valuations. We understand that plaintiffs will not withhold valuations responsive to this request. We need to come to an agreement, however, as to how plaintiffs will identify such responsive valuations. For example, we expect that repositories of valuation documents exist in connection with corporate and investment transactions undertaken by plaintiffs, including the X-xAI merger, the SpaceX-xAI merger, and funding rounds. Please confirm that plaintiffs will collect and produce such relevant documents. We can also propose additional search terms to ensure that such documents are captured in custodial searches.

- RFP 2: This request seeks documents and communications concerning any actual or projected profits, revenues, costs, expenses, capital expenditures, asset accounting impairments, liabilities, and losses of or attributable to X, xAI, or Grok. You represented that the productions plaintiffs have agreed to make in response to earlier RFPs contain all documents and communications responsive to this request. We accordingly understand this to mean that you will produce documents responsive to this request. Please confirm our understanding. Again, we also need to understand the manner in which such documents will be identified for production to ensure that OpenAI receives a comprehensive set.

  RFPs 3: This request seeks documents and communications that X or xAI has

A181

provided to investors, lenders, or regulatory bodies concerning investments, loans, or other funding. We explained that this request is relevant to responding to plaintiffs' damages claims but is also relevant to liability, including to the extent that plaintiffs' communications with investors bear on their allegation of substantial foreclosure from the market (or lack thereof). You agreed to consider this request and our explanation. Please promptly confirm whether you will produce or are refusing to produce documents responsive to this request. We can propose search terms, but also expect that you can identify responsive documents by searching communications with domains or addresses of known investors.

- RFP 4: This request seeks documents and communications concerning capital raises by X or xAI. You agreed to take this request back for consideration with your client in light of our discussion. Please promptly confirm that you will produce documents responsive to this request and the manner in which you propose to identify responsive documents. We can propose search terms if needed.

- RFP 5: This request seeks documents and communications concerning resource sharing between any affiliated company and X or xAI. We explained that resource sharing as defined in the request is relevant to issues of both alleged substantial foreclosure and damages. For example, to the extent that plaintiffs benefit from the resources of or synergies with their affiliated businesses, it makes it less likely that they are foreclosed from competing in the alleged market. Please confirm that plaintiffs will produce documents responsive to this request and the manner in which you propose to identify responsive documents.

- RFP 6: This request seeks documents sufficient to show X and xAI's hiring plans, actual hiring, and monthly headcount of employees by business function. We explained that this request is relevant to plaintiffs' allegations about barriers to entry, which characterize skilled labor as a scarce resource. You have not identified any reason that it would be more burdensome to search for or collect headcount information about all employees rather than a subset, given that such information is commonly stored together in central HR databases. Nevertheless, in the spirit of compromise, we are willing to limit our request to "AI scientists and engineers," as understood in paragraph 163 of the Complaint. Please promptly confirm that you will produce documents responsive to this request as modified.

- RFP 8: This request seeks documents and communications concerning the

A182

**performance of Grok. We explained that this request is relevant to plaintiffs' allegations regarding Grok's ability to scale, and that this request includes performance metrics (*e.g.*, Task Success) not identified in earlier requests. Please promptly confirm that you will produce documents responsive to this request and the manner in which you propose to identify responsive documents. We can propose search terms for this request if needed.**

We ask that you provide a prompt response to the items above. In the event that plaintiffs stand on their categorical refusal to produce documents in response to any request, we will consider the parties to be at impasse.

Finally, we reiterate our request that plaintiffs disclose the number of documents they are reviewing under their search-term counterproposal to OpenAI's proposed search terms for its first set of document requests. This is a figure that plaintiffs necessarily already have and must provide promptly for defendants to assess the adequacy of their counterproposal and the review that they have undertaken. And we again ask that plaintiffs provide hit reports with counts for each search term in which plaintiffs have proposed burden-based modifications. Your email acknowledges that plaintiffs' asserted burden is in part "quantitative," and we require these individual hit counts to assess the extent of plaintiffs' claimed "qualitative" burdens relative to the agreed review population.

Sincerely,
Stephen

---

**From:** Yung, Eva H. <eyung@axinn.com>
**Sent:** Friday, February 27, 2026 5:04 PM
**To:** Levandoski, Stephen D. <SDLevandoski@wlrk.com>; Schwartz, Kevin S. <KSchwartz@wlrk.com>; Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>; Scarcella, Gio <GScarcella@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Meli, Graham W. <GWMeli@WLRK.com>; Dowd, Eamon <EDowd@cov.com>; OpenAI Antitrust WLRK Litigation 07228-0508 <OpenAI.Antitrust.Litigation@wlrk.com>; Yung, Eva H. <eyung@axinn.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

**A183**

**External Email-Use Caution**

Stephen,

We write to correct and clarify the representations in your February 11, 18, and 20 emails purporting to summarize Plaintiffs' positions on OpenAI's RFPs and search terms.

**Search Terms and Hit Reports for OpenAI's First Set of RFPs**

For the search terms OpenAI sent for its First Set of RFPs, your February 18 email demands that Plaintiffs provide (1) a separate aggregate hit report for OpenAI's search terms; (2) descriptions of modifications made for "solely technical reasons"; (3) prior aggregate hit reports for OpenAI's search terms for a period that no longer applies and to which Plaintiffs never agreed (January 1, 2024 – August 25, 2025); (4) aggregate hit reports covering the agreed-upon relevant default period for custodial productions (January 1, 2023 – August 25, 2025); and (5) individual search string hit reports for any terms to which Plaintiffs have "burden-based objections" and "any counterproposal to those terms" based on burden.

To begin with, the sheer number of these requests, not to mention the level of detail demanded, is unnecessary, burdensome, and not at all reciprocated by OpenAI. Plaintiffs provided OpenAI with the aggregate number of hits across both OpenAI's and Apple's search terms on January 29. In contrast, OpenAI has not provided Plaintiffs with *any* aggregate hit counts for Plaintiffs' proposed search terms, regardless of whether OpenAI is objecting to any terms based on burden, despite OpenAI agreeing to do so.

Plaintiffs have likewise already described—on multiple meet-and-confers and in the redlines Plaintiffs provided on January 14, as supplemented on January 15—the modifications made purely to be able to run the search terms OpenAI first proposed on December 24. We do not understand what further descriptions you seek beyond what we have already provided.

And as we explained on our February 6 meet-and-confer, prior hit reports we have run would not be helpful to either side, as the search terms run and the timeframe over which they were run have since changed. For that reason, we asked OpenAI and Apple to jointly confirm which search terms to run over what period. We did not receive OpenAI's answer on this point until February 18.

Finally, we disagree with your position that any search string with burden-based objections entitles OpenAI to an individualized hit report comparing the original terms and Plaintiffs' counterproposals. Burden can be both quantitative and qualitative, and hit counts cannot account for the latter. For example, the search terms that OpenAI proposed Plaintiffs run relating to Grok's user privacy policies were so broad that they pulled in all documents and communications mentioning xAI and privacy policy, such as the document you incorrectly identified in your February 20 email as "X-AI-00013466." Plaintiffs' proposed narrowing of search terms therefore has as much to do with what is getting unnecessarily pulled in as the number of hits generated. And to the extent you now claim these are not the documents you seek, your February 20 email shows that you have been able to separate such documents from your review.

**A184**

Despite all of the above and in the spirit of good-faith negotiation, we are willing to provide the below hit counts using the search terms OpenAI provided on December 24 (with only minor modifications so that the searches would run), and based on the agreed-upon default timeframe of January 1, 2023 – August 25, 2025 for custodial document per my colleague's email on Monday:

- Aggregate number of documents captured by both Defendants' proposed search terms for the First Set of RFPs each served on Plaintiffs: 3,471,456

- Aggregate number of documents captured by just OpenAI's proposed search terms for its First Set of RFPs served on Plaintiffs: 1,148,876

**OpenAI's Second Set of RFPs**

As a general matter and as we raised on our February 6 meet-and-confer, OpenAI's Second Set of RFPs appear duplicative of or subsumed in prior requests to which Plaintiffs have already agreed to produce responsive documents. OpenAI has itself in recent meet-and-confers on Plaintiffs' requests to OpenAI similarly refused to produce documents on the grounds that they are duplicative of documents that OpenAI has already agreed to produce in response to its prior RFPs. Plaintiffs make the same argument here. Because of this, on our meet-and-confer, we asked OpenAI to identify the delta it believed the existing RFPs would not already cover.

Instead of providing the clarification we requested, OpenAI unilaterally decided to send on February 11 proposed search terms for RFPs that the parties had only begun discussing five days earlier. We were further surprised at your declaration in your February 20 email that unless Plaintiffs agree to run search terms for requests that we had not yet agreed to, the parties will have reached an impasse. Your unilateral declaration of impasse under these circumstances is contrary to the obligations laid out in *Dondi*. 121 F.R.D. 284, 287-88 (N.D. Tex. 1988) (observing that opposing counsel owe each other "a duty of courtesy and cooperation"). And, as the Court's decision just today noted, OpenAI has a duty to "conduct discovery professionally, cooperatively, and in good faith" before seeking court action. ECF No. 166 at 10. We hope that OpenAI will comply with its discovery obligations in the manner described by both *Dondi* and the Court's recent order.

We address each specific RFP below.

**RFP No. 1**: We understand that OpenAI has now confirmed that it will produce documents responsive to Plaintiffs' RFP No. 27 related to costs associated with data centers used by OpenAI to operate ChatGPT. Please confirm our understanding that OpenAI is seeking no more from Plaintiffs other than what OpenAI has agreed to produce so that Plaintiffs can properly evaluate this request: i.e., that OpenAI's Second RFP No. 1 only seeks documents sufficient to show historical and future-contracted costs associated with data centers used by xAI to operate consumer-facing Grok.

**RFP No. 2**: None of your emails address the concern we raised on our meet-and-confers that documents responsive to this request bear no relevance to the claims or defenses in this case because the underlying incidents postdated Apple's decision to select ChatGPT

**A185**

as its first integration.

Your February 11 email argues that "this request is relevant to investigating the basis of Apple's business justification in selecting ChatGPT as its first integration, and the substantiation of potential concerns regarding xAI's policies, practices, and procedures concerning factual accuracy, content moderation, and safety." However, as we explained during our meet-and-confer, the MechaHitler, white genocide, and Grokipedia incidents occurred *after* Apple's business decision to select ChatGPT, and therefore cannot be relevant based on your February 11 explanation.

As noted in our February 24 email to Apple, with respect to search terms for the MechaHitler and white genocide incidents, the responsiveness of Plaintiffs' internal documents relating to those incidents would depend on Apple's *knowledge* of such documents. If Apple never knew about such documents, they could not have informed any of Apple's decisions, let alone Apple's decisions with respect to Grok. This is an argument OpenAI has itself made when opposing the addition of Jan Leike as a custodian: that his documents are not relevant (ECF No. 144). Magistrate Judge Ray seemed to endorse this position in denying Plaintiffs' request to add Mr. Leike as a custodian (ECF No. 149) (finding that "Mr. Leike and any documents he emailed or received do not appear to be relevant or proportional to the needs of the case," noting "Mr. Leike's lack of involvement in the Apple AI implementation and the timing of his departure from OpenAI"). And in the February 25 meet-and-confer between Plaintiffs and OpenAI, OpenAI once again confirmed its position that *documents concerning safety, privacy, and content moderation of Grok unconsidered by or unknown to Apple are irrelevant*.

OpenAI has failed to address these concerns, yet demands that we run search terms. We once again invite OpenAI to explain the relevance of Plaintiffs' internal documents unknown to Apple, given OpenAI's clear position on this issue.

**RFP No. 3**: Your February 11 email does not address how this request is not duplicative of prior ones, particularly OpenAI's First Set of Requests for Production No. 12. Request No. 12 seeks "[a]ll Documents and Communications" concerning the utility or effectiveness of prompts "as a data source for the Training of the AI Technologies (including LLMs) underlying Grok." We pointed out in our meet-and-confer that Request No. 12—for which Plaintiffs have already agreed to produce responsive documents—already addresses the "AI Technologies" OpenAI's Second Request No. 3 seeks. Your selective quoting of your own Request No. 12 does not address that clear overlap, or why documents Plaintiffs will be producing in response to Request No. 12 will not also cover this Second Request No. 3. We remain willing to meet and confer further.

**RFP No. 4**: Your February 11 email likewise fails to address how this Second Request No. 4 is not duplicative of prior requests. For example, OpenAI's First Set of Requests Nos. 23, 25, and 26 seek documents showing harm to xAI caused by Defendants' illegal conduct—including harm from reduced investment or impaired ability to raise funds. To the extent this Request No. 4 seeks information about xAI's funding, investment, or financing *separate* from harm arising out of Defendants' illegal conduct, we fail to see how this would be relevant to this litigation. We welcome OpenAI's explanation on that front if that is the case.

**RFP No. 5**: Plaintiffs maintain that xAI's access to enterprise-level distribution channels bears no relevance to the claims or defenses in this case. OAI itself has maintained that

**A186**

discovery into enterprise use of ChatGPT is irrelevant. *See* OpenAI's Responses and Objections to Plaintiffs' Second Set of Requests for Production, Request No. 1. Plaintiffs likewise maintain that only consumer-facing Grok and the sources that go into training consumer-facing Grok are relevant to this litigation. We welcome OpenAI's explanation why this and other similar requests for enterprise data and materials would not be reciprocal.

Plaintiffs have already agreed to produce data and materials responsive to the sale of consumer-facing Grok. *See, e.g.*, OpenAI's First Set of Requests for Production, Request No. 21; and Apple's First Set of Requests for Production, Request Nos. 2, 16, 19. Please identify what materials this Second Request No. 5 seeks aside from enterprise-related discovery that those prior requests would not cover.

**RFP No. 6**: Plaintiffs maintain that this request is overly broad because not all company-wide meetings of xAI employees are relevant to the claims or defenses in this litigation. Based on your representations during our February 6 meet-and-confer, we understand that OpenAI seeks publicized company-wide statements about xAI's business performance. Plaintiffs are still assessing the burden of gathering such materials, as well as why a custodial search is warranted if go-gets are available and, as OpenAI pointed out, many of these statements are already publicly reported.

\* \* \*

Finally, we note that Plaintiffs are continuing in good faith to produce responsive documents weekly, totaling more than six thousand documents to date. In contrast, OpenAI has produced only 2,222 documents—roughly one-third of Plaintiffs' production volume—averaging only one production every eleven days. Not only is OpenAI's deliberate sandbagging of its productions until the day of its deadline in violation of its obligations under *Dondi* and as described in the Court's recent order, if this is the extent of OpenAI's production of responsive documents on the day of its substantial-completion deadline, we can only assume that such production is deficient. Given the shockingly small volume of produced documents to date, we request OpenAI provide aggregate hit counts for the agreed-upon, default timeframe of January 1, 2023 – August 25, 2025 for Plaintiffs' search terms.

We look forward to seeing OpenAI's productions and remain open to meeting and conferring further.

Yours,

Eva

**Eva H. Yung**
Partner
T: 212.728.2235

---

**From:** Levandoski, Stephen D. <SDLevandoski@wlrk.com>
**Sent:** Friday, February 20, 2026 4:52 PM
**To:** Yung, Eva H. <eyung@axinn.com>; Schwartz, Kevin S. <KSchwartz@wlrk.com>; Weiland, Carol

**A187**

<CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>; Scarcella, Gio <GScarcella@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>

**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Meli, Graham W. <GWMeli@WLRK.com>; Dowd, Eamon <EDowd@cov.com>; OpenAI Antitrust WLRK Litigation 07228-0508 <OpenAI.Antitrust.Litigation@wlrk.com>

**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

**<span style="color:red">Caution: External Email</span>**

Eva,

We are writing to further inquire about plaintiffs' responses to OpenAI's second set of requests for production, which we discussed two weeks ago on February 6 and which are summarized in the email we sent to you more than a week ago on February 11. During our meet and confer, plaintiffs represented that they would consider whether to produce documents in response to these requests or to stand on their categorical refusals articulated in their responses and objections. Given the case schedule, we need to understand whether the parties are at impasse on these requests.

If plaintiffs are not refusing to produce documents, please confirm that they will apply the search terms we proposed on February 11, and provide an aggregate hit report that includes the total number of documents returned by the search terms.

We also echo the concern in Apple's email of yesterday about the contents of plaintiffs' productions to date. In plaintiffs' most recent production, for example, we identified some 1,196 instances of automated lunch menus sent by "info@fooda.com," e.g., X-AI-00013466. Such facially nonresponsive documents both impose an inappropriate burden on defendants and call into question plaintiffs' claims to be making meaningful rolling productions in advance of their substantial completion deadline. We expect plaintiffs to make meaningful productions of responsive material.

Best,
Stephen

**From:** Levandoski, Stephen D.
**Sent:** Wednesday, February 18, 2026 8:49 PM
**To:** Yung, Eva H. <eyung@axinn.com>; Schwartz, Kevin S. <KSchwartz@wlrk.com>; Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Henn, Emily <ehenn@cov.com>;

A188

Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>; Scarcella, Gio <GScarcella@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Meli, Graham W. <GWMeli@WLRK.com>; Dowd, Eamon <EDowd@cov.com>; OpenAI Antitrust WLRK Litigation 07228-0508 <OpenAI.Antitrust.Litigation@wlrk.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

Eva,

On our meet and confer on Friday, February 6, you asked us to confirm in writing the search terms for which we have requested hit reports.

As we first put to plaintiffs on December 24, 2025, we reiterate our request that plaintiffs provide a separate aggregate hit report for OpenAI's search terms, which are reattached here for reference. Insofar as plaintiffs have represented that modifications are required to run any of these search strings for solely technical reasons, we ask that plaintiffs describe the modifications to us in writing and implement any such necessary modifications.

We had understood that Plaintiffs had previously run aggregate hit reports reflecting the total number of documents returned by our search terms for the period January 1, 2024 to August 25, 2025. Please provide those hit reports as soon as possible. We would also request that you provide hit reports indicating the total number of documents and applying the relevant default date range that the parties agree upon after further negotiation; we understand that the parties are currently agreed that custodial searches will extend back to January 1, 2023.

As we also requested on December 24, 2025, to the extent that plaintiffs have burden-based objections to any of the terms we have proposed, we likewise request that they run individual search string hit reports for both our proposal and any counterproposal as to those terms.

We understand that plaintiffs have propounded burden-based objections to OpenAI's RFP Nos. 10–11, 13–16, 22–23, 25, and 34. If any other of plaintiffs' January 14 counterproposals were based on burden, we ask that plaintiffs likewise identify those modifications and run hit reports with counts per each such search term in both the

**A189**

December 24 proposals and January 14 counterproposals.

For reference, we are reattaching an abridged version of the spreadsheet you have provided us on January 14, which we understand to reproduce the terms of our December 24 proposal and plaintiffs' counterproposal.

Please advise us when plaintiffs expect to provide hit counts for these terms.

Best,
Stephen

**From:** Levandoski, Stephen D.
**Sent:** Wednesday, February 11, 2026 7:54 PM
**To:** Yung, Eva H. <eyung@axinn.com>; Schwartz, Kevin S. <KSchwartz@wlrk.com>; Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>; Scarcella, Gio <GScarcella@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Meli, Graham W. <GWMeli@WLRK.com>; Dowd, Eamon <EDowd@cov.com>; OpenAI Antitrust WLRK Litigation 07228-0508 <OpenAI.Antitrust.Litigation@wlrk.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

**Counsel,**

**We write to summarize our meet-and-confer discussion of Friday, February 6, concerning OpenAI's second set of document requests to plaintiffs. In the interests of continuing to make progress, we are attaching proposed search terms for a subset of these requests that require such terms (as opposed to "documents sufficient to show" requests). We ask that plaintiffs provide an aggregate hit report (deduplicated against prior requests), as well as individual hit reports for any term that plaintiffs propose to modify or eliminate on the basis of burden.**

- **RFP No. 1: This request seeks documents sufficient to show the historical and future-contracted costs associated with data centers used by xAI to operate Grok, including historical and future-contracted capital costs from project construction. In our December 16 letter to plaintiffs concerning their first set of document requests, we stated that we would agree to produce documents sufficient to show historical and future-contracted costs associated with data centers used for**

**A190**

operating ChatGPT in response to plaintiffs' RFP No. 27. On our call, we explained that treatment of this subject matter should be reciprocal. This request has even greater relevance to plaintiffs' claims, which allege barriers to entry based on the "immense investments in computing resources" that plaintiffs say xAI has been required to make to compete in the allegedly relevant market. Compl. ¶ 163. The alleged costs of such investments thus uniquely bear on plaintiffs' claims. Plaintiffs stated that they would consider whether to produce documents in response to this request. Please confirm whether plaintiffs will agree to produce documents, or whether plaintiffs are standing on the categorical refusal articulated in their responses.

- RFP No. 2: This request seeks documents and communications concerning safety, integrity, factual accuracy, and content moderation of Grok, including racism, sexism, antisemitism, hate speech, bias, and hostility to a protected class. It also seeks documents referring to "MechaHitler," "white genocide" in South Africa, and citations by Grokipedia to Stormfront, as previously publicly reported. We explained that this request is relevant to investigating the basis of Apple's business justification in selecting ChatGPT as its first integration, and the substantiation of potential concerns regarding xAI's policies, practices, and procedures concerning factual accuracy, content moderation, and safety. This request addresses topics relating to Grokipedia for the first time. We have proposed search terms targeted at this request. We understand that plaintiffs are considering whether to produce documents in response to this request. Please confirm whether plaintiffs will agree to produce documents, subject to an agreement on reasonable search terms as proposed in the attached, or whether plaintiffs are standing on the categorical refusal articulated in their responses.

- RFP No. 3: This request seeks documents sufficient to show the AI Technologies involved in or relied upon to develop or operate Grok. We explained that plaintiffs had put at issue the technologies Grok relies on by alleging that the ChatGPT integration "deprive[d]" plaintiffs and other competitors "of scale and opportunities to improve their technology." Compl. ¶ 92. We confirmed that this request is not intended to seek source code. In response to your question regarding the relationship between this request and RFP No. 12 of our first set of document requests, we explained that RFP No. 12, which called for a custodial search, was targeted at the utility or effectiveness of prompts. This request by contrast seeks documents sufficient to show, at a high level, the general AI technologies that Grok relies on for its training and operation. We understand that plaintiffs will consider whether to produce documents in response to this request. Please confirm whether plaintiffs will agree to produce documents, or whether plaintiffs are standing on

A191

the categorical refusal articulated in their responses.

- **RFP No. 4:** This request seeks documents sufficient to show the funding, investment, and financing that xAI has received and the respective equity ownership of xAI (*e.g.*, capitalization tables). In our December 16 letter to plaintiffs concerning their first set of document requests, we stated that we would agree to produce a current version of OpenAI's capitalization table, in response to plaintiffs' RFP No. 29. Plaintiffs have put their funding and investment at issue in this case by alleging that the ChatGPT integration "discourages investment in startups," such as xAI. Compl. ¶ 110. We also explained that this request is specifically targeted at investments in xAI, whereas RFP Nos. 23 and 26 of our first set of document requests, which seek a custodial search, are directed at plaintiffs' alleged harm. We understand that plaintiffs will consider whether to produce documents in response to this request. Please confirm whether plaintiffs will agree to produce documents, or whether plaintiffs are standing on the categorical refusal articulated in their responses.

- **RFP No. 5:** This request seeks documents regarding the financial or strategic significance of selling or distributing Grok through certain identified channels, including the Apple, Google, and Samsung app stores. OpenAI previously agreed on December 24 to review documents identified in certain search terms proposed by plaintiffs regarding RFP No. 32 in their first set of document requests. We explained that this request is relevant to plaintiffs' allegations of foreclosure from various distribution channels, as well as the strategic importance of certain channels for collecting information used for model training. We explained that xAI's access to enterprise-level distribution channels is uniquely relevant to plaintiffs' alleged harm. We have proposed search terms targeted at this request. Plaintiffs stated that they would consider whether to produce documents in response to this request. Please confirm whether plaintiffs will agree to produce documents, subject to agreement on reasonable search terms as proposed in the attached, or whether plaintiffs are standing on the categorical refusal articulated in their responses.

- **RFP No. 6:** This request seeks documents and communications regarding remarks delivered by xAI executives at all-hands or company-wide meetings, including recordings of and materials presented in connection with any such remarks. In response to your vagueness objection regarding the definition of an "all hands" or companywide meeting, we explained that this request seeks documents and communications regarding meetings at which executives made remarks to large numbers of employees—not meetings with few attendees. We explained that some

A192

companies refer to such meetings as "town halls," or by other terms that may vary across companies, and we asked you to investigate the naming conventions that xAI employs and any methods of recording or documenting such meetings. We also noted that such "all hands" meetings had been reported on publicly and that reported positive statements by xAI executives about the state of plaintiffs' businesses at "all hands" meetings bear on their allegations regarding their ability to rapidly scale, achieve technological innovation, secure fundraising, and mitigate alleged harms, among other topics. We have proposed search terms targeted at this request; in addition, we ask that plaintiffs investigate the existence of repositories of recordings, materials, notes, and scripts for such meetings. Collection from any such identified repositories would be in addition to a custodial search. Plaintiffs stated that they would consider whether to produce documents in response to this request. Please confirm whether plaintiffs will agree to produce documents, subject to agreement on reasonable search terms as proposed in the attached, or whether plaintiffs are standing on the categorical refusal articulated in their responses.

We ask that you provide a prompt response. In the event that plaintiffs stand on their categorical refusal to produce documents in response to any request, we will consider the parties to be at impasse.

Best,
Stephen

---

**From:** Yung, Eva H. <eyung@axinn.com>
**Sent:** Wednesday, February 4, 2026 8:45 PM
**To:** Schwartz, Kevin S. <KSchwartz@wlrk.com>; Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Meli, Graham W. <GWMeli@WLRK.com>; Levandoski, Stephen D. <SDLevandoski@wlrk.com>; Dowd, Eamon <EDowd@cov.com>; Yung, Eva H. <eyung@axinn.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

**\*\*External Email-Use Caution\*\***

Kevin,

We are available Friday, February 6, from 4:30 PM to 5:30 PM ET. Let us know.

A193

Yours,

Eva


**Eva H. Yung**
Partner
T: 212.728.2235

---

**From:** Schwartz, Kevin S. <KSchwartz@wlrk.com>
**Sent:** Friday, January 30, 2026 11:21 PM
**To:** Yung, Eva H. <eyung@axinn.com>; Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Meli, Graham W. <GWMeli@WLRK.com>; Levandoski, Stephen D. <SDLevandoski@wlrk.com>; Dowd, Eamon <EDowd@cov.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

---

**Caution: External Email**

---

Eva,

Your Thursday evening email does not provide sufficient detail to assess the basis on which Plaintiffs are seeking to amend the requested search terms. Among other things, you do not indicate which portion of your aggregate hit count is attributable to search terms proposed by each of Apple and OpenAI. We also note that your email does not contain any explanation of your changes to facilitate our review.

Notwithstanding these concerns, please provide your availability early next week to continue our discussion of search terms. We ask that Plaintiffs also be prepared to discuss their responses and objections to our second set of document requests, in which you purport to decline to produce any documents at all. We can be available in the windows of Monday 1:45pm-3pm ET or Tuesday 2-5pm ET — please let us know what works.

Finally, we summarize several points discussed in our Tuesday meet and confer:

- Code names:  We asked whether Plaintiffs have specifically inquired about the

**A194**

existence of code names related to Grok and other GenAI chatbots, as well as any codenames concerning data sources used to train Grok or other training-related projects. You stated that you have made reasonable good-faith efforts to inquire about such code names with your clients and that based on those inquiries, you are not aware of any such code names. You agreed to revisit the question if any party comes across information suggesting the existence of code names.

- **Custodians:** You confirmed that Plaintiffs will run OpenAI's search terms on the list of Defendants' joint proposed Plaintiff custodians agreed upon by the parties.

- **Ongoing Review:** You confirmed that you are currently (1) running the already-agreed search terms on Plaintiffs' 14 already-agreed custodians; and (2) reviewing identified documents for responsiveness.

- **RFPs:** We discussed OpenAI's proposed search terms for RFP Nos. 13–16, 22-23, 25, and 34. You represented that your counter-proposals on each of the respective search terms were made for burden.

Best,
Kevin

---

**From:** Yung, Eva H. <eyung@axinn.com>
**Sent:** Thursday, January 29, 2026 6:37 PM
**To:** Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Schwartz, Kevin S. <KSchwartz@wlrk.com>; Savitt, William D. <wdsavitt@WLRK.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Yung, Eva H. <eyung@axinn.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

**\*\*External Email-Use Caution\*\***

Counsel,

As noted in our past meet-and-confers and my email earlier today, we understand that both Apple and OpenAI have proposed edits they would like Plaintiffs to consider making, including as described in Apple's January 27 email. We likewise anticipate further refining the search terms based on our continued document collection. Accordingly, and to advance our meet-and-confers productively toward conclusion, we are only providing the aggregate

hit count for both Apple's and OpenAI's search terms as modified by Plaintiffs on January 14 at this time: 966,301.

We are in the process of considering Defendants' proposed changes and are happy to meet and confer further.

Yours,

Eva

**Eva H. Yung**
Partner
T: 212.728.2235

---

**From:** Yung, Eva H. <eyung@axinn.com>
**Sent:** Wednesday, January 14, 2026 10:59 PM
**To:** Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry <HLiu@cov.com>; Schwartz, Kevin S. <kschwartz@wlrk.com>; Savitt, William D. <wdsavitt@wlrk.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <ajhcheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Yung, Eva H. <eyung@axinn.com>
**Subject:** X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

Counsel,

Please see attached Plaintiffs' Counterproposals for Proposed Sources and Search Terms. We are still reviewing our documents and reserve the right to amend the search terms as necessary but are sharing our preliminary proposals. We are also not at this point agreeing to the specific custodians and date ranges applicable to each search term proposed by each Defendant, but would like to meet and confer on them alongside the search terms. Please let us know your availability for next week.

Yours,

Eva

 **Eva H. Yung**
Partner

**Axinn, Veltrop & Harkrider LLP**
45 Rockefeller Plaza
New York, NY 10111
T: 212.728.2235
eyung@axinn.com | axinn.com

**A196**

*********************************************************************
Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
*********************************************************************


=================================================
Please be advised that this transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, please do not read, copy or re-transmit this communication. If you have received this communication in error, please notify us by e-mail (helpdesk@wlrk.com) or by telephone (call us collect at 212-403-4357) and delete this message and any attachments.

