UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**X CORP. AND X.AI LLC,**

    Plaintiffs,

v.

                              **No. 4:25-cv-00914-P**

**APPLE INC.,** *ET AL.***,**

    Defendants.

## ORDER

Before the Court are the Motion to Compel Plaintiffs to Produce Discovery (ECF No. 172) that OpenAI OpCo, LLC ("OpenAI") filed on April 3, 2026, the Motion to Compel Discovery from the OpenAI Defendants (ECF No. 178) that X Corp. and X.AI LLC ("Plaintiffs") filed on April 9, 2026, the Motion to Compel Discovery from Apple (ECF No. 195) that Plaintiffs filed on April 15, 2026, and the Notice Regarding Certain Issues from Pending Motions to Compel (ECF No. 271) that OpenAI filed on May 12, 2026. The Notice represented that the parties resolved portions of OpenAI's Motion (ECF No. 172) and all the substantive requests in Plaintiffs' first Motion (ECF No. 178) prior to the hearing. *See* ECF No. 271 at 1.

By orders entered April 6, 10, and 16, 2026, United States District Judge Mark T. Pittman referred the motions to the undersigned for further proceedings. ECF Nos. 175, 181, 201. The Court heard the Motions in a hearing held on May 13, 2026. After considering the pleadings, arguments of counsel, applicable legal authorities, and for the reasons stated at the hearing and the additional reasons explained below, the

1

Court finds that the remaining live Motions (ECF Nos. 172, 195) should be and are hereby **GRANTED in part**.

## I.    BACKGROUND

"In June 2024, Apple and OpenAI announced that Apple would integrate OpenAI's ChatGPT into Apple's iPhone operating system ("iOS")." ECF No. 1 at 3. The "exclusive arrangement . . . made ChatGPT the only generative AI chatbot integrated into the iPhone." *Id*. Plaintiffs sue OpenAI and Apple because they claim that this arrangement "makes it hard for competitors" and unfairly excludes other generative AI models including Plaintiffs' own "Grok" from use on the Apple iOS. *Id*.

Plaintiffs allege that the two companies are "monopolists" who "locked up" markets to prevent innovators from competing and that Plaintiffs suffered significant harm as a result. *Id*. at 1. They sue "to stop Defendants from perpetrating their anticompetitive scheme and to recover billions in damages." *Id*. Plaintiffs and OpenAI now bring the present Motions to Compel concerning various discovery obligations of the parties.

## II.    LEGAL STANDARD

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "Under Rule 26(b)(1), discoverable matter must be both relevant and proportional to the needs of the case—which are related but distinct

2

requirements." *Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 279 (N.D. Tex. 2017) (Horan, J.).

> To be relevant under Rule 26(b)(1), a document or information need not, by itself, prove or disprove a claim or defense or have strong probative force or value. If it were otherwise, it would make little sense for Rule 26(b)(1) to direct courts to consider whether discovery that is relevant to any party's claim or defense is also important in resolving the issues.

*Id.* at 280.

Federal Rule of Civil Procedure 34 allows a party to serve a request for production that is within the scope of Rule 26(b). If the responding party fails to produce documents requested under Rule 34, then Rule 37(a)(3)(B) allows the party seeking discovery to move for an order compelling production or answers against the nonresponsive party. "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

The burden is on the party opposing a discovery request to show that it calls for irrelevant or otherwise objectionable information or documents. *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)).

## III.    ANALYSIS

### A.    OpenAI's Motion (ECF No. 172)

The remaining live issue in OpenAI's Motion (ECF No. 172) concerns Tesla and SpaceX email accounts of Elon Musk, Plaintiffs' officer, and other chat and XChat accounts belonging to Musk. OpenAI requests that Plaintiffs search Musk's "email

and instant messaging accounts, including at SpaceX and Tesla" for responsive documents. *Id.* at 2.

Under Rule 34(a)(1), a "party may serve on any other party a request within the scope of Rule 26(b)" providing the items are within the "responding party's possession, custody, or control." Fed. R. Civ. P 34(a)(1). When an executive uses other accounts to conduct company business, such accounts are under company control. *Ultravision Techs., LLC v. Govision*, LLC, No. 218CV00100JRGRSP, 2020 WL 10692709, at \*2 (E.D. Tex. Aug. 28, 2020).

Here, Musk is a high-level executive at both Tesla and SpaceX with "control" over his business email accounts. *See Musk v. Altman*, No. 24-cv-04722-YGR (TSH), 2025 WL 2348769, at \*1 (N.D. Cal. July 1, 2025) (finding that Musk controls business email accounts at the companies and therefore the email accounts fall within the scope of Federal Rule of Civil Procedure 34(a)(1).). Because Musk controls his business email accounts at both entities, they fall within the scope of Federal Rule of Civil Procedure 34(a)(1). The Court also finds that responsive documents in Musk's emails at both Tesla and SpaceX, and his other text and XChat accounts, are relevant and proportional to the needs of this case, to the extent they relate to the claims and defenses at issue. Fed. R. Civ. P. 26(b)(1). Accordingly, the Court **GRANTS** OpenAI's Motion, and Plaintiffs **SHALL** produce responsive documents from Musk's accounts at Tesla and SpaceX by **June 3, 2026**.

At the hearing, Plaintiffs represented that they were still in the process of complying with their discovery obligations relating to their production of XChats and

text messages. Plaintiffs **SHALL** complete their production of this category of discovery by **June 3, 2026**.

