**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| X CORP. and X.AI LLC, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC.; OPENAI, INC.; OPENAI, L.L.C.; and OPENAI OPCO, LLC, <br><br> Defendants. | **Civil Action No. 4:25-cv-00914-P** |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION TO COMPEL
PLAINTIFFS' DEPOSITIONS PURSUANT TO THE COURT'S APRIL 30, 2026 ORDER**

## PRELIMINARY STATEMENT

For more than six months, Defendants refused to agree to enlarge the 10-deposition-per-side limit under Federal Rule of Civil Procedure 30. Although this case concerns *Defendants'* conduct, Defendants insisted that Plaintiffs—affiliated companies—should be limited to 10 total depositions of Apple and OpenAI, an average of five depositions per Defendant. And Defendants claimed that they needed no more than 10 total depositions of Plaintiffs' witnesses. When Defendants refused to budge from their inequitable position that they should get twice as many depositions of Plaintiffs' employees than Plaintiffs could get of their employees, Plaintiffs filed an opposed motion to enlarge their deposition limit. In doing so, Plaintiffs identified each party witness they intended to depose and explained, as Fifth Circuit case law requires, why each deposition was necessary and proportional to the needs of the case. Both Defendants opposed, and neither cross-moved to enlarge Defendants' deposition limit.

The Court granted Plaintiffs' motion over Defendants' objections, allowing Plaintiffs to take 9 depositions of OpenAI witnesses and 9 of Apple witnesses. Dkt. No. 253 at 2. Although the Court enlarged *Plaintiffs'* deposition limit, and although Defendants have never identified the deponents whose depositions they wish to take, Defendants now claim that the Court, *sua sponte*, doubled the number of depositions *Defendants* may take. They claim that Apple gets to take 10 depositions of Plaintiffs' employees and that OpenAI gets to separately take another 10 depositions of Plaintiffs' employees. This fiction that Defendants—who conspired to illegally lock up markets for smartphones and generative AI chatbots—are taking separate depositions is belied by the fact that they jointly noticed their depositions, just as they have jointly filed this motion. And Defendants' claim that the Court granted them an unfettered right to take whatever 20 party depositions they want without having to disclose in advance who those witnesses are or

explain why their depositions are appropriate is baseless—particularly after having insisted for the better part of a year that they need, at most, only 10 depositions, and forcing Plaintiffs to file an opposed motion disclosing every party witness they wished to depose and their basis for seeking to depose them.

The unreasonableness of Defendants' position that they can take 20 party depositions does not end there. If Defendants were correct that they obtained leave that they did not even ask for to take 10 more depositions than they repeatedly claimed to need, then each Defendant—whose conduct is the focus of this litigation—would have to produce only 9 witnesses for deposition, while Plaintiffs would have to produce 20. And this would be the case even though Defendants have never even bothered to identify the additional witnesses they wish to depose or why their depositions are necessary. It is simply opportunism at its most brazen.

Defendants must play by the rules. If Defendants truly needed more depositions, it was their obligation to obtain leave of court by filing a motion that commits to which depositions Defendants wish to take and describes in detail why each such deposition is necessary, as courts in this Circuit require and as Plaintiffs did before Judge Pittman. *See, e.g., Zenith Ins. Co. v. Tex. Inst. for Surgery, L.L.P.*, No. 3:18-CV-182-D, 2018 WL 5084913, at *4 (N.D. Tex. Oct. 18, 2018) (explaining that a party seeking to enlarge the deposition limit must "show the necessity of all the depositions" they intend to take)**.** And Defendants would have had to explain in any such motion their opportunistic aboutface from their prior position that they were content to take no more than 10 depositions in total. Having failed to make any such motion and having no basis to make any such claim, Defendants' motion should be denied in its entirety.

2

## BACKGROUND

Since this case began, Defendants have maintained that they did not need any more depositions beyond the 10 depositions to which they are entitled under Rule 30(a)(2)(A)(i). Indeed, in the Parties' Joint Report Regarding Scheduling Conference (filed on October 15, 2025), Defendants insisted that they "*do not believe that the case warrants any expansion of the deposition limits* provided for in the Federal Rules of Civil Procedure"—even though Plaintiffs clearly stated that they needed additional depositions. Dkt. No. 59 at 11 (emphasis added).

