UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**X CORP. AND X.AI LLC,**

    Plaintiffs,

v.                                                                    **No. 4:25-cv-00914-P**

**APPLE INC., *ET AL.*,**

    Defendants.

## ORDER

Before the Court is the Joint Motion to Compel (ECF No. 288) that Apple, Inc and OpenAI OpCo, LLC, OpenAI, Inc., OpenAI, L.L.C. (collectively "Defendants") filed on May 22, 2026 and Response (ECF No. that X Corp and X.AI LLC ("Plaintiffs") filed on May 29, 2026. By order entered May 26, 2026, United States District Judge Mark T. Pittman referred the Motion to the undersigned for further proceedings. ECF No. 290.

## I.    BACKGROUND

On April 15, 2026, Plaintiffs moved for leave to take additional party depositions. ECF No. 191. The Court granted the Motion in part, finding that "given the complexity of this antitrust litigation, the billions of dollars at stake in the amount of controversy, and the public interest in these issues . . . the remaining depositions requested [are] proportional to the needs in this case." ECF No. 253 at 1 (citing *Zenith*

*Ins. Co. v. Tex. Inst. for Surgery, L.L.P.*, No. 3:17-cv-182-D, 2018 WL 5084913 (N.D. Tex. Oct. 18, 2018). The Court also found that "Defendants *each* are permitted to take 10 depositions of Plaintiff." *Id.* at 2 (emphasis added).

Defendants now move to compel Plaintiff's depositions pursuant to the Court's Order (ECF No. 253), claiming that "Plaintiffs are refusing to schedule more than five depositions by each of Apple and OpenAI, or 10 in total." ECF No. 289 at 2. Plaintiffs argue that it is unfair that the two Defendants can take ten depositions each, for a total of twenty depositions combined, when Plaintiffs are not given the same allowance. ECF No. 309 at 8.

## II.    LEGAL STANDARDS AND ANALYSIS

Federal Rule of Civil Procedure 30(a)(2)(A)(i) limits the number of depositions for Plaintiffs and Defendants to ten. Fed. R. Civ. P. 30(a)(2)(A)(i). Plaintiffs cite authority for the proposition that this limit of ten applies "per side" rather than to each Defendant individually. *See* ECF No. 309 at 6. And Plaintiffs argue if a party intends to enlarge the deposition limit, they must show the necessity of this increase and how the extra depositions are proportional to the case. *Id.* at 7. This certainly may be true in the absence of a Court order to the contrary. But the Court's order here stated, "Defendants each are permitted to take 10 depositions of Plaintiff." ECF No. 253 at 2. This statement is

unambiguous. Plaintiffs do not explain how the Court's order allowing ten depositions for each Defendant instead means ten shared between Defendants.

Plaintiffs requested leave to enlarge the deposition limit in Federal Rule of Civil Procedure 30(a)(2)(A)(i). ECF No. 191. The Court granted the Motion in part. ECF No. 253. Considering the scope and complexity of this case and its implications, the Court also enlarged the number of depositions that Defendants could take, to ten each. ECF No. 253 at 2. Plaintiffs now argue that while they should be entitled to their additional depositions, Defendants should not get theirs. But Plaintiffs must remember the old saying that sauce for the goose is sauce for the gander.  That is what the Court ordered.

## III.    CONCLUSION

Each defendant may take up to ten depositions of Plaintiff, as the Court's April 30, 2026 Order (ECF No. 253) provides. Plaintiffs **SHALL** facilitate the depositions of their witnesses identified in the brief accompanying the Motion. Accordingly, the Court **GRANTS** the Motion (ECF No. 288).

It is so **ORDERED** on May 29, 2026.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

3