**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

|  |  |
|---|---|
| X CORP. and X.AI LLC,<br><br>        Plaintiffs,<br><br>        - v. -<br><br>APPLE INC., OPENAI, INC., OPENAI, L.L.C.,<br>and OPENAI OPCO, LLC,<br><br>        Defendants. | No. 4:25-cv-00914-P |

**OPENAI'S REQUEST FOR EXPEDITED STATUS CONFERENCE TO ADDRESS
PLAINTIFFS' COMPLIANCE WITH THIS COURT'S ORDER DATED JUNE 3, 2026**

The OpenAI Defendants ("OpenAI") respectfully urge this Court to order an in-person status conference to address the plaintiffs' compliance with this Court's Order dated June 3, 2026. Dkt. 326. ███████████████████████████████████████████████████████████████ ████████████████████████████████████████████████ These emails are another example that calls into question plaintiffs' preservation of evidence as well as their efforts to produce relevant and responsive communications from Musk's email accounts as required by the Court's Order.  Discovery is coming to a close, and OpenAI is in the midst of deposing plaintiffs' witnesses.  OpenAI respectfully requests that the Court expedite an in-person conference so that this prejudice to OpenAI can be expeditiously addressed and further prejudice avoided.

Both this Court and Magistrate Judge Ray have had to devote substantial time and effort to get plaintiffs to produce responsive documents from the email accounts of their CEO, Elon Musk, at SpaceX and Tesla, two companies that he also runs.  On May 13, Magistrate Judge Ray issued an Order giving plaintiffs three weeks to produce the documents. Dkt. 274.  On June 2, this Court overruled plaintiffs' objections to Magistrate Judge Ray's Order in all respects.  Dkt. 320. Plaintiffs then sought an emergency extension from the Court's June 3 production deadline, representing to this Court that they would commence a rolling production of the Musk emails on June 17.  Dkt. 321.  On June 3, the Court extended the deadline for completion to July 3, but it specifically ordered that "Plaintiffs must **immediately** start producing documents on a rolling basis as responsive material is discovered."  Dkt. 326 (emphasis in original).

Despite this Court's very clear orders to immediately produce the documents, as of June 18, plaintiffs had yet to produce a single email.  Finally, on June 19, OpenAI received an 18-page production of Musk documents from a Tesla email account, but those documents were not material to this case—none contain any comments by Musk about OpenAI, the Apple-ChatGPT

Integration, or its alleged competitive effects.    This production did not include a single

communication from Musk's email account at SpaceX.

On June 24, plaintiffs produced three highly relevant email chains ██████████

███████████████████████████████████████  This dilatory

production occurred just days before the scheduled June 30 deposition of plaintiffs' former CFO,

Jon Shulkin, which itself is prejudicial, but also exposes other serious deficiencies in plaintiffs'

responses to requests for production. ██████████████████████████

██████████████████████████████████████

███████████████████████████████ App'x

Tab 1 at A002. ████████████████████████████

████████████████████████ *Id.* ██████████████

██████████████████████████████████

██████████████████████████ App'x Tab 2

at A004.  Two days later, on August 25, 2025, plaintiffs filed their complaint in this action. ████

██████████████████████████████████████

██████████████ App'x Tab 3 at A014.

These highly relevant emails implicate issues central to plaintiffs' claims—including ████

██████████████████████████████████████

███████████████████████████ App'x

Tab 1 at A002. ████████████████████████

██████████████████████████████████████

█████████████████████████████ Although these

emails are clearly responsive, hit agreed search terms, and came from *Shulkin's* xAI custodial files

(not Musk's), plaintiffs failed to produce them until yesterday, June 24, more than three months after their deadline for substantial completion.  Moreover, it is now clear that plaintiffs were improperly withholding these documents (and presumably others) while representing to Magistrate Judge Ray and to this Court that there was no reliable evidence that Musk used his SpaceX account for xAI business.  Dkt. 205.1 at 17–18; Dkt. 278.1 at 5, 7, 14–16; Hearing Transcript at 11–12, 20 (May 13, 2026).

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮  App'x Tab 1 at A002.  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Dkt. 163 at App. 70.  XChat offers a widely touted "feature called disappearing messages, which allows a user to select a duration, after which messages will be deleted from the device and X's servers."  App'x Tab 4 at A021.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Plaintiffs' ongoing delay and deficiencies have prejudiced—and will continue to prejudice—all defendants in depositions that are ongoing and must be completed by July 31, especially in Shulkin's June 30 deposition just days away.  OpenAI therefore requests that the Court hold an in-person status conference to consider the situation, including plaintiffs' compliance with the Court's Order.

Dated: June 25, 2026

Respectfully submitted,

*/s/   Ralph H. Duggins*

William Savitt
WDSavitt@wlrk.com
N.D. Tex. Bar No. 2900058NY
Stephen R. DiPrima
SRDiPrima@wlrk.com
N.D. Tex. Bar. No. 2785764NY
Graham W. Meli (admitted *pro hac vice*)
GWMeli@wlrk.com
Kevin S. Schwartz
KSchwartz@wlrk.com
N.D. Tex. Bar No. 4564241NY
**WACHTELL, LIPTON,
ROSEN & KATZ**
51 West 52nd Street
New York, NY  10019
(212) 403-1000 (Telephone)
(212) 403-2000 (Facsimile)

Ralph H. Duggins
rduggins@canteyhanger.com
Texas Bar No. 06183700
Scott A. Fredricks
sfredricks@canteyhanger.com
Texas Bar No. 24012657
Philip Vickers
pvickers@canteyhanger.com
Texas Bar No. 24051699
Kate Hancock
khancock@canteyhanger.com
Texas Bar No. 24106048
Michael Ackerman
mackerman@canteyhanger.com
Texas Bar No. 24120454
**CANTEY HANGER LLP**
600 West 6th Street, Suite 300
Fort Worth, TX  76102
(817) 877-2800 (Telephone)
(817) 877-2807 (Facsimile)


Michael K. Hurst
mhurst@lynnllp.com
Texas Bar No. 10316310
Chris W. Patton
cpatton@lynnllp.com
Texas Bar No. 24083634
Andy Kim
akim@lynnllp.com
Texas Bar No. 24136638
**LYNN PINKER HURST &
SCHWEGMANN LLP**
2100 Ross Avenue, Suite 2700
Dallas, TX  75201
(214) 981-3800 (Telephone)
(214) 981-3839 (Facsimile)

*Attorneys for Defendants OpenAI Foundation
(f/k/a OpenAI, Inc.), OAI International, Inc.
(f/k/a OpenAI, L.L.C.), and OpenAI OpCo,
LLC*

6

## CERTIFICATE OF CONFERENCE

On June 25, 2026, Andrew J.H. Cheung, counsel for OpenAI, conferred in-person with Craig Reiser, counsel for plaintiffs X Corp. and X.AI LLC, about OpenAI's request for an expedited status conference.  The request is opposed.  Agreement could not be reached because plaintiffs believe there is no need for a status conference.


Dated:  June 25, 2026                                             /s/      Andrew J.H. Cheung
                                                                              Andrew J.H. Cheung

## **CERTIFICATE OF SERVICE**

I certify that on June 25, 2026, I served the foregoing document electronically in accordance with the Federal Rules of Civil Procedure.

/s/ Michael Ackerman
Michael Ackerman