UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**X CORP., ET AL.,**

Plaintiffs,

**v.** **No. 4:25-cv-00914-P**

**APPLE INC., ET AL.,**

Defendants.

## MEMORANDUM OPINION & ORDER

Before the Court is *The Washington Free Beacon*'s Motion for Leave to Intervene and to Unseal Judicial Records. ECF No. 381. In its Motion, the proposed intervenor seeks leave to intervene in this case for the purpose of unsealing documents ordered sealed by this Court. ECF No. 381 at 1. Having considered the filing, the record, and the relevant law, the Court will **DENY** the Motion.

## BACKGROUND

On April 16 and 27, 2026, the Court ordered sealed limited portions of documents submitted by the Parties in this case. ECF Nos. 199, 226. Federal Rule of Civil Procedure 5.2 permits district courts to order that filings be made under seal to protect sensitive personal or commercial information. The Court's orders permitted the Parties to file redacted versions of briefs and their corresponding appendices related to discovery motions in this case. Both orders were issued upon motions by the Parties. *See* ECF Nos. 190, 205, 212, 219, 220.

*The Washington Free Beacon* filed the instant Motion on August 21, 2026. In its Motion, the proposed intervenor identifies itself as a media organization and asks this Court's permission to intervene as a party in this case. The *Free Beacon* seeks to intervene "for the limited purpose of contesting" the Court's two orders "sealing … certain judicial records."

ECF No. 381 at 1. Accordingly, in addition to seeking to intervene, the Motion asks the Court to unseal judicial records in this case. ECF No. 381 at 1. The Court now addresses the *Free Beacon*'s request to intervene.

## LEGAL STANDARD

Federal Rule of Civil Procedure 24(b) "permits a movant to seek permissive intervention at the discretion of a district court, provided the applicant (1) files a timely motion, (2) shows it 'has a claim or defense that shares with the main action a common question of law or fact,' and (3) the court determines that intervention will not 'unduly delay or prejudice the adjudication of the original parties' rights.'" *Carroll Indep. Sch. Dist. v. United States Dep't of Educ.*, No. 4:24-CV-00461-O, 2025 WL 1782571 at *2 (N.D. Tex. May 15, 2025) (quoting FED. R. CIV. P. 24(b)). "Permissive intervention is 'wholly discretionary' and may be denied even when the requirements of Rule 24(b) are satisfied." *Turner v. Cincinnati Ins. Co.*, 9 F.4th 300, 317 (5th Cir. 2021) (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 471–72 (5th Cir. 1984)).

## ANALYSIS

Permissive intervention is fully within the Court's discretion. *Turner*, 9 F.4th at 317; *see* 7C Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 1913 at 476 (3d ed. 2007) ("[I]t is wholly discretionary with the court whether to allow intervention under Rule 24(b), and even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention."). The proposed intervenor does not claim that it has a right to intervene in this case. *See* ECF No. 381 at 1 (seeking leave to intervene under Rule 24(b)). It does not claim that any federal statute gives it that right or that it possesses any interest in the property or transaction that is the subject of this case. FED. R. CIV. P. 24(a). Instead, it seeks to permissively intervene "for the limited purpose" of contesting the Court's past decisions to seal certain information. ECF No. 381 at 1.

In exercising its discretion over permissive intervention, the Court may assess "prior consideration by the court and litigants." *United States ex rel Hernandez v. Team Fin., L.L.C.*, 80 F.4th 571, 579 (5th Cir. 2023). The Court and the Parties have already fully considered the issue of whether to seal the information the proposed intervenor wishes to unseal. Both orders permitting the Parties to redact portions of their respective filings were issued after the Parties filed motions requesting that relief and stating the basis for requesting it. *See* ECF Nos. 190, 205, 212, 219, 220 (motions to seal filed by six different Parties). The Court duly considered the Parties' arguments before making its decision on each motion.

The proposed intervenor seeks to intervene solely to relitigate the Court's prior decisions. Defendants have indicated their opposition to the *Free Beacon*'s request to intervene. ECF No. 381 at 3. Permitting intervention here would delay the adjudication of this case to relitigate an issue already decided by the Court and tangential to the ultimate merits of the case. "The decision to grant or deny [] intervention is firmly in the district court's hands." *Hernandez*, 80 F.4th at 579. Even assuming the proposed intervenor has met each requirement of Rule 24(b), the Court exercises its discretion to deny intervention in these circumstances.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** *The Washington Free Beacon*'s Motion for Leave to Intervene. The Court further **DENIES as moot** the Motion's request to unseal judicial records in this case.

**SO ORDERED** on this **26th day** of **August 2026.**

Mark T. Pittman

Mark T. Pittman
UNITED STATES DISTRICT JUDGE