Thank you in advance for your cooperation and assistance.
=================================================
*********************************************************************
**Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.**
*********************************************************************
*********************************************************************

**A197**

**Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.**
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.**
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**A198**

# TAB 3H

| From: | Meli, Graham W. |
|---|---|
| To: | Yung, Eva H.; Eisman, Scott A.; Robinson, M. Virginia; Brinn, Hope E.; Bruce, Julia M.; Cheung, Andrew J.H.; Savitt, William D.; Schwartz, Kevin S.; Levandoski, Stephen D.; OpenAI Antitrust WLRK Litigation 07228-0508; akim@lynnllp.com; bcongdon@lynnllp.com |
| Cc: | Reiser, Craig M.; Justus, Bradley; Erickson, Christopher; Abidor, Richard D. |
| Subject: | RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI Foundation, et al., No. 4:25-cv-00914 - Meet and Confer |
| Date: | Friday, March 13, 2026 6:39:53 PM |
| Attachments: | image001.png |

Eva,

Plaintiffs don't need more time to answer our questions. Plaintiffs must have already collected the documents for their productions next week. OpenAI is entitled to understand the sources plaintiffs are or are not searching without delay or obfuscation. You knew the relevant facts when we spoke on Tuesday and you know them now.

We also note that your reference to recent productions does not alleviate the concerns we have raised. Plaintiffs' four productions in March have included fewer than 500 documents in total (with just 95 produced yesterday). Nothing in those small productions enables us to determine which of Mr. Musk's email accounts plaintiffs have searched, nor whether plaintiffs will produce any XChat or Signal messages.

Please provide answers to our questions without further delay.

Have a good weekend.

Best regards,
Graham

**Graham W. Meli**

Wachtell, Lipton, Rosen & Katz
51 West 52nd Street | New York, NY 10019
+1 (212) 403-1390 (Direct) | +1 (212) 403-2390 (Fax)
GWMeli@WLRK.com | www.wlrk.com

---

**From:** Yung, Eva H. <eyung@axinn.com>
**Sent:** Friday, March 13, 2026 4:19 PM
**To:** Meli, Graham W. <GWMeli@WLRK.com>; Eisman, Scott A. <seisman@axinn.com>; Robinson, M.

**A200**

Virginia <MVRobinson@wlrk.com>; Brinn, Hope E. <hbrinn@axinn.com>; Bruce, Julia M.
<jmbruce@wlrk.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Savitt, William D.
<wdsavitt@WLRK.com>; Schwartz, Kevin S. <KSchwartz@wlrk.com>; Levandoski, Stephen D.
<SDLevandoski@wlrk.com>; OpenAI Antitrust WLRK Litigation 07228-0508
<OpenAI.Antitrust.Litigation@wlrk.com>; akim@lynnllp.com; bcongdon@lynnllp.com
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson,
Christopher <cerickson@axinn.com>; Abidor, Richard D. <rabidor@axinn.com>; Yung, Eva H.
<eyung@axinn.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI Foundation, et al., No. 4:25-cv-00914 - Meet
and Confer

**\*\*External Email-Use Caution\*\***

Graham,

We once again maintain that the purported deficiencies OpenAI raises are premature and
appear aimed to create a dispute where none exists. As you acknowledged on Tuesday's
meet-and-confer, Plaintiffs' substantial-completion deadline is not until next week. This is in
sharp contrast to OpenAI's productions to date, which are still deficient in all the ways laid
out in our prior correspondence despite being past its substantial-completion deadline.

Given the above, your unilateral deadline to provide a response on yet-to-be-substantially-
completed productions are particularly inappropriate and are contrary to the obligations
owed to opposing counsel in *Dondi.* 121 F.R.D. 284, 287-88 (N.D. Tex. 1988) (observing
that opposing counsel owe each other "a duty of courtesy and cooperation").

We are considering the questions you asked and will respond in due course, and once
again recommend OpenAI revisit any purported "deficiencies" after it has reviewed
Plaintiffs' productions. As we said, we are doing a reasonable search for responsive
information in Plaintiffs' possession, custody, or control, and we are producing responsive
documents that we find, including productions on March 2, March 5, March 9, and March
12. We will continue to do so. Defendant's concerns about Plaintiffs' production are
premature, as the substance of our rolling productions makes clear.

Yours,

Eva

 **Eva H. Yung**
Partner

**Axinn, Veltrop & Harkrider LLP**
45 Rockefeller Plaza
New York, NY 10111
T: 212.728.2235
eyung@axinn.com | axinn.com

**A201**

**From:** Meli, Graham W. <GWMeli@WLRK.com>
**Sent:** Wednesday, March 11, 2026 11:52 AM
**To:** Eisman, Scott A. <seisman@axinn.com>; Robinson, M. Virginia <MVRobinson@wlrk.com>; Brinn, Hope E. <hbrinn@axinn.com>; Bruce, Julia M. <jmbruce@wlrk.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Savitt, William D. <wdsavitt@WLRK.com>; Schwartz, Kevin S. <KSchwartz@wlrk.com>; Levandoski, Stephen D. <SDLevandoski@wlrk.com>; OpenAI Antitrust WLRK Litigation 07228-0508 <OpenAI.Antitrust.Litigation@wlrk.com>; akim@lynnllp.com; bcongdon@lynnllp.com
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Yung, Eva H. <eyung@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Abidor, Richard D. <rabidor@axinn.com>
**Subject:** X Corp. and X.AI LLC v. Apple Inc., OpenAI Foundation, et al., No. 4:25-cv-00914 - Meet and Confer

**Caution: External Email**

Counsel,

We write concerning yesterday's meet and confer about the issues identified in OpenAI's letter dated March 3, 2026 and our follow-up email of March 5. As we noted at the outset of the call, the purpose of our outreach on these issues was to engage about plaintiffs' production to ensure that OpenAI receives a complete and timely production. Unfortunately, the call made clear that plaintiffs do not intend to engage in a constructive dialogue about their production.

*First*, we raised the issue of Elon Musk's emails. On a meet-and-confer on January 16, OpenAI noted its understanding that Mr. Musk uses email addresses from multiple of his companies to conduct relevant business, and we asked you which of those email addresses plaintiffs would be searching. In our March 5 email, we followed up by noting that plaintiffs' production to date confirmed that Mr. Musk had responsive emails at each of his SpaceX, Tesla, and xAI email addresses. We thus asked you to confirm that plaintiffs have collected and searched accounts used by Mr. Musk and other custodians, including at SpaceX, Tesla, and any other affiliated companies. But on our call yesterday, you declined to provide any information about which of Mr. Musk's email accounts plaintiffs have

**A202**

collected or searched.  You stated only that, to the extent emails were in plaintiffs' custody and control, you would search them.  We asked which email addresses plaintiffs consider to be in their custody and control.  You declined to answer.  We asked specifically whether Mr. Musk's SpaceX account is within plaintiffs' custody and control, particularly in light of the recent SpaceX-xAI merger.  You declined to answer.  We noted that plaintiffs have provided hit counts for some population of documents so must know which email accounts they searched.  You declined to provide further information.

Your failure to provide answers to these questions is unacceptable and inconsistent with the transparency required under the Federal Rules of Civil Procedure.  The parties in this case agreed to a process in which we would identify custodians and search terms to facilitate electronic discovery.  It is typical practice for parties to identify the addresses and other sources that they are searching for particular custodians, just as we told you that we searched Sam Altman's Gmail account but not, for example, Olivier Godement's.  This factual information does not require a party to reveal, as you protested, privileged discussions about *why* it identified particular sources to search.  But precedent and common practice are clear that we are entitled to know the facts about which sources plaintiffs did or did not search.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2) cmt. to  2006 amendment ("The responding party must also identify, by category or type, the sources containing potentially responsive information that it is neither searching nor producing."); The Sedona Conference, *The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production*, 19 Sedona Conf. J. 1, 91–92 (2018) ("In cases governed by the Federal Rules, a producing party that does not intend to produce relevant ESI from sources identified as not reasonably accessible because of undue burden or cost must identify those sources to the requesting party."); *see also In re Heparin Prods. Liab. Litig.*, 273 F.R.D. 399, 405 (N.D. Ohio 2011) ("Fed. R. Civ. P. 26(b)(2) . . . requires the responding party to identify, by category or type, the sources containing potentially responsive information that it is neither searching for nor producing."); *Owen* v.

**A203**

*Hyundai Motor Am.*, 344 F.R.D. 531, 535 (E.D. Cal. 2023) ("If responsive materials are withheld on the basis of an objection, defendant must substantiate the objection by identifying the sources (i.e., databases) containing potentially responsive information that defendant is neither searching nor producing."). OpenAI is likewise entitled to know which of Mr. Musk's email addresses plaintiffs consider to be within their custody and control so that we can determine whether we have a dispute on the facts or the law. As we noted, this issue is particularly important here, given that we are pursuing both Tesla and SpaceX via subpoena, and both are resisting production. We cannot have a situation in which each of Mr. Musk's entities points the finger at the other or where OpenAI does not even know which company (if any) is taking responsibility for preserving, searching, and producing responsive documents.

We will pose our simple factual questions again: Which of Mr. Musk's email accounts have plaintiffs collected and searched? Do plaintiffs consider Mr. Musk's SpaceX email account(s) to be within their possession, custody, and control? Do plaintiffs consider Mr. Musk's Tesla email account(s) to be within their possession, custody, and control? If you continue to refuse to answer these questions, the parties are at impasse.

*Second*, we noted that plaintiffs have yet to produce any text messages, XChat messages, or Signal messages. We asked whether plaintiffs are searching these custodial sources. You responded by noting Magistrate Judge Ray's reference to whether destroyed documents can be "restored or replaced through additional discovery." Dkt. 166 (quoting Fed. R. Civ. P. 37(e)). Although it is telling that you immediately jumped to the issue of replacing destroyed messages with other sources, we noted that our question was different: Are you considering the messaging platforms that custodians use to be within the custodial files that plaintiffs are searching, to the extent the documents exist? You confirmed that you have endeavored to collect text messages from custodians. We then asked whether plaintiffs have collected and searched XChat messages. You declined to answer the question and said plaintiffs' production "speaks

**A204**

for itself." We agree: plaintiffs have not produced *any* XChat messages to date, which is the reason for our question. So we will ask it again: Have plaintiffs collected and searched custodians' XChat messages, to the extent they exist? Have plaintiffs collected and searched custodians' Signal messages, to the extent they exist? As we further discussed on the call, we have reason to believe from public reporting and otherwise that Mr. Musk and other plaintiff employees conduct relevant business on XChat. ███████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

████████ Please provide an answer to our questions by no later than March 13.

*Third,* ██████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████

████████████████████████. Although available time on the meet and confer did not permit a detailed discussion of these topics, we noted that we expect plaintiffs to be focused on the identified documents as they complete their production. You noted that plaintiffs have our list, remain in the process of production, and will produce responsive documents to the extent plaintiffs have them. We will continue to review plaintiffs' production as it is made and reserve all rights if relevant documents are not forthcoming.

Best,
Graham

**Graham W. Meli**

WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street | New York, NY 10019
+1 (212) 403-1390 (Direct) | +1 (212) 403-2390 (Fax)
GWMeli@WLRK.com | www.wlrk.com

A205

==================================================
Please be advised that this transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, please do not read, copy or re-transmit this communication. If you have received this communication in error, please notify us by e-mail (helpdesk@wlrk.com) or by telephone (call us collect at 212-403-4357) and delete this message and any attachments.

Thank you in advance for your cooperation and assistance.
=================================================
*********************************************************************
Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
*********************************************************************

**A206**

TAB 3I

| | |
|---|---|
| **From:** | Levandoski, Stephen D. |
| **Sent:** | Saturday, March 14, 2026 5:34 PM |
| **To:** | Yung, Eva H.; Schwartz, Kevin S.; Weiland, Carol; Tan, Zhi Yang; Liu, Henry (Covington & Burling LLP); Savitt, William D.; Henn, Emily; Willard Zehmer, Lauren; Berman, Sean; Cheung, Andrew J.H.; Riddick, Austin; Scarcella, Gio; Willard Zehmer, Lauren |
| **Cc:** | Reiser, Craig M.; Justus, Bradley; Erickson, Christopher; Judd E. Stone II; Chris Hilton; Eisman, Scott A.; Davis, William; van Duyn, Audrey; Meli, Graham W.; Dowd, Eamon; OpenAI Antitrust WLRK Litigation 07228-0508 |
| **Subject:** | RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914 |

Eva

We write to summarize our meet-and-confer discussion on Wednesday, March 11 concerning OpenAI's discovery requests to plaintiffs.

**Update on Previous Meet and Confers.** We asked you for plaintiffs' positions on OpenAI's Second Set of Requests for Production, Third Set of Requests for Production Nos. 1-6 and 8, and for hit reports, which we discussed in our prior meet and confers on February 6 and March 4 and correspondence to you on February 11, February 18, February 20, and March 9. You did not have any updates to share. We emphasized that we have communicated our positions on these requests and further addressed them in subsequent correspondence. You confirmed that you are not withholding consideration of our positions because of any purported need for further information. Given that we have now discussed these issues twice, we expect plaintiffs' prompt response. In the event that plaintiffs do not promptly agree to produce documents in response to any request, we will understand the parties to be at an impasse.

**Meet and Confer on Document Requests.** We then discussed Request Nos. 9 through 13 of OpenAI's Third Set of Requests for Production. Among other topics, we discussed the need for plaintiffs to search for and produce documents in their possession discussing the Apple-Google agreement. We articulated the basis for this request and expressed a willingness to agree on targeted search parameters. We also discussed the relevance to both damages and liability claims of xAI's transaction with SpaceX, which is at issue in 3d RFP No. 7 and the RFPs in OpenAI's Fourth Set of Requests for Production. We addressed plaintiffs' objections and questions to each of OpenAI's requests. Plaintiffs represented that they were considering whether they would produce documents in response to these requests. Please confirm promptly that plaintiffs will make such productions. We are prepared to provide search terms for any request to which plaintiffs are not categorically objecting.

**Meet and Confer on Interrogatories and Requests for Admission.** As to OpenAI's Interrogatory No. 4, we reserved our right to review plaintiffs' production and supplemental response under Fed. R. Civ. P. 33(d), and we disagreed with plaintiffs' assertion that the burden of deriving or ascertaining the answer to this interrogatory will be substantially the same for plaintiffs and OpenAI. As to OpenAI's Interrogatory No. 5, we further explained our basis for this interrogatory, addressed your objections, and referred you to prior discussions of the subject. Please promptly confirm that plaintiffs will respond to this interrogatory.

**A208**

We also discussed OpenAI's Request for Admission Nos. 45 and 47, which concern Elon Musk's posts on his @elonmusk X account. We explained that these requests call for plaintiffs to admit or deny that "Elon Musk posted" the statements at issue. We noted that your responses did not address the question asked, as they asserted only that the "account" posted the statements. You said that you would consider whether to amend your responses, and we request your prompt confirmation that you will do so.

We did not have sufficient time to complete our discussion of OpenAI's Third Set of Interrogatories, which you have not answered, and Third Set of Requests for Admission, to which you have made various objections. These requests cover the same subject matters that we did discuss, including the SpaceX-xAI transaction. In light of that discussion, plaintiffs have sufficient information to confirm whether they will answer these interrogatories and supplement their responses to our requests for admission. If you believe further discussion is necessary, please provide your availability to meet and confer further.

We reiterate our earlier requests that you provide a prompt response to the items above.

Sincerely,
Stephen

---

**From:** Levandoski, Stephen D.
**Sent:** Wednesday, March 11, 2026 10:23 AM
**To:** Yung, Eva H. <eyung@axinn.com>; Schwartz, Kevin S. <KSchwartz@wlrk.com>; Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>; Scarcella, Gio <GScarcella@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Meli, Graham W. <GWMeli@WLRK.com>; Dowd, Eamon <EDowd@cov.com>; OpenAI Antitrust WLRK Litigation 07228-0508 <OpenAI.Antitrust.Litigation@wlrk.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

Eva,

We can make 4:30 p.m. ET work and will circulate an invite.

Stephen

---

**From:** Yung, Eva H. <eyung@axinn.com>
**Sent:** Wednesday, March 11, 2026 10:05 AM
**To:** Levandoski, Stephen D. <SDLevandoski@wlrk.com>; Schwartz, Kevin S. <KSchwartz@wlrk.com>; Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>; Scarcella, Gio <GScarcella@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Meli,

**A209**

Graham W. <GWMeli@WLRK.com>; Dowd, Eamon <EDowd@cov.com>; OpenAI Antitrust WLRK Litigation 07228-0508 <OpenAI.Antitrust.Litigation@wlrk.com>; Yung, Eva H. <eyung@axinn.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

**\*\*External Email-Use Caution\*\***

Stephen,

We are unfortunately not available at the times you listed but can be available from 4:30 – 5:30 PM ET today. Please let us know.

Yours,

Eva


**Eva H. Yung**
Partner
T: 212.728.2235

---

**From:** Levandoski, Stephen D. <SDLevandoski@wlrk.com>
**Sent:** Tuesday, March 10, 2026 8:52 AM
**To:** Yung, Eva H. <eyung@axinn.com>; Schwartz, Kevin S. <KSchwartz@wlrk.com>; Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>; Scarcella, Gio <GScarcella@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Meli, Graham W. <GWMeli@WLRK.com>; Dowd, Eamon <EDowd@cov.com>; OpenAI Antitrust WLRK Litigation 07228-0508 <OpenAI.Antitrust.Litigation@wlrk.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914


**Caution: External Email**

---

Eva,

After concluding our discussion of OpenAI's Third Set of Requests for Production, Second Set of Requests for Admission, and Second Set of Interrogatories, we plan to discuss OpenAI's Third Set of Interrogatories, Third Set of Requests for Admission, and Fourth Set of Requests for Production on our next meet and confer.

Please let us know your availability. In addition to the times we previously provided, we are now also available tomorrow from 10 a.m. to 12 p.m. ET.

Sincerely,
Stephen

3

**A210**

**From:** Levandoski, Stephen D.
**Sent:** Monday, March 9, 2026 11:52 AM
**To:** Yung, Eva H. <eyung@axinn.com>; Schwartz, Kevin S. <KSchwartz@wlrk.com>; Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>; Scarcella, Gio <GScarcella@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Meli, Graham W. <GWMeli@WLRK.com>; Dowd, Eamon <EDowd@cov.com>; OpenAI Antitrust WLRK Litigation 07228-0508 <OpenAI.Antitrust.Litigation@wlrk.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

Eva,

We write to memorialize and follow up on our meet-and-confer discussion on Wednesday, March 4 concerning OpenAI's second and third sets of requests for production to plaintiffs. As you know, we did not complete our discussion. We are available on Tuesday at 5:00 p.m. ET or Wednesday between 12:00 and 2:00 p.m. ET to meet and confer on the remaining RFPs, as well as OpenAI's second sets of requests for admission and interrogatories. Please confirm your availability.

**OpenAI's Second Set of RFPs:**

- We noted at the outset that this was our second meet and confer about OpenAI's second set of requests for production, which were served on December 26, 2025. On our first meet and confer, now more than a month ago, you committed to considering our positions and timely informing us whether plaintiffs would stand on their objections, or if they would agree to produce responsive documents. On Wednesday, despite the month-long consideration, plaintiffs still refused to commit to production in response to any request.

- **RFP 1**: We explained that the parties are not similarly situated with respect to this request for information about data-center costs given plaintiffs' allegations about barriers to entry and resource scarcity and their purported effects on plaintiffs. ███████████████████████████████████████████████████████████████████████████████ e asked you again to confirm promptly whether plaintiffs are refusing to produce documents responsive to this request.

- **RFP 2**: We explained that plaintiffs allege an ongoing inability to integrate Grok into iOS, which puts at issue documents and communications about safety in the period between June 2024 and the complaint date. Such documents and communications bear on Apple's ongoing decision-making about whether, as plaintiffs contend, Grok is a viable integration partner. We further note that these documents may bear on other issues in the case, including concerning the reasons for Grok's position in the market and the cause of any alleged competitive harm. Please confirm whether you will run any of the search terms that we proposed on February 11 and produce responsive documents, or instead whether you are refusing to produce documents responsive to this request.

- **RFP 3**: You indicated that plaintiffs consider this request concerning AI Technologies to be duplicative of OpenAI's First RFP No. 12, in response to which plaintiffs agreed to produce documents. We stated

4

A211

that we disagree that the requests are duplicative, but that we would review the documents plaintiffs produce in response to RFP No. 12, while reserving our rights.

- **RFP 4**: We addressed plaintiffs' suggestion that this request duplicates previous requests relating to plaintiffs' allegations of harm. We explained that we are entitled to discovery into xAI's funding, investment, and financing in order to test plaintiffs' claims of harm, including discovery into documents and communications that tend to disprove plaintiffs' damages claims. We also noted that we have proposed additional search terms specifically targeted to these subjects and incremental to earlier requests. Plaintiffs have alleged that they were deprived of investment and suffered harm to future profits and the value of their business. Thus, plaintiffs cannot both allege these harms and deprive OpenAI of full discovery into their financial condition and investment prospects. Please confirm whether you are refusing to produce documents responsive to this request.

- **RFP 5**: We addressed your email response, in which you characterized this request as limited to enterprise distribution channels. That reading is incorrect: this request encompasses consumer channels, and plaintiffs' integrations (including with Tesla) include consumer-facing applications. This request is focused on distribution, not training, but we noted that plaintiffs have not made an affirmative representation that xAI does not use any data from its enterprise integrations to train Grok. ███████████████████████████████████████████████████ lease provide a written statement of plaintiffs' position, including whether plaintiffs classify the Tesla integration as a consumer application, and confirm that plaintiffs will run the search terms that we proposed on February 11. Otherwise, please confirm whether plaintiffs are refusing to produce documents responsive to this request.

- **RFP 6**: We noted that plaintiffs' recent productions contained at least one deck that appeared to be associated with an all-hands meeting, and we asked you about the status of your search for other such materials. We explained that any claimed burden associated with this request may be reduced if plaintiffs locate centrally located repositories of such materials, including any recordings. You confirmed that your investigation is ongoing, and we requested a prompt update on your findings; otherwise, please confirm whether you will run the search terms that we proposed on February 11.

**OpenAI's Third Set of RFPs:**

- **OpenAI's further requests are not duplicative.** Plaintiffs have asserted that various OpenAI requests are duplicative of earlier requests by OpenAI or Apple. We again explained that these requests target issues, documents, and subject matter distinct from those in earlier requests and therefore may require incremental, additional searches to ensure that these categories are appropriately captured. We understand that plaintiffs are not categorically refusing to produce documents responsive to these requests. But we must have clarity about what documents plaintiffs are producing in these categories.

- **RFP 1**: This request seeks documents and communications concerning any historical, present, or future valuations of X, xAI, or Grok. We explained that this request is relevant to plaintiffs' allegations of damages. We asked whether plaintiffs would produce a full set of valuations. We understand that plaintiffs will not withhold valuations responsive to this request. We need to come to an agreement, however, as to how plaintiffs will identify such responsive valuations. For example, we expect that repositories of valuation documents exist in connection with corporate and investment transactions undertaken by plaintiffs, including the X-xAI merger, the SpaceX-xAI merger, and funding rounds. Please confirm that plaintiffs will collect and produce such relevant documents. We can also propose additional search terms to ensure that such documents are captured in custodial searches.

A212

- **RFP 2**: This request seeks documents and communications concerning any actual or projected profits, revenues, costs, expenses, capital expenditures, asset accounting impairments, liabilities, and losses of or attributable to X, xAI, or Grok. You represented that the productions plaintiffs have agreed to make in response to earlier RFPs contain all documents and communications responsive to this request. We accordingly understand this to mean that you will produce documents responsive to this request. Please confirm our understanding. Again, we also need to understand the manner in which such documents will be identified for production to ensure that OpenAI receives a comprehensive set.

- **RFPs 3**: This request seeks documents and communications that X or xAI has provided to investors, lenders, or regulatory bodies concerning investments, loans, or other funding. We explained that this request is relevant to responding to plaintiffs' damages claims but is also relevant to liability, including to the extent that plaintiffs' communications with investors bear on their allegation of substantial foreclosure from the market (or lack thereof). You agreed to consider this request and our explanation. Please promptly confirm whether you will produce or are refusing to produce documents responsive to this request. We can propose search terms, but also expect that you can identify responsive documents by searching communications with domains or addresses of known investors.

- **RFP 4**: This request seeks documents and communications concerning capital raises by X or xAI. You agreed to take this request back for consideration with your client in light of our discussion. Please promptly confirm that you will produce documents responsive to this request and the manner in which you propose to identify responsive documents. We can propose search terms if needed.

- **RFP 5**: This request seeks documents and communications concerning resource sharing between any affiliated company and X or xAI. We explained that resource sharing as defined in the request is relevant to issues of both alleged substantial foreclosure and damages. For example, to the extent that plaintiffs benefit from the resources of or synergies with their affiliated businesses, it makes it less likely that they are foreclosed from competing in the alleged market. Please confirm that plaintiffs will produce documents responsive to this request and the manner in which you propose to identify responsive documents.

- **RFP 6**: This request seeks documents sufficient to show X and xAI's hiring plans, actual hiring, and monthly headcount of employees by business function. We explained that this request is relevant to plaintiffs' allegations about barriers to entry, which characterize skilled labor as a scarce resource. You have not identified any reason that it would be more burdensome to search for or collect headcount information about all employees rather than a subset, given that such information is commonly stored together in central HR databases. Nevertheless, in the spirit of compromise, we are willing to limit our request to "AI scientists and engineers," as understood in paragraph 163 of the Complaint. Please promptly confirm that you will produce documents responsive to this request as modified.

- **RFP 8**: This request seeks documents and communications concerning the performance of Grok. We explained that this request is relevant to plaintiffs' allegations regarding Grok's ability to scale, and that this request includes performance metrics (*e.g.*, Task Success) not identified in earlier requests. Please promptly confirm that you will produce documents responsive to this request and the manner in which you propose to identify responsive documents. We can propose search terms for this request if needed.

We ask that you provide a prompt response to the items above. In the event that plaintiffs stand on their categorical refusal to produce documents in response to any request, we will consider the parties to be at impasse.

Finally, we reiterate our request that plaintiffs disclose the number of documents they are reviewing under their search-term counterproposal to OpenAI's proposed search terms for its first set of document

**A213**

requests. This is a figure that plaintiffs necessarily already have and must provide promptly for defendants to assess the adequacy of their counterproposal and the review that they have undertaken. And we again ask that plaintiffs provide hit reports with counts for each search term in which plaintiffs have proposed burden-based modifications. Your email acknowledges that plaintiffs' asserted burden is in part "quantitative," and we require these individual hit counts to assess the extent of plaintiffs' claimed "qualitative" burdens relative to the agreed review population.

Sincerely,
Stephen

---

**From:** Yung, Eva H. <eyung@axinn.com>
**Sent:** Friday, February 27, 2026 5:04 PM
**To:** Levandoski, Stephen D. <SDLevandoski@wlrk.com>; Schwartz, Kevin S. <KSchwartz@wlrk.com>; Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>; Scarcella, Gio <GScarcella@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Meli, Graham W. <GWMeli@WLRK.com>; Dowd, Eamon <EDowd@cov.com>; OpenAI Antitrust WLRK Litigation 07228-0508 <OpenAI.Antitrust.Litigation@wlrk.com>; Yung, Eva H. <eyung@axinn.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

---

**\*\*External Email-Use Caution\*\***

Stephen,

We write to correct and clarify the representations in your February 11, 18, and 20 emails purporting to summarize Plaintiffs' positions on OpenAI's RFPs and search terms.

**Search Terms and Hit Reports for OpenAI's First Set of RFPs**

For the search terms OpenAI sent for its First Set of RFPs, your February 18 email demands that Plaintiffs provide (1) a separate aggregate hit report for OpenAI's search terms; (2) descriptions of modifications made for "solely technical reasons"; (3) prior aggregate hit reports for OpenAI's search terms for a period that no longer applies and to which Plaintiffs never agreed (January 1, 2024 – August 25, 2025); (4) aggregate hit reports covering the agreed-upon relevant default period for custodial productions (January 1, 2023 – August 25, 2025); and (5) individual search string hit reports for any terms to which Plaintiffs have "burden-based objections" and "any counterproposal to those terms" based on burden.

To begin with, the sheer number of these requests, not to mention the level of detail demanded, is unnecessary, burdensome, and not at all reciprocated by OpenAI. Plaintiffs provided OpenAI with the aggregate number of hits across both OpenAI's and Apple's search terms on January 29. In contrast, OpenAI has not provided Plaintiffs with *any* aggregate hit counts for Plaintiffs' proposed search terms, regardless of whether OpenAI is objecting to any terms based on burden, despite OpenAI agreeing to do so.

Plaintiffs have likewise already described—on multiple meet-and-confers and in the redlines Plaintiffs provided on January 14, as supplemented on January 15—the modifications made purely to be able to run the search terms OpenAI first proposed on December 24. We do not understand what further descriptions you seek beyond what we have already provided.

7

A214

And as we explained on our February 6 meet-and-confer, prior hit reports we have run would not be helpful to either side, as the search terms run and the timeframe over which they were run have since changed. For that reason, we asked OpenAI and Apple to jointly confirm which search terms to run over what period. We did not receive OpenAI's answer on this point until February 18.

Finally, we disagree with your position that any search string with burden-based objections entitles OpenAI to an individualized hit report comparing the original terms and Plaintiffs' counterproposals. Burden can be both quantitative and qualitative, and hit counts cannot account for the latter. For example, the search terms that OpenAI proposed Plaintiffs run relating to Grok's user privacy policies were so broad that they pulled in all documents and communications mentioning xAI and privacy policy, such as the document you incorrectly identified in your February 20 email as "X-AI-00013466." Plaintiffs' proposed narrowing of search terms therefore has as much to do with what is getting unnecessarily pulled in as the number of hits generated. And to the extent you now claim these are not the documents you seek, your February 20 email shows that you have been able to separate such documents from your review.