### B.    Plaintiffs' Motion (ECF No. 195)

Plaintiffs request several categories of discovery from Apple. First, they request production of the Apple-Google agreement ("the Agreement") without redactions. ECF No. 195 at 1. Plaintiffs waived this argument at the hearing. They also request documents related to the Agreement, arguing that because OpenAI has put the Agreement at issue as part of its defense, documents relating to the Agreement are now squarely at issue in this case. ECF No. 196 at 15. Specifically, they seek "documents discussing the genesis of the Agreement, surrounding negotiations, and whether other entities competed for the Agreement." *Id.*

This request is overly broad and encompasses information that goes beyond the scope of material relevant to OpenAI's defense. However, the Court finds that related documents that refer to potential exclusivity clauses of the artificial intelligence provider for Apple products are relevant and proportional to the needs of this case. Therefore, the Court **GRANTS** the Motion (ECF No. 195) in part as to this point, and **ORDERS** Apple to produce such category of documents by **June 17, 2026**.

Next, Plaintiffs seek appointment of an additional Apple custodian to produce responsive documents that relate to issues of smartphone competition. ECF No. 196 at 18. Specifically, they seek information about Apple's plans regarding smartphones, information regarding iPhone sales and market share, and other generalized information regarding Apple and competitors in the smartphone industry. *Id.* at 14.

But this is an antitrust case relating to Apple's integration of OpenAI's software into Apple Intelligence. Documents regarding competition in the smartphone industry writ large far exceed the scope of the claims in this case and therefore are not relevant or proportional under Rule 26(b)(1). The Court **DENIES** this part of the Motion.

Plaintiffs also seek appointment of Apple's CEO Tim Cook and Senior Vice President of Software Engineering Craig Federighi as custodians. ECF No. 196 at 19. "A responding party is generally entitled to select the custodians most likely to possess responsive information." *Firefighters' Ret. Sys. v. Citco Group Ltd.*, No. CV 13-373-SDD-EWD, 2018 WL 276941, at *4 (M.D. La. Jan. 3, 2018) (citing *Mortgage Resolution Servicing, LLC v. JPMorgan Chase Bank*, N.A., 15 CV 0293, 2017 WL 2305398, at * 2 (S.D.N.Y. May 18, 2017)). "A party seeking to compel another party to search the files of additional custodians bears the burden of establishing the relevance of the documents it seeks from those custodians." *Id.* (cleaned up). A court may designate additional custodians when the requesting party shows that the individual has "unique relevant evidence not already produced." *Entergy Gulf States La., L.L.C. v. La. Generating, L.L.C.*, No. CV 14-385-SDD-RLB, 2021 WL 24686, at *8 (M.D. La. Jan. 4, 2021). And courts may designate a high-level executive as a custodian when the requesting party shows the executive is a "key decision-maker." *See id.*

Here, Plaintiffs argue both Cook and Federighi "made high-level, strategic decisions about the Apple-OpenAI Agreement." ECF No. 196 at 19. Plaintiffs have sufficiently met this standard as to Federighi. They argue that Federighi may have

unique relevant evidence not already produced relating to Apple's integration of OpenAI into Apple Intelligence, because as Senior Vice President of Software Engineering he likely was a key decision maker regarding Apple's software development. However, Plaintiffs have not made this showing as to Cook. Plaintiffs do not explain how Cook is likely to have any unique relevant evidence that was not already produced, or that designating Federighi as a custodian would not provide. *Entergy Gulf States La., L.L.C.*, 2021 WL 24686, at *8. Accordingly, the Court **GRANTS** in part Plaintiffs request, and designates Craig Federighi as a custodian. Apple shall provide responsive discoverable documents in Federighi's possession by **June 17, 2026**.

Plaintiffs next request that the court extend the ending date of Apple's obligation to produce weekly integration reports. ECF No. 196 at 22. The Court's amended scheduling order (ECF No. 202) extended the deadline for discovery to July 31, 2026. The Court finds that it is appropriate to extend the deadline for Apple's production of the weekly integration reports to July 31, 2026, and therefore **GRANTS** the Motion (ECF No. 195) as to this point.

Finally, Plaintiffs ask the Court to compel Apple to produce all documents relating to its internal policies regarding employee usage of generative artificial intelligence products and chatbots. ECF No. 196 at 25. However, it is unclear how Apple's internal policies for its employees regarding artificial intelligence are related to Plaintiffs' antitrust claims. Plaintiffs argue that Apple publicly touted the safety of OpenAI's products yet was concerned enough about the same products to limit its

employees' use of them on Apple devices. *Id.* But this argument does not follow. Just because Apple may impose guardrails on its employees' use of a program does not mean that Apple was "misrepresenting" the safety and privacy of the programs when it described them as "the safest generative AI chatbot." *Id.*

For example, perhaps Apple thought it prudent to impose safeguards for its employees as to all AI technologies. Or maybe OpenAI's products were the safest on the market, and Apple still thought it wise to have a policy regarding their use. Either way, all documents concerning Apple's internal policies for its employees are not relevant or proportional to the needs of this case. While Apple must still produce the AI policies themselves, the Court **DENIES** the Motion to Compel production of all documents relating to these policies.

It is so **ORDERED** on May 13, 2026.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

8