Even after discovery confirmed the involvement of numerous employees from Apple and OpenAI in the events underlying this case, Defendants continued to resist Plaintiffs' requests that the parties agree to enlarge the deposition limit. Thus, when Plaintiffs served their initial Rule 30(b)(1) deposition notices, they stated that they believed "that it [was] appropriate for the parties to stipulate to enlarge the deposition limit in Federal Rule of Civil Procedure 30(a)(2)(a)(i)." App'x Tab 1, at App. 10. Defendants responded a week later, asserting that they "d[id] not believe any enlargement of that limit is warranted, given the discrete nature of the issues in this case." *Id*. at App. 8.

Although Defendants later agreed that depositions of the parties' 13 experts would not count toward the 10-deposition-per-side limit, they held firm in refusing to agree to more than 10 nonexpert depositions. To that end, after Plaintiffs had noticed 22 nonexpert depositions, Defendants demanded that Plaintiffs "let [Defendants] know . . . which ten depositions [Plaintiffs] plan to proceed with taking," and "withdraw the remaining deposition notices." App'x Tab 2, at App. 12.

Because Defendants continued to insist that enlarging the deposition limit was unwarranted, Plaintiffs were forced to seek judicial relief from the presumptive

3

10-deposition-per-side limit. In accordance with the Federal Rules of Civil Procedure and the case law in this Circuit, Plaintiffs devoted 14 pages of their motion to demonstrating why each of the depositions they sought to take was necessary and proportional to the needs of the case. *See* Dkt. No. 190-1 at 6-20.[1]

Both Defendants opposed Plaintiffs' motion to enlarge. Apple urged that enlarging the deposition limit was inappropriate because Plaintiffs' "claims are narrow," and told the Court, begrudgingly, that Apple would agree to just one additional nonexpert deposition, for a total of 11. Dkt. No. 216 at 3. OpenAI said it would "not oppose increasing the number of depositions by four for each side at this time." Dkt. No. 212-1, at 7. Yet neither Defendant moved to enlarge Defendants' deposition limit, specified exactly whom they wished to depose, or explained why each deposition they planned to take was necessary, as the law in this Circuit requires. And neither Defendant *ever* suggested that Defendants should get 20 depositions.

The Court ultimately granted Plaintiffs' Motion for the 8 additional nonexpert depositions, for a total of 18, finding the depositions Plaintiffs sought to be "proportional to the needs of the case." Dkt. No. 253. Although Defendants never moved for *any* enlargement and insisted for months that no such enlargement was warranted, Defendants now insist that the Court's statement that it considered Defendants' ability to "each . . . take 10 depositions of Plaintiff" in awarding *Plaintiffs* additional depositions must mean that the Court *sua sponte* doubled Defendants' deposition limit—giving Defendants 20 depositions, 2 more than the 18 the Court granted Plaintiffs leave to take. This would mean that Defendants would get more than

---

[1] Plaintiffs may wish to take additional depositions and, if they decide to pursue them, will seek an appropriate stipulation or court order. In addition, although they sought their depositions in their opposed motion, Plaintiffs withdrew without prejudice their deposition notices to Sam Altman, Sarah Friar, Tim Cook, and Craig Federighi in accordance with the parties' joint stipulation to defer discussion of certain depositions. *See* Dkt. No. 253 at 1. The Court therefore found the request for these depositions to be moot. *Id.* Plaintiffs may later renew their requests to take those depositions.

*double* the number of party depositions to which Plaintiffs are entitled: 20 Plaintiff witnesses would be deposed, while there would be only 9 depositions of OpenAI witnesses and 9 depositions of Apple witnesses, in a case that is about Apple's and OpenAI's collusive agreement, not Plaintiffs' conduct.  It would thus not only reinstate, but exacerbate, the very inequity that Plaintiffs sought to remedy when they moved before Judge Pittman for additional depositions.