Despite all of the above and in the spirit of good-faith negotiation, we are willing to provide the below hit counts using the search terms OpenAI provided on December 24 (with only minor modifications so that the searches would run), and based on the agreed-upon default timeframe of January 1, 2023 – August 25, 2025 for custodial document per my colleague's email on Monday:

- Aggregate number of documents captured by both Defendants' proposed search terms for the First Set of RFPs each served on Plaintiffs: 3,471,456

- Aggregate number of documents captured by just OpenAI's proposed search terms for its First Set of RFPs served on Plaintiffs: 1,148,876

**OpenAI's Second Set of RFPs**

As a general matter and as we raised on our February 6 meet-and-confer, OpenAI's Second Set of RFPs appear duplicative of or subsumed in prior requests to which Plaintiffs have already agreed to produce responsive documents. OpenAI has itself in recent meet-and-confers on Plaintiffs' requests to OpenAI similarly refused to produce documents on the grounds that they are duplicative of documents that OpenAI has already agreed to produce in response to its prior RFPs. Plaintiffs make the same argument here. Because of this, on our meet-and-confer, we asked OpenAI to identify the delta it believed the existing RFPs would not already cover.

Instead of providing the clarification we requested, OpenAI unilaterally decided to send on February 11 proposed search terms for RFPs that the parties had only begun discussing five days earlier. We were further surprised at your declaration in your February 20 email that unless Plaintiffs agree to run search terms for requests that we had not yet agreed to, the parties will have reached an impasse. Your unilateral declaration of impasse under these circumstances is contrary to the obligations laid out in *Dondi*. 121 F.R.D. 284, 287-88 (N.D. Tex. 1988) (observing that opposing counsel owe each other "a duty of courtesy and cooperation"). And, as the Court's decision just today noted, OpenAI has a duty to "conduct discovery professionally, cooperatively, and in good faith" before seeking court action. ECF No. 166 at 10. We hope that OpenAI will comply with its discovery obligations in the manner described by both *Dondi* and the Court's recent order.

We address each specific RFP below.

**RFP No. 1**: We understand that OpenAI has now confirmed that it will produce documents responsive to Plaintiffs' RFP No. 27 related to costs associated with data centers used by OpenAI to operate ChatGPT. Please confirm our understanding that OpenAI is seeking no more from Plaintiffs other than what OpenAI has agreed to produce so that Plaintiffs can properly evaluate this request: i.e., that OpenAI's Second RFP No. 1 only seeks documents sufficient to show historical and future-contracted costs associated with data centers used by xAI to operate consumer-facing Grok.

**A215**

**RFP No. 2**: None of your emails address the concern we raised on our meet-and-confers that documents responsive to this request bear no relevance to the claims or defenses in this case because the underlying incidents postdated Apple's decision to select ChatGPT as its first integration.

Your February 11 email argues that "this request is relevant to investigating the basis of Apple's business justification in selecting ChatGPT as its first integration, and the substantiation of potential concerns regarding xAI's policies, practices, and procedures concerning factual accuracy, content moderation, and safety." However, as we explained during our meet-and-confer, the MechaHitler, white genocide, and Grokipedia incidents occurred *after* Apple's business decision to select ChatGPT, and therefore cannot be relevant based on your February 11 explanation.

As noted in our February 24 email to Apple, with respect to search terms for the MechaHitler and white genocide incidents, the responsiveness of Plaintiffs' internal documents relating to those incidents would depend on Apple's *knowledge* of such documents. If Apple never knew about such documents, they could not have informed any of Apple's decisions, let alone Apple's decisions with respect to Grok. This is an argument OpenAI has itself made when opposing the addition of Jan Leike as a custodian: that his documents are not relevant (ECF No. 144). Magistrate Judge Ray seemed to endorse this position in denying Plaintiffs' request to add Mr. Leike as a custodian (ECF No. 149) (finding that "Mr. Leike and any documents he emailed or received do not appear to be relevant or proportional to the needs of the case," noting "Mr. Leike's lack of involvement in the Apple AI implementation and the timing of his departure from OpenAI"). And in the February 25 meet-and-confer between Plaintiffs and OpenAI, OpenAI once again confirmed its position that *documents concerning safety, privacy, and content moderation of Grok unconsidered by or unknown to Apple are irrelevant*.

OpenAI has failed to address these concerns, yet demands that we run search terms. We once again invite OpenAI to explain the relevance of Plaintiffs' internal documents unknown to Apple, given OpenAI's clear position on this issue.

**RFP No. 3**: Your February 11 email does not address how this request is not duplicative of prior ones, particularly OpenAI's First Set of Requests for Production No. 12. Request No. 12 seeks "[a]ll Documents and Communications" concerning the utility or effectiveness of prompts "as a data source for the Training of the AI Technologies (including LLMs) underlying Grok." We pointed out in our meet-and-confer that Request No. 12— for which Plaintiffs have already agreed to produce responsive documents—already addresses the "AI Technologies" OpenAI's Second Request No. 3 seeks. Your selective quoting of your own Request No. 12 does not address that clear overlap, or why documents Plaintiffs will be producing in response to Request No. 12 will not also cover this Second Request No. 3. We remain willing to meet and confer further.

**RFP No. 4**: Your February 11 email likewise fails to address how this Second Request No. 4 is not duplicative of prior requests. For example, OpenAI's First Set of Requests Nos. 23, 25, and 26 seek documents showing harm to xAI caused by Defendants' illegal conduct—including harm from reduced investment or impaired ability to raise funds. To the extent this Request No. 4 seeks information about xAI's funding, investment, or financing *separate* from harm arising out of Defendants' illegal conduct, we fail to see how this would be relevant to this litigation. We welcome OpenAI's explanation on that front if that is the case.

**RFP No. 5**: Plaintiffs maintain that xAI's access to enterprise-level distribution channels bears no relevance to the claims or defenses in this case. OAI itself has maintained that discovery into enterprise use of ChatGPT is irrelevant. *See* OpenAI's Responses and Objections to Plaintiffs' Second Set of Requests for Production, Request No. 1. Plaintiffs likewise maintain that only consumer-facing Grok and the sources that go into training consumer-facing Grok are relevant to this litigation. We welcome OpenAI's explanation why this and other similar requests for enterprise data and materials would not be reciprocal.

Plaintiffs have already agreed to produce data and materials responsive to the sale of consumer-facing Grok. *See, e.g.*, OpenAI's First Set of Requests for Production, Request No. 21; and Apple's First Set of Requests for Production, Request Nos. 2, 16, 19. Please identify what materials this Second Request No. 5 seeks aside from enterprise-related discovery that those prior requests would not cover.

**A216**

**RFP No. 6**: Plaintiffs maintain that this request is overly broad because not all company-wide meetings of xAI employees are relevant to the claims or defenses in this litigation. Based on your representations during our February 6 meet-and-confer, we understand that OpenAI seeks publicized company-wide statements about xAI's business performance. Plaintiffs are still assessing the burden of gathering such materials, as well as why a custodial search is warranted if go-gets are available and, as OpenAI pointed out, many of these statements are already publicly reported.

* * *

Finally, we note that Plaintiffs are continuing in good faith to produce responsive documents weekly, totaling more than six thousand documents to date. In contrast, OpenAI has produced only 2,222 documents—roughly one-third of Plaintiffs' production volume—averaging only one production every eleven days. Not only is OpenAI's deliberate sandbagging of its productions until the day of its deadline in violation of its obligations under *Dondi* and as described in the Court's recent order, if this is the extent of OpenAI's production of responsive documents on the day of its substantial-completion deadline, we can only assume that such production is deficient. Given the shockingly small volume of produced documents to date, we request OpenAI provide aggregate hit counts for the agreed-upon, default timeframe of January 1, 2023 – August 25, 2025 for Plaintiffs' search terms.

We look forward to seeing OpenAI's productions and remain open to meeting and conferring further.

Yours,

Eva

**Eva H. Yung**
Partner
T: 212.728.2235

**From:** Levandoski, Stephen D. <SDLevandoski@wlrk.com>
**Sent:** Friday, February 20, 2026 4:52 PM
**To:** Yung, Eva H. <eyung@axinn.com>; Schwartz, Kevin S. <KSchwartz@wlrk.com>; Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>; Scarcella, Gio <GScarcella@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Meli, Graham W. <GWMeli@WLRK.com>; Dowd, Eamon <EDowd@cov.com>; OpenAI Antitrust WLRK Litigation 07228-0508 <OpenAI.Antitrust.Litigation@wlrk.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

**Caution: External Email**

Eva,

We are writing to further inquire about plaintiffs' responses to OpenAI's second set of requests for production, which we discussed two weeks ago on February 6 and which are summarized in the email we sent to you more

A217

than a week ago on February 11. During our meet and confer, plaintiffs represented that they would consider whether to produce documents in response to these requests or to stand on their categorical refusals articulated in their responses and objections. Given the case schedule, we need to understand whether the parties are at impasse on these requests.

If plaintiffs are not refusing to produce documents, please confirm that they will apply the search terms we proposed on February 11, and provide an aggregate hit report that includes the total number of documents returned by the search terms.

We also echo the concern in Apple's email of yesterday about the contents of plaintiffs' productions to date. In plaintiffs' most recent production, for example, we identified some 1,196 instances of automated lunch menus sent by "info@fooda.com," e.g., X-AI-00013466. Such facially nonresponsive documents both impose an inappropriate burden on defendants and call into question plaintiffs' claims to be making meaningful rolling productions in advance of their substantial completion deadline. We expect plaintiffs to make meaningful productions of responsive material.

Best,
Stephen

---

**From:** Levandoski, Stephen D.
**Sent:** Wednesday, February 18, 2026 8:49 PM
**To:** Yung, Eva H. <eyung@axinn.com>; Schwartz, Kevin S. <KSchwartz@wlrk.com>; Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>; Scarcella, Gio <GScarcella@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Meli, Graham W. <GWMeli@WLRK.com>; Dowd, Eamon <EDowd@cov.com>; OpenAI Antitrust WLRK Litigation 07228-0508 <OpenAI.Antitrust.Litigation@wlrk.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

Eva,

On our meet and confer on Friday, February 6, you asked us to confirm in writing the search terms for which we have requested hit reports.

As we first put to plaintiffs on December 24, 2025, we reiterate our request that plaintiffs provide a separate aggregate hit report for OpenAI's search terms, which are reattached here for reference. Insofar as plaintiffs have represented that modifications are required to run any of these search strings for solely technical reasons, we ask that plaintiffs describe the modifications to us in writing and implement any such necessary modifications.

We had understood that Plaintiffs had previously run aggregate hit reports reflecting the total number of documents returned by our search terms for the period January 1, 2024 to August 25, 2025. Please provide those hit reports as soon as possible. We would also request that you provide hit reports indicating the total number of documents and applying the relevant default date range that the parties agree upon after further negotiation; we understand that the parties are currently agreed that custodial searches will extend back to January 1, 2023.

11

**A218**

As we also requested on December 24, 2025, to the extent that plaintiffs have burden-based objections to any of the terms we have proposed, we likewise request that they run individual search string hit reports for both our proposal and any counterproposal as to those terms.

We understand that plaintiffs have propounded burden-based objections to OpenAI's RFP Nos. 10–11, 13–16, 22–23, 25, and 34. If any other of plaintiffs' January 14 counterproposals were based on burden, we ask that plaintiffs likewise identify those modifications and run hit reports with counts per each such search term in both the December 24 proposals and January 14 counterproposals.

For reference, we are reattaching an abridged version of the spreadsheet you have provided us on January 14, which we understand to reproduce the terms of our December 24 proposal and plaintiffs' counterproposal.

Please advise us when plaintiffs expect to provide hit counts for these terms.

Best,
Stephen

---

**From:** Levandoski, Stephen D.
**Sent:** Wednesday, February 11, 2026 7:54 PM
**To:** Yung, Eva H. <eyung@axinn.com>; Schwartz, Kevin S. <KSchwartz@wlrk.com>; Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>; Scarcella, Gio <GScarcella@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Meli, Graham W. <GWMeli@WLRK.com>; Dowd, Eamon <EDowd@cov.com>; OpenAI Antitrust WLRK Litigation 07228-0508 <OpenAI.Antitrust.Litigation@wlrk.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

Counsel,

We write to summarize our meet-and-confer discussion of Friday, February 6, concerning OpenAI's second set of document requests to plaintiffs. In the interests of continuing to make progress, we are attaching proposed search terms for a subset of these requests that require such terms (as opposed to "documents sufficient to show" requests). We ask that plaintiffs provide an aggregate hit report (deduplicated against prior requests), as well as individual hit reports for any term that plaintiffs propose to modify or eliminate on the basis of burden.

- **RFP No. 1**: This request seeks documents sufficient to show the historical and future-contracted costs associated with data centers used by xAI to operate Grok, including historical and future-contracted capital costs from project construction. In our December 16 letter to plaintiffs concerning their first set of document requests, we stated that we would agree to produce documents sufficient to show historical and future-contracted costs associated with data centers used for operating ChatGPT in response to plaintiffs' RFP No. 27. On our call, we explained that treatment of this subject matter should be reciprocal. This request has even greater relevance to plaintiffs' claims, which allege barriers to entry based on the "immense investments in computing resources" that plaintiffs say xAI has been required to make to compete in the allegedly relevant market. Compl. ¶ 163. The alleged costs of such investments

**A219**

thus uniquely bear on plaintiffs' claims. Plaintiffs stated that they would consider whether to produce documents in response to this request. Please confirm whether plaintiffs will agree to produce documents, or whether plaintiffs are standing on the categorical refusal articulated in their responses.

- **RFP No. 2**: This request seeks documents and communications concerning safety, integrity, factual accuracy, and content moderation of Grok, including racism, sexism, antisemitism, hate speech, bias, and hostility to a protected class. It also seeks documents referring to "MechaHitler," "white genocide" in South Africa, and citations by Grokipedia to Stormfront, as previously publicly reported. We explained that this request is relevant to investigating the basis of Apple's business justification in selecting ChatGPT as its first integration, and the substantiation of potential concerns regarding xAI's policies, practices, and procedures concerning factual accuracy, content moderation, and safety. This request addresses topics relating to Grokipedia for the first time. We have proposed search terms targeted at this request. We understand that plaintiffs are considering whether to produce documents in response to this request. Please confirm whether plaintiffs will agree to produce documents, subject to an agreement on reasonable search terms as proposed in the attached, or whether plaintiffs are standing on the categorical refusal articulated in their responses.

- **RFP No. 3**: This request seeks documents sufficient to show the AI Technologies involved in or relied upon to develop or operate Grok. We explained that plaintiffs had put at issue the technologies Grok relies on by alleging that the ChatGPT integration "deprive[d]" plaintiffs and other competitors "of scale and opportunities to improve their technology." Compl. ¶ 92. We confirmed that this request is not intended to seek source code. In response to your question regarding the relationship between this request and RFP No. 12 of our first set of document requests, we explained that RFP No. 12, which called for a custodial search, was targeted at the utility or effectiveness of prompts. This request by contrast seeks documents sufficient to show, at a high level, the general AI technologies that Grok relies on for its training and operation. We understand that plaintiffs will consider whether to produce documents in response to this request. Please confirm whether plaintiffs will agree to produce documents, or whether plaintiffs are standing on the categorical refusal articulated in their responses.

- **RFP No. 4**: This request seeks documents sufficient to show the funding, investment, and financing that xAI has received and the respective equity ownership of xAI (*e.g.*, capitalization tables). In our December 16 letter to plaintiffs concerning their first set of document requests, we stated that we would agree to produce a current version of OpenAI's capitalization table, in response to plaintiffs' RFP No. 29. Plaintiffs have put their funding and investment at issue in this case by alleging that the ChatGPT integration "discourages investment in startups," such as xAI. Compl. ¶ 110. We also explained that this request is specifically targeted at investments in xAI, whereas RFP Nos. 23 and 26 of our first set of document requests, which seek a custodial search, are directed at plaintiffs' alleged harm. We understand that plaintiffs will consider whether to produce documents in response to this request. Please confirm whether plaintiffs will agree to produce documents, or whether plaintiffs are standing on the categorical refusal articulated in their responses.

- **RFP No. 5**: This request seeks documents regarding the financial or strategic significance of selling or distributing Grok through certain identified channels, including the Apple, Google, and Samsung app stores. OpenAI previously agreed on December 24 to review documents identified in certain search terms proposed by plaintiffs regarding RFP No. 32 in their first set of document requests. We explained that this request is relevant to plaintiffs' allegations of foreclosure from various distribution channels, as well as the strategic importance of certain channels for collecting information used for model training. We explained that xAI's access to enterprise-level distribution channels is uniquely relevant to plaintiffs' alleged harm. We have proposed search terms targeted at this request. Plaintiffs stated that they would consider whether to produce documents in response to this request. Please confirm whether

13

**A220**

plaintiffs will agree to produce documents, subject to agreement on reasonable search terms as proposed in the attached, or whether plaintiffs are standing on the categorical refusal articulated in their responses.

- **RFP No. 6**: This request seeks documents and communications regarding remarks delivered by xAI executives at all-hands or company-wide meetings, including recordings of and materials presented in connection with any such remarks. In response to your vagueness objection regarding the definition of an "all hands" or companywide meeting, we explained that this request seeks documents and communications regarding meetings at which executives made remarks to large numbers of employees—not meetings with few attendees. We explained that some companies refer to such meetings as "town halls," or by other terms that may vary across companies, and we asked you to investigate the naming conventions that xAI employs and any methods of recording or documenting such meetings. We also noted that such "all hands" meetings had been reported on publicly and that reported positive statements by xAI executives about the state of plaintiffs' businesses at "all hands" meetings bear on their allegations regarding their ability to rapidly scale, achieve technological innovation, secure fundraising, and mitigate alleged harms, among other topics. We have proposed search terms targeted at this request; in addition, we ask that plaintiffs investigate the existence of repositories of recordings, materials, notes, and scripts for such meetings. Collection from any such identified repositories would be in addition to a custodial search. Plaintiffs stated that they would consider whether to produce documents in response to this request. Please confirm whether plaintiffs will agree to produce documents, subject to agreement on reasonable search terms as proposed in the attached, or whether plaintiffs are standing on the categorical refusal articulated in their responses.

We ask that you provide a prompt response. In the event that plaintiffs stand on their categorical refusal to produce documents in response to any request, we will consider the parties to be at impasse.

Best,
Stephen

---

**From:** Yung, Eva H. <eyung@axinn.com>
**Sent:** Wednesday, February 4, 2026 8:45 PM
**To:** Schwartz, Kevin S. <KSchwartz@wlrk.com>; Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Meli, Graham W. <GWMeli@WLRK.com>; Levandoski, Stephen D. <SDLevandoski@wlrk.com>; Dowd, Eamon <EDowd@cov.com>; Yung, Eva H. <eyung@axinn.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

---

**\*\*External Email-Use Caution\*\***

Kevin,

We are available Friday, February 6, from 4:30 PM to 5:30 PM ET. Let us know.

Yours,

Eva

14

A221

**Eva H. Yung**
Partner
T: 212.728.2235

---

**From:** Schwartz, Kevin S. <KSchwartz@wlrk.com>
**Sent:** Friday, January 30, 2026 11:21 PM
**To:** Yung, Eva H. <eyung@axinn.com>; Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Meli, Graham W. <GWMeli@WLRK.com>; Levandoski, Stephen D. <SDLevandoski@wlrk.com>; Dowd, Eamon <EDowd@cov.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

**Caution: External Email**

---

Eva,

Your Thursday evening email does not provide sufficient detail to assess the basis on which Plaintiffs are seeking to amend the requested search terms. Among other things, you do not indicate which portion of your aggregate hit count is attributable to search terms proposed by each of Apple and OpenAI. We also note that your email does not contain any explanation of your changes to facilitate our review.

Notwithstanding these concerns, please provide your availability early next week to continue our discussion of search terms. We ask that Plaintiffs also be prepared to discuss their responses and objections to our second set of document requests, in which you purport to decline to produce any documents at all. We can be available in the windows of Monday 1:45pm-3pm ET or Tuesday 2-5pm ET — please let us know what works.

Finally, we summarize several points discussed in our Tuesday meet and confer:

- **Code names:** We asked whether Plaintiffs have specifically inquired about the existence of code names related to Grok and other GenAI chatbots, as well as any codenames concerning data sources used to train Grok or other training-related projects. You stated that you have made reasonable good-faith efforts to inquire about such code names with your clients and that based on those inquiries, you are not aware of any such code names. You agreed to revisit the question if any party comes across information suggesting the existence of code names.

- **Custodians:** You confirmed that Plaintiffs will run OpenAI's search terms on the list of Defendants' joint proposed Plaintiff custodians agreed upon by the parties.

- **Ongoing Review:** You confirmed that you are currently (1) running the already-agreed search terms on Plaintiffs' 14 already-agreed custodians; and (2) reviewing identified documents for responsiveness.

15

**A222**

- **RFPs:** We discussed OpenAI's proposed search terms for RFP Nos. 13–16, 22-23, 25, and 34. You represented that your counter-proposals on each of the respective search terms were made for burden.

Best,
Kevin

---

**From:** Yung, Eva H. <eyung@axinn.com>
**Sent:** Thursday, January 29, 2026 6:37 PM
**To:** Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Schwartz, Kevin S. <KSchwartz@wlrk.com>; Savitt, William D. <wdsavitt@WLRK.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Yung, Eva H. <eyung@axinn.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

| **External Email-Use Caution** |
|:---:|

Counsel,

As noted in our past meet-and-confers and my email earlier today, we understand that both Apple and OpenAI have proposed edits they would like Plaintiffs to consider making, including as described in Apple's January 27 email. We likewise anticipate further refining the search terms based on our continued document collection. Accordingly, and to advance our meet-and-confers productively toward conclusion, we are only providing the aggregate hit count for both Apple's and OpenAI's search terms as modified by Plaintiffs on January 14 at this time: 966,301.

We are in the process of considering Defendants' proposed changes and are happy to meet and confer further.

Yours,

Eva

**Eva H. Yung**
Partner
T: 212.728.2235

---

**From:** Yung, Eva H. <eyung@axinn.com>
**Sent:** Wednesday, January 14, 2026 10:59 PM
**To:** Weiland, Carol <CWeiland@cov.com>; Tan, Zhi Yang <ZTan@cov.com>; Liu, Henry <HLiu@cov.com>; Schwartz, Kevin S. <kschwartz@wlrk.com>; Savitt, William D. <wdsavitt@wlrk.com>; Henn, Emily <ehenn@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Berman, Sean <SBerman@cov.com>; Cheung, Andrew J.H. <ajhcheung@wlrk.com>; Riddick, Austin <ARiddick@cov.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Eisman, Scott A. <seisman@axinn.com>; Yung, Eva H. <eyung@axinn.com>
**Subject:** X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

Counsel,

16

A223

Please see attached Plaintiffs' Counterproposals for Proposed Sources and Search Terms. We are still reviewing our documents and reserve the right to amend the search terms as necessary but are sharing our preliminary proposals. We are also not at this point agreeing to the specific custodians and date ranges applicable to each search term proposed by each Defendant, but would like to meet and confer on them alongside the search terms. Please let us know your availability for next week.

Yours,

Eva

 **Eva H. Yung**
Partner

**Axinn, Veltrop & Harkrider LLP**
45 Rockefeller Plaza
New York, NY 10111
T: 212.728.2235
eyung@axinn.com | axinn.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

==================================================
Please be advised that this transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, please do not read, copy or re-transmit this communication. If you have received this communication in error, please notify us by e-mail (helpdesk@wlrk.com) or by telephone (call us collect at 212-403-4357) and delete this message and any attachments.

Thank you in advance for your cooperation and assistance.
==================================================
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any

17

**A224**

U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**A225**

# TAB 3J

---

| | |
|---|---|
| **From:** | Meli, Graham W. |
| **Sent:** | Wednesday, March 25, 2026 5:58 PM |
| **To:** | Yung, Eva H.; Levandoski, Stephen D.; Schwartz, Kevin S.; Weiland, Carol; Tan, Zhi Yang; Liu, Henry (Covington & Burling LLP); Savitt, William D.; Henn, Emily; Willard Zehmer, Lauren; Berman, Sean; Cheung, Andrew J.H.; Riddick, Austin; Scarcella, Gio; Willard Zehmer, Lauren |
| **Cc:** | Reiser, Craig M.; Justus, Bradley; Erickson, Christopher; Judd E. Stone II; Chris Hilton; Eisman, Scott A.; Davis, William; Dowd, Eamon; OpenAI Antitrust WLRK Litigation 07228-0508; Zuckert, Heather C.; Schwarze, Isabella |
| **Subject:** | X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914 |
| **Attachments:** | 2026.03.25 - Letter from G. Meli to xAI and X.pdf |

Counsel:

Please see the attached letter.  We are available to meet and confer on Friday as noted in the letter.

Regards,
Graham

**Graham W. Meli**
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street | New York, NY 10019
+1 (212) 403-1390 (Direct) | +1 (212) 403-2390 (Fax)
GWMeli@WLRK.com | www.wlrk.com

1

**A227**

## WACHTELL, LIPTON, ROSEN & KATZ

MARTIN LIPTON
HERBERT M. WACHTELL
EDWARD D. HERLIHY
DANIEL A. NEFF
SCOTT K. CHARLES
JODI J. SCHWARTZ
ADAM O. EMMERICH
RALPH M. LEVENE
ROBIN PANOVKA
DAVID A. KATZ
ILENE KNABLE GOTTS
ANDREW J. NUSSBAUM
RACHELLE SILVERBERG
STEVEN A. COHEN
DEBORAH L. PAUL
DAVID C. KARP
RICHARD K. KIM
JOSHUA R. CAMMAKER
MARK GORDON
JEANNEMARIE O'BRIEN

STEPHEN R. DiPRIMA
NICHOLAS G. DEMMO
IGOR KIRMAN
JONATHAN M. MOSES
T. EIKO STANGE
WILLIAM SAVITT
GREGORY E. OSTLING
DAVID B. ANDERS
NELSON O. FITTS
JOSHUA M. HOLMES
IAN BOCZKO
MATTHEW M. GUEST
DAVID K. LAM
BENJAMIN M. ROTH
JOSHUA A. FELTMAN
ELAINE P. GOLIN
EMIL A. KLEINHAUS
KARESSA L. CAIN
RONALD C. CHEN
BRADLEY R. WILSON

51 WEST 52ND STREET
NEW YORK, N.Y. 10019-6150

TELEPHONE: (212) 403-1000
FACSIMILE:  (212) 403-2000

GEORGE A. KATZ (1965-1989)
JAMES H. FOGELSON (1967-1991)
LEONARD M. ROSEN (1965-2014)

OF COUNSEL

DAVID M. ADLERSTEIN
ANDREW R. BROWNSTEIN
WAYNE M. CARLIN
DAMIAN G. DIDDEN
SELWYN B. GOLDBERG
PETER C. HEIN
DAVID E. KAHAN
JB KELLY*
JOSEPH D. LARSON
RICHARD G. MASON
PHILIP MINDLIN
THEODORE N. MIRVIS
ERIC S. ROBINSON

STEVEN A. ROSENBLUM
JOHN F. SAVARESE
MICHAEL J. SEGAL
ADAM J. SHAPIRO
WON S. SHIN
DAVID M. SILK
ELLIOTT V. STEIN
LEO E. STRINE, JR.**
STEPHANIE L. TEICHER
PAUL VIZCARRONDO, JR.
JEFFREY M. WINTNER
AMY R. WOLF
MARC WOLINSKY

COUNSEL

SUMITA AHUJA
LOREN BRASWELL
HEATHER D. CASTEEL
FRANCO CASTELLI
ANDREW J.H. CHEUNG
PAMELA EHRENKRANZ
ALINE R. FLODR
KATHRYN GETTLES-ATWA
LEDINA GOCAJ
ADAM M. GOGOLAK
ANGELA K. HERRING
MICHAEL W. HOLT

DONGHWA KIM
MARK A. KOENIG
J. AUSTIN LYONS
ALEXANDER S. MACKLER**
STEPHANIE A. MARSHAK
ALICIA C. McCARTHY
JOSEPH S. PAYNE
NICOLE D. SHARER
NEIL M. SNYDER
JEFFREY A. WATIKER
DAVID P.T. WEBB

GRAHAM W. MELI
GREGORY E. PESSIN
CARRIE M. REILLY
MARK F. VEBLEN
SARAH K. EDDY
VICTOR GOLDFELD
RANDALL W. JACKSON
BRANDON C. PRICE
KEVIN S. SCHWARTZ
MICHAEL S. BENN
TIJANA J. DVORNIC
JENNA E. LEVINE
RYAN A. McLEOD
ANITHA REDDY
JOHN L. ROBINSON
STEVEN WINTER
JACOB A. KLING
RAAJ S. NARAYAN
MICHAEL J. SCHOBEL
ELINA TETELBAUM

ERICA E. AHO
LAUREN M. KOFKE
RACHEL B. REISBERG
CYNTHIA FERNANDEZ
  LUMERMANN
CHRISTINA C. MA
BENJAMIN S. ARFA
NATHANIEL D. CULLERTON
ERIC M. FEINSTEIN
ADAM L. GOODMAN
STEVEN R. GREEN
MENG LU
AHSAN M. BARKATULLAH
MATTHEW T. CARPENTER
MICHAEL H. CASSEL
HANNAH CLARK
KYLE M. DIAMOND
JUSTIN R. ORR
EMILY E. SAMRA
GEORGE N. TEPE

*ADMITTED IN NORTH CAROLINA AND THE DISTRICT OF COLUMBIA
**ADMITTED IN DELAWARE

Direct Dial: (212) 403-1390
Direct Fax: (212) 403-2390
E-Mail: GWMeli@wlrk.com

March 25, 2026

Via E-mail (seisman@axinn.com; eyung@axinn.com)

Scott A. Eisman, Esq.
Eva H. Yung, Esq.
Axinn, Veltrop & Harkrider LLP
45 Rockefeller Plaza (630 5th Avenue)
New York, NY 10111

Re:    *X Corp., et al.* v. *Apple Inc., et al.*, No. 4:25-cv-00914-P (N.D. Tex.)