Moreover, despite having previously noticed depositions jointly, after the April 30 order issued, Defendants are now noticing depositions separately, adhering to the fiction that each of them gets to notice 10, even while admitting that either Defendant may question any witness noticed by the other. App'x Tab 3, at App. 29. Although Defendants' position is a transparently opportunistic misreading of Judge Pittman's Order, Plaintiffs nonetheless offered to confer if Defendants identified all of the nonexpert depositions they intend to take and their grounds for seeking to depose them—just as Plaintiffs had done. Defendants have refused to do so.

## ARGUMENT

The Federal Rules limit *each side* to 10 depositions unless the parties agree or the court orders otherwise. *See, e.g.*, *Thykkuttahil v. Keese*, 294 F.R.D. 597, 599 (W.D. Wash. 2013) ("Fed. R. Civ. P. 30(a)(2), as amended in 1993, is unambiguous in presumptively limiting the number of allowed depositions to ten per side, not per party."); 8A Richard L. Marcus, *Federal Practice & Procedure (Wright & Miller)* § 2104 (3d ed. Apr. 2026 update) ("The ten-deposition limit applies to what the Committee Note called a 'side.'"). Defendants insist that the Court doubled *their* limit when it granted *Plaintiffs'* motion for more depositions. Defendants are wrong.

For starters, Defendants never moved to enlarge the deposition limit and thus never showed that the depositions they seek are appropriate. In this Circuit, a party seeking to enlarge

5

the deposition limit must "show the necessity of all the depositions" they intend to take. *Zenith*, 2018 WL 5084913, at \*4; *accord Badaiki v. Cameron Int'l Corp.*, No. 4:19-CV-371, 2020 WL 8990869, at \*1 (S.D. Tex. Nov. 20, 2020) ("The requesting party must establish the necessity of both the extra depositions (i.e., anything beyond ten) and the first ten depositions."). The moving party must also show that the additional depositions it seeks are "relevant to any party's claim or defense," "proportional to the needs of the case," and not "unreasonably cumulative or duplicative." Fed. R. Civ. P. 26(b)(1), (b)(2)(C)(i); *see UWorld LLC v. USMLE Galaxy LLC*, 349 F.R.D. 258, 270 (N.D. Tex. 2025) (explaining that Rule 26(b) applies to motions to enlarge deposition limit). Defendants have made no attempt to meet this standard. As noted, they never even asked Judge Pittman for more depositions. And even now, Defendants' Brief neither identifies whom Defendants wish to depose nor explains why each deposition is necessary—a showing Plaintiffs painstakingly made over 14 pages of briefing to Judge Pittman. Instead, Defendants argue that two sentences in the Court's April 30 Order gave them a blank check to take whichever 20 depositions they wish. Br. 2. Defendants believe they can cash that check at any point before discovery closes: they have purported to notice 14 nonexpert depositions so far and have refused to disclose which others they plan to take. In other words, after spending more than half a year insisting that they needed only 10 depositions, Defendants now claim that they should get twice that amount, without moving to enlarge the limit or satisfying the standard to do so, and without any obligation to disclose whom they plan to depose. That position smacks of opportunism.

The only justification Defendants offer for their position is a single line in the Court's April 30 order, stating that, in enlarging *Plaintiffs'* deposition limit, the Court "t[ook] into consideration that Defendants each are permitted to take 10 depositions of Plaintiff[s]." Dkt. No.

6

253 at 2. But that truism did not grant Defendants anything; it acknowledged what Plaintiffs pointed out in their briefing, which is that Defendants are each entitled to question 10 of their witnesses and, absent relief from Rule 30's deposition limit, Plaintiffs were entitled to only 10 depositions in total of each of two separate parties: OpenAI and Apple.[2] Defendants' position that the Court granted them an extension of the deposition limit without saying so in an order granting Plaintiffs' motion is as inexplicable as it is unexplained. The Court's ruling makes clear what it did direct: Plaintiffs—not Defendants—were granted "leave to take additional depositions *identified by Plaintiff[s]*." *Id.* at 1 (emphasis added).