Dear Scott and Eva:

Over the past several weeks, we have raised numerous questions about the gaps in plaintiffs' document production, including in our March 3 letter and March 5 email, so that plaintiffs could address them in advance of the substantial-completion deadline. With that deadline now passed, it appears that most of these deficiencies remain unaddressed. Plaintiffs also persist in their refusals to produce key information sought in OpenAI's additional document requests and interrogatories. Compounding the prejudice to defendants, the expert reports served by plaintiffs have put at issue the very documents plaintiffs continue to withhold. These deficiencies are cataloged below. OpenAI's review of plaintiffs' most recent production is

**A228**

WACHTELL, LIPTON, ROSEN & KATZ

Scott A. Eisman, Esq.
Eva H. Yung, Esq.
Page 2

ongoing, but given the compressed schedule and defendants' deadlines for serving our own expert reports, we need to know plaintiffs' position on these matters by close of business on March 27, 2026. We are available to meet and confer on March 27 at 11:00 am, as proposed in plaintiffs' March 23 email.

## I.    Plaintiffs' refusals to produce relevant documents

In our January 31 requests for production of documents, we asked plaintiffs to produce all communications with investors and prospective investors, as well as all documents concerning xAI's capital raises. 3d RFP Nos. 3-4. Such documents would include, for example, term sheets, contracts, or other documents showing the terms to which investors agreed when investing in xAI in the July 2025 and January 2026 funding rounds, as well as investor communications in connection with those capital raises. We also made requests for financial records that included valuations and projections of X, xAI and Grok, as well as financing of xAI and its costs and expenses, such as customer-acquisition costs. 2d RFP No. 4; 3d RFP Nos. 1-2, 4. These requests relate to plaintiffs' claimed damages, which include an alleged deprivation of access to investment and a decrease in xAI's valuation because of the ChatGPT integration. We have met and conferred about these requests multiple times, including in calls on February 6, March 4, and March 11, with follow-up correspondence on February 11, February 18, February 20, March 9, and March 14. Plaintiffs have still not agreed to collect and produce materials in response to these requests.[1]

In our February 5 requests for production of documents, we also asked plaintiffs to produce documents related to the SpaceX–xAI merger, including documents related to the valuation of xAI in that transaction. 4th RFP Nos. 1-6; *see also* 3d RFP No. 7. On the same day, we served an interrogatory requesting that plaintiffs identify the key personnel involved in the merger. 3d Interrogatories No. 6. We met and conferred on these discovery requests on March 11 and followed up by email on March 14, but plaintiffs have likewise refused to agree to produce responsive documents or answer our interrogatory.

Even as plaintiffs have continued in their refusal to provide discovery, they have submitted expert reports confirming that the requested topics are at issue in this case. Plaintiffs' damages expert, Craig T. Schulman, relies on xAI's July 2025 and January 2026 capital raises and associated valuations as significant components of his damages estimate. *See* pp. 91-97. Dr.

---

[1] Plaintiffs insist that their production in response to OpenAI's first set of RFPs obviates the need to respond separately to these financial requests. *See, e.g.*, Email from E. Yung (Mar. 23, 2026). But as we have explained multiple times, these are distinct requests requiring a separate collection and production. And as further discussed below, plaintiffs' production of financial information to date contains substantial deficiencies.

WACHTELL, LIPTON, ROSEN & KATZ

Scott A. Eisman, Esq.
Eva H. Yung, Esq.
Page 3

Schulman also relies on third-party investor materials and incomplete financial records to support his opinions. *See, e.g.*, nn. 181-82, 197-98. Plaintiffs cannot put forward damages opinions that rely on the July 2025 and January 2026 capital raises and the valuation of xAI while blocking discovery into those matters, including a merger that valued xAI at $250 billion just weeks after the January 2026 capital raise. Nor can plaintiffs claim that Grok is being substantially foreclosed from the alleged market for Gen AI Chatbots while simultaneously blocking discovery into communications with investors that spurred ever-higher valuations for xAI.[2]

Likewise, in our January 31 requests, we asked you to produce documents related to the Apple–Google Agreement. 3d RFP No. 10. If plaintiffs intend to argue that this agreement is irrelevant or does not contradict their position that the Apple–OpenAI agreement is "effectively" exclusive, they cannot block discovery into what xAI's executives were saying internally when the Apple–Google agreement was announced — including their views of whether such an agreement could even be possible given the alleged exclusivity of the ChatGPT integration. Again, this request was the subject of our March 11 meet and confer and March 14 follow-up email. Plaintiffs have still not agreed to produce responsive documents, claiming for the first time two days ago that they are now "considering reviewing documents in response to targeted search parameters" that OpenAI provides. The time for consideration of this request, made nearly two months ago, has long since past. In Appendix A of this letter, we provide targeted search parameters, which plaintiffs must agree to run, producing all responsive documents.[3]

OpenAI also has additional outstanding requests that have been the subject of meet and confers. These requests include:

1. Documents regarding remarks delivered by xAI's executive leadership, including Elon Musk, at any "all hands" or companywide meeting. *See* 2d RFP No. 6. ███████████████████████████████ ███████████████████████████. Plaintiffs have never

---

[2] As an example of plaintiffs' reliance on incomplete financial information, ██████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████ OpenAI is entitled to complete productions of such information to rebut Dr. Schulman's opinions based on incomplete financial information.

[3] Consistent with plaintiffs' statement in their March 23, 2026 email that they are "willing to run privacy-related search terms," we have likewise proposed search terms targeted at OpenAI's 2d RFP No. 2 in Appendix A of this letter.

WACHTELL, LIPTON, ROSEN & KATZ

Scott A. Eisman, Esq.
Eva H. Yung, Esq.
Page 4

answered our questions about whether such meetings are recorded or otherwise documented in a repository from which responsive documents can be obtained.

2. Documents regarding the financial or strategic significance of selling or distributing Grok through app stores (including Apple, Google, and Samsung), grok.com, or any integration. *See* 2d RFP No. 5.

3. Documents concerning the performance of Grok, including performance metrics about accuracy, task success, safeguards, and reaction time. *See* 3d RFP No. 8.

4. Documents concerning product roadmaps, business plans, launch schedules, and internal timelines for the development of plaintiffs' Super App initiatives. *See* 3d RFP No. 9.

Plaintiffs reiterate that they are still "considering" these requests or that some responsive information may be contained in their prior productions. *See* Email from E. Yung (Mar. 23, 2026). But again, these are distinct requests that require plaintiffs to agree to conduct a separate collection and production.

If plaintiffs do not agree to produce these documents, the parties are at an impasse, and OpenAI reserves the right to seek all appropriate relief, including the preclusion of plaintiffs' damages and other experts.

## II.    Uncured deficiencies, including those identified in OpenAI's March 3 letter and March 5 email

In addition to plaintiffs' refusal to produce requested information, their production in response to our November 6, 2025 document requests appears radically incomplete. Plaintiffs suggest in their March 23 email that the volume of their production is indicative of the quality of their review. But plaintiffs' production statistics continue to be inflated by substantial filler, including over 6,000 external messages sent to xAI's support email address, and over 1,800 GitHub notifications (in addition to the thousands of lunch menus and "no-reply" emails we have previously identified). Meanwhile, the production contains fewer than 900 internal X and xAI email records — less than 3% of all produced records. The categories of missing information raise serious questions about whether evidence was appropriately preserved or claims have been invented without any basis in fact. For example, based on our preliminary review of plaintiffs' productions, we still have:

1. No text messages, Signal messages, or XChat messages of any kind, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ nd your representations that you were searching for responsive text, Signal, and XChat messages, *see* Email from E. Yung (Mar. 16, 2026).

A231

WACHTELL, LIPTON, ROSEN & KATZ

Scott A. Eisman, Esq.
Eva H. Yung, Esq.
Page 5

2.  No internal documents identifying, relating to, or discussing any competitive harm or foreclosure because of the ChatGPT integration, or attributing Grok's alleged challenges to the ChatGPT integration. *See* 1st RFP Nos. 19, 23, 25-28.

3.  No internal documents suggesting that anyone at xAI thought the relationship between Apple and OpenAI for Siri was exclusive. *See* 1st RFP No. 19.

4.

5.  No documents detailing Grok's use of data from any other integrations, including with X, Tesla, SpaceX, or the U.S. government, ███████████████ ███████ *See* 1st RFP Nos. 10, 15, 16, 18.

6.  ████████████████████

7.  No communications with investors about Grok's, xAI's, or X's alleged shortage of capital or loss of value. *See* 1st RFP Nos. 23-25.

8.  Only seven documents authored by Elon Musk — three of which are emails that just say "Ok" — and only nine documents authored by Jared Birchall.

9.  No board minutes or materials. *See* 1st RFP No. 20.

10.  No documents or communications concerning the impact of the ChatGPT–iOS Integration on xAI's capacity to acquire new users of Grok, maintain existing users of Grok, or develop a so-called Super App. *See* 1st RFP Nos. 22, 29; Apple's 1st RFP No. 27.

11.  ████████████████████

12.

A232

WACHTELL, LIPTON, ROSEN & KATZ

Scott A. Eisman, Esq.
Eva H. Yung, Esq.
Page 6

These deficiencies implicate key issues in this case. Without further delay, please confirm that you have done a diligent search for the missing materials identified above and that plaintiffs have nothing further to produce. Please also confirm whether plaintiffs' production is substantially complete.

### III.    Failure to search Elon Musk's custodial sources or disclose search parameters

Finally, we have repeatedly requested that plaintiffs tell us which of Elon Musk's custodial sources they have collected and searched, including whether they are searching Elon Musk's email accounts at Tesla and SpaceX. Plaintiffs have long persisted in their refusal to answer this simple factual question and only recently asserted that Tesla and SpaceX documents are outside their possession, custody, or control. Plaintiffs are wrong on the facts and the law.

████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████ "[C]ommonality of ownership" and "intermingling of directors, officers or employees of the two corporations" are "[a]mong the factors used by courts to determine whether one corporation may be deemed under control of another corporation." *Shell Glob. Sols. (US) Inc.* v. *RMS Eng'g, Inc.*, 2011 WL 3418396, at *2 (S.D. Tex. Aug. 3, 2011). Mr. Musk's Tesla and SpaceX emails and other custodial files are in xAI's custody and control, as Mr. Musk runs all these companies and could easily cause them to cooperate in discovery. In fact, another court has already made precisely this finding: "Musk has control over his business email accounts at these entities because, as his counsel agreed at the hearing, he is a high-level executive at each of these entities." *Musk* v. *Altman*, 2025 WL 2348769, at *1 (N.D. Cal. July 1, 2025). And a CEO's use of non-company email accounts to conduct company business means "that such accounts are under [company] control." *Ultravision Techs., LLC* v. *Govision, LLC*, 2020 WL 10692709, at *2 (E.D. Tex. Aug. 28, 2020).[4]

Moreover, as to Mr. Musk's SpaceX accounts, SpaceX is now reported to be the parent of xAI. "[J]udges in this circuit regularly require parties to produce documents in the possession of a corporate relative (e.g., parent, subsidiary or sibling/affiliate) when the party has control over the corporate relative's documents for purposes of Rule 34." *Goodyear Tire & Rubber Co.* v. *CEVA Logistics Sing., Ltd.*, 348 F.R.D. 54, 81 (E.D. La. 2024). In light of your unsupported legal position, we will be moving the Court to compel searches of Mr. Musk's SpaceX and Tesla accounts. We reserve the right to also pursue this discovery through a motion to compel compliance with our subpoenas if need be.

Plaintiffs' deficient production and explanations to date also raise serious questions about the preservation, collection, and search of Mr. Musk's other custodial sources, including his electronic devices and messaging applications such as Signal, XChat, and texts. During our meet and confer on March 10 and in our email the following day, we asked plaintiffs to identify

---

4 ████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████ lease confirm that plaintiffs have searched it or will do so.

WACHTELL, LIPTON, ROSEN & KATZ

A234

Scott A. Eisman, Esq.
Eva H. Yung, Esq.
Page 7

whether they were collecting such custodial sources.  Instead of answering our questions, plaintiffs' March 13 email called the issue "premature" before their substantial completion deadline.  But plaintiffs' production has now confirmed that our inquiries were both necessary and timely.  Again, plaintiffs have not produced a single text, Signal message, or XChat message of any kind, from Mr. Musk or anyone else, across a nearly three-year period.  Even putting aside our previously expressed concerns about when plaintiffs became obligated to preserve documents, plaintiffs represented to the Court that they anticipated this litigation at least weeks before it was filed and then directed employees to cease auto-deletion practices — so at least *some* of Mr. Musk's text, Signal, and XChat messages must have been preserved.  If plaintiffs have searched such sources, they must produce the responsive documents promptly.  And if plaintiffs are taking the position that any of Mr. Musk's devices or other custodial sources are not within their possession, custody, and control, they must tell us so that we can challenge that assertion in court.

Sincerely,

Graham W. Meli

Graham W. Meli

**A234**

WACHTELL, LIPTON, ROSEN & KATZ

Scott A. Eisman, Esq.
Eva H. Yung, Esq.
Page 8

## **Appendix A**

**OpenAI's Proposed Search Terms for 2d RFP No. 2:**

(Default date range)

(Grok OR Grokipedia) w/20 (privacy OR consent OR "personal data" OR safety OR "content moderation" OR "postmortem" OR misus* OR abus* OR toxic* OR bias OR racis* OR "white genocide" OR MechaHitler OR discriminat* OR harass* OR safety OR exploit* OR "nonconsensual imagery" OR Stormfront OR CSAM)

**OpenAI's Proposed Search Terms for 3d RFP No. 10:**

(Date range: January 11, 2026 to February 12, 2026)

((apple OR siri OR iPhone OR iOS) w/10 (google OR gemini) AND (agree* OR deal* OR launch* OR contrac* OR partner* OR initiative* OR collaborat* OR distribut* OR *exclu* OR monopol* OR power OR integrat* OR compet* OR model*)) OR ((google OR gemini) w/10 (concentrat* OR power)) OR ((OAI OR OpenAI OR ChatGPT) w/10 (google or gemini))

**A235**

# TAB 3K

A237

| **From:** | Meli, Graham W. |
|---|---|
| **Sent:** | Saturday, March 28, 2026 6:19 PM |
| **To:** | Yung, Eva H.; Eisman, Scott A. |
| **Cc:** | Levandoski, Stephen D.; Schwartz, Kevin S.; Carol Weiland; Zhi Yang Tan; Liu, Henry (Covington & Burling LLP); Savitt, William D.; Emily Henn; Lauren Willard Zehmer; Sean Berman; Cheung, Andrew J.H.; Austin Riddick; Gio Scarcella; Reiser, Craig M.; Justus, Bradley; Erickson, Christopher; Judd E. Stone II; Chris Hilton; Davis, William; Eamon Dowd; OpenAI Antitrust WLRK Litigation 07228-0508; Zuckert, Heather C.; Schwarze, Isabella |
| **Subject:** | X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914 |

Dear Scott and Eva,

We write to follow up on one of the topics identified in our March 25 letter in light of ▮



Plaintiffs must produce the information they have provided investors and potential investors.  This information must include, among other things:

A237

a) all presentations to investors and potential investors, including in connection with capital raises and financing transactions (*e.g.*, the July 2025 and January 2026 capital raises) and the SpaceX transaction;

b) financial projections that xAI provided to investors and potential investors, ████████ ████████████████████████████████████████████████████████████ ████████████████

c) term sheets and agreements for investments, including the July 2025 and January 2026 capital raises;

d) other communications with investors and potential investors about xAI's business and financial prospects.

These documents should not be difficult to locate and produce promptly in response to requests that we made almost two months ago and have discussed numerous times. We expect that xAI has central repositories of the information that it has provided to investors and potential investors, as well as data rooms created for capital raises and other transactions. Plaintiffs can also conduct targeted searches for communications with email domains of key investors, including Valor, Baron Capital Group, Stepstone Group, Fidelity Management & Research Company, Qatar Investment Authority, 8VC, Atreides and MGX, as well as any of xAI's financial advisors for these capital raises. OpenAI needs this information immediately in light of the approaching deadline for our expert reports. Please confirm by the close of business Monday that you will collect and produce this information by April 6. The prejudice to OpenAI from any further delay is unacceptable. If we need to discuss, we can get on the phone first thing Monday morning. But we see nothing about this simple and unquestionably relevent request that requires further discussion given our three previous meet and confers and extensive correspondence.

We also need prompt answers to the other issues identified in our letter, almost all of which have been the subject of prior meet and confers and correspondence. Plaintiffs cannot continue to delay in producing relevant information. Although we offered to have a final meet and confer, we believe the issues identified in our letter are already ripe for judicial intervention and will take appropriate action if plaintiffs seek further delay.

Again, OpenAI reserves all rights, including to preclude plaintiffs' expert reports that rely on incomplete information.

Best regards,
Graham

**Graham W. Meli**
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street | New York, NY 10019

2

**A238**

+1 (212) 403-1390 (Direct) | +1 (212) 403-2390 (Fax)
GWMeli@WLRK.com | www.wlrk.com

**A239**

TAB 3L

| From: | Meli, Graham W. |
|---|---|
| To: | Eisman, Scott A.; Yung, Eva H. |
| Cc: | Levandoski, Stephen D.; Schwartz, Kevin S.; Carol Weiland; Zhi Yang Tan; Liu, Henry (Covington & Burling LLP); Savitt, William D.; Emily Henn; Lauren Willard Zehmer; Sean Berman; Cheung, Andrew J.H.; Austin Riddick; Gio Scarcella; Reiser, Craig M.; Justus, Bradley; Erickson, Christopher; Judd E. Stone II; Chris Hilton; Davis, William; Eamon Dowd; OpenAI Antitrust WLRK Litigation 07228-0508; Zuckert, Heather C.; Schwarze, Isabella |
| Subject: | RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914 |
| Date: | Tuesday, March 31, 2026 10:57:27 AM |
| Attachments: | image001.png |

Thanks, Scott. Let's do 4:30. We'll send an invitation.

Best,
Graham

**From:** Eisman, Scott A. <seisman@axinn.com>
**Sent:** Tuesday, March 31, 2026 10:11 AM
**To:** Meli, Graham W. <GWMeli@WLRK.com>; Yung, Eva H. <eyung@axinn.com>
**Cc:** Levandoski, Stephen D. <SDLevandoski@wlrk.com>; Schwartz, Kevin S. <KSchwartz@wlrk.com>; Carol Weiland <CWeiland@cov.com>; Zhi Yang Tan <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Emily Henn <ehenn@cov.com>; Lauren Willard Zehmer <LZehmer@cov.com>; Sean Berman <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Austin Riddick <ARiddick@cov.com>; Gio Scarcella <GScarcella@cov.com>; Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Davis, William <wdavis@axinn.com>; Eamon Dowd <EDowd@cov.com>; OpenAI Antitrust WLRK Litigation 07228-0508 <OpenAI.Antitrust.Litigation@wlrk.com>; Zuckert, Heather C. <hzuckert@axinn.com>; Schwarze, Isabella <ischwarze@axinn.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

---

**\*\*External Email-Use Caution\*\***

---

Graham,

Responding on timing only, we can't do 10-1 on Wednesday. We can now do 4:30-5:30 if that works better. I'm also celebrating Passover and am hoping that if we end by 5:30, I can make it to Seder. We can also speak later Wednesday night if that's less disruptive to folks' holiday plans.

Best regards,
Scott

**Scott A. Eisman**
Partner
T: 212.261.5642

**A241**

**From:** Meli, Graham W. <GWMeli@WLRK.com>
**Sent:** Monday, March 30, 2026 3:01 PM
**To:** Eisman, Scott A. <seisman@axinn.com>; Yung, Eva H. <eyung@axinn.com>
**Cc:** Levandoski, Stephen D. <SDLevandoski@wlrk.com>; Schwartz, Kevin S. <KSchwartz@wlrk.com>; Carol Weiland <CWeiland@cov.com>; Zhi Yang Tan <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Emily Henn <ehenn@cov.com>; Lauren Willard Zehmer <LZehmer@cov.com>; Sean Berman <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Austin Riddick <ARiddick@cov.com>; Gio Scarcella <GScarcella@cov.com>; Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Davis, William <wdavis@axinn.com>; Eamon Dowd <EDowd@cov.com>; OpenAI Antitrust WLRK Litigation 07228-0508 <OpenAI.Antitrust.Litigation@wlrk.com>; Zuckert, Heather C. <hzuckert@axinn.com>; Schwarze, Isabella <ischwarze@axinn.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

**Caution: External Email**

Scott,

Wednesday is the first evening of Passover, which impacts a portion of our team.  10 am to 1 pm on Wednesday would work for us.  If you are not able to accommodate an earlier call, those of us who are available will go forward at 5 pm.

We disagree with the other assertions in your email.  To reiterate what we have said before, these issues are pressing and are already ripe for judicial resolution.  To the extent plaintiffs have not unequivocally agreed to make production of the identified categories by the end of a call on Wednesday, we will seek appropriate relief from the court.  Without limiting our correspondence, these categories must include the sources of investor/potential investor communications laid out in my March 28 email, which plaintiffs must produce by Monday, April 6, in advance of defendants' expert report deadline.

Regards,
Graham

A242

**Graham W. Meli**

WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street | New York, NY 10019
+1 (212) 403-1390 (Direct) | +1 (212) 403-2390 (Fax)
GWMeli@WLRK.com | www.wlrk.com

---

**From:** Eisman, Scott A. <seisman@axinn.com>
**Sent:** Monday, March 30, 2026 1:38 PM
**To:** Meli, Graham W. <GWMeli@WLRK.com>; Yung, Eva H. <eyung@axinn.com>
**Cc:** Levandoski, Stephen D. <SDLevandoski@wlrk.com>; Schwartz, Kevin S. <KSchwartz@wlrk.com>; Carol Weiland <CWeiland@cov.com>; Zhi Yang Tan <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Emily Henn <ehenn@cov.com>; Lauren Willard Zehmer <LZehmer@cov.com>; Sean Berman <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Austin Riddick <ARiddick@cov.com>; Gio Scarcella <GScarcella@cov.com>; Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Davis, William <wdavis@axinn.com>; Eamon Dowd <EDowd@cov.com>; OpenAI Antitrust WLRK Litigation 07228-0508 <OpenAI.Antitrust.Litigation@wlrk.com>; Zuckert, Heather C. <hzuckert@axinn.com>; Schwarze, Isabella <ischwarze@axinn.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

---

**\*\*External Email-Use Caution\*\***

---

Graham,

We were already in receipt of the requests in your March 28 email (for investor communications, presentations, projections, and the like) last week, and we'd told you that we planned to respond early this week. We continue disagree that a meet-and-confer would be productive until we can respond to the requests in your March 25 letter. We also disagree that we are obligated to respond immediately simply because you demand that we do so—especially when OpenAI took eight days to respond to our letter outlining serious deficiencies in OpenAI's productions leading up to its substantial-completion deadline, which it still has not completely addressed 28 days after we sent that correspondence.

As stated in our prior response, we are in the process of addressing in detail the points you raised in both your March 25 and 28 correspondence, with an eye toward having a productive discussion based on our response, and intend to get back to you early this week, though it might not be today. In the meantime and ahead of our response, we are happy to schedule a meet-and-confer for this Wednesday, April 1, from 5 to 6 PM ET.

Best regards,
Scott

A243

**Scott A. Eisman**
Partner

**Axinn, Veltrop & Harkrider LLP**
45 Rockefeller Plaza
New York, NY 10111
T: 212.261.5642
seisman@axinn.com | axinn.com

**From:** Meli, Graham W. <GWMeli@WLRK.com>
**Sent:** Saturday, March 28, 2026 6:19 PM
**To:** Yung, Eva H. <eyung@axinn.com>; Eisman, Scott A. <seisman@axinn.com>
**Cc:** Levandoski, Stephen D. <SDLevandoski@wlrk.com>; Schwartz, Kevin S. <KSchwartz@wlrk.com>; Carol Weiland <CWeiland@cov.com>; Zhi Yang Tan <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Emily Henn <ehenn@cov.com>; Lauren Willard Zehmer <LZehmer@cov.com>; Sean Berman <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Austin Riddick <ARiddick@cov.com>; Gio Scarcella <GScarcella@cov.com>; Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Davis, William <wdavis@axinn.com>; Eamon Dowd <EDowd@cov.com>; OpenAI Antitrust WLRK Litigation 07228-0508 <OpenAI.Antitrust.Litigation@wlrk.com>; Zuckert, Heather C. <hzuckert@axinn.com>; Schwarze, Isabella <ischwarze@axinn.com>
**Subject:** X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

**Caution: External Email**

Dear Scott and Eva,

We write to follow up on one of the topics identified in our March 25 letter in light of ███████████████████████████ ██████████████

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████

A244



Plaintiffs must produce the information they have provided investors and potential investors.  This information must include, among other things:

a. all presentations to investors and potential investors, including in connection with capital raises and financing transactions (*e.g.*, the July 2025 and January 2026 capital raises) and the SpaceX transaction;

b. financial projections that xAI provided to investors and potential investors, █████████████████████████████ ████████████████████████████████

c. term sheets and agreements for investments, including the July 2025 and January 2026 capital raises;

d. other communications with investors and potential investors about xAI's business and financial prospects.

These documents should not be difficult to locate and produce promptly

**A245**

in response to requests that we made almost two months ago and have discussed numerous times.  We expect that xAI has central repositories of the information that it has provided to investors and potential investors, as well as data rooms created for capital raises and other transactions.  Plaintiffs can also conduct targeted searches for communications with email domains of key investors, including Valor, Baron Capital Group, Stepstone Group, Fidelity Management & Research Company, Qatar Investment Authority, 8VC, Atreides and MGX, as well as any of xAI's financial advisors for these capital raises.  OpenAI needs this information immediately in light of the approaching deadline for our expert reports.  Please confirm by the close of business Monday that you will collect and produce this information by April 6.  The prejudice to OpenAI from any further delay is unacceptable.  If we need to discuss, we can get on the phone first thing Monday morning.  But we see nothing about this simple and unquestionably relevent request that requires further discussion given our three previous meet and confers and extensive correspondence.

We also need prompt answers to the other issues identified in our letter, almost all of which have been the subject of prior meet and confers and correspondence.  Plaintiffs cannot continue to delay in producing relevant information.  Although we offered to have a final meet and confer, we believe the issues identified in our letter are already ripe for judicial intervention and will take appropriate action if plaintiffs seek further delay.

Again, OpenAI reserves all rights, including to preclude plaintiffs' expert reports that rely on incomplete information.

Best regards,
Graham

**Graham W. Meli**
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street | New York, NY 10019
+1 (212) 403-1390 (Direct) | +1 (212) 403-2390 (Fax)
GWMeli@WLRK.com | www.wlrk.com

**A246**

================================================

Please be advised that this transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, please do not read, copy or re-transmit this communication. If you have received this communication in error, please notify us by e-mail (helpdesk@wlrk.com) or by telephone (call us collect at 212-403-4357) and delete this message and any attachments.

Thank you in advance for your cooperation and assistance.

================================================

********************************************************************

Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

********************************************************************

********************************************************************

Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

********************************************************************

**A247**

# TAB 3M

| From: | Yung, Eva H. <eyung@axinn.com> |
|---|---|
| Sent: | Wednesday, April 1, 2026 11:17 AM |
| To: | Meli, Graham W. |
| Cc: | Levandoski, Stephen D.; Schwartz, Kevin S.; Carol Weiland; Zhi Yang Tan; Liu, Henry (Covington & Burling LLP); Savitt, William D.; Emily Henn; Lauren Willard Zehmer; Sean Berman; Cheung, Andrew J.H.; Austin Riddick; Gio Scarcella; Reiser, Craig M.; Justus, Bradley; Erickson, Christopher; Judd E. Stone II; Chris Hilton; Davis, William; Eamon Dowd; OpenAI Antitrust WLRK Litigation 07228-0508; Zuckert, Heather C.; Schwarze, Isabella; Eisman, Scott A.; Yung, Eva H. |
| Subject: | RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914 |
| Attachments: | 2026 0401 Letter Response from E. Yung to OpenAI.pdf |

---

**\*\*External Email-Use Caution\*\***

Counsel,

Please see the attached correspondence.

Yours,

Eva


**Eva H. Yung**
Partner
T: 212.728.2235

---

**From:** Meli, Graham W. <GWMeli@WLRK.com>
**Sent:** Tuesday, March 31, 2026 10:57 AM
**To:** Eisman, Scott A. <seisman@axinn.com>; Yung, Eva H. <eyung@axinn.com>
**Cc:** Levandoski, Stephen D. <SDLevandoski@wlrk.com>; Schwartz, Kevin S. <KSchwartz@wlrk.com>; Carol Weiland <CWeiland@cov.com>; Zhi Yang Tan <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Emily Henn <ehenn@cov.com>; Lauren Willard Zehmer <LZehmer@cov.com>; Sean Berman <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Austin Riddick <ARiddick@cov.com>; Gio Scarcella <GScarcella@cov.com>; Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Davis, William <wdavis@axinn.com>; Eamon Dowd <EDowd@cov.com>; OpenAI Antitrust WLRK Litigation 07228-0508 <OpenAI.Antitrust.Litigation@wlrk.com>; Zuckert, Heather C. <hzuckert@axinn.com>; Schwarze, Isabella <ischwarze@axinn.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914


**Caution: External Email**

---

Thanks, Scott.  Let's do 4:30.  We'll send an invitation.

Best,

**A249**

Graham

**From:** Eisman, Scott A. <seisman@axinn.com>
**Sent:** Tuesday, March 31, 2026 10:11 AM
**To:** Meli, Graham W. <GWMeli@WLRK.com>; Yung, Eva H. <eyung@axinn.com>
**Cc:** Levandoski, Stephen D. <SDLevandoski@wlrk.com>; Schwartz, Kevin S. <KSchwartz@wlrk.com>; Carol Weiland <CWeiland@cov.com>; Zhi Yang Tan <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Emily Henn <ehenn@cov.com>; Lauren Willard Zehmer <LZehmer@cov.com>; Sean Berman <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Austin Riddick <ARiddick@cov.com>; Gio Scarcella <GScarcella@cov.com>; Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Davis, William <wdavis@axinn.com>; Eamon Dowd <EDowd@cov.com>; OpenAI Antitrust WLRK Litigation 07228-0508 <OpenAI.Antitrust.Litigation@wlrk.com>; Zuckert, Heather C. <hzuckert@axinn.com>; Schwarze, Isabella <ischwarze@axinn.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

---

**\*\*External Email-Use Caution\*\***

Graham,

Responding on timing only, we can't do 10-1 on Wednesday. We can now do 4:30-5:30 if that works better. I'm also celebrating Passover and am hoping that if we end by 5:30, I can make it to Seder. We can also speak later Wednesday night if that's less disruptive to folks' holiday plans.