Defendants' reading of the order not only ignores that reality; it also undermines the "interest[s] of fairness and justice" that the Court invoked. *Id.* at 2. While Defendants claim to seek "reciprocal" discovery obligations, Br. 1, the result if the Court grants their requested relief would be to create an asymmetrical discovery process overwhelmingly benefitting Defendants at Plaintiffs' expense. For instance, Defendants' reading would entitle them to depose more witnesses than Plaintiffs are entitled to depose: Plaintiffs obtained leave to depose 18 designated witnesses, yet Defendants maintain that the Court has permitted them to each take 10 non-expert depositions, or 20 all told. *See* Br. 1. Defendants' reading would also mean that Plaintiffs would have to produce up to 20 deponents for deposition, while Apple would have to produce only 9 and the three OpenAI Defendants would have to produce only 9. That disparity is all the more striking given that *Defendants*' collusive agreement, not Plaintiffs' conduct, is at issue. Finally, as noted above, it would be unfair to force Plaintiffs to identify in advance each witness it wished to depose and justify each, while granting Defendants carte blanche to depose any 20 witnesses they want. *See supra* pp. 5-6.

---

[2] As Plaintiffs explained when moving to enlarge their deposition limit, granting the motion "would be eminently fair, as it would allow Plaintiffs to take the same number of depositions of each of Apple and OpenAI as they can take of Plaintiffs." Dkt. No. 192 at 2.

The Court should reject Defendants' unfair and opportunistic attempt to jettison their position that they need no more than 10 depositions in total and that they have a blank check to take more than twice as many depositions of Plaintiffs than Plaintiffs can of either Apple or OpenAI.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Defendants' Joint Motion to Compel Plaintiffs' Depositions Pursuant to the Court's April 30, 2026 Order.

Dated: May 29, 2026

Respectfully submitted,

*/s/ Bradley Justus*

Bradley Justus
N.D. Tex. Bar No. 1007988DC
DC Bar No. 1007988
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
T: (202) 912-4700
F: (202) 912-4701
bjustus@axinn.com

Charles W. Fillmore
Texas Bar No. 00785861
BROWN PRUITT WAMBSGANSS
DEAN FORMAN & MOORE, P.C.
201 Main Street, Suite 700
Fort Worth, TX 76102
T: (817) 338-4888
cfillmore@brownpruitt.com

*admitted *pro hac vice*

*/s/ Scott A. Eisman*

Craig M. Reiser
N.D. Tex. Bar No. 4886735NY
NY State Bar No. 4886735
Scott A. Eisman
N.D. Tex. Bar No. 4905287NY
NY State Bar No. 4905287
Eva Yung*
NY State Bar No. 5497300
Christopher Erickson
N.D. Tex. Bar No. 5800628NY
NY State Bar No. 5800628
AXINN, VELTROP & HARKRIDER LLP
630 Fifth Avenue, 33rd Floor
New York, NY 10111
T: (212) 728-2200
F: (212) 728-2201
creiser@axinn.com
seisman@axinn.com
eyung@axinn.com
cerickson@axinn.com

*/s/ Judd E. Stone II*

Judd E. Stone II
Texas Bar No. 24076720
Christopher D. Hilton
Texas Bar No. 24087727
STONE | HILTON PLLC
600 Congress Ave., Ste. 2350
Austin, TX 78701
T: (737) 465-3897
judd@stonehilton.com
chris@stonehilton.com

Noah Schottenstein
Texas Bar No. 24100661
STONE | HILTON PLLC
301 Commerce St., Suite 2360
Fort Worth, TX 76102
T: (737) 465-3897
noah@stonehilton.com

*Attorneys for Plaintiffs X Corp. and
X.AI LLC*

9

## CERTIFICATE OF SERVICE

I certify that on May 29, 2026, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF system for filing. A notice of electronic filing was transmitted to all ECF registrants of record.

/s/ Scott A. Eisman
Scott A. Eisman