Best regards,
Scott


**Scott A. Eisman**
Partner
T: 212.261.5642

---

**From:** Meli, Graham W. <GWMeli@WLRK.com>
**Sent:** Monday, March 30, 2026 3:01 PM
**To:** Eisman, Scott A. <seisman@axinn.com>; Yung, Eva H. <eyung@axinn.com>
**Cc:** Levandoski, Stephen D. <SDLevandoski@wlrk.com>; Schwartz, Kevin S. <KSchwartz@wlrk.com>; Carol Weiland <CWeiland@cov.com>; Zhi Yang Tan <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Emily Henn <ehenn@cov.com>; Lauren Willard Zehmer <LZehmer@cov.com>; Sean Berman <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Austin Riddick <ARiddick@cov.com>; Gio Scarcella <GScarcella@cov.com>; Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Davis, William <wdavis@axinn.com>; Eamon Dowd <EDowd@cov.com>; OpenAI Antitrust WLRK Litigation 07228-0508 <OpenAI.Antitrust.Litigation@wlrk.com>; Zuckert, Heather C. <hzuckert@axinn.com>; Schwarze, Isabella <ischwarze@axinn.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914


**Caution: External Email**

---

Scott,

2

A250

Wednesday is the first evening of Passover, which impacts a portion of our team. 10 am to 1 pm on Wednesday would work for us. If you are not able to accommodate an earlier call, those of us who are available will go forward at 5 pm.

We disagree with the other assertions in your email. To reiterate what we have said before, these issues are pressing and are already ripe for judicial resolution. To the extent plaintiffs have not unequivocally agreed to make production of the identified categories by the end of a call on Wednesday, we will seek appropriate relief from the court. Without limiting our correspondence, these categories must include the sources of investor/potential investor communications laid out in my March 28 email, which plaintiffs must produce by Monday, April 6, in advance of defendants' expert report deadline.

Regards,
Graham

**Graham W. Meli**
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street | New York, NY 10019
+1 (212) 403-1390 (Direct) | +1 (212) 403-2390 (Fax)
GWMeli@WLRK.com | www.wlrk.com

**From:** Eisman, Scott A. <seisman@axinn.com>
**Sent:** Monday, March 30, 2026 1:38 PM
**To:** Meli, Graham W. <GWMeli@WLRK.com>; Yung, Eva H. <eyung@axinn.com>
**Cc:** Levandoski, Stephen D. <SDLevandoski@wlrk.com>; Schwartz, Kevin S. <KSchwartz@wlrk.com>; Carol Weiland <CWeiland@cov.com>; Zhi Yang Tan <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Emily Henn <ehenn@cov.com>; Lauren Willard Zehmer <LZehmer@cov.com>; Sean Berman <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Austin Riddick <ARiddick@cov.com>; Gio Scarcella <GScarcella@cov.com>; Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Davis, William <wdavis@axinn.com>; Eamon Dowd <EDowd@cov.com>; OpenAI Antitrust WLRK Litigation 07228-0508 <OpenAI.Antitrust.Litigation@wlrk.com>; Zuckert, Heather C. <hzuckert@axinn.com>; Schwarze, Isabella <ischwarze@axinn.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

**\*\*External Email-Use Caution\*\***

Graham,

We were already in receipt of the requests in your March 28 email (for investor communications, presentations, projections, and the like) last week, and we'd told you that we planned to respond early this week. We continue disagree that a meet-and-confer would be productive until we can respond to the requests in your March 25 letter. We also disagree that we are obligated to respond immediately simply because you demand that we do so—especially when OpenAI took eight days to respond to our letter outlining serious deficiencies in OpenAI's productions leading up to its substantial-completion deadline, which it still has not completely addressed 28 days after we sent that correspondence.

3

A251

As stated in our prior response, we are in the process of addressing in detail the points you raised in both your March 25 and 28 correspondence, with an eye toward having a productive discussion based on our response, and intend to get back to you early this week, though it might not be today. In the meantime and ahead of our response, we are happy to schedule a meet-and-confer for this Wednesday, April 1, from 5 to 6 PM ET.

Best regards,
Scott


 **Scott A. Eisman**
Partner

**Axinn, Veltrop & Harkrider LLP**
45 Rockefeller Plaza
New York, NY 10111
T: 212.261.5642
seisman@axinn.com | axinn.com

**From:** Meli, Graham W. <GWMeli@WLRK.com>
**Sent:** Saturday, March 28, 2026 6:19 PM
**To:** Yung, Eva H. <eyung@axinn.com>; Eisman, Scott A. <seisman@axinn.com>
**Cc:** Levandoski, Stephen D. <SDLevandoski@wlrk.com>; Schwartz, Kevin S. <KSchwartz@wlrk.com>; Carol Weiland <CWeiland@cov.com>; Zhi Yang Tan <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Emily Henn <ehenn@cov.com>; Lauren Willard Zehmer <LZehmer@cov.com>; Sean Berman <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Austin Riddick <ARiddick@cov.com>; Gio Scarcella <GScarcella@cov.com>; Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Davis, William <wdavis@axinn.com>; Eamon Dowd <EDowd@cov.com>; OpenAI Antitrust WLRK Litigation 07228-0508 <OpenAI.Antitrust.Litigation@wlrk.com>; Zuckert, Heather C. <hzuckert@axinn.com>; Schwarze, Isabella <ischwarze@axinn.com>
**Subject:** X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

**Caution: External Email**

Dear Scott and Eva,

We write to follow up on one of the topics identified in our March 25 letter in light of



4

A252



Plaintiffs must produce the information they have provided investors and potential investors.  This information must include, among other things:

a) all presentations to investors and potential investors, including in connection with capital raises and financing transactions (*e.g.*, the July 2025 and January 2026 capital raises) and the SpaceX transaction;

b) financial projections that xAI provided to investors and potential investors,

c) term sheets and agreements for investments, including the July 2025 and January 2026 capital raises;

d) other communications with investors and potential investors about xAI's business and financial prospects.

These documents should not be difficult to locate and produce promptly in response to requests that we made almost two months ago and have discussed numerous times.  We expect that xAI has central repositories of the information that it has provided to investors and potential investors, as well as data rooms created for capital raises and other transactions.  Plaintiffs can also conduct targeted searches for communications with email domains of key investors, including Valor, Baron Capital Group, Stepstone Group, Fidelity Management & Research Company, Qatar Investment Authority, 8VC, Atreides and MGX, as well as any of xAI's financial advisors for these capital raises.  OpenAI needs this information immediately in light of the approaching deadline for our expert reports.  Please confirm by the close of business Monday that you will collect and produce this information by April 6.  The prejudice to OpenAI from any further delay is unacceptable.  If we need to discuss, we can get on the phone first thing Monday

**A253**

morning.  But we see nothing about this simple and unquestionably relevent request that requires further discussion given our three previous meet and confers and extensive correspondence.

We also need prompt answers to the other issues identified in our letter, almost all of which have been the subject of prior meet and confers and correspondence.  Plaintiffs cannot continue to delay in producing relevant information.  Although we offered to have a final meet and confer, we believe the issues identified in our letter are already ripe for judicial intervention and will take appropriate action if plaintiffs seek further delay.

Again, OpenAI reserves all rights, including to preclude plaintiffs' expert reports that rely on incomplete information.

Best regards,
Graham

**Graham W. Meli**
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street | New York, NY 10019
+1 (212) 403-1390 (Direct) | +1 (212) 403-2390 (Fax)
GWMeli@WLRK.com | www.wlrk.com

==================================================
Please be advised that this transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, please do not read, copy or re-transmit this communication. If you have received this communication in error, please notify us by e-mail (helpdesk@wlrk.com) or by telephone (call us collect at 212-403-4357) and delete this message and any attachments.

Thank you in advance for your cooperation and assistance.
==================================================
**********************************************************************
Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
**********************************************************************

**A254**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**A255**



**Eva Yung**

Axinn, Veltrop & Harkrider LLP
45 Rockefeller Plaza (630 5th Avenue)
New York, NY 10111
Telephone: (212) 728-2235
eyung@axinn.com

April 1, 2026

<u>VIA ELECTRONIC MAIL</u>

Graham W. Meli
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, NY 10019

Re: *X. Corp., et al. v. Apple Inc., et al.*, No. 4:25-cv-00914-P (N.D. Tex.)

Graham:

We write in response to your March 24 email, March 25 letter, and March 28 email.

To begin with, your letter faults Plaintiffs for failing to produce every document that OpenAI believes is responsive to its requests for production ("RFPs"). But that is not the standard for substantial completion. As OpenAI noted in response to our March 2 letter, "it is abundantly clear that the Court's schedule contemplated that discovery would not be complete prior to the parties' submission of expert reports." Ltr. from A. Cheung to S. Eisman at 2 (Mar. 10, 2026). OpenAI's claim that it should get all the documents it wants immediately is thus without basis.

We also disagree that there are deficiencies in Plaintiffs' production to date:

- *First*, many of the "deficiencies" you claim pertain to materials that Plaintiffs have not agreed to produce because OpenAI's RFPs were overbroad, sought irrelevant information, or both. Indeed, OpenAI appears to agree, having refused to produce similar information (such as financial valuations and projections) in response to Plaintiffs' RFPs.

- *Second*, Plaintiffs have indeed produced documents in response to many of the RFPs for which OpenAI claims Plaintiffs have not produced documents—and will continue to do so.

- *Third*, while we disagree with OpenAI's suggestion that prejudice can be measured by the volume of any particular type of communication—especially given that OpenAI itself has produced fewer than 200 emails and no Signal messages—we have produced emails and are continuing to review other communication types (such as XChat) for responsiveness.

**A256**

April 1, 2026
Page 2

In sum, OpenAI's claims of prejudice are baseless. OpenAI has the information it needs for its expert reports, including in the 32,116 documents Plaintiffs have already produced; from the documents and the backup material Plaintiffs provided alongside their expert reports; and in the additional materials Plaintiffs will be producing.

Plaintiffs, on the other hand, have been prejudiced by OpenAI, which has dragged its feet at every turn. After stalling productions for months by refusing to sign a confidentiality agreement, OpenAI produced just 7,015 documents, including more than 700 of calendar invites and auto-generated emails. And though Plaintiffs moved swiftly in reviewing OpenAI's productions, sending a letter on March 2 (three days after the substantial-completion deadline) regarding the serious deficiencies in OpenAI's productions, OpenAI continued to slow roll, taking eight days to respond and refusing to meet-and-confer until the evening of March 10—three days before Plaintiffs' opening expert reports were due. OpenAI's demand to confer immediately on all issues in its eight-page deficiency letter starkly contrasts with OpenAI's own behavior and should be viewed as what it is: an attempt to force a premature impasse and—yet again—contrive a dispute for the Court that the parties should work in good faith to resolve. *See* Dkt. No. 166 (admonishing counsel "to conduct discovery professionally, cooperatively, and in good faith").

We respond to your points in more detail below.

### I.    Discovery Requests To Which Plaintiffs Have Not Agreed

Many of the "deficiencies" your letter identifies are based on discovery requests in response to which Plaintiffs have not yet agreed to produce documents. (OpenAI 2d RFP No. 4-6; 3d RFP Nos. 1-4, 7-9, 10; 4th RFP Nos. 1-6; 3d Interrogatories No. 6.) The reason for this is that OpenAI served overbroad requests seeking irrelevant information and has failed to address Plaintiffs' objections in the meet-and-confers the parties have conducted.

Regardless, Plaintiffs have already produced documents responsive to many of these requests and are planning to produce additional documents, as detailed below.

### A.  Plaintiffs' Financial Documents and Data

Plaintiffs are not deficient in their production of financial information. Your letter cites several RFPs that broadly seek Plaintiffs' financial information, including valuation documents and communications with investors, for which you claim Plaintiffs have refused to produce relevant documents. *See* OpenAI 2d RFP No. 4; 3d RFP Nos. 1-4; 4th RFP Nos. 1-6. As we've noted on our meet-and-confers, however, Plaintiffs have yet to agree to produce documents in response to these requests because they are unreasonably broad and go far beyond the scope necessary to support your purported rationale, which is to assess "plaintiffs' claimed damages." *See, e.g.*, Ltr. from G. Meli at 2 (Mar. 25, 2026) ("Mar. 25 Ltr."). These categories include overbroad demands for *all* communications with investors and regarding xAI's capital raises and xAI's valuations and projections.

**A257**

April 1, 2026
Page 3

Even so, as part of searching in response to more targeted document requests, Plaintiffs have produced—and will continue to produce—responsive documents.

***Investor communications and documents concerning capital raises.*** Your letter reiterates OpenAI's sweeping approach to seeking financial information. As you note, OpenAI has sought *all* investor communications and related documents, including "all communications with investors and prospective investors, as well as documents concerning xAI's capital raises." Mar. 25 Ltr. at 2 (citing OpenAI 3d RFP Nos. 3-4), 5 (citing OpenAI 1st RFPs Nos. 23-25). Yet, as Plaintiffs have repeatedly explained, these RFPs are overbroad and seek irrelevant material. For instance, while you claim that these materials "relate to plaintiffs' claimed damages, which include an alleged deprivation of access to investment and a decrease in xAI's valuation," *id.*, you don't explain why OpenAI needs all communications with investors to determine the investment that xAI received or its valuation. OpenAI has not produced any communications with its investors, such as Golden Gate Capital or Sakura. The complete absence of such communications— ████████████████████████████████████████ ████████████████████████████████████████████ ███████████████████████████████ suggests that OpenAI has withheld such communications even though Plaintiffs requested information about competition and/or barriers to entry in the genAI chatbot market. *See* Pls.' 1st Set of RFPs to OpenAI Nos. 8, 13, 16. OpenAI also refused to produce documents regarding its communications with Microsoft, which has a roughly 27% stake in OpenAI, concerning the "pricing of ChatGPT," because "OpenAI's relationship with non-party Microsoft is not alleged to be at issue in this Action." OpenAI's Resps. & Objs. to Pls.' 4th Set of RFPs to OpenAI at RFP No. 15.

Nor were you able to explain OpenAI's need for such sweeping discovery into xAI's investor communications when we discussed this issue on February 6, March 4, and March 11. Email from E. Yung (Feb. 27, 2026); Email from E. Yung (Mar. 10, 2026); Email from E. Yung (Mar. 23, 2026). Even if such materials were marginally relevant, you've failed to explain why producing *all* of them would be proportionate to the needs of the case— ██████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████

The information Plaintiffs have produced exceeds what OpenAI has agreed to (and in fact has) produced in response to Plaintiffs' similar requests. When Plaintiffs sought documents about OpenAI's "funding" and "investment," Pls.' 1st Set of RFPs to OpenAI No. 29, OpenAI objected for months and ultimately agreed to produce only "a current version of its capitalization table," Ltr. from K. Schwartz at 8 (Dec. 16, 2025), which OpenAI has now produced with heavy redactions. If OpenAI is willing to search for additional information responsive to Plaintiffs' RFP No. 29, then Plaintiffs will agree to conduct a reasonable search for responsive, non-privileged presentations provided to investors and potential investors related to xAI's valuation for the July 2025 and January 2026 capital raises. But if OpenAI insists that producing such information

3

**A258**

April 1, 2026
Page 4

would be unduly burdensome or would seek irrelevant information, then the same should be true for OpenAI's requests about xAI's fundraising.

***Documents about valuation and projections.*** Contrary to what your March 25 Letter claims, Plaintiffs' damages demand likewise does not entitle OpenAI to every valuation-related document in Plaintiffs' possession. *See* OpenAI 2d RFP No. 4; 3d RFP Nos. 1-2, 4; 4th RFP Nos. 1-6. As stated on our meet-and-confers, these requests are overbroad and not appropriately tailored to the claims and defenses in this Action. For example, a company's valuation often includes revenue streams from products not in the alleged market.

This should come as no surprise to OpenAI, which has refused to produce documents about OpenAI's valuations and about financial projections. *See* Pls.' 1st Set of RFPs to OpenAI Nos. 11, 14. As to valuations, OpenAI has claimed that valuations of OpenAI are broader than needed to show the benefits to ChatGPT alone and that it would be disproportionate for OpenAI to have to produce "detailed information about a nonpublic company." Email from H. Brinn (Mar. 20, 2026). As to financial projections, OpenAI has claimed its forecasts are irrelevant. Email from S. Eisman (Mar. 9, 2026). Yet, as we've explained, OpenAI's valuations and projections are probative of OpenAI's market power and the economic impact of the Apple-OpenAI Agreement.

If OpenAI is now willing to search for responsive documents to Plaintiffs' valuation- and projection-related RFPs, Plaintiffs will agree to conduct a reasonable search for responsive, non-privileged presentations provided to investors and potential investors related to xAI's valuation for the July 2025 and January 2026 capital raises. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

***Documents about the xAI-SpaceX transaction.*** Plaintiffs have not agreed to produce information in response to OpenAI's demands for a broad swath of information about the xAI-SpaceX transaction, *see, e.g.,* OpenAI 4th RFP Nos. 1-6; 3d RFP No. 7; 3d Interrogatories No. 6, because OpenAI has failed to address our relevance objections during our meet-and-confers, including our last meet-and-confer on March 11. *See* Email from E. Yung (Mar. 23, 2026). Plaintiffs have also admitted a request for admission about the value that the SpaceX transaction ascribed to xAI, and you have not explained why OpenAI needs additional discovery on this point. Reiterating the blanket statement that more discovery is somehow still needed on valuation without any further explanation does not justify a broad fishing expedition into a competitor's business transactions.

***Documents purportedly relevant to the opinion of Dr. Schulman.*** We likewise disagree with your claim that OpenAI is missing discovery central to the report by Plaintiffs' damages expert, Craig T. Schulman. Under Section 2 of the parties' Expert Stipulation, which requires each party to "produce to all other Parties a copy of all facts, data and other information that the expert witness relied upon in forming his or her opinion(s)," Plaintiffs have already produced all documents that Dr. Schulman relied on in his report, along with additional materials related to

**A259**

April 1, 2026
Page 5

xAI's valuation. *See supra*. OpenAI is thus wrong in claiming that Plaintiffs have "block[ed] discovery" into any matter underlying Dr. Schulman's report or that we have not produced information about xAI's valuation. Mar. 25 Ltr. at 3. And to the extent OpenAI seeks information related to xAI's fundraising, Plaintiffs are willing to conduct a reasonable search for responsive, non-privileged presentations provided to investors and potential investors related to xAI's valuation for the July 2025 and January 2026 capital raises if OpenAI agrees to do the same, as noted above.

As for the specific documents you identify that you acknowledge Dr. Schulman did not rely upon but have requested be produced:

- ██████████████████████████████████████████████ ██████████████████████████████████ We disagree with your assertion that such additional documents are needed. Nevertheless, we will conduct a reasonable search for responsive, non-privileged information and will produce such documents if we locate them.

- You point out that Dr. Schulman uses projections for portions of 2025 and Plaintiffs have not produced year-end financial statements for 2025. *Id.* But xAI's 2025 audited year-end financial statements are beyond the parties' agreed-upon default timeframe, which ends in August 2025 for unstructured data and December 2025 for structured data. We searched for responsive financial statements from within the default timeframe, ██ ████████████████████████████████ as you acknowledge, *id.* Nothing requires us to produce anything further.

- You state that Plaintiffs have not produced a "complete set of monthly or quarterly P&L spreadsheets." *Id.* As noted on our meet-and-confers on March 4 and March 11, however, we are producing only information kept in the ordinary course of business, which may result in incomplete sets if this information is not regularly maintained. Plaintiffs will conduct a reasonable search for additional responsive P&Ls in their possession, custody, or control, but will not produce documents outside their possession, custody, or control or that are not maintained in the ordinary course of business.

- You claim that Plaintiffs have produced "GPU cost and margin data by subscription tier for Grok for August 2025 only," and request full-year data for 2025. *Id.* Again, Plaintiffs are producing only those materials kept in the ordinary course of business. Plaintiffs will conduct a reasonable search for additional, non-privileged GPU cost and margin data for 2025 in their possession, custody, or control, but will not produce documents outside their possession, custody, or control or that are not maintained in the ordinary course of business.

**A260**

April 1, 2026
Page 6

### B.  OpenAI's Requests Related to the Apple-Google Agreement

Plaintiffs never agreed to produce documents responsive to OpenAI's RFP seeking Plaintiffs' communications about the Apple-Google Agreement. *See* OpenAI 3d RFP No. 10. And for good reason: As you admit, you are trying to learn "what xAI's executives were saying internally when the Apple-Google agreement was announced—including their views of whether such an agreement could even be possible given the alleged exclusivity of the ChatGPT integration." Mar. 25 Ltr. at 3. But as discussed throughout our meet-and-confer process, OpenAI has yet to articulate how these requests are relevant to this Action. The Apple-Google Agreement does not involve Plaintiffs at all, and the reactions of Plaintiffs' employees to the Apple-Google Agreement have no bearing on the Apple-OpenAI Agreement's meaning or effect.

By contrast, OpenAI's reactions to the Apple-Google Agreement are probative, since OpenAI is a party to the Apple-OpenAI Agreement, and OpenAI's employees would know whether the Apple-OpenAI Agreement was intended to be (and in fact was) exclusive.

OpenAI has failed to establish the relevance of Plaintiffs' internal communications about an agreement that has nothing to do with Plaintiffs, let alone justify the additional burden of reviewing documents beyond the parties' agreed-upon timeframe.

### C.  All-Hands Documents

Plaintiffs never agreed to OpenAI's RFP seeking all documents about remarks delivered by xAI's executive leadership, including Elon Musk, at any "all hands" or companywide meeting— some of which, OpenAI acknowledges, Plaintiffs have produced because they were located in relation to other document requests. Mar. 25 Ltr. at 3 (citing OpenAI 2d RFP No. 6). As noted on our meet-and-confers, this request is overbroad, since these meetings span topics irrelevant to the issues or defenses in this action. There is no basis for OpenAI to insist that Plaintiffs must conduct "a comprehensive collection" of these materials.

OpenAI's insistence on receiving all "all hands" or companywide meeting documents is surprising given OpenA's incomplete production of similar materials.

*See* Pls.' 1st Set of RFPs to OpenAI RFP No. 8.

If OpenAI will search for and produce all responsive monthly business reviews, Plaintiffs will agree to conduct a reasonable search for additional responsive, non-privileged all-hands documents that are in Plaintiffs' possession, custody, and control and that address issues

**A261**

April 1, 2026
Page 7

relevant to this action—i.e., the Apple-ChatGPT exclusive integration, Apple's de-preferencing conduct, and their impact on Plaintiffs' business.

In addition, OpenAI asks whether xAI's all-hands meetings are recorded. Plaintiffs are aware of one such meeting that has been recorded.[1] ███████████████████████████ ██████████████████████████████████████████████ If OpenAI will search for and produce responsive transcriptions of its monthly business reviews, then Plaintiffs will conduct a reasonable search for recordings of xAI's monthly business reviews and review such recordings for information that addresses the issues relevant to this action.

### D.  Non-Consumer Channels

Your letter falsely claims Plaintiffs have not agreed to produce "[d]ocuments regarding the financial or strategic significance of selling or distributing Grok through app stores (including Apple, Google, and Samsung), grok.com, or any integration." Mar. 25 Ltr. at 4 (citing OpenAI 2d RFP No. 5). To the contrary, Plaintiffs have agreed to produce such documents (in response to OpenAI's First RFP No. 21 and Apple's First RFPs Nos. 1, 16, and 19) to the extent they relate to the consumer-facing version of Grok.

We have not, however, agreed to produce documents "regarding the financial or strategic significance of selling or distributing Grok" through integrations where the data Grok receives from those integrations is not used to train the consumer-facing version of Grok. As we've repeatedly explained, integrations into entities like Tesla, SpaceX, and Neuralink are used to train only the enterprise version of Grok, which is irrelevant to this case. OpenAI has agreed on this point: OpenAI refused to produce "[d]ocuments or data sufficient to show the monthly adoption or use of ChatGPT" for the "Business," Enterprise," and "Education" ChatGPT plans because it "'didn't think' those plan types were 'what [Plaintiffs] were claiming in [the] relevant market.'" Email from S. Eisman (Jan. 27, 2026) (alterations in original). Given OpenAI's position that "enterprise" versions of genAI chatbots are out of this case, OpenAI has no basis to demand that Plaintiffs produce documents that relate only to the enterprise version of Grok.

### E.  Documents About Grok Performance & Super App Initiatives

Plaintiffs have not agreed to produce documents responsive to OpenAI's 3rd Set of Requests for Production, Request No. 8 (related to Grok performance metrics) and No. 9 (related to product roadmaps, business plans, launch schedules, and internal timelines for the development of Plaintiffs' Super App initiatives) because these requests are overbroad and OpenAI has yet to address the concerns Plaintiffs have raised. Nevertheless, because these additional requests are duplicative of requests to which Plaintiffs already agreed, including Request Nos. 5, 8, 11, 17, 18, 26, and 27 of Apple's First Set of Requests for Production, Plaintiffs have already produced ███████████████████████████ ████████████████████████████████████████████████████████████████

---

[1] The recording is publicly available at https://x.com/xai/status/2021667200885829667.

April 1, 2026
Page 8

Plaintiffs intend to continue making productions responsive to requests they have agreed to.

### F. Privacy-Related Search Terms

Your letter misstates Plaintiffs' position on privacy-related search terms, Mar. 25 Ltr. at 3, n.3, which was that "Plaintiffs are willing to run privacy-related search terms that seek information about privacy, safety, and content-moderation issues *that Apple knew of when it decided not to integrate with Grok and to de-preference Grok and X in its App Store*," Email from E. Yung (Mar. 23, 2026) (emphasis added). As conveyed in our meet-and-confers and in our March 23 correspondence, documents about Grok's safety, integrity, factual accuracy, and content moderation that postdate Apple's decision to integrate with ChatGPT are irrelevant to the conduct alleged in the Complaint because these incidents could not have been the reason Apple de-preferenced and chose not to integrate with Grok.

Indeed, that is the very position that OpenAI has taken in this litigation. OpenAI has refused to produce discovery on ChatGPT's safety and content moderation, *see* Email from S. Eisman (Feb. 26, 2026), and has even told the Court that discovery of information about "safety and privacy issues" is "justif[ied]" only if that information "w[as] actually shared with Apple" when Apple chose "to partner with OpenAI" or in promoting "ChatGPT in its App Store," Dkt. No. 144 at 3. The Court appears to have agreed with that position. *See* Dkt. No. 149 at 3 (finding that additional proposed custodian was unlikely to have relevant documents, "given [his] lack of involvement in the Apple AI implementation and the timing of his departure from OpenAI [i.e., before the integration]").

We accordingly do not understand your basis for asking Plaintiffs to run the search terms that you have included in Appendix A for OpenAI's 2d RFP No. 2, which are not tailored to capture information that might have been conveyed to or otherwise within Apple's knowledge.

### II. Claimed Deficiencies for Agreed-Upon RFPs

We further disagree that Plaintiffs' productions in response to document requests to which Plaintiffs agreed contain "categories of missing information" or deficiencies as to "key issues in this case." Mar. 25 Ltr. at 4, 6. That claim ignores Plaintiffs' outstanding relevance objections, the fact that discovery is still ongoing (an argument that OpenAI has itself made), and the existence of responsive documents in Plaintiffs' productions—which were made after reviewing documents that hit on search terms OpenAI itself proposed. OpenAI cannot declare a deficiency merely because Plaintiffs have not produced as many documents as it abstractly believes should exist. Plaintiffs produced 32,116 documents by their substantial-completion deadline, in contrast to the 7,015 OpenAI produced.

**A263**

April 1, 2026
Page 9



In all events, OpenAI is wrong in characterizing large portions of Plaintiffs' productions as filler.

*See* Apple's 1st RFPs to Pls. Nos. 5, 11.

OpenAI likewise misses the mark by counting various types of communications. While you claim that Plaintiffs' productions "contain[] fewer than 900 internal X and xAI email records," Mar. 25 Ltr. at 4, you ignore that OpenAI has also produced hardly any substantive internal emails: there are only 167 emails between OpenAI email domains in its production, and almost all either forward external communications or are with internal mailing lists.

In fact, these omissions— —suggest that OpenAI has failed to substantially complete productions. We expect OpenAI to produce responsive emails involving these listservs as soon as possible and, in all events, by April 13.

As for the specific RFPs your letter cites, Plaintiffs disagree that there are any "uncured deficiencies," Mar. 25 Ltr. at 4:

- ***OpenAI 1st RFPs Nos. 10, 15, 16, 18.*** For documents related to "Grok's use of data from any other integrations, including X, Tesla, SpaceX, or the U.S. government," *id.*at 5,

    As described above, Plaintiffs have not agreed to produce documents related to non-consumer integrations of Grok, which, as noted above, are irrelevant to any claims or defenses in this action.

- ***OpenAI 1st RFPs No. 20.*** X and xAI conducted a reasonable search for responsive documents and have no "board minutes or materials" to produce. *See* Mar. 25 Ltr. at 5.

- ***OpenAI 1st RFPs Nos. 19, 22, 23, 25-28.*** You are wrong that Plaintiffs have produced no documents "identifying, relating to, or discussing any competitive harm or foreclosure because of the ChatGPT integration, or attributing Grok's alleged challenges to the ChatGPT integration," "suggesting that anyone at xAI thought the relationship between Apple and OpenAI for Siri was exclusive," or "concerning the impact of the ChatGPT-iOS Integration on xAI's capacity to acquire new users of Grok, maintain existing users of Grok, or develop a so-called Super App." *Id.*

**A264**

April 1, 2026
Page 10

.[2]

Your letter also takes issue (at 5) with receiving an "incomplete set" or no "other documents" on certain topics, but you again fail to identify any deficiency:

- ████████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ██████████████████████████████████████ ██████████████████████████████████████

- ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████.

- ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ██████████████████████████████████

- ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ██████████████████████

████████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████ That is consistent with the parties' Production and ESI Protocol ("ESI Protocol"), which states that the hyperlinked files in Plaintiffs' productions may be produced "upon the request of the receiving party" and following a meet-and-confer. ESI Protocol at 4. To the extent OpenAI identifies any

---

[2] Your letter also cites Plaintiffs' productions in response to OpenAI 1st RFPs No. 29 as deficient, Mar. 25 Ltr. at 5, but Plaintiffs have fully produced all non-privileged documents quoted or cited in the Complaint, and nothing in your letter identifies any quoted or cited source in the Complaint that is missing.

**A265**

April 1, 2026
Page 11

specific linked file in a Plaintiff-produced Slack message it believes it needs, we are available to meet and confer pursuant to the ESI Protocol.

Finally, we reiterate that we are producing responsive documents that are in Plaintiffs' possession, custody, or control. Tesla and SpaceX are separate entities whose documents are not within Plaintiffs' possession, custody, or control.

The cases you cite are inapposite. For instance, *Shell Global Solutions (US) Inc. v. RMS Engineering, Inc.* sets out the factors that are considered in a veil-piercing analysis to reach documents from another corporation, but fails to explain why xAI's veil should be pierced here. 2011 WL 3418396, at *2 (S.D. Tex. Aug. 3, 2011) (setting out factors "used by courts to determine whether one corporation may be deemed under control of another corporation" but finding such factors are not sufficiently met)).[3] Your entire basis for that claim appears to be that the various entities have common ownership, but as your own cases recognize, "[c]ommon ownership alone is insufficient to establish Rule 34(a) control." *Goodyear Tire & Rubber Co. v. CEVA Logistics Sing., Ltd.*, 348 F.R.D. 54, 82 (E.D. La. 2024).

Nor have you offered evidence that Mr. Musk used "non-company email accounts to conduct company business" relevant to this action. Mar. 25 Ltr. at 6 (citing *Ultravision Techs., LLC v. Govision, LLC*, 2020 WL 10692709, at *2 (E.D. Tex. Aug. 28, 2020) (ordering discovery into CEO's personal email where movant showed that business was conducted *from* CEO's personal account). ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████. Yet as OpenAI itself claimed, emails sent *to* its employees at non-company email addresses are "no indication" that a custodian "was sending or receiving emails from [that] account that were not duplicative of his OpenAI emails" or "using those . . . accounts to conduct OpenAI business." Ltr. from A. Cheung at 5 (Mar. 10, 2026). ████████████████████████████ ████████████████████████████████████████████████████ █████████████████████████.[4]

In any event, we understand that Tesla and SpaceX have been subpoenaed in connection with this case for the documents in their files you are insisting that X and xAI search. Moving to compel Plaintiffs to produce emails that subpoena recipients have agreed to produce would therefore waste the parties' and the Court's time and resources. *See Dondi Props. Corp. v. Commerce Sav. and Loan Ass'n*, 121 F.R.D. 284, 288 (N.D. Tex. 1988) (observing that "[a] lawyer should not use any form of discovery . . . as a means of harassing opposing counsel or counsel's client").

---

[3] The court's finding in *Musk v. Altman* is distinguishable, as the court there was assessing what Mr. Musk *individually* had in his possession, custody, or control. 2025 WL 2348769, at *1 (N.D. Cal. July 1, 2025). Mr. Musk is not a party to this action.

[4] ███████████████████████████████████████████████████, which does not demonstrate that he used this account to conduct xAI business and it contains relevant, non-duplicative information.

**A266**

April 1, 2026
Page 12

As for your continued questions about which custodial sources for Elon Musk Plaintiffs have searched, Plaintiffs reiterate that you are not entitled to a detailed accounting of what files we are collecting, and note OpenAI has similarly refused to reveal the scope of its own due diligence in determining the appropriate sources of custodial files. *See VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 420 (N.D. Tex. 2021) (holding that "discovery on discovery" is only appropriate where the requesting party "make[s] a showing . . . that allows the Court to make a reasonable deduction that other documents may exist or did exist and have been destroyed or must point to the existence of additional responsive material" (cleaned up)). If anything, it appears that OpenAI has failed to produce relevant files from its own CEO, Sam Altman, who recently testified that he uses "Slack, iMessage, WhatsApp, email, [and] occasionally Signal" to conduct business. Altman Dep. 20:5-9, *In re: OpenAI, Inc. Copyright Infringement Litig.*, No. 1:24-cv-04872-SHS-OTW (S.D.N.Y.  Feb. 10, 2026). We have received no messages from him from any of those named platforms.

In any event, as Plaintiffs have repeatedly conveyed, including in our March 16 correspondence, Plaintiffs are conducting a reasonably diligent search for responsive XChat, Signal, and text messages—though at this point we are unaware of responsive, non-duplicative messages sent over Signal that Plaintiffs had a duty to preserve that would not be within the custodial files that Plaintiffs have collected and searched. For documents authored by Elon Musk and Jared Birchall, Plaintiffs have run the agreed-upon search terms over the agreed-upon timeframe and have produced responsive documents, and intend to continue making productions. As OpenAI has similarly argued, the fact that there were fewer responsive documents than OpenAI expected does not equate to a deficiency in our production.

<p style="text-align:center">* * *</p>

We believe we have sufficiently addressed the issues in your letter. That said, we are prepared to discuss at our upcoming meet-and-confer.

Yours,

*/s/ Eva Yung*
Eva Yung

**A267**

A268

# TAB 3N

| | |
|---|---|
| **From:** | Meli, Graham W. |
| **Sent:** | Wednesday, April 1, 2026 11:10 PM |
| **To:** | Yung, Eva H.; Eisman, Scott A. |
| **Cc:** | Levandoski, Stephen D.; Schwartz, Kevin S.; Carol Weiland; Zhi Yang Tan; Liu, Henry (Covington & Burling LLP); Savitt, William D.; Emily Henn; Lauren Willard Zehmer; Sean Berman; Cheung, Andrew J.H.; Austin Riddick; Gio Scarcella; Reiser, Craig M.; Justus, Bradley; Erickson, Christopher; Judd E. Stone II; Chris Hilton; Davis, William; Eamon Dowd; OpenAI Antitrust WLRK Litigation 07228-0508; Zuckert, Heather C.; Schwarze, Isabella |
| **Subject:** | X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914 |

Counsel,

We write to memorialize today's meet and confer.

We identified several outstanding issues that we have discussed in our past correspondence and meet and confers. We reiterated why OpenAI is entitled to discovery on the categories of documents listed below and stated our understanding, including based on your letter of earlier today, that plaintiffs have not agreed to produce additional documents in these categories.

- ***Investor Communications, Valuations, & Projections***. We reiterated our request that plaintiffs conduct a comprehensive collection and production of communications with investors and prospective investors, including but not limited to communications in connection with xAI's July 2025 and January 2026 capital raises, as well as valuations and projections for xAI. We referred to our previous correspondence, which details the sources of responsive information that we expect plaintiffs to collect and produce. *See, e.g.*, Mar. 28 email from G. Meli to S. Eisman and E. Yung; Mar. 25 letter from G. Meli to S. Eisman and E. Yung.

- ***SpaceX–xAI Merger***. We reiterated our request for documents related to the SpaceX–xAI merger, including communications with investors and documents related to the valuation of xAI in that transaction.

- ***Apple–Google Agreement***. We reiterated our request for plaintiffs' documents relating to the Apple–Google Agreement and referred to the search terms that we provided as an appendix to our March 25 letter.

- ***Musk SpaceX & Tesla Accounts***. We reiterated our request that plaintiffs search Elon Musk's SpaceX and Tesla email accounts and other custodial sources for responsive documents, as well as any of Mr. Musk's Signal, XChat, or text

**A269**

messages, regardless of the company at which he retains those documents. We referred to the legal authority set forth in our correspondence for this request. ███████

- **Super App**.  We reiterated our request for documents concerning product roadmaps, business plans, launch schedules, and internal timelines for the development of any "super app" initiatives undertaken by plaintiffs.  We stated that this request required a collection and search separate from any search plaintiffs have performed in response to other requests.

- **2025-2026 Financials**.  We reiterated our request for the production of plaintiffs' 2025 year-end financial statements and indicated that any search for financial information (including the limited additional searches that plaintiffs agreed in their letter to conduct) should extend into the first quarter of 2026 in light of the valuation date in plaintiffs' damages expert report.

On our call, plaintiffs did not commit to satisfying any of the above requests.  We stated that, in light of the case schedule, including defendants' upcoming expert deadline, and our extensive prior discussions of these issues, OpenAI intends to move to compel as early as this Friday and understands that plaintiffs will oppose the motion.

We also discussed additional requests at issue in the parties' recent correspondence.  Among other things, we understand that plaintiffs are continuing to investigate production of recordings or transcriptions of "all hands" meetings.  We also requested that plaintiffs provide a counterproposal on the privacy-related search terms that we provided in our March 25 letter.  Please provide a prompt response with respect to those issues.

Finally, we indicated that OpenAI will get back to you about certain requests made in plaintiffs' letter but that these requests provided no basis for plaintiffs to further delay the production of the documents discussed above.

Best,
Graham

**Graham W. Meli**
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street | New York, NY 10019
+1 (212) 403-1390 (Direct) | +1 (212) 403-2390 (Fax)
GWMeli@WLRK.com | www.wlrk.com

2

**A270**

# TAB 3O

| From: | Yung, Eva H. |
|---|---|
| To: | Meli, Graham W. |
| Cc: | Levandoski, Stephen D.; Schwartz, Kevin S.; Carol Weiland; Zhi Yang Tan; Liu, Henry (Covington & Burling LLP); Savitt, William D.; Eisman, Scott A.; Emily Henn; Lauren Willard Zehmer; Sean Berman; Cheung, Andrew J.H.; Austin Riddick; Gio Scarcella; Reiser, Craig M.; Justus, Bradley; Erickson, Christopher; Judd E. Stone II; Chris Hilton; Davis, William; Eamon Dowd; OpenAI Antitrust WLRK Litigation 07228-0508; Zuckert, Heather C.; Schwarze, Isabella; Yung, Eva H. |
| Subject: | RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914 |
| Date: | Thursday, April 2, 2026 3:13:18 PM |
| Attachments: | image210903.png |

**\*\*External Email-Use Caution\*\***

Graham,

We disagree that we are at an impasse on the issues you laid out in your April 1 email—many of which you raised in detail for the first time last week, in the eight-page letter you sent on the evening of March 25. Yesterday, we responded to that letter, as well as to your March 28 email, point by point, in an effort to resolve open disputes. We expected that our meet-and-confer yesterday afternoon would be a good-faith negotiation to talk through the counterproposals in our letter.

Yet, when yesterday's meet-and-confer began, you made clear that you had no intention of doing so. To the contrary, you started the meet-and-confer by stating that you believed we were at an impasse. You then explained that you would be moving on every issue in your email last night unless we agreed to everything OpenAI demanded without modification. You refused to discuss our counterproposals or to make any effort to find some middle ground. We were puzzled by this because many of our counterproposals entailed both Plaintiffs and OpenAI producing similar documents that each side believed was responsive to its discovery requests—for instance, our proposal that both Plaintiffs and OpenAI produce financial projections and valuations. But rather than entertain our counterproposals in good faith, you said that both sides should move to compel to get the documents they needed. To put it mildly, we were surprised that you would suggest that the parties should burden the Court with motion practice when they could reach a compromise that would entail the near-term production of documents—especially given OpenAI's position that it needs additional documents and data immediately.

The bottom line is that you appeared to view yesterday's meet-and-confer as a box-checking exercise on your path to motion practice, and not an opportunity to resolve open issues. We therefore disagree that the negotiation process has run its course and that there's a ripe dispute on the issues we've sought to resolve through good-faith counterproposals, which you've rejected out of hand and haven't sought to discuss with us at all.

We reserve all rights.

Yours,

Eva

🔲 **Eva H. Yung**

A272

Partner

**Axinn, Veltrop & Harkrider LLP**
45 Rockefeller Plaza
New York, NY 10111
T: 212.728.2235
eyung@axinn.com | axinn.com

---

**From:** Meli, Graham W. <GWMeli@WLRK.com>
**Sent:** Wednesday, April 1, 2026 11:10 PM
**To:** Yung, Eva H. <eyung@axinn.com>; Eisman, Scott A. <seisman@axinn.com>
**Cc:** Levandoski, Stephen D. <SDLevandoski@wlrk.com>; Schwartz, Kevin S. <KSchwartz@wlrk.com>; Carol Weiland <CWeiland@cov.com>; Zhi Yang Tan <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Emily Henn <ehenn@cov.com>; Lauren Willard Zehmer <LZehmer@cov.com>; Sean Berman <SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Austin Riddick <ARiddick@cov.com>; Gio Scarcella <GScarcella@cov.com>; Reiser, Craig M. <creiser@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Davis, William <wdavis@axinn.com>; Eamon Dowd <EDowd@cov.com>; OpenAI Antitrust WLRK Litigation 07228-0508 <OpenAI.Antitrust.Litigation@wlrk.com>; Zuckert, Heather C. <hzuckert@axinn.com>; Schwarze, Isabella <ischwarze@axinn.com>
**Subject:** X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

**Caution: External Email**

---

Counsel,

We write to memorialize today's meet and confer.

We identified several outstanding issues that we have discussed in our past correspondence and meet and confers. We reiterated why OpenAI is entitled to discovery on the categories of documents listed below and stated our understanding, including based on your letter of earlier today, that plaintiffs have not agreed to produce additional documents in these categories.

- **Investor Communications, Valuations, & Projections**. We reiterated our request that plaintiffs conduct a comprehensive collection and production of communications with investors and

A273

prospective investors, including but not limited to communications in connection with xAI's July 2025 and January 2026 capital raises, as well as valuations and projections for xAI. We referred to our previous correspondence, which details the sources of responsive information that we expect plaintiffs to collect and produce. *See, e.g.*, Mar. 28 email from G. Meli to S. Eisman and E. Yung; Mar. 25 letter from G. Meli to S. Eisman and E. Yung.

- ***SpaceX–xAI Merger***. We reiterated our request for documents related to the SpaceX–xAI merger, including communications with investors and documents related to the valuation of xAI in that transaction.

- ***Apple–Google Agreement***. We reiterated our request for plaintiffs' documents relating to the Apple–Google Agreement and referred to the search terms that we provided as an appendix to our March 25 letter.

- ***Musk SpaceX & Tesla Accounts***. We reiterated our request that plaintiffs search Elon Musk's SpaceX and Tesla email accounts and other custodial sources for responsive documents, as well as any of Mr. Musk's Signal, XChat, or text messages, regardless of the company at which he retains those documents. We referred to the legal authority set forth in our correspondence for this request. ███

- ***Super App***. We reiterated our request for documents concerning product roadmaps, business plans, launch schedules, and internal timelines for the development of any "super app" initiatives undertaken by plaintiffs. We stated that this request required a collection and search separate from any search plaintiffs have performed in response to other requests.

- **_2025-2026 Financials_**. We reiterated our request for the production of plaintiffs' 2025 year-end financial statements and indicated that any search for financial information (including the limited additional searches that plaintiffs agreed in their letter to conduct) should extend into the first quarter of 2026 in light of the valuation date in plaintiffs' damages expert report.

On our call, plaintiffs did not commit to satisfying any of the above requests. We stated that, in light of the case schedule, including defendants' upcoming expert deadline, and our extensive prior discussions of these issues, OpenAI intends to move to compel as early as this Friday and understands that plaintiffs will oppose the motion.

We also discussed additional requests at issue in the parties' recent correspondence. Among other things, we understand that plaintiffs are continuing to investigate production of recordings or transcriptions of "all hands" meetings. We also requested that plaintiffs provide a counterproposal on the privacy-related search terms that we provided in our March 25 letter. Please provide a prompt response with respect to those issues.

Finally, we indicated that OpenAI will get back to you about certain requests made in plaintiffs' letter but that these requests provided no basis for plaintiffs to further delay the production of the documents discussed above.

Best,
Graham

**Graham W. Meli**
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street | New York, NY 10019
+1 (212) 403-1390 (Direct) | +1 (212) 403-2390 (Fax)
GWMeli@WLRK.com | www.wlrk.com

**A275**

==================================================

Please be advised that this transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, please do not read, copy or re-transmit this communication. If you have received this communication in error, please notify us by e-mail (helpdesk@wlrk.com) or by telephone (call us collect at 212-403-4357) and delete this message and any attachments.

Thank you in advance for your cooperation and assistance.

==================================================
********************************************************************
**Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.**
********************************************************************

**A276**

A277

# TAB 3P

| From: | Meli, Graham W. |
|---|---|
| To: | Yung, Eva H.; Eisman, Scott A. |
| Cc: | Levandoski, Stephen D.; Schwartz, Kevin S.; Carol Weiland; Zhi Yang Tan; Liu, Henry (Covington & Burling LLP); Savitt, William D.; Emily Henn; Lauren Willard Zehmer; Sean Berman; Cheung, Andrew J.H.; Austin Riddick; Gio Scarcella; Reiser, Craig M.; Justus, Bradley; Erickson, Christopher; Judd E. Stone II; Chris Hilton; Davis, William; Eamon Dowd; OpenAI Antitrust WLRK Litigation 07228-0508; Zuckert, Heather C.; Schwarze, Isabella |
| Subject: | RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914 |
| Date: | Friday, April 3, 2026 12:28:53 PM |

Eva,

We disagree with your email. OpenAI has more than satisfied our obligation to meet and confer over the course of numerous calls and correspondence dating back to February. Plaintiffs have made no "counterproposals" on any of the items we have identified, other than refusals to produce unless OpenAI agrees to unrelated requests. Your email still contains no agreement to produce any of the requested information, which confirms that our motion is necessary and that plaintiffs will oppose it.

Please note that we will be filing our motion under seal as it will contain certain confidential information produced by both third parties and parties. Our confidentiality agreement provides for filing of such materials under seal, so we will assume that plaintiffs do not oppose the motion to file under seal.

Regards,
Graham

**Graham W. Meli**

Wachtell, Lipton, Rosen & Katz
51 West 52nd Street | New York, NY 10019
+1 (212) 403-1390 (Direct) | +1 (212) 403-2390 (Fax)
GWMeli@WLRK.com | www.wlrk.com

---

**From:** Meli, Graham W.
**Sent:** Wednesday, April 1, 2026 11:10 PM
**To:** Yung, Eva H. <eyung@axinn.com>; Eisman, Scott A. <seisman@axinn.com>
**Cc:** Levandoski, Stephen D. <SDLevandoski@wlrk.com>; Schwartz, Kevin S. <KSchwartz@wlrk.com>; Carol Weiland <CWeiland@cov.com>; Zhi Yang Tan <ZTan@cov.com>; Liu, Henry (Covington & Burling LLP) <hliu@cov.com>; Savitt, William D. <wdsavitt@WLRK.com>; Emily Henn

**A278**

<ehenn@cov.com>; Lauren Willard Zehmer <LZehmer@cov.com>; Sean Berman
<SBerman@cov.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Austin Riddick
<ARiddick@cov.com>; Gio Scarcella <GScarcella@cov.com>; Reiser, Craig M. <creiser@axinn.com>;
Justus, Bradley <bjustus@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Judd E. Stone
II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Davis, William
<wdavis@axinn.com>; Eamon Dowd <EDowd@cov.com>; OpenAI Antitrust WLRK Litigation 07228-
0508 <OpenAI.Antitrust.Litigation@wlrk.com>; Zuckert, Heather C. <hzuckert@axinn.com>;
Schwarze, Isabella <ischwarze@axinn.com>
**Subject:** X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914

Counsel,

We write to memorialize today's meet and confer.

We identified several outstanding issues that we have discussed in our
past correspondence and meet and confers.  We reiterated why OpenAI is
entitled to discovery on the categories of documents listed below and
stated our understanding, including based on your letter of earlier today,
that plaintiffs have not agreed to produce additional documents in these
categories.

- *Investor Communications, Valuations, & Projections*. We
  reiterated our request that plaintiffs conduct a comprehensive
  collection and production of communications with investors and
  prospective investors, including but not limited to communications in
  connection with xAI's July 2025 and January 2026 capital raises, as
  well as valuations and projections for xAI.  We referred to our
  previous correspondence, which details the sources of responsive
  information that we expect plaintiffs to collect and produce.  *See,
  e.g.*, Mar. 28 email from G. Meli to S. Eisman and E. Yung; Mar. 25
  letter from G. Meli to S. Eisman and E. Yung.

- *SpaceX–xAI Merger*. We reiterated our request for documents
  related to the SpaceX–xAI merger, including communications with
  investors and documents related to the valuation of xAI in that
  transaction.

A279

- *Apple–Google Agreement*. We reiterated our request for plaintiffs' documents relating to the Apple–Google Agreement and referred to the search terms that we provided as an appendix to our March 25 letter.

- *Musk SpaceX & Tesla Accounts*. We reiterated our request that plaintiffs search Elon Musk's SpaceX and Tesla email accounts and other custodial sources for responsive documents, as well as any of Mr. Musk's Signal, XChat, or text messages, regardless of the company at which he retains those documents. We referred to the legal authority set forth in our correspondence for this request. █

  ███████████████████████████████████████████████
  ███████████████████████████████████████████████
  ████████████████████████████████████

- *Super App*. We reiterated our request for documents concerning product roadmaps, business plans, launch schedules, and internal timelines for the development of any "super app" initiatives undertaken by plaintiffs. We stated that this request required a collection and search separate from any search plaintiffs have performed in response to other requests.

- *2025-2026 Financials*. We reiterated our request for the production of plaintiffs' 2025 year-end financial statements and indicated that any search for financial information (including the limited additional searches that plaintiffs agreed in their letter to conduct) should extend into the first quarter of 2026 in light of the valuation date in plaintiffs' damages expert report.

On our call, plaintiffs did not commit to satisfying any of the above requests. We stated that, in light of the case schedule, including defendants' upcoming expert deadline, and our extensive prior discussions of these issues, OpenAI intends to move to compel as early as this Friday and understands that plaintiffs will oppose the motion.

A280

We also discussed additional requests at issue in the parties' recent correspondence.  Among other things, we understand that plaintiffs are continuing to investigate production of recordings or transcriptions of "all hands" meetings.  We also requested that plaintiffs provide a counterproposal on the privacy-related search terms that we provided in our March 25 letter.  Please provide a prompt response with respect to those issues.

Finally, we indicated that OpenAI will get back to you about certain requests made in plaintiffs' letter but that these requests provided no basis for plaintiffs to further delay the production of the documents discussed above.

Best,
Graham

**Graham W. Meli**

Wachtell, Lipton, Rosen & Katz
51 West 52nd Street | New York, NY 10019
+1 (212) 403-1390 (Direct) | +1 (212) 403-2390 (Fax)
GWMeli@WLRK.com | www.wlrk.com

**A281**

# TAB 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

|  |  |
|---|---|
| X CORP. and X.AI LLC, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., OPENAI, INC., OPENAI, L.L.C., and OPENAI OPCO, LLC, <br><br> Defendants. | Civil Action No. 4:25-cv-00914-P |

**THE OPENAI DEFENDANTS' SECOND SET OF REQUESTS FOR PRODUCTION
TO PLAINTIFFS X CORP. AND X.AI LLC**

**A283**

Propounding Party:         OpenAI Defendants

Responding Party:          Plaintiffs X Corp. and X.AI LLC

Set No.:                   Two

Defendants OpenAI Foundation (f/k/a OpenAI, Inc.), OpenAI, L.L.C., and OpenAI OpCo, LLC (the "OpenAI Defendants" and together with Apple Inc., "Defendants"), by and through their attorneys, hereby request, pursuant to Federal Rules of Civil Procedure 26 and 34, that Plaintiffs X Corp. and X.AI LLC ("Plaintiffs") respond to this Second Set of Requests for Production ("Requests") separately and fully. These Requests are governed by the Definitions and Instructions that follow.

## DEFINITIONS

The following definitions shall apply to the Requests contained herein.

1.    "Action" means the above-captioned action.

2.    "AI Technologies" means the artificial intelligence technologies that power Generative AI Chatbots, including, but not limited to, Large Language Models, neural networks, natural language processing, reinforcement learning, and deep learning.

3.    "Apple" means Apple Inc.

4.    "App" means software that allows users to perform a specific task (such as checking the weather or editing shoots) and can run on a device like a smartphone or computer or be accessed through a web browser without being downloaded.

5.    "Apple Intelligence" means Apple's personal intelligence system integrated into Apple devices, as announced by Apple on June 10, 2024.

6.    "Apple Product" means any device offered by sale by Apple, including the Apple iPhone, iPad, Apple Watch, Mac, iMac, MacBook Pro, MacBook Air, and other personal computers.

7.    "Communication" and "Communications" means any act or instance of transferring, transmitting, passing, delivering, or giving information by oral, written, or electronic means, including but not limited to by notes, letter, telegram, facsimile, electronic

mail, electronic message (including text message), or voicemail.

8.    "Complaint" means the complaint filed on August 25, 2025 in the Action.

9.    "Document" and "Documents" shall have the broadest meaning permitted under the Federal Rules of Civil Procedure and shall include, without limitation, the original and all non-identical copies of any handwritten, printed, typed, recorded, or graphic material, or ESI (as defined below), of any kind and nature, including all drafts and transcriptions thereof, however produced or reproduced, and including but not limited to accounting materials, accounts, agreements, analyses, appointment books, books, books of account, brochures, calendars, catalogs, checks, computer data, computer disks, contracts, correspondence, data sheets, date books, diaries, diskettes, drawings, email messages, faxes, guidelines, instructions, inter-office communications, invoices, letters, logs, manuals, memoranda, minutes, notes, opinions, payments, plans, presentations, purchase confirmations, receipts, records, regulations, reports, sound recordings, spreadsheets, statements, studies, surveys, tickets, text messages, instant messages, timesheets, trade records, video recordings, voice-mail messages, vouchers, word processing materials (however stored or maintained), and all other means by which information is stored for retrieval.

10.    "ESI" means information that is stored in an electronic format, regardless of the media or whether it is in the original format in which it was created, and that is retrievable in perceivable form and includes but is not limited to metadata, system data, deleted data, and fragmented data.

11.    "Generative AI Chatbot," for purposes of the Requests in this document, has the meaning ascribed to that term in the Complaint (as alleged in, *e.g.*, Paragraphs 35, 37, and 127 to 131) to include an interface through which users can communicate with AI Technologies through natural language dialogue.

12.    "Grok" means xAI's Generative AI Chatbot and its underlying AI Technologies (including its Large Language Models).

13.    "Grok-X Integration" means any agreement, arrangement, understanding, or

partnership, whether formal or informal, between Grok and X relating in any way to X's "integration of Grok's functionality into its digital town square" and network as alleged in, *e.g.*, Paragraphs 69 and 180 of the Complaint.

14.    "Large Language Models," or "LLMs," means a type of artificial intelligence model that has been trained on large amounts of data using deep learning to process and generate language.

15.    "Neuralink" means Neuralink Corp. and any of its predecessors, successors, parents, divisions, subsidiaries, or affiliates.

16.    "Person" means any natural person, individual, corporation, limited liability company, trust, partnership, proprietorship, association, joint venture, group, business entity, governmental or public entity, or any other form or organization of legal entity.

17.    "Tesla" means Tesla, Inc. and any of its predecessors, successors, parents, divisions, subsidiaries, or affiliates.

18.    "SpaceX" means Space Exploration Technologies Corporation and any of its predecessors, successors, parents, divisions, subsidiaries, or affiliates.

19.    "xAI" means X.AI LLC and any of its predecessors, successors, parents, divisions, subsidiaries, or affiliates (including the entities X Corp. and XAI Holdings Corp.), and each and all of (i) their present and former employees, agents, representatives, or advisors; (ii) any entity over which they exercised or exercise control; and (iii) any other Persons acting on their behalves.

20.    "X" means X Corp. and any of its predecessors, successors, parents, divisions, subsidiaries, affiliates (including the entities X.AI LLC and XAI Holdings Corp.), or any associated lines of business (including the social media platform called X), and each and all of (i) their present and former employees, agents, representatives, or advisors; (ii) any entity over which they exercised or exercise control; and (iii) any other Persons acting on their behalves.

21.    "You" and "Your" mean xAI and X.

22.    The terms "any" and "all" mean any and all in the most inclusive sense of those

4

**A286**

terms.

23.    The terms "concerning" and "with respect to" shall be read and applied as interchangeable and shall be construed in the broadest sense permitted to mean discussing, supporting, describing, concerning, regarding, with regard to, relating to, referring to, pertaining to, containing, analyzing, evaluating, studying, recording, memorializing, reporting on, commenting on, reviewed in connection or in conjunction with, evidencing, setting forth, contradicting, refuting, considering, recommending, or constituting, in whole or in part.

24.    The term "including" shall be read to mean "including without limitation."

25.    Whenever used herein, (i) the singular shall be deemed to include the plural, and the plural shall be deemed to include the singular; (ii) the masculine shall be deemed to include the feminine, and the feminine shall be deemed to include the masculine; (iii) the disjunctive ("or") shall be deemed to include the conjunctive ("and"), and the conjunctive ("and") shall be deemed to include the disjunctive ("or"); (iv) each of the functional words "each," "every," "any," and "all" shall be deemed to include each of the others; and (v) the use of the present or past tense shall be construed to include both the present and past tenses as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

**A287**

## INSTRUCTIONS

The following instructions shall apply to the Requests contained herein.

1.      These Requests require the production of all responsive Documents and Communications that are in Your possession, custody, or control, wherever located, including, for the avoidance of doubt, any email or other electronic messages sent or received by You from accounts or platforms maintained, hosted, or stored by You, or any of Your respective affiliates, predecessors, or successors, and whether active, in storage, or otherwise, including in the possession of Your agents or advisors.

2.      You are obligated to undertake and produce all responsive Documents in Your possession, custody, or control even if You believe that another Person has already produced the same or similar Documents or may produce such Documents in the future.

3.      All Documents shall be produced as kept in the ordinary course of business, in the form and in the same order within each file in which they were located prior to production. Where a portion of a Document is responsive to the Requests set forth below, the entire Document, along with all transmittal sheets, cover letters, attachments, appendices, enclosures, and exhibits to such Document, shall be produced.

4.      Each Request shall be construed independently, and none of the Requests shall be construed as limiting the scope of any of the other Requests.

5.      Each Request shall be considered as including all non-identical copies and, to the extent applicable, preliminary drafts of Documents that, as to content, differ in any respect from the original or final draft or from each other.

6.      If any Documents called for by these Requests are withheld under a claim of privilege or protection, You are requested at the time of responding to these Requests, or at such other time as may be mutually agreed by You and the OpenAI Defendants, to produce a log that separately identifies each such Document and both (i) specifies the assertion(s) of privilege or protection asserted for withholding the Document; and (ii) sets forth all information necessary to support the assertion(s) of privilege or protection for withholding the Document, including the

6

**A288**

type or nature of the Document (*e.g.*, letter, memorandum, e-mail, etc.), its author, all recipients, all Persons to whom it was shown or otherwise made available or with whom it was discussed, the date of the Document, and a description of the substance of the Document, all in a manner sufficient to allow the Court to rule on the validity of the claim(s) of privilege or protection asserted for withholding each Document from production.

7.    You must produce all portions of requested Documents that are not subject to a claim of privilege or protection by excising or otherwise protecting the portions of such Document for which a claim of privilege or protection is asserted and producing the remainder.

8.    If no Documents exist that are responsive to a particular Request, so state in Your response to such Request.

9.    Each of these Definitions and Instructions shall be fully applicable to all of the Requests, notwithstanding that a particular Definition or Instruction above may, in whole or in part, be reiterated in certain Requests or that certain Requests may incorporate supplemental instructions or definitions.

10.    Unless otherwise specified in the Request, each Request shall be deemed to include all Documents prepared, sent, received, written, reviewed, or marked upon from October 1, 2023 through the date of production.

11.    Subject to any protocol governing the production and use of ESI that may be agreed to by You and the OpenAI Defendants or ordered by the Court, all Documents shall be Bates-labeled and shall be produced electronically in single page Group IV TIF format (except that Microsoft Excel, PowerPoint, and structured data files shall be produced in native format), with load files containing, for each Document, extracted searchable text and all available metadata for at least the following fields:  BegDoc; EndDoc; BegAttach; EndAttach; Pages; DateSent; FamilyDate; Author; To; CC; BCC; Subject; Custodians; File Name; Time Zone; Confidentiality; Redacted; and Hash Value.

**A289**

**REQUESTS FOR PRODUCTION**

**Request For Production No. 1:**

Documents sufficient to show the historical and future-contracted costs associated with data centers used by xAI to operate Grok, including historical and future-contracted capital costs from project construction.

**Request For Production No. 2:**

All Documents and Communications concerning safety, integrity, factual accuracy, and content moderation of Grok, including (a) racism, sexism, antisemitism, hate speech, bias, or hostility to a protected class or characteristic bias; (b) July 2025 references by Grok to "MechaHitler"; (c) May 2025 references by Grok to "white genocide" in South Africa; and (d) citations by Grokipedia to Stormfront, reported in November 2025.

**Request For Production No. 3:**

Documents sufficient to show the AI Technologies involved in or relied upon to develop or operate Grok.

**Request For Production No. 4:**

Documents sufficient to show the funding, investment, and financing that xAI has received and the respective equity ownership of xAI (*e.g.*, capitalization tables).

**Request For Production No. 5:**

All Documents regarding the financial or strategic significance of selling or distributing Grok through the following channels: (a) Apple's App Store; (b) Google's App Store; (c) Samsung's App Store; (d) grok.com; (e) Apple Products via a contemplated Grok integration with Apple Intelligence; (f) integrations with Google, Motorola, Samsung, Tesla, SpaceX, Neuralink, the U.S. Department of Defense (Department of War), or any other division or subdivision of the United States Government; (g) the Grok-X Integration, and (h) any other integrations.

**Request For Production No. 6:**

All Documents and Communications regarding any remarks delivered by xAI's executive

8

**A290**

A291

leadership, including Elon Musk, at any "all hands" or companywide meeting of xAI employees, including any audio or audiovisual records of such remarks, notes prepared by Elon Musk or others in connection with such remarks, and presentations delivered or disseminated in connection with such remarks.

OPENAI DEFENDANTS' SECOND SET OF REQUESTS FOR PRODUCTION TO PLAINTIFFS
CASE NO.: 4:25-cv-00914-P

**A291**

A292

Dated: December 26, 2025

Respectfully submitted,

/s/      Michael K. Hurst
Michael K. Hurst
mhurst@lynnllp.com
Texas Bar No. 10316310
Chris W. Patton
cpatton@lynnllp.com
Texas Bar No. 24083634
Andy Kim
akim@lynnllp.com
Texas Bar No. 24136638
**LYNN PINKER HURST & SCHWEGMANN LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800 (Telephone)
(214) 981-3839 (Facsimile)

William Savitt
WDSavitt@wlrk.com
N.D. Tex. Bar No. 2900058NY
Kevin S. Schwartz
KSchwartz@wlrk.com
N.D. Tex. Bar No. 4564241NY
Stephen D. Levandoski (admitted *pro hac vice*)
SDLevandoski@wlrk.com
**WACHTELL, LIPTON, ROSEN & KATZ**
51 West 52nd Street
New York, NY 10019
(212) 403-1000 (Telephone)
(212) 403-2000 (Facsimile)

*Attorneys for Defendants OpenAI Foundation (f/k/a OpenAI, Inc.), OpenAI, L.L.C., and OpenAI OpCo, LLC*

**A292**

## CERTIFICATE OF SERVICE

I certify that on December 26, 2025, I served the foregoing document electronically in accordance with the Federal Rules of Civil Procedure.

*/s/     Michael K. Hurst*
Michael K. Hurst

OPENAI DEFENDANTS' SECOND SET OF REQUESTS FOR PRODUCTION TO PLAINTIFFS
CASE NO.: 4:25-cv-00914-P

**A293**

A294

# TAB 5

A295

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

|  |  |
|---|---|
| X CORP. and X.AI LLC,<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>APPLE INC., OPENAI, INC., OPENAI, L.L.C., and OPENAI OPCO, LLC,<br><br>　　　Defendants. | Civil Action No. 4:25-cv-00914-P |

**THE OPENAI DEFENDANTS' THIRD SET OF REQUESTS FOR PRODUCTION
TO PLAINTIFFS X CORP. AND X.AI LLC**

Propounding Party:            OpenAI Defendants

Responding Party:            Plaintiffs X Corp. and X.AI LLC

Set No.:                            Three

Defendants OpenAI Foundation (f/k/a OpenAI, Inc.), OpenAI, L.L.C., and OpenAI OpCo, LLC (the "OpenAI Defendants" and together with Apple Inc., "Defendants"), by and through their attorneys, hereby request, pursuant to Federal Rules of Civil Procedure 26 and 34, that Plaintiffs X Corp. and X.AI LLC ("Plaintiffs") respond to this Third Set of Requests for Production ("Requests") separately and fully. These Requests are governed by the Definitions and Instructions that follow.

## DEFINITIONS

The following definitions shall apply to the Requests contained herein.

1.        "Accuracy" means any metric for evaluating the correctness or incorrectness of outputs generated by a Generative AI Chatbot, including metrics concerning coherence, hallucination, and ability to solve math, science, and coding problems.

2.        "Action" means the above-captioned action.

3.        "Affiliated Company" means any corporation, partnership, limited liability company, nonprofit, or other entity that Elon Musk directly or indirectly controls, including through ownership of more than 5% of stock with ordinary voting power for the election of directors and including through the ability to exert influence over the management or policies, such as through a role as an executive in the company. For the avoidance of doubt, Neuralink, SpaceX, and Tesla are each an "Affiliated Company."

4.        "AI Technologies" means the artificial intelligence technologies that power Generative AI Chatbots, including, but not limited to, Large Language Models, neural networks, natural language processing, reinforcement learning, and deep learning.

5.        "Apple" means Apple Inc.

6.        "Communication" and "Communications" means any act or instance of transferring, transmitting, passing, delivering, or giving information by oral, written, or

**A296**

electronic means, including but not limited to by notes, letter, telegram, facsimile, electronic mail, electronic message (including text message), or voicemail.

7.    "Complaint" means the complaint filed on August 25, 2025 in the Action.

8.    "Document" and "Documents" shall have the broadest meaning permitted under the Federal Rules of Civil Procedure and shall include, without limitation, the original and all non-identical copies of any handwritten, printed, typed, recorded, or graphic material, or ESI (as defined below), of any kind and nature, including all drafts and transcriptions thereof, however produced or reproduced, and including but not limited to accounting materials, accounts, agreements, analyses, appointment books, books, books of account, brochures, calendars, catalogs, checks, computer data, computer disks, contracts, correspondence, data sheets, date books, diaries, diskettes, drawings, email messages, faxes, guidelines, instructions, inter-office communications, invoices, letters, logs, manuals, memoranda, minutes, notes, opinions, payments, plans, presentations, purchase confirmations, receipts, records, regulations, reports, sound recordings, spreadsheets, statements, studies, surveys, tickets, text messages, instant messages, timesheets, trade records, video recordings, voice-mail messages, vouchers, word processing materials (however stored or maintained), and all other means by which information is stored for retrieval.

9.    "ESI" means information that is stored in an electronic format, regardless of the media or whether it is in the original format in which it was created, and that is retrievable in perceivable form and includes but is not limited to metadata, system data, deleted data, and fragmented data.

10.    "Generative AI Chatbot," for purposes of the Requests in this document, has the meaning ascribed to that term in the Complaint (as alleged in, *e.g.*, Paragraphs 35, 37, and 127 to 131) to include an interface through which users can communicate with AI Technologies through natural language dialogue.

11.    "Google–Apple Agreement" means the arrangement that Apple and Google publicly announced on January 12, 2026, regarding Apple's use of Google Gemini's models and

cloud technology for Apple's foundation models.

12.     "Government Official" means any individual holding an official position within a government entity at any level, including federal, state, county, or municipal.

13.     "Grok" means xAI's Generative AI Chatbot and its underlying AI Technologies (including its Large Language Models).

14.     "Large Language Models," or "LLMs," means a type of artificial intelligence model that has been trained on large amounts of data using deep learning to process and generate language.

15.     "Member of the Media" means any individuals or entities who gather, produce, publish, broadcast, or otherwise disseminate news, information, or analysis through print, radio, television, or digital media, including streaming and podcasting.

16.     "Multi-Homing" means the practice of engaging with or subscribing to multiple Generative AI Chatbots simultaneously.

17.     "Neuralink" means Neuralink Corp. and any of its predecessors, successors, parents, divisions, subsidiaries, or affiliates.

18.     "Other Grok Pricing Model" means any nonrecurring payment model that X or xAI offers customers for the usage of Grok. For the avoidance of doubt, "Other Grok Pricing Model" includes Grok 4, Grok 4.1, and Grok Code Fast 1 as advertised on xAI's website.

19.     "Person" means any natural person, individual, corporation, limited liability company, trust, partnership, proprietorship, association, joint venture, group, business entity, governmental or public entity, or any other form or organization of legal entity.

20.     "Political Organization" means any collection of individuals or entities, including political parties, lobbying firms, and trade associations, who, as a collective, possess a shared purpose to shape policy, elect candidates, shift public perception, lobby elected officials, or otherwise advance a political objective, including through campaigns, education drives, fundraising, or other means.

21.     "Reaction Time" means any metric for measuring the speed of a Generative AI

Chatbot when it responds to a prompt, including metrics such as time to first token and tokens per second.

22.    "Resource Sharing" means the use, whether permanent or temporary, of resources, including the sharing of employees, office space, data, data centers, software, research and development, cloud services, documents, business strategies, organizational methods, and hardware. For the avoidance of doubt, "Resource Sharing" includes the selling, contracting, or leasing of resources for less than market value.

23.    "Safeguards" means any metric for measuring the existence and effectiveness of safety protections of a Generative AI Chatbot, including metrics regarding the ability of a Generative AI Chatbot to adhere to laws and regulations; refuse harmful requests, such as those related to violence, suicide or self-harm, child sexual abuse material, or nonconsensual intimacy; and prevent bias and discrimination.

24.    "Series E Funding Round" means the funding round that reportedly raised $20 billion for xAI, announced on January 6, 2026 on xAI's website.

25.    "SpaceX" means Space Exploration Technologies Corporation and any of its predecessors, successors, parents, divisions, subsidiaries, or affiliates.

26.    "Super Apps" means multi-functional platforms that offer services such as social connectivity and messaging, financial services, e-commerce, and entertainment that do not require a customer to be tied to a particular device, as described in paragraphs 4 and 62 through 64 of the Complaint.

27.    "Task Success" means any metric for evaluating whether and to what extent a Generative AI Chatbot solves user prompts, including metrics such as resolution rate and user satisfaction rate.

28.    "Tesla" means Tesla, Inc. and any of its predecessors, successors, parents, divisions, subsidiaries, or affiliates.

29.    "Usage Limits" means limits on the number of messages Grok users can send, or replies that users can receive, during a particular time period, or any other constraints, including

reductions in model quality or amount of compute, that xAI enacts that limit Grok usage, response quality, or output.

30.    "X" means X Corp. and any of its predecessors, successors, parents, divisions, subsidiaries, affiliates (including the entities X.AI LLC and XAI Holdings Corp.), or any associated lines of business (including the social media platform called X), and each and all of (i) their present and former employees, agents, representatives, or advisors; (ii) any entity over which they exercised or exercise control; and (iii) any other Persons acting on their behalves.

31.    "X Subscription Plan" means any recurring payment model that X or xAI offers customers for ongoing access to goods, services, or features, including access to Grok. For the avoidance of doubt, "X Subscription Plan" includes (a) the Basic, Premium, Premium+, Premium Business, and Premium Organizations plans that are advertised on X's website; and (b) the Basic, SuperGrok, SuperGrok Heavy, Grok Business, and Enterprise plans that are advertised on Grok's website.

32.    "xAI" means X.AI LLC and any of its predecessors, successors, parents, divisions, subsidiaries, or affiliates (including the entities X Corp. and XAI Holdings Corp.), and each and all of (i) their present and former employees, agents, representatives, or advisors; (ii) any entity over which they exercised or exercise control; and (iii) any other Persons acting on their behalves.

33.    "You" and "Your" mean xAI and X.

34.    The terms "any" and "all" mean any and all in the most inclusive sense of those terms.

35.    The terms "concerning" and "with respect to" shall be read and applied as interchangeable and shall be construed in the broadest sense permitted to mean discussing, supporting, describing, concerning, regarding, with regard to, relating to, referring to, pertaining to, containing, analyzing, evaluating, studying, recording, memorializing, reporting on, commenting on, reviewed in connection or in conjunction with, evidencing, setting forth, contradicting, refuting, considering, recommending, or constituting, in whole or in part.

6

**A300**

A301

36.     The term "including" shall be read to mean "including without limitation."

37.     Whenever used herein, (i) the singular shall be deemed to include the plural, and the plural shall be deemed to include the singular; (ii) the masculine shall be deemed to include the feminine, and the feminine shall be deemed to include the masculine; (iii) the disjunctive ("or") shall be deemed to include the conjunctive ("and"), and the conjunctive ("and") shall be deemed to include the disjunctive ("or"); (iv) each of the functional words "each," "every," "any," and "all" shall be deemed to include each of the others; and (v) the use of the present or past tense shall be construed to include both the present and past tenses as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

## INSTRUCTIONS

The following instructions shall apply to the Requests contained herein.

1.      These Requests require the production of all responsive Documents and Communications that are in Your possession, custody, or control, wherever located, including, for the avoidance of doubt, any email or other electronic messages sent or received by You from accounts or platforms maintained, hosted, or stored by You, or any of Your respective affiliates, predecessors, or successors, and whether active, in storage, or otherwise, including in the possession of Your agents or advisors.

2.      You are obligated to undertake and produce all responsive Documents in Your possession, custody, or control even if You believe that another Person has already produced the same or similar Documents or may produce such Documents in the future.

3.      All Documents shall be produced as kept in the ordinary course of business, in the form and in the same order within each file in which they were located prior to production. Where a portion of a Document is responsive to the Requests set forth below, the entire Document, along with all transmittal sheets, cover letters, attachments, appendices, enclosures, and exhibits to such Document, shall be produced.

4.      Each Request shall be construed independently, and none of the Requests shall be construed as limiting the scope of any of the other Requests.

5.      Each Request shall be considered as including all non-identical copies and, to the extent applicable, preliminary drafts of Documents that, as to content, differ in any respect from the original or final draft or from each other.

6.      If any Documents called for by these Requests are withheld under a claim of privilege or protection, You are requested at the time of responding to these Requests, or at such other time as may be mutually agreed by You and the OpenAI Defendants, to produce a log that separately identifies each such Document and both (i) specifies the assertion(s) of privilege or protection asserted for withholding the Document; and (ii) sets forth all information necessary to support the assertion(s) of privilege or protection for withholding the Document, including the

8

**A302**

type or nature of the Document (*e.g.*, letter, memorandum, e-mail, etc.), its author, all recipients, all Persons to whom it was shown or otherwise made available or with whom it was discussed, the date of the Document, and a description of the substance of the Document, all in a manner sufficient to allow the Court to rule on the validity of the claim(s) of privilege or protection asserted for withholding each Document from production.

7.      You must produce all portions of requested Documents that are not subject to a claim of privilege or protection by excising or otherwise protecting the portions of such Document for which a claim of privilege or protection is asserted and producing the remainder.

8.      If no Documents exist that are responsive to a particular Request, so state in Your response to such Request.

9.      Each of these Definitions and Instructions shall be fully applicable to all of the Requests, notwithstanding that a particular Definition or Instruction above may, in whole or in part, be reiterated in certain Requests or that certain Requests may incorporate supplemental instructions or definitions.

10.      Unless otherwise specified in the Request, each Request shall be deemed to include all Documents prepared, sent, received, written, reviewed, or marked upon from October 1, 2023 through the date of production.

11.      Subject to any protocol governing the production and use of ESI that may be agreed to by You and the OpenAI Defendants or ordered by the Court, all Documents shall be Bates-labeled and shall be produced electronically in single page Group IV TIF format (except that Microsoft Excel, PowerPoint, and structured data files shall be produced in native format), with load files containing, for each Document, extracted searchable text and all available metadata for at least the following fields:  BegDoc; EndDoc; BegAttach; EndAttach; Pages; DateSent; FamilyDate; Author; To; CC; BCC; Subject; Custodians; File Name; Time Zone; Confidentiality; Redacted; and Hash Value.

## REQUESTS FOR PRODUCTION

**Request For Production No. 1:**

All Documents and Communications concerning any historical, present, or future valuations of X, xAI, or Grok.

**Request For Production No. 2:**

All Documents and Communications concerning any actual or projected profits, revenues, costs, expenses, capital expenditures, asset accounting impairments, liabilities, and losses of or attributable to X, xAI, or Grok, including financial statements, financial ratio analyses, financial projections, segment financials, monthly budgets, variance analyses, cash flow analyses, working capital analyses and requirements, internal management reports, project management reports, and other reports or memoranda.

**Request For Production No. 3:**

All Documents and Communications that X or xAI has provided or contemplated providing to any investor, prospective investor, lender, prospective lender, or regulatory body concerning the marketing or solicitation of investments, loans, or other funding, including Documents and Communications concerning xAI's Series E Funding Round.

**Request For Production No. 4:**

All Documents and Communications concerning capital raises by X or xAI, including the amounts sought, amounts raised, length of the fundraising process, term sheets, final agreements, and investor syndicate composition.

**Request For Production No. 5:**

All Documents and Communications concerning Resource Sharing between any Affiliated Company and X or xAI.

**Request For Production No. 6:**

Documents sufficient to show X and xAI's hiring plans, actual hiring, and monthly headcount of employees by business function.

**Request For Production No. 7:**

Without regard to date range, all Documents and Communications concerning past or prospective investments, strategic transactions, or capital contributions by Elon Musk or any Affiliated Company with or into X or xAI. For the avoidance of doubt, this request includes all Documents and Communications concerning (i) SpaceX's reported $2 billion investment in xAI; (ii) any plans to solicit an investment from Tesla in xAI; and (iii) any plans or contemplated transaction to combine or merge any Affiliated Company with xAI or X.

**Request For Production No. 8:**

All Documents and Communications concerning the performance of Grok, including performance metrics concerning:

    (a) Accuracy;

    (b) Task Success;

    (c) Safeguards; and

    (d) Reaction Time.

**Request For Production No. 9:**

All Documents and Communications concerning product roadmaps, business plans, launch schedules, and internal timelines for the development of Grok, X's Super App initiatives, and other X-affiliated AI Technologies. For the avoidance of doubt, this request includes all Documents and Communications concerning changes or delays to business plans or launch schedules and the reasons for such changes.

**Request For Production No. 10:**

Without regard to date range, all Documents and Communications concerning the Google–Apple Agreement, the potential for such an agreement, or any other actual or potential agreement between Google and Apple concerning AI Technologies.

**Request For Production No. 11:**

Documents sufficient to show, for each month, the pricing rates and Usage Limits for Grok for:

**A305**

A306

(a) any X Subscription Plan; and

(b) any Other Grok Pricing Models.

**Request For Production No. 12:**

All Documents and Communications that X or xAI has provided or contemplated providing to any Political Organization, Government Official, or Member of the Media concerning this action or competition in the alleged "Generative AI Chatbot" market.

**Request For Production No. 13:**

All Documents and Communications concerning assessments or studies of Multi-Homing.

Dated: January 31, 2026

Respectfully submitted,

/s/      Michael K. Hurst
Michael K. Hurst
mhurst@lynnllp.com
Texas Bar No. 10316310
Chris W. Patton
cpatton@lynnllp.com
Texas Bar No. 24083634
Andy Kim
akim@lynnllp.com
Texas Bar No. 24136638
**LYNN PINKER HURST & SCHWEGMANN
LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800 (Telephone)
(214) 981-3839 (Facsimile)

William Savitt
WDSavitt@wlrk.com
N.D. Tex. Bar No. 2900058NY
Graham W. Meli (*pro hac vice* motion forthcoming)
GWMeli@wlrk.com
Kevin S. Schwartz
KSchwartz@wlrk.com
N.D. Tex. Bar No. 4564241NY
Stephen D. Levandoski (admitted *pro hac vice*)
SDLevandoski@wlrk.com
**WACHTELL, LIPTON, ROSEN & KATZ**
51 West 52nd Street
New York, NY 10019
(212) 403-1000 (Telephone)
(212) 403-2000 (Facsimile)

*Attorneys for Defendants OpenAI Foundation (f/k/a
OpenAI, Inc.), OpenAI, L.L.C., and OpenAI OpCo,
LLC*

OPENAI DEFENDANTS' THIRD SET OF REQUESTS FOR PRODUCTION TO PLAINTIFFS
CASE NO.:  4:25-cv-00914-P

**A307**

**CERTIFICATE OF SERVICE**

I certify that on January 31, 2026, I served the foregoing document electronically in accordance with the Federal Rules of Civil Procedure.

<div align="right">

/s/     *Michael K. Hurst*
Michael K. Hurst

</div>

**A308**

# TAB 6



Case 4:25-cv-00914-P    Document 174    Filed 04/03/26    Page 321 of 505    PageID 5227

**A310**



**A311**



Case 4:25-cv-00914-P     Document 174     Filed 04/03/26     Page 323 of 505     PageID 5229

**A312**







**A315**







**A318**



**A319**



**A320**



**A321**



**A322**

# TAB 7





A325



**A326**





**A328**



**A329**



**A330**



**A331**



**A332**



**A333**









**A337**

A338

Case 4:25-cv-00914-P    Document 174    Filed 04/03/26    Page 349 of 505    PageID 5255



**A339**



**A340**





**A342**



**A343**



A344



**A345**

A346





# TAB 8

A348

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

|  |  |
|---|---|
| X CORP. and X.AI LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>APPLE INC., OPENAI, INC., OPENAI, L.L.C., and OPENAI OPCO, LLC,<br><br>    Defendants. | Civil Action No. 4:25-cv-00914-P |

**THE OPENAI DEFENDANTS' FOURTH SET OF REQUESTS FOR PRODUCTION
TO PLAINTIFFS X CORP. AND X.AI LLC**

| Propounding Party: | OpenAI Defendants |
|---|---|
| Responding Party: | Plaintiffs X Corp. and X.AI LLC |
| Set No.: | Four |

Defendants OpenAI Foundation (f/k/a OpenAI, Inc.), OpenAI, L.L.C., and OpenAI OpCo, LLC (the "OpenAI Defendants" and together with Apple Inc., "Defendants"), by and through their attorneys, hereby request, pursuant to Federal Rules of Civil Procedure 26 and 34, that Plaintiffs X Corp. and X.AI LLC ("Plaintiffs") respond to this Fourth Set of Requests for Production ("Requests") separately and fully. These Requests are governed by the Definitions and Instructions that follow.

## DEFINITIONS

The following definitions shall apply to the Requests contained herein.

1.      "Action" means the above-captioned action.

2.      "Affiliated Company" means any corporation, partnership, limited liability company, nonprofit, or other entity that Elon Musk directly or indirectly controls, including through ownership of more than 5% of stock with ordinary voting power for the election of directors and including through the ability to exert influence over the management or policies, such as through a role as an executive in the company. For the avoidance of doubt, Neuralink, SpaceX, and Tesla are each an "Affiliated Company."

3.      "AI Technologies" means the artificial intelligence technologies that power Generative AI Chatbots, including, but not limited to, Large Language Models, neural networks, natural language processing, reinforcement learning, and deep learning.

4.      "Apple" means Apple Inc.

5.      "Communication" and "Communications" means any act or instance of transferring, transmitting, passing, delivering, or giving information by oral, written, or electronic means, including but not limited to by notes, letter, telegram, facsimile, electronic mail, electronic message (including text message), or voicemail.

6.      "Complaint" means the complaint filed on August 25, 2025 in the Action.

7.      "Document" and "Documents" shall have the broadest meaning permitted under the Federal Rules of Civil Procedure and shall include, without limitation, the original and all non-identical copies of any handwritten, printed, typed, recorded, or graphic material, or ESI (as defined below), of any kind and nature, including all drafts and transcriptions thereof, however produced or reproduced, and including but not limited to accounting materials, accounts, agreements, analyses, appointment books, books, books of account, brochures, calendars, catalogs, checks, computer data, computer disks, contracts, correspondence, data sheets, date books, diaries, diskettes, drawings, email messages, faxes, guidelines, instructions, inter-office communications, invoices, letters, logs, manuals, memoranda, minutes, notes, opinions, payments, plans, presentations, purchase confirmations, receipts, records, regulations, reports, sound recordings, spreadsheets, statements, studies, surveys, tickets, text messages, instant messages, timesheets, trade records, video recordings, voice-mail messages, vouchers, word processing materials (however stored or maintained), and all other means by which information is stored for retrieval.

8.      "ESI" means information that is stored in an electronic format, regardless of the media or whether it is in the original format in which it was created, and that is retrievable in perceivable form and includes but is not limited to metadata, system data, deleted data, and fragmented data.

9.      "Generative AI Chatbot," for purposes of the Requests in this document, has the meaning ascribed to that term in the Complaint (as alleged in, *e.g.*, Paragraphs 35, 37, and 127 to 131) to include an interface through which users can communicate with AI Technologies through natural language dialogue.

10.     "Grok" means xAI's Generative AI Chatbot and its underlying AI Technologies (including its Large Language Models).

11.     "Large Language Models," or "LLMs," means a type of artificial intelligence model that has been trained on large amounts of data using deep learning to process and generate language.

3

**A351**

12. "Neuralink" means Neuralink Corp. and any of its predecessors, successors, parents, divisions, subsidiaries, or affiliates.

13. "Person" means any natural person, individual, corporation, limited liability company, trust, partnership, proprietorship, association, joint venture, group, business entity, governmental or public entity, or any other form or organization of legal entity.

14. "SpaceX" means Space Exploration Technologies Corporation and any of its predecessors, successors, parents, divisions, subsidiaries, or affiliates.

15. "SpaceX-xAI Transaction" means any merger, acquisition, or other transaction or series of transactions between SpaceX, xAI, and/or any of their affiliates, as announced by SpaceX on February 2, 2026 at https://www.spacex.com/updates#xai-joins-spacex.

16. "Starlink" means the telecommunications provider that operates as a subsidiary of SpaceX that is defined as "Starlink" in the Starlink Global Privacy Policy.

17. "Starlink Global Privacy Policy" means the privacy policy titled "Global Privacy Policy" that was last updated on January 15, 2026, and is available at https://starlink.com/legal/documents/DOC-1000-41799-67.

18. "Tesla" means Tesla, Inc. and any of its predecessors, successors, parents, divisions, subsidiaries, or affiliates.

19. "Train" or "Training" means the process of causing an LLM to process data in order to refine its capacity to process and generate language or the equivalent process for any other AI Technology.

20. "X" means X Corp. and any of its predecessors, successors, parents, divisions, subsidiaries, affiliates (including the entities X.AI LLC and XAI Holdings Corp.), or any associated lines of business (including the social media platform called X), and each and all of (i) their present and former employees, agents, representatives, or advisors; (ii) any entity over which they exercised or exercise control; and (iii) any other Persons acting on their behalves.

21. "xAI" means X.AI LLC and any of its predecessors, successors, parents, divisions, subsidiaries, or affiliates (including the entities X Corp. and XAI Holdings Corp.), and

4

**A352**

each and all of (i) their present and former employees, agents, representatives, or advisors; (ii) any entity over which they exercised or exercise control; and (iii) any other Persons acting on their behalves.

22.    "You" and "Your" mean xAI and X.

23.    The terms "any" and "all" mean any and all in the most inclusive sense of those terms.

24.    The terms "concerning" and "with respect to" shall be read and applied as interchangeable and shall be construed in the broadest sense permitted to mean discussing, supporting, describing, concerning, regarding, with regard to, relating to, referring to, pertaining to, containing, analyzing, evaluating, studying, recording, memorializing, reporting on, commenting on, reviewed in connection or in conjunction with, evidencing, setting forth, contradicting, refuting, considering, recommending, or constituting, in whole or in part.

25.    The term "including" shall be read to mean "including without limitation."

26.    Whenever used herein, (i) the singular shall be deemed to include the plural, and the plural shall be deemed to include the singular; (ii) the masculine shall be deemed to include the feminine, and the feminine shall be deemed to include the masculine; (iii) the disjunctive ("or") shall be deemed to include the conjunctive ("and"), and the conjunctive ("and") shall be deemed to include the disjunctive ("or"); (iv) each of the functional words "each," "every," "any," and "all" shall be deemed to include each of the others; and (v) the use of the present or past tense shall be construed to include both the present and past tenses as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

**A353**

## INSTRUCTIONS

The following instructions shall apply to the Requests contained herein.

1.        These Requests require the production of all responsive Documents and Communications that are in Your possession, custody, or control, wherever located, including, for the avoidance of doubt, any email or other electronic messages sent or received by You from accounts or platforms maintained, hosted, or stored by You, or any of Your respective affiliates, predecessors, or successors, and whether active, in storage, or otherwise, including in the possession of Your agents or advisors.

2.        You are obligated to undertake and produce all responsive Documents in Your possession, custody, or control even if You believe that another Person has already produced the same or similar Documents or may produce such Documents in the future.

3.        All Documents shall be produced as kept in the ordinary course of business, in the form and in the same order within each file in which they were located prior to production. Where a portion of a Document is responsive to the Requests set forth below, the entire Document, along with all transmittal sheets, cover letters, attachments, appendices, enclosures, and exhibits to such Document, shall be produced.

4.        Each Request shall be construed independently, and none of the Requests shall be construed as limiting the scope of any of the other Requests.

5.        Each Request shall be considered as including all non-identical copies and, to the extent applicable, preliminary drafts of Documents that, as to content, differ in any respect from the original or final draft or from each other.

6.        If any Documents called for by these Requests are withheld under a claim of privilege or protection, You are requested at the time of responding to these Requests, or at such other time as may be mutually agreed by You and the OpenAI Defendants, to produce a log that separately identifies each such Document and both (i) specifies the assertion(s) of privilege or protection asserted for withholding the Document; and (ii) sets forth all information necessary to support the assertion(s) of privilege or protection for withholding the Document, including the

6

**A354**

type or nature of the Document (*e.g.*, letter, memorandum, e-mail, etc.), its author, all recipients, all Persons to whom it was shown or otherwise made available or with whom it was discussed, the date of the Document, and a description of the substance of the Document, all in a manner sufficient to allow the Court to rule on the validity of the claim(s) of privilege or protection asserted for withholding each Document from production.

7.    You must produce all portions of requested Documents that are not subject to a claim of privilege or protection by excising or otherwise protecting the portions of such Document for which a claim of privilege or protection is asserted and producing the remainder.

8.    If no Documents exist that are responsive to a particular Request, so state in Your response to such Request.

9.    Each of these Definitions and Instructions shall be fully applicable to all of the Requests, notwithstanding that a particular Definition or Instruction above may, in whole or in part, be reiterated in certain Requests or that certain Requests may incorporate supplemental instructions or definitions.

10.    Unless otherwise specified in the Request, each Request shall be deemed to include all Documents prepared, sent, received, written, reviewed, or marked upon from October 1, 2023 through the date of production.

11.    Subject to any protocol governing the production and use of ESI that may be agreed to by You and the OpenAI Defendants or ordered by the Court, all Documents shall be Bates-labeled and shall be produced electronically in single page Group IV TIF format (except that Microsoft Excel, PowerPoint, and structured data files shall be produced in native format), with load files containing, for each Document, extracted searchable text and all available metadata for at least the following fields:  BegDoc; EndDoc; BegAttach; EndAttach; Pages; DateSent; FamilyDate; Author; To; CC; BCC; Subject; Custodians; File Name; Time Zone; Confidentiality; Redacted; and Hash Value.

**A355**

A356

**REQUESTS FOR PRODUCTION**

**Request For Production No. 1:**

Without regard to date range, Documents sufficient to show the structure of the SpaceX-xAI Transaction, including structure charts or other Documents showing the acquiring entity, each surviving entity, and, if there is more than one surviving entity, the corporate structure as between each surviving entity after the completion of the transaction.

**Request For Production No. 2:**

Without regard to date range, all Documents and Communications concerning the SpaceX-xAI Transaction, including all Documents and Communications (i) concerning the valuation of xAI in connection with the transaction, (ii) concerning any strategic or business rationale for the transaction, or (iii) that were prepared by, received from, or provided to any actual or potential financial advisor, lender, or investor in connection with the transaction.

**Request For Production No. 3:**

Without regard to date range, all Documents and Communications concerning any agreement or arrangement under which Grok will access Training data from SpaceX, Starlink, or any other Affiliated Company after the SpaceX-xAI Transaction.

**Request For Production No. 4:**

Without regard to date range, all Documents and Communications concerning the use of space-based data centers to scale or otherwise service xAI or Grok, including all Documents and Communications concerning Elon Musk's statement that, "[i]n the long term, space-based AI is obviously the only way to scale," as posted at https://www.spacex.com/updates#xai-joins-spacex on February 2, 2026.

**Request For Production No. 5:**

Without regard to date range, all Documents and Communications concerning any additional funding in xAI contemplated or considered in connection with or as an alternative to the SpaceX-xAI Transaction.

8

**Request For Production No. 6:**

 Without regard to date range, all Documents and Communications concerning any strategic or competitive benefit to xAI contemplated or considered as a result of either the SpaceX-xAI Transaction or any alternative to the SpaceX-xAI Transaction that was contemplated or considered.

**Request For Production No. 7:**

 All Documents and Communications concerning the decision to change the Starlink Global Privacy Policy to permit the use of user data for any reason connected to Grok or xAI, including for the purposes of Training, and concerning the implementation and consequences of that change for Grok or xAI.

Dated: February 5, 2026

Respectfully submitted,

*/s/      Michael K. Hurst*
Michael K. Hurst
mhurst@lynnllp.com
Texas Bar No. 10316310
Chris W. Patton
cpatton@lynnllp.com
Texas Bar No. 24083634
Andy Kim
akim@lynnllp.com
Texas Bar No. 24136638
**LYNN PINKER HURST & SCHWEGMANN
    LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800 (Telephone)
(214) 981-3839 (Facsimile)

William Savitt
WDSavitt@wlrk.com
N.D. Tex. Bar No. 2900058NY
Graham W. Meli (admitted *pro hac vice*)
GWMeli@wlrk.com
Kevin S. Schwartz
KSchwartz@wlrk.com
N.D. Tex. Bar No. 4564241NY
Andrew J.H. Cheung (admitted *pro hac vice*)
AJHCheung@wlrk.com
Stephen D. Levandoski (admitted *pro hac vice*)
SDLevandoski@wlrk.com
**WACHTELL, LIPTON, ROSEN & KATZ**
51 West 52nd Street
New York, NY 10019
(212) 403-1000 (Telephone)
(212) 403-2000 (Facsimile)

*Attorneys for Defendants OpenAI Foundation (f/k/a
OpenAI, Inc.), OpenAI, L.L.C., and OpenAI OpCo,
LLC*

OPENAI DEFENDANTS' FOURTH SET OF REQUESTS FOR PRODUCTION TO PLAINTIFFS
CASE NO.: 4:25-cv-00914-P

**A358**

## CERTIFICATE OF SERVICE

I certify that on February 5, 2026, I served the foregoing document electronically in accordance with the Federal Rules of Civil Procedure.

/s/    *Michael K. Hurst*
Michael K. Hurst

# TAB 9



**A361**



A362





**A364**



**A365**





**A367**



**A368**



**A369**



Case 4:25-cv-00914-P    Document 174    Filed 04/03/26    Page 381 of 505    PageID 5287

**A370**



**A371**





**A373**



**A374**





**A376**

# TAB 10



Highly Confidential – Outside Counsel's Eyes Only

BC_00000015

A378



Highly Confidential – Outside Counsel's Eyes Only

BC_00000015

A379

# TAB 11

**A381**

A382

A384

**A385**

A386

A387

**A388**

**A389**

A390

**A391**

A392

A393

**A394**

**A395**

A396

**A397**

**A399**

**A400**

A401

A402

A403

A404

A406

**A407**

**A408**

**A409**

**A410**

**A411**

**A412**

**A413**

**A414**

**A415**

**A416**

**A418**

**A419**

**A420**

**A421**

**A422**

Case 4:25-cv-00914-P    Document 174    Filed 04/03/26    Page 434 of 505    PageID 5340

**A423**

**A424**

**A425**

A426

**A427**

**A428**

**A429**

# TAB 12

**A431**

**A432**

A433

A434

A435

A436

**A437**

**A438**

**A439**

**A440**

**A441**

**A442**

A443

**A444**

A445

**A446**

**A447**

**A448**

**A449**

A450

**A451**

A452

A453

A454

**A455**

A456

A457

A458

**A459**

**A460**

**A461**

A462

**A463**

**A464**

**A465**

**A466**

**A467**

**A468**

A469

**A470**

**A471**

**A472**

**A473**

**A475**

A476

# TAB 13

| | |
|---|---|
| **From:** | Eisman, Scott A. <seisman@axinn.com> |
| **Sent:** | Tuesday, March 17, 2026 9:57 PM |
| **To:** | Dowd, Eamon; Yung, Eva H.; Erickson, Christopher; Justus, Bradley; Judd E. Stone II; Chris Hilton; Schwarze, Isabella; Gorski, Matthew L.; Davis, William; van Duyn, Audrey; Reiser, Craig M. |
| **Cc:** | "Dee J. Kelly, Jr."; Andy Kim; "Julia G. Wisenberg"; Henn, Emily; Liu, Henry (Covington & Burling LLP); Willard Zehmer, Lauren; Weiland, Carol; Berman, Sean; Michael K. Hurst; Chris Patton; Gina Flores; Schwartz, Kevin S.; Cheung, Andrew J.H.; Levandoski, Stephen D.; Robinson, M. Virginia |
| **Subject:** | RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914 -- Date Range |

**\*\*External Email-Use Caution\*\***

Eamon,

We are surprised that nearly a month after receiving our email summarizing our understanding of the parties' discussions about default date ranges, Defendants now claim that they never agreed to produce the weekly integration reports through May 22, 2026.

As we discussed on several meet-and-confers, the agreed-upon timeframe is simply a default that the parties can agree to modify for specific requests. To that end, on our February 17 meet-and-confer, your colleague Henry cited the weekly integration reports as an instance where the parties would deviate from the default timeline, noting that Plaintiffs' request for reports through May 22 was "a reasonable request." Consistent with that statement, we emailed you several days later, on February 23, memorializing our understanding that Defendants had agreed to produce weekly integration reports through May 22.

In the weeks since, Defendants had every opportunity to disavow that statement or to correct the record if they believed we had incorrectly memorialized our understanding. But you did not do so. You instead chose to stay silent.

Now, on March 17—two-and-a-half weeks after their substantial-completion deadline—Defendants have backtracked. After reviewing Plaintiffs' expert reports, Defendants have unilaterally decided that Plaintiffs don't need current weekly integration reports. That is improper. Having been on notice for weeks that we understood you to be producing up-to-date weekly integration reports, Defendants cannot suddenly claim that they never agreed to do so. Indeed, that sort of sandbagging is at odds with the "standards" of "honesty and fair play" that govern in this District. *Dondi Props. Corp. v. Com. Sav. & Loan Ass'n*, 121 F.R.D. 284, 289 (N.D. Tex. 1988) (en banc).

If Defendants will not honor their prior commitment to produce weekly integration reports through May 22, 2026, we will understand the parties to be at an impasse on this issue and will seek appropriate relief. We are willing to meet and confer if Defendants intend to engage in good faith on this issue, and in all events, we expect Defendants to provide an explanation for reneging on their agreement from nearly a month ago.

We reserve all rights.

Best regards,
Scott

**Scott A. Eisman**
Partner
T: 212.261.5642

1

A477

**From:** Dowd, Eamon <EDowd@cov.com>
**Sent:** Tuesday, March 17, 2026 8:55 PM
**To:** Eisman, Scott A. <seisman@axinn.com>; Yung, Eva H. <eyung@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Schwarze, Isabella <ischwarze@axinn.com>; Gorski, Matthew L. <mgorski@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Reiser, Craig M. <creiser@axinn.com>
**Cc:** "Dee J. Kelly, Jr." <dee.kelly@kellyhart.com>; Andy Kim <akim@lynnllp.com>; "Julia G. Wisenberg" <julia.wisenberg@kellyhart.com>; Henn, Emily <ehenn@cov.com>; Liu, Henry <HLiu@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Weiland, Carol <CWeiland@cov.com>; Berman, Sean <SBerman@cov.com>; Michael K. Hurst <MHurst@lynnllp.com>; Chris Patton <CPatton@lynnllp.com>; Gina Flores <gflores@lynnllp.com>; Schwartz, Kevin S. <kschwartz@wlrk.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Levandoski, Stephen D. <sdlevandoski@wlrk.com>; Robinson, M. Virginia <mvrobinson@wlrk.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914 -- Date Range

<span style="color:red">**Caution: External Email**</span>

Scott,

Thank you for your note. As you know, all parties have agreed to meet and confer on the others' requests for producing materials beyond the default date ranges on a request-by-request basis. In furtherance of those good faith discussions, we have produced the amendments and addenda to the May 3, 2024 Apple Intelligence-ChatGPT integration agreement located based on a reasonable search.

Contrary to your note, however, we have not agreed to produce the weekly integration reports through May 22, 2026. As you know, Apple has already produced those reports through December 31, 2025. Seeking additional data through May 22, 2026, would be burdensome. Based on your opening expert reports, we also fail to see why you would need this data through May 22, 2026. Nonetheless, consistent with our agreement to confer in good faith on request-by-request extensions, we are open to hearing why you need that data produced for January 1, 2026, through the last date of fact discovery. So far you have not provided an explanation regarding this data request. And by contrast, we have been engaging on the discrete Requests for which Apple believes Plaintiffs should produce documents beyond the default date range for over six weeks. *See, e.g.*, Feb. 1, 2026 Email from E. Dowd to S. Eisman; Feb. 25, 2026 Email from E. Dowd to E. Yung; Mar. 16, 2026 Email from E. Dowd to E. Yung.

We are available to meet and confer this week if needed.

Thanks,
Eamon

**Eamon Dowd**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5852 | edowd@cov.com
www.cov.com

## COVINGTON

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

A478

**From:** Eisman, Scott A. <seisman@axinn.com>
**Sent:** Monday, February 23, 2026 9:13 PM
**To:** Dowd, Eamon <EDowd@cov.com>; Yung, Eva H. <eyung@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Schwarze, Isabella <ischwarze@axinn.com>; Gorski, Matthew L. <mgorski@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Reiser, Craig M. <creiser@axinn.com>
**Cc:** "Dee J. Kelly, Jr." <dee.kelly@kellyhart.com>; Andy Kim <akim@lynnllp.com>; "Julia G. Wisenberg" <julia.wisenberg@kellyhart.com>; Henn, Emily <ehenn@cov.com>; Liu, Henry <HLiu@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Weiland, Carol <CWeiland@cov.com>; Berman, Sean <SBerman@cov.com>; Michael K. Hurst <MHurst@lynnllp.com>; Chris Patton <CPatton@lynnllp.com>; Gina Flores <gflores@lynnllp.com>; Schwartz, Kevin S. <kschwartz@wlrk.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Levandoski, Stephen D. <sdlevandoski@wlrk.com>; Robinson, M. Virginia <mvrobinson@wlrk.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914 -- Date Range

<mark>[EXTERNAL]</mark>
Counsel,

We write to follow up on our meet-and-confer last Tuesday about default date ranges for production.

***Unstructured document productions.*** For productions of unstructured documents, Plaintiffs will agree to a default Relevant Period of January 1, 2023-August 25, 2025, on the understanding that the parties may request specific categories of documents from outside the default Relevant Period. For instance, Plaintiffs expect that, at a minimum, Defendants will produce any amendments to the Apple-OpenAI Agreement that occurred after August 25, 2025. We understand from last week's call that Defendants' document productions to achieve substantial completion will use the default Relevant Period of January 1, 2023-August 25, 2025.

***Data productions.*** For data productions, Plaintiffs are continuing to assess the need for data beyond Defendants' proposed default Relevant Period of January 1, 2023-December 31, 2025. In the meantime, we understand from last week's call that Defendants' data productions to achieve substantial completion will use Defendants' proposed default Relevant Period of January 1, 2023-December 31, 2025, and that Defendants will produce the weekly integration reports through May 22, 2026.

Please let us know by reply email if we have misunderstood Defendants' positions. We are available to meet and confer further as needed, and will revert with our position on Defendants' proposed default Relevant Period for data productions as soon as possible.

Best regards,
Scott

**Scott A. Eisman**
Partner
T: 212.261.5642

**From:** Dowd, Eamon <EDowd@cov.com>
**Sent:** Monday, February 9, 2026 10:40 PM
**To:** Eisman, Scott A. <seisman@axinn.com>; Yung, Eva H. <eyung@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Schwarze, Isabella <ischwarze@axinn.com>; Gorski, Matthew L. <mgorski@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Reiser, Craig M. <creiser@axinn.com>
**Cc:** "Dee J. Kelly, Jr." <dee.kelly@kellyhart.com>; Andy Kim <akim@lynnllp.com>; "Julia G. Wisenberg"

3

**A479**

<julia.wisenberg@kellyhart.com>; Henn, Emily <ehenn@cov.com>; Liu, Henry <HLiu@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Weiland, Carol <CWeiland@cov.com>; Berman, Sean <SBerman@cov.com>; Michael K. Hurst <MHurst@lynnllp.com>; Chris Patton <CPatton@lynnllp.com>; Gina Flores <gflores@lynnllp.com>; Schwartz, Kevin S. <kschwartz@wlrk.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Levandoski, Stephen D. <sdlevandoski@wlrk.com>; Robinson, M. Virginia <mvrobinson@wlrk.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914 -- Date Range

**Caution: External Email**

Scott,

We write to respond to Plaintiffs' counterproposal on default date range.  Reserving the right to seek discovery on a request-by-request basis outside the default time period, as discussed previously, Defendants propose these default ranges for all parties:

- Document Requests: January 1, 2023 – August 25, 2025
- Data Requests: January 1, 2023 – December 31, 2025

To avoid any doubt, under this proposal, Plaintiffs will need to respond both to Apple's First Set of RFPs beginning January 1, 2023 (*see* Instruction 15) and OpenAI's RFPs beginning January 1, 2023.

Please let us know if you agree to this proposal.

Thanks,
Eamon

**Eamon Dowd**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5852 | edowd@cov.com
www.cov.com

**COVINGTON**

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

**From:** Eisman, Scott A. <seisman@axinn.com>
**Sent:** Monday, February 9, 2026 12:38 PM
**To:** Dowd, Eamon <EDowd@cov.com>; Yung, Eva H. <eyung@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Schwarze, Isabella <ischwarze@axinn.com>; Gorski, Matthew L. <mgorski@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>; Reiser, Craig M. <creiser@axinn.com>
**Cc:** "Dee J. Kelly, Jr." <dee.kelly@kellyhart.com>; Andy Kim <akim@lynnllp.com>; "Julia G. Wisenberg" <julia.wisenberg@kellyhart.com>; Henn, Emily <ehenn@cov.com>; Liu, Henry <HLiu@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Weiland, Carol <CWeiland@cov.com>; Berman, Sean <SBerman@cov.com>; Michael K. Hurst <MHurst@lynnllp.com>; Chris Patton <CPatton@lynnllp.com>; Gina Flores <gflores@lynnllp.com>; Schwartz, Kevin S.

**A480**

<kschwartz@wlrk.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Levandoski, Stephen D. <sdlevandoski@wlrk.com>; Robinson, M. Virginia <mvrobinson@wlrk.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914 -- Date Range

[EXTERNAL]
Counsel,

We write to follow up on our email below. During our discussion last Monday, February 2, Defendants agreed to take back Plaintiffs' proposal on the date range and to provide a draft privilege-log protocol by the end of the week. We followed up the same day to request a further meet-and-confer. Defendants have still not responded, nor have they provided a draft privilege-log protocol.

Please let us know when you are available this week to continue the date-range discussion, and please send us the privilege-log protocol ASAP so that we can provide comments.

Best regards,
Scott


**Scott A. Eisman**
Partner
T: 212.261.5642

**From:** Eisman, Scott A. <seisman@axinn.com>
**Sent:** Monday, February 2, 2026 10:07 PM
**To:** Dowd, Eamon <EDowd@cov.com>; Yung, Eva H. <eyung@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Schwarze, Isabella <ischwarze@axinn.com>; Gorski, Matthew L. <mgorski@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>
**Cc:** "Dee J. Kelly, Jr." <dee.kelly@kellyhart.com>; Andy Kim <akim@lynnllp.com>; "Julia G. Wisenberg" <julia.wisenberg@kellyhart.com>; Henn, Emily <ehenn@cov.com>; Liu, Henry <HLiu@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Weiland, Carol <CWeiland@cov.com>; Berman, Sean <SBerman@cov.com>; Michael K. Hurst <MHurst@lynnllp.com>; Chris Patton <CPatton@lynnllp.com>; Gina Flores <gflores@lynnllp.com>; Schwartz, Kevin S. <kschwartz@wlrk.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Levandoski, Stephen D. <sdlevandoski@wlrk.com>; Robinson, M. Virginia <mvrobinson@wlrk.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914 -- Date Range

Counsel,

I write to memorialize our discussions from today's meet-and-confer. Please let us know when you are available this week to meet and confer further.

**Relevant Period**

In your email yesterday, you proposed a default Relevant Period of March 1, 2023 through August 25, 2025, with exceptions to be discussed request by request.

On our call, we laid out Plaintiffs' counterproposal: a default date range of January 1, 2023 through December 31, 2025 for all non-data discovery requests, and January 1, 2023 through May 22, 2026 for all data-related requests. As we explained, beginning the default period in January 2023 is relevant to understanding the state of the smartphone and genAI chatbot markets before the Apple-OpenAI agreement was signed, as well as to understanding the discussions leading up to the signing of that agreement. ███████████████

███████████████████████████████████████████████    And we explained that

5

A481

Plaintiffs' proposed start date comports with our prior discussions with counsel for Apple on January 16, during which counsel for Apple said that Apple might be willing to consider going back "a month or two" before March 1, 2023. As for the end date we proposed, we explained that Plaintiffs allege ongoing harm from Defendants' conduct and that, in any event, Plaintiffs are entitled to discovery on the anticompetitive effects of Defendants' conduct, which has not abated. And given that data is easily collected and produced, we believe that the parties should continue to produce it until the discovery deadline.

Counsel for OpenAI responded that there may be no dispute over the start date, because OpenAI will be producing documents dating back to November 2022 for Plaintiffs' competition-based requests, and to March 1, 2023 for Plaintiffs' Apple-negotiation requests. We explained that January 1, 2023 was an appropriate start date for the negotiation requests too, given that Apple and OpenAI had been in discussions as early as 2022. And as we noted, if there are few responsive documents from January to March 2023, then the burden of production on the Defendants is minimal.

During negotiations over the default date range, counsel for OpenAI raised the relevance of the recently announced deal between Apple and Google, calling it a "significant development" to the case that would "change the landscape." We asked OpenAI whether its position was now that the Relevant Period should extend up to and through January 2026, when the deal was announced, instead of December 31, 2025 as Plaintiffs had proposed. Based on your response, we understand that OpenAI does not think the Apple-Gemini deal should have any impact on the parties' current default timeframe negotiations and agrees that this is the sort of request for which the parties could later negotiate a specific date range.

**Privilege Logging**

We also discussed our proposal for privilege logging. We explained that the date of the filing of the Complaint should be the cutoff date for entries to the privilege log, given that the parties can expect to see an increase in privileged discussions related to the subject matter of this case after the filing of the Complaint. We noted that we are waiting to hear from Defendants on the privilege log protocol. You confirmed that Defendants owed us a draft of the privilege log protocol, and would provide one this week.

**** 

Defendants agreed to take back Plaintiffs' date-range and privilege-logging proposals.

Best regards,
Scott

**Scott A. Eisman**
Partner
T: 212.261.5642

**From:** Dowd, Eamon <EDowd@cov.com>
**Sent:** Monday, February 2, 2026 1:10 AM
**To:** Eisman, Scott A. <seisman@axinn.com>; Yung, Eva H. <eyung@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Schwarze, Isabella <ischwarze@axinn.com>; Gorski, Matthew L. <mgorski@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>
**Cc:** "Dee J. Kelly, Jr." <dee.kelly@kellyhart.com>; Andy Kim <akim@lynnllp.com>; "Julia G. Wisenberg" <julia.wisenberg@kellyhart.com>; Henn, Emily <ehenn@cov.com>; Liu, Henry <HLiu@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Weiland, Carol <CWeiland@cov.com>; Berman, Sean <SBerman@cov.com>; Michael K. Hurst <MHurst@lynnllp.com>; Chris Patton <CPatton@lynnllp.com>; Gina Flores <gflores@lynnllp.com>; Schwartz, Kevin S. <kschwartz@wlrk.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Levandoski, Stephen D.

6

**A482**

<sdlevandoski@wlrk.com>; Robinson, M. Virginia <mvrobinson@wlrk.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914 -- Date Range

**Caution: External Email**

Scott,

That time should work on our end.

Thanks,
Eamon

**Eamon Dowd**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5852 | edowd@cov.com
www.cov.com

# COVINGTON

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

**From:** Eisman, Scott A. <seisman@axinn.com>
**Sent:** Sunday, February 1, 2026 7:54 PM
**To:** Dowd, Eamon <EDowd@cov.com>; Yung, Eva H. <eyung@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Schwarze, Isabella <ischwarze@axinn.com>; Gorski, Matthew L. <mgorski@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>
**Cc:** "Dee J. Kelly, Jr." <dee.kelly@kellyhart.com>; Andy Kim <akim@lynnllp.com>; "Julia G. Wisenberg" <julia.wisenberg@kellyhart.com>; Henn, Emily <ehenn@cov.com>; Liu, Henry <HLiu@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Weiland, Carol <CWeiland@cov.com>; Berman, Sean <SBerman@cov.com>; Michael K. Hurst <MHurst@lynnllp.com>; Chris Patton <CPatton@lynnllp.com>; Gina Flores <gflores@lynnllp.com>; Schwartz, Kevin S. <kschwartz@wlrk.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Levandoski, Stephen D. <sdlevandoski@wlrk.com>; Robinson, M. Virginia <mvrobinson@wlrk.com>
**Subject:** RE: X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914 -- Date Range

[EXTERNAL]
Eamon,

We are free to meet and confer at 2 p.m. ET tomorrow. If that works for you, we will send an invite.

Best regards,
Scott

7

**A483**

**Scott A. Eisman**
Partner

**Axinn, Veltrop & Harkrider LLP**
45 Rockefeller Plaza
New York, NY 10111
T: 212.261.5642
seisman@axinn.com | axinn.com

---

**From:** Dowd, Eamon <EDowd@cov.com>
**Sent:** Sunday, February 1, 2026 7:07 PM
**To:** Eisman, Scott A. <seisman@axinn.com>; Yung, Eva H. <eyung@axinn.com>; Erickson, Christopher <cerickson@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Judd E. Stone II <judd@stonehilton.com>; Chris Hilton <chris@stonehilton.com>; Schwarze, Isabella <ischwarze@axinn.com>; Gorski, Matthew L. <mgorski@axinn.com>; Davis, William <wdavis@axinn.com>; van Duyn, Audrey <avanduyn@axinn.com>
**Cc:** "Dee J. Kelly, Jr." <dee.kelly@kellyhart.com>; Andy Kim <akim@lynnllp.com>; "Julia G. Wisenberg" <julia.wisenberg@kellyhart.com>; Henn, Emily <ehenn@cov.com>; Liu, Henry <HLiu@cov.com>; Willard Zehmer, Lauren <LZehmer@cov.com>; Weiland, Carol <CWeiland@cov.com>; Berman, Sean <SBerman@cov.com>; Michael K. Hurst <MHurst@lynnllp.com>; Chris Patton <CPatton@lynnllp.com>; Gina Flores <gflores@lynnllp.com>; Schwartz, Kevin S. <kschwartz@wlrk.com>; Cheung, Andrew J.H. <AJHCheung@wlrk.com>; Levandoski, Stephen D. <sdlevandoski@wlrk.com>; Robinson, M. Virginia <mvrobinson@wlrk.com>
**Subject:** X Corp. and X.AI LLC v. Apple Inc., OpenAI, Inc., et al., No. 4:25-cv-00914 -- Date Range

---

**Caution: External Email**

---

Scott and Eva,

We write to provide Defendants' joint proposal for a universal date range resolution for document discovery. Our proposed default date range for all parties is March 1, 2023, through August 25, 2025.

Under this proposal, all parties would reserve the right to seek discovery outside this default time period on a request-by-request basis, and all parties would agree to meet and confer in good faith regarding such one-off requests. Specifically, Defendants are open to producing certain data requests (such as the weekly ChatGPT reporting) up to December 31, 2025, assuming Plaintiffs would be similarly willing to produce certain data and documents (like documents in response to Apple's Second Set of RFPs or Request 7 from OpenAI's Third Set of RFPs) for a later date range.

As discussed previously, we believe that this universal default date range is an appropriate compromise for all parties. Plaintiffs have represented that Grok was not publicly launched until November 2023, but documents from prior to that launch are relevant to Grok's functionality, training, and of course, its launch. Under this resolution, Plaintiffs would receive documents from 15 months before the ChatGPT-Apple Intelligence integration was announced in June 2024. And notably, X has existed throughout the default time period. Plaintiffs claim that "X is creating a super app," and that Defendants have "stifle[d] X's ability to function as a super app." Compl. ¶¶ 29, 67. In fact, Elon Musk publicly expressed interest in developing X into a super app before this default time period. *See* https://x.com/elonmusk/status/1577428272056389633 (October 4, 2022). Reserving all rights, we think this default date range is an appropriate compromise for all parties.

Please let us know if you agree to this proposal. We are happy to meet and confer on Monday if needed.

A484

Thanks,
Eamon

**Eamon Dowd**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5852 | edowd@cov.com
www.cov.com

# COVINGTON

*************************************************************************
Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
*************************************************************************

*************************************************************************
Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
*************************************************************************

*************************************************************************
Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
*************************************************************************

**A485**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**A486**

# TAB 14



APL-XAI_00097141

**A488**



A489

APL-XAI_00097141

A490



APL-XAI_00097141

# TAB 15

A492

HIGHLY CONFIDENTIAL - OUTSIDE COUNSELS' EYES ONLY

X-XAI-000020566

# TAB 16



HIGHLY CONFIDENTIAL - OUTSIDE COUNSELS' EYES ONLY

X-XAI-000021843

**